RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2003 DEC 12  A 11: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EASTERN CONTRACTORS, INC., | ) |
| Defendant. | ) |

CIVIL ACTION NO.

**03-12502 RGS**

MAGISTRATE JUDGE Collings

**COMPLAINT FOR DECLARATORY RELIEF AND MONETARY JUDGMENT**

Plaintiff, Hartford Fire Insurance Company ("Hartford") for its Complaint for Declaratory Relief and Monetary Judgment against Defendant, Eastern Contractors, Inc. ("Eastern") states:

**Parties**

1.    Hartford is a Connecticut corporation which, among other things, is in the business of issuing surety bonds. Hartford's principal place of business is in Hartford, Connecticut.

2.    Eastern is a Massachusetts corporation which is in the business of construction contracting. Eastern's principal place of business is in Framingham, Massachusetts.

**Jurisdiction**

3.    This Court has jurisdiction over this matter under 28 U.S.C. §1332, as Hartford has citizenship diverse from Eastern, and the amount in controversy exceeds $75,000.00, and pursuant to 29 U.S.C. §2201, because this is an action seeking, in part, a

declaratory judgment and there is an actual controversy regarding the legal relations of the parties.

**Facts**

4. Hartford, as surety, issued a number of subcontract performance bonds and subcontract labor and material payment bonds to Eastern, as obligee, naming S&R Construction Co., Inc., ("S&R") as principal, in connection with the following construction projects:

- Spencer Borden Elementary School, Fall River, Massachusetts ("Spencer Borden"), Bond Number 02BCSAP4608.

- William Greene Elementary School, Fall River, Massachusetts ("Greene"), Bond Number 02BCSAA8196.

- Wetherbee Elementary School/Middle School, Lawrence, Massachusetts ("Wetherbee"), Bond Number 02BCSAP4612.

- Freetown-Lakeville Middle School, Lakeville, Massachusetts ("Freetown-Lakeville"), Bond Number 02BCSAA8191.

- Lynnfield Middle School, Lynnfield, Massachusetts ("Lynnfield"), Bond Number 02BCSAP4614.

- Normandin Middle School, New Bedford, Massachusetts ("Normandin"), Bond Number 02BCSAP4618.

Unless otherwise designated, the above projects will be referred to collectively as "Bonded Projects".

5.      The subcontract performance bonds for the Bonded Projects are identical with the exception of the name of the particular Bonded Project, the date of the bond and the penal amount of the bond. A representative sample of a subcontract performance bond on a Bonded Project is attached hereto as Exhibit A.

6.      On March 4, 2003 Eastern declared S&R in default on each of the Bonded Projects and stated that it intended to pursue its rights under the various bonds issued by Hartford on the Bonded Projects.

**Facts Relating to the Spencer Borden and Greene Projects**

7.      Subsequent to Eastern's declaration of default of S&R on the Spencer Borden and Greene projects, Hartford commenced an investigation into the nature and scope of remaining work to be completed under the S&R subcontracts for those projects.

8.      The subcontract bonds on the Spencer/Borden and Greene projects provided the option to Hartford to remedy the default of S&R or to arrange for the performance of the remaining obligations of the S&R subcontracts.

9.      On May 16, 2003 Hartford and Eastern entered an agreement to effectuate the completion of the Spencer Project and Greene Project ("Spencer/Greene Takeover Agreement").

10.     Pursuant to the Spencer/Greene Takeover Agreement the remaining subcontract balances on the two projects totaled $259,432.47, which amount was based on representations provided to Hartford by Eastern and was also subject to revision based on various pending change order requests and extra work claims by S&R. Eastern agreed to

-3-

recommit the subcontract balances on the two projects for the completion of the two projects.

11.     Hartford, as surety, retained the services of a contractor to complete the S&R subcontract work on the Spencer project and Greene project.

12.     Hartford periodically submitted payment requisitions to Eastern for the S&R subcontract work performed by the completing contractor.

13.     In addition to submission of periodic payment requisitions to Eastern, Hartford submitted additional change order requests to Eastern requesting compensation for additional work performed at the two projects by the completing contractor. The amount of the change order/extra work by Hartford is approximately $415,613.00.

14.     Despite submission of requisitions in accordance with the Spencer/Greene Takeover Agreement and the submission of change order requests for additional work, Eastern has failed to remit any payments to Hartford.

15.     On August 18, 2003 Eastern wrongfully terminated the Spencer/Greene Takeover Agreement.

16.     Eastern has materially breached the terms of the Spencer/Greene Takeover Agreement and the subcontract performance bond by failing to remit payment to Hartford.

17.     All conditions precedent to maintaining this action have been satisfied.

### Facts Relating to the Wetherbee Project

18.      Eastern represented to Hartford that the contract balances on the S&R

subcontract for the Wetherbee project totaled $249,038.24 as of the March 4, 2003 date that

Eastern declared S&R in default on all Bonded Projects.  The contract balances are subject

to revision based on various pending change order requests and extra work claims by S&R

at the time of their default.

19.      The subcontract performance bond on the Wetherbee project provided the

option to Hartford to remedy the default of S&R or to arrange for the performance of the

remaining obligations of the S&R subcontract.

20.      In accordance with the terms of the subcontract performance bond on the

Wetherbee project, Hartford procured the services of a contractor to complete the  S&R

subcontract work on the Wetherbee project.

21.      Hartford, as surety, and pursuant to certain common law rights and rights

contained in certain indemnity agreements, is entitled to receive from Eastern the proceeds

of any claims arising out of additional work performed by S&R.  The amount of the

additional work performed by S&R exceeds $2,669,409.00

22.      Eastern  materially  breached  its  obligations  under  the  subcontract

performance bond on the Wetherbee Project and otherwise prejudiced Hartford's rights

by procuring its own contractor to complete the Wetherbee project at a greatly increased

price over the completion price submitted by Hartford's procured contractor.

23.     Hartford is entitled to a discharge of its bond and is further entitled to receive from Eastern the contract balances, as revised for S&R pending change order requests, and as further revised for the value of the claims submitted by S&R to Eastern for additional work, in excess of the reasonable costs of completion for the S&R subcontract on the Wetherbee project.

24.     All conditions precedent to maintaining this action have been satisfied.

### Facts Relating to Freetown-Lakeville Project

25.     Subsequent to Eastern's declaration of the S&R default on all Bonded Projects, Hartford commenced an investigation into the nature and scope of the remaining subcontract work to be completed on the Freetown-Lakeville project.

26.     The subcontract performance bond on the Freetown-Lakeville project provided the option to Hartford to remedy the default of S&R or to arrange for the performance of the remaining obligations of the S&R subcontract.

27.     In accordance with the terms of the subcontract performance bond on the Freetown-Lakeville project, Hartford procured the services of a contractor to complete the S&R subcontract work on the Freetown-Lakeville project.

28.     Eastern represented to Hartford that the contract balances on the S&R subcontract for the Freetown-Lakeville project totaled $79,260.00 as of the March 4, 2003 date that Eastern declared S&R in default on all Bonded Projects. The contract balances are subject to revision based on any pending change order requests and extra work claims by S&R at the time of their default.

29.     Pursuant to the terms of the subcontract performance bond on the Freetown-Lakeville project, Hartford became entitled to receive from Eastern all remaining contract balances on the project.

30.     In additional to submission of periodic payment requisitions to Eastern, Hartford submitted additional change order requests to Eastern requesting compensation for additional work performed on the Freetown project.  The amount of the change order/additional work by Hartford is approximately $55,698.00.

31.     Eastern has materially breached the terms of the subcontract performance bond on the Freetown project by failing to remit payment to Hartford.

32.     All conditions precedent to maintaining this action have been satisfied.

### Facts Relating to the Lynnfield and Normandin Projects

33.     On March 4, 2003 Eastern purportedly declared S&R in default on the Lynnfield and Normandin projects.

34.     On January 9, 2003, S&R and Eastern entered into an agreement concerning the Normandin and Lynnfield projects whereby, among other things, Eastern agreed to release S&R of all future contractual obligations for the incomplete work but purportedly obligated Hartford to remain responsible for all unknown and unpaid S&R bills as well as for any corrective work in connection with the projects ("Normandin/Lynnfield Agreements").

-7-

35.    Hartford was not a signatory to the Normandin/Lynnfield Agreements nor was it consulted or apprised of the existence of such agreements until after the agreements were executed.

36.    The subcontract performance bonds on the Lynnfield and Normandin projects expressly provide to Hartford the right to remedy any defaults of its principal including the right to arrange for performance of S&R's obligations under the Lynnfield and Normandin subcontracts.

37.    Eastern's actions in executing the Normandin/Lynnfield Agreements with S&R deprived Hartford of its ability to protect itself pursuant to the performance options granted under the performance bonds on the Lynnfield and Normandin projects.

38.    A condition precedent to Eastern recovering on the performance bonds on the Lynnfield and Normandin projects is permitting Hartford, as surety, the option to arrange for performance of those projects or to otherwise cure any declared default.

39.    Eastern's actions on the Normandin/Lynnfield projects prejudiced Hartford and rendered Hartford's performance bonds on these projects null and void.

40.    Hartford, as surety, remitted payments to various subcontractors and suppliers on the Normandin/Lynnfield projects. The amounts paid exceed $197,000.00. Because the actions of Eastern with respect to the Normandin/Lynnfield projects rendered the payment bonds null and void, Eastern is obligated to reimburse Hartford for all amounts expended.

### Count I - Breach of Contract (Spencer & Greene Projects)

41.    Hartford hereby incorporates Paragraphs 1 through 40 above as if fully set forth herein.

42.    By refusing to remit due and owing contract proceeds on the Greene project and Spencer project, and by wrongfully terminating Hartford pursuant to the Spencer/Greene Takeover Agreement, Eastern breached its agreements with Hartford, as surety.

43.    Hartford, as surety, has been damaged by Eastern's breach of its agreements.

### Count II - Quantum Meruit (Spencer & Greene Projects)

44.    Hartford hereby incorporates Paragraphs 1 through 43 above as if fully set forth herein.

45.    Eastern, by its actions and/or omissions, required, requested, and otherwise forced Hartford to arrange for the furnishing of labor, materials, equipment, supplies, and other services to Eastern for which Hartford has not been paid.

46.    Eastern accepted the work performed by Hartford's completing contractor and gained the full benefit of Hartford's performance.

47.    Under the equitable doctrine of *quantum meruit*, Hartford is entitled to recover from Eastern the fair value of the labor, materials, and services provided by Hartford to Eastern for which Hartford has not been paid.

### Count III - Breach of Contract (Freetown-Lakeville)

48.     Hartford hereby incorporates Paragraphs 1 through 47 above as if fully set forth herein.

49.     By refusing to remit due and owing contract proceeds on the Freetown-Lakeville project, Eastern breached its agreements with Hartford.

50.     Hartford has been damaged by Eastern's breach of its agreements.

### Count IV - Quantum Meruit (Freetown-Lakeville)

51.     Hartford hereby incorporates Paragraphs 1 through 50 above as if fully set forth herein.

52.     Eastern, by its actions and/or omissions, required, requested, and otherwise forced Hartford to arrange for the furnishing labor, materials, equipment, supplies, and other services to Eastern for which Hartford has not been paid.

53.     Eastern accepted the work performed by Hartford's completing contractor and gained the full benefit of Hartford's performance.

54.     Under the equitable doctrine of *quantum meruit*, Hartford is entitled to recover from Eastern the fair value of the labor, materials, and services provided by Hartford to Eastern for which Hartford has not been paid.

### Count V - Breach of Contract (Wetherbee Project)

55.     Hartford hereby incorporates Paragraphs 1 through 54 above as if fully set forth herein.

-10-

56.    By wrongfully refusing to accept the completion contractor procured by Hartford for the Wetherbee Project, Eastern breached the terms of the subcontract performance bond issued by Hartford on the Wetherbee project.

57.    By refusing to pay to Hartford, the true and fair value of the Wetherbee claims, Eastern has breached its obligations to Hartford.

## Count VI - Quantum Meruit (Wetherbee Project)

58.    Hartford hereby incorporates Paragraph 1 through 57 above as if fully set forth herein.

59.    Eastern, by its actions and/or omissions, required, requested, and otherwise forced S&R to furnish labor, materials, equipment, supplies, and other services to Eastern for which Hartford, as S&R's subrogated surety has not been paid.

60.    Eastern accepted the work performed by S&R and gained the full benefit of S&R's performance.

61.    Under the equitable doctrine of *quantum meruit*, Hartford, as assignee of S&R's claims and as S&R's subrogated surety, is entitled to recover from Eastern the fair value of the labor, materials, and services provided by S&R to Eastern for which Hartford has not been paid.

## Count VII - Declaratory Relief (Lynnfield and Normandin Projects)

62.    Hartford hereby incorporates Paragraphs 1 through 61 above as if fully set forth herein.

63.    The subcontract performance bonds issued by Hartford to Eastern in connection with the Lynnfield and Normandin Projects permitted Hartford, upon the declaration of a default, to remedy the default or to arrange for performance of S&R's obligations under the S&R subcontract.

64.    Eastern's actions in executing an agreement with S&R on January 9, 2003 deprived Hartford of its ability to protect itself pursuant to the performance options granted under the subcontract performance bonds and thus constitutes a material breach of those performance bonds rendering the performance bonds null and void.

65.    A condition precedent to Eastern collecting on the subcontract performance bonds is proper notification of a default under the terms of the subcontract performance bonds in providing to Hartford, as surety, the option to either cure the defaults or to arrange for performance of S&R's subcontract obligations.

66.    Eastern's actions with respect to the subcontract performance bonds on the Lynnfield and Normandin projects rendered the subcontract performance bonds null and void.

### Count VIII - M.G.L. c. 93A

67.    Hartford hereby incorporates Paragraphs 1 through 66 as if fully set forth herein.

68.    Eastern is engaged in trade or commerce as those terms are defined in M.G.L. c. 93A.

69.    The conduct of Eastern as described in this Complaint constitutes unfair and deceptive acts or practices in the conduct of trade or commerce in violation of M.G.L. c. 93A, §§ 2 and 11.

70.    The conduct of Eastern as described in this Complaint occurred primarily and substantially in the Commonwealth of Massachusetts.

71.    The conduct of Eastern as described in this Complaint was knowing or willful.

72.    As a direct and proximate result of Eastern's violations of M.G.L. c. 93A, Hartford has been damaged.

WHEREFORE, Hartford prays for the following relief:

1.    That the Court order damages to Hartford in an amount to be determined plus interest, costs and attorneys fees as allowed by contract or by law.

2.    That the Court award Hartford double or treble damages, attorneys' fees, costs and expenses as allowed under M.G.L. c. 93A against Eastern.

3.    On Count VII and Count VIII, a declaration that the subcontract performacne bonds issued by Hartford are null and void.

4.    That the Court award such other and further relief as it deems just and appropriate.

The Plaintiff,
**Hartford Fire Insurance Company,**
By its attorneys,

Bradford R. Carver, BBO No. 565396
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
(617) 217-5500
(617) 217-5200 - Fax

Date:  December 12, 2003

303086v4