UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 03-12502 RGS

HARTFORD FIRE INSURANCE COMPANY,  )
                     Plaintiff    )
                                  )
vs.                               )
                                  )
EASTERN CONTRACTORS, INC.,        )
                     Defendant    )

---

## ANSWER AND COUNTERCLAIM OF

## DEFENDANT EASTERN CONTRACTORS, INC.

Defendant, Eastern Contractors, Inc. (hereinafter "Eastern") files herewith its Answer and

Counterclaim against Plaintiff, Hartford Fire Insurance Company (hereinafter "Hartford").

### PARTIES

1. Admitted.

2. Admitted.

### JURISDICTION

3. The allegations of paragraph 3 are legal contentions pertaining to matters of jurisdiction, to which no responsive pleading is required.

### FACTS

4. Admitted.

5. Denied, the complaint served upon Eastern did not contain any attachments.

6. Admitted, and further answering Eastern avers that it notified Hartford of S & R Construction's (hereinafter "S&R") defaults prior to the date alleged in paragraph 6.

SPENCER BORDEN/GREENE (Fall River)

7. Eastern has insufficient knowledge or information upon which to form a belief as to the allegations of paragraph 7.

8. Eastern answers that the subcontract bonds speak for themselves and further answers that Hartford's obligations include a duty to act in good faith in a reasonable manner to protect the interests of Eastern as the obligee under such bonds.

9. Admitted.

10. Eastern answers that the Remaining Subcontract balances, including retainage held by the project owner, totaled $259,432.47; denies that such balances were based upon representations from Eastern; and admits there were anticipated revisions as set forth in the takeover agreement.

11. Eastern admits that Hartford proffered a company which had been created by the principals of the defaulting subcontractor, S&R, to complete work, but Eastern is without sufficient knowledge or information as to the contractual arrangements between Hartford and such contractor.

12. Admitted.

13. Eastern admits that Hartford submitted claims and change orders, but denies that such represented extra work or additional work.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## WETHERBEE PROJECT (Lawrence)

18. Denied as to representations by Eastern. Eastern admits that any subcontract balances were subject to revision based upon claims by Eastern and S & R.

19. Admitted; and further answering, the subcontract Performance Bond provided that Eastern as obligee may undertake performance of the defaulted subcontract obligations.

20. Hartford proffered a subcontractor which, upon information and belief, was an entity created by the principals of the defaulting subcontractor, S & R, which subcontractor failed to satisfy all contract requirements, including those imposed by the project Owner.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## FREETOWN-LAKEVILLE

25. Eastern has insufficient knowledge or information upon which to form a belief as to the allegations of paragraph 25.

26. Admitted; and further answering, said performance bonds speak for themselves and permit Eastern as obligee to perform completion of defaulted subcontract work.

27. Eastern admits that Hartford proffered one or more contractors to perform work at the Freetown-Lakeville Project.

28. Denied as to representations by Eastern. Eastern admits that contract balances were subject to revision based upon claims by Eastern and S & R.

29. Denied.

- 3 -

30. Eastern admits that change order requests were submitted, but denies that such work was extra to the contract, and denies the remaining allegations of paragraph 30.

31. Denied.

32. Denied.

## LYNNFIELD/NORMANDIN

33. Eastern admits S & R was declared in default, but further answers that notice of default occurred earlier than alleged in the complaint.

34. Eastern admits reaching agreement with S & R, and avers that such agreement would constitute an amendment to the subcontracts existing between Eastern and S & R.

35. Eastern admits that Hartford was not a signatory, but has insufficient knowledge or information as to the remaining allegations of paragraph 35.

36. Eastern answers that the performance bonds speak for themselves, and Hartford has not fully set forth all conditions relating to remedy of default.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT I

41. Eastern repeats and reavers its answers to the allegations of paragraphs 1 through 40 as if fully set forth herein.

42. Denied.

43. Denied.

- 4 -

<u>COUNT II</u>

44. Eastern repeats and reavers its answers to the allegations of paragraphs 1 through 43 as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

<u>COUNT III</u>

48. Eastern repeats and reavers its answers to the allegations of paragraphs 1 through 47 as if fully set forth herein.

49. Denied.

50. Denied.

<u>COUNT IV</u>

51. Eastern repeats and reavers its answers to the allegations of paragraphs 1 through 50 as if fully set forth herein.

52. Denied.

53. Denied.

54. Denied.

<u>COUNT V</u>

55. Eastern repeats and reavers its answers to the allegations of paragraphs 1 through 54 as if fully set forth herein.

56. Denied.

57. Denied.

## COUNT VI

58. Eastern repeats and reavers its answers to the allegations of paragraphs 1 through 57 as if fully set forth herein.

59. Denied.

60. Denied.

61. Denied.

## COUNT VII

62. Eastern repeats and reavers its answers to the allegations of paragraphs 1 through 61 as if fully set forth herein.

63. Admitted; and further answering, Eastern avers that said performance bonds provided for other remedies for default.

64. Denied.

65. Denied.

66. Denied.

## COUNT VIII

67. Eastern repeats and reavers its answers to the allegations of paragraphs 1 through 66 as if fully set forth herein.

68. Admitted.

69. Denied.

70. Admitted.

71. Denied.

72. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to perform all conditions precedent to the maintenance of this action.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff is in breach of the terms and conditions of its contracts and Bond obligations due the Defendant, and such breach is material, and as a consequence the Plaintiff is entitled to take nothing.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant specifically avers that the assignment referenced in the Plaintiff's Complaint is barred by the terms and conditions of the subcontract.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff failed to fulfill its obligations under its agreements with Eastern, which caused Eastern to sustain great damage and loss, which Eastern is entitled to set off against any claims of the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff, as a surety, owed a duty to the Defendant, Eastern, as obligee on payment and performance bonds, and the Plaintiff breached its duties of good faith and fair dealing with Eastern as obligee.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant specifically denies that the Plaintiff is entitled to recover the amounts set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to name a necessary party, that is, S & R Construction, its Principal and the project Owners, which denied various claims advanced by S&R and Hartford.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff has not performed all of the conditions precedent required by the subcontract referred to in the Complaint, in particular since neither the Plaintiff, nor its subcontractor principal, ever sent proper notice of certain of the claims alleged in the Complaint so that the same could have been processed in accordance with the contract documents to the project owner.

## TENTH AFFIRMATIVE DEFENSE

The Defendant entered into the agreement referred to in the Complaint solely upon consideration of the performance by the Plaintiff of the promises made therein by the Plaintiff, and the Defendant has performed all of its promises and conditions required on its part by the agreement, but the Plaintiff has failed to perform as provided in the agreement and thus there has been failure of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff by its acts and conduct is estopped to assert that the Defendant now owes the Plaintiff anything.

8

## TWELFTH AFFIRMATIVE DEFENSE

If the Defendant failed to perform any of its agreements set forth in the Plaintiff's Complaint, the Defendant was excused from the performance of such agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained damages as alleged in the Complaint, such damages were caused by acts of a third person which acts the Defendant could not anticipate and over whom Defendant had no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has been guilty of laches and unreasonable delay in bringing this action, and in that the Plaintiff had knowledge of all the facts of the Defendant set forth in the Complaint and all of the facts in connection therewith, and nevertheless the Plaintiff refrained from commencing this action until December 2003, and the Defendant during such time period changed its position by completing the performance of work of S & R Construction and incurring great expense and delay.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has been guilty of laches and unreasonable delay in bringing this action in that the Plaintiff and its predecessor in interest knew of certain claims that had been submitted by the Defendant to the Project Owner, but the Plaintiff and its predecessor failed to cooperate in the prosecution of such claims, causing the Defendant to change its position because of the Plaintiff's said failure.

## SIXTEENTH AFFIRMATIVE DEFENSE

The subcontract referred to in the Complaint was repudiated by the Plaintiff and Principal and Plaintiff is not entitled to recover on that contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

By operation of the subcontract, the Defendant has been released and discharged from the claims and causes of action asserted in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If the Defendant ever owed Plaintiff anything, which is denied, the Plaintiff has waived payment.

## **COUNTERCLAIM**

**NOW COMES** the Defendant, Eastern Contractors Inc., and by way of counterclaim avers and states as follows:

1.     Plaintiff-in-Counterclaim is Eastern Contractors, Inc. (hereinafter "Eastern"), a corporation organized and existing under the laws of the Commonwealth of Massachusetts with usual place of business in Framingham, Middlesex County, Massachusetts.

2.     Defendant-in-Counterclaim is Hartford Fire Insurance Company (hereinafter "Hartford"), which upon information and belief is a corporation organized and duly existing and, among other things, is a duly authorized surety company doing business in the Commonwealth of Massachusetts.

3.     S & R Construction Company, Inc. (hereinafter "S&R") upon information and belief is a corporation organized and existing under the laws of the State of Rhode Island,

authorized to do business in the Commonwealth of Massachusetts which had and maintained a usual place of business in Johnston, Rhode Island.

COUNT I

1.  Eastern had entered into a general contract for construction of certain public construction projects for the construction, reconstruction, alteration or repair of certain public school projects in the  Cities of Fall River, Massachusetts; Lawrence, Massachusetts; Waltham, Massachusetts;  New  Bedford,  Massachusetts;  and  the  Towns  of  Lynnfield, Massachusetts; Medway, Massachusetts; and Lakeville, Massachusetts (hereinafter the "Bonded Projects").

2.  Eastern's contracts with the City of Fall River, City of Lawrence, City of Waltham, City of New Bedford, and the Towns of Lynnfield, Medway, and a regional school district for Freetown/Lakeville (hereinafter "Owners") of  such Projects are voluminous, and Eastern makes profert of the same and offers to produce said contracts at the time of trial.

3.  At divers times, Eastern entered into written subcontracts with S & R for performance of certain work associated with the Bonded Projects.

4.  The terms and conditions of the written subcontracts between Eastern and S & R, among other things, incorporated the terms and conditions of the general contracts between Eastern and the Owners as may pertain to work being performed, including Project specifications and/or other conditions relating to the subcontract obligations and work between Eastern and  S & R Construction (the "contract documents").

5.  Hartford Insurance Company (hereinafter "Hartford") issued certain  performance and payment  bonds in which S & R was identified as its principal, Hartford as surety, and Eastern  the obligee of said bonds for the Bonded Projects. Hartford is a company

11

engaged in trade or commerce within the meaning of those words as defined by G.L. c. 93A, s. 2 and s. 11.

6.      Said bonds were required under the terms and conditions of the subcontract between Eastern and S & R. Eastern is informed and believes that Hartford was compensated for its bonds and obligations as surety, and that Hartford was paid a premium for issuing the bonds in question.

7.      Eastern is informed and believes that Hartford also acted as surety for certain bonds issued on behalf of S & R on other public construction projects in Massachusetts.

8.      At different times, S & R Corporation was notified that it was in breach of the terms and conditions of its subcontract with Eastern. Hartford as surety was also given notice of the breach of subcontract by its principal, S & R. Eastern made demand upon Hartford for indemnity under the performance bond and under the subcontractor's labor and materials payment bonds issued by Hartford as surety.

9.      S & R's performance of its work under the subcontracts was not in conformity with the contract requirements, including the Project plans, specifications and other contract documents, and certain work was performed in a manner so negligent and careless so as to cause the Project Owners to withhold payments or threaten to withhold payments from Eastern for incomplete and/or unsatisfactory work relating to S & R on account of omissions and nonconformity with contract requirements.

10.     Despite repeated requests by Eastern to S & R and with notice to S & R's surety, Hartford, S & R failed and refused to correct its negligent and deficiently performed work and has abandoned performance of work and committed numerous material breaches of its subcontract obligations with Eastern.

12

11.    Eastern notified S&R and Hartford of S&R's numerous material breaches and defaults and made demand upon Hartford for the benefits of the bonds to which it is entitled, but Hartford has failed and refused to fulfill its obligations as surety in breach of duties and obligations owed to Eastern under the bonds and at common law.

12.    S&R was declared to be in default in September of 2002, and notice of default was given to Hartford.

13.    Eastern performed all of its obligations under the bonds and subcontract agreements.

14.    All of the S & R subcontracts on the bonded projects were terminated on or about March 4, 2003, and Hartford was given notice of such termination.

15.    At the time the S & R subcontracts were terminated, substantial portions of the subcontract work was incomplete and far behind the schedule for work necessary to complete such Projects within the time required by such contracts and to avoid exposure to liquidated damages and claims of consequential damages.

16.    Hartford failed and neglected to conduct a reasonable and prompt investigation and to undertake expeditious and timely settlement of claims or to take reasonable and timely action to perform competently and properly the incomplete and outstanding subcontract obligations of S & R, or otherwise fulfill obligations under the performance bond or otherwise mitigate the loss and damage to which Eastern has been exposed as a result of the failures of S&R.

17.    Eastern has been required to take steps to complete the incomplete work of S & R, and has incurred and will continue to incur great expense, damage and loss in completing the subcontract work and other obligations because of the failure of Hartford to fulfill the duties owed.

## COUNT II - FALL RIVER

18.    Eastern repeats and reavers the allegations of paragraphs 1 through 17 as if fully set forth
       herein.

19.    Hartford took over performance of certain portions of the work at the Fall River Project
       after repeated demands by Eastern, causing unnecessary delay and disruption to the
       Project.

20.    Hartford hired subcontractors and others to carry out performance of the incomplete and
       non-conforming work of S&R at the Project. The subcontractor chosen by Hartford was a
       company called ROC formed by one or more of the former principals of S&R after that
       company's default on the subcontract with Eastern.

21.    Hartford failed to act diligently and reasonably to oversee and ensure that ROC as its
       subcontractor performed work in accordance with the obligations under the contract
       documents.

22.    ROC has failed to perform work in a careful and competent manner in accordance with
       the contract documents,   has delayed performance of work, and has caused disruption
       and delay to performance of other work of Eastern dependent upon timely performance
       of work by ROC.

23.    Hartford was negligent and careless in the oversight of the subcontractor and others
       engaged to complete work at Fall River, and has permitted  improper dissipation of bond
       monies, and has caused economic waste which Hartford claims to apply to limits of its
       bond obligations.

24.    Such actions were in breach of Hartford's obligations to Eastern under the terms and
       conditions of the subcontracts, and the duties owed to Eastern as obligee under the bonds

issued by Hartford.

25.   Hartford has caused Eastern to incur additional costs and expenses including consulting costs and legal expenses due to Hartford's failure to require ROC to perform in accordance with the contract document and in a timely manner.

26.   Eastern has given Hartford notice of the failures of Hartford and its contractors to perform their contractual and common law duties and obligations and Eastern's damages caused thereby, but Hartford has recklessly disregarded the harm to Eastern and has failed and refused to remedy defective performance causing Eastern great harm and loss.

27.   Hartford is a company engaged in trade or commerce within the meaning of those words as defined by G.L. c. 93A, s. 2 and s. 11. Hartford's actions in failing to fulfill its obligations under the performance bond and agreements to take over the work of S&R, were willful and knowing and constituted unfair and deceptive acts or practices in trade or commerce with the meaning of G.L. c. 93A, s. 2 and s. 11.

28.   Such course of conduct is willful and knowing and constitutes unfair and deceptive acts and practices in violation of G.L. c. 93A, s. 2 and s. 11.

COUNT III - WALTHAM

29.   Eastern repeats and reavers the allegations of paragraphs 1 through 17 as if fully set forth herein.

30.   S & R has executed a subcontract for the performance of certain site work and related work at the Stanley School Project in Waltham.

31.   Hartford issued performance and payment bonds in connection with S & R subcontracts for the Waltham Project.

32.   S & R failed to perform its work in accordance with the requirements of its subcontract,

15

and the contract terms and conditions incorporated by reference therein.

33.     Such failure was a breach of the subcontract between Eastern and S & R, which breach
        has caused Eastern to sustain great damage, loss and expense.

34.     Eastern made numerous demands upon Hartford under the bonds for Hartford to remedy
        and repair the deficiencies in work performed by S & R, and to fulfill the obligations of
        S & R due Eastern under the subcontract.

35.     Hartford made representations and  assurances to Eastern that it would undertake to
        address and remedy the deficiencies and breaches of contract committed by Hartford's
        principal under the bond and Eastern relied upon such assurance but Hartford has failed
        and refused to fulfill such assurances and obligations.

36.     As a result of such failure by Hartford, in breach of Hartford's duties and obligations
        under the subcontracts and bonds, Eastern has sustained great loss, damage and expense.

37.     Hartford's failure to fulfill its representations, promises and assurances and its obligations
        under the bonds and subcontract duties of its principal, S & R, were committed
        knowingly and willfully, with reckless disregard as to the adverse consequences which
        Eastern would sustain as a result of such actions.

38.     Such actions constitute unfair and deceptive acts or practices in trade or commerce
        prohibited by Massachusetts General Laws Chapter 93A, sections 2, 9 and 11.

### COUNT IV - LAWRENCE

39.     Eastern repeats and reavers the allegations of paragraphs 1 through 17 as if fully set forth
        herein.

40.     S & R had a subcontract with Eastern for the performance of certain work at the
        Wetherbee School Project in Lawrence, Massachusetts.

16

41. Hartford as surety issued bonds to secure the performance of work and payment for labor, materials and equipment utilized by S & R for the Lawrence Project.

42. The Lawrence Project, included provisions in the General Contract providing for a so-called Project Labor Agreement requiring that all contractors and subcontractors performing work at that Project have appropriate Labor Union agreements in place as a condition to performing work at that project.

43. S & R defaulted under its subcontract, and abandoned performance of work at the Lawrence Project.

44. Notice of such default was given to Hartford as Surety, and demand for indemnity and the benefit of such bonds was made by Eastern pursuant to the performance and payment bonds issued by Hartford for the Lawrence Project.

45. S & R's default caused the performance of work at the Lawrence Project to be delayed, causing Eastern to be exposed to damages to the Project Owner for delay, accruing at the estimated rate of approximately $3,000 per day.

46. Hartford and S & R were given notice of the consequences of the delay caused by S & R.

47. At the time of the default by S & R, certain critical site related work within the scope of S & R's subcontract, which needed to be repaired, corrected, or performed, was necessary in order to achieve completion of the Project.

48. Hartford made representations and assurances to Eastern that such critical site work would be addressed and remedied immediately, but such representations and assurances were false and fraudulent, and Hartford did not undertake any action in a timely manner to address such critical site work.

49. Hartford, for its financial advantage, delayed and disrupted the process of obtaining

17

performance of the obligations of S & R, by failing to devote adequate resources to investigate and evaluate the work requiring repair, remediation or correction and by attempting to engage contractors who did not conform with project requirements.

50.     Hartford knew or ought to have known that such course of conduct would cause Eastern to sustain great loss, damage or expense.

51.     Eastern, with Hartford's knowledge, undertook performance of certain critical aspects of the site work at the Lawrence Project, upon the representation and assurances that Hartford would make payment for such work in accordance with the obligations under the bond.

52.     Hartford failed and refused to make payment for such expenses, which exceeded $500,000, and have caused Eastern substantial loss, damage and expense.

53.     After causing Eastern to undertake completion and repair of incomplete and defective work performed by its principal, Hartford attempted to set forth dubious claims advanced by S & R for contract price increases and/or extra work, which claims had been rejected by the Project Owner as a justification for nonpayment for amounts which Eastern incurred in completing work of S & R.

54.     Such actions were undertaken by Hartford knowingly and willfully in bad faith, and constitute breach of Hartford's obligations under the contract, terms and conditions of the bonds, and constitute violations of General Laws Chapter 93A, sections 2, 9 and 11.

55.     The actions of Hartford have caused Eastern to sustain great damage, loss and expense, and have exposed Eastern to the unnecessary liability for claims from the Project Owner for damages as a consequence of the failure to achieve completion of work within the time limits required by the General Contract with Lawrence.

## COUNT V - FREETOWN/LAKEVILLE

56. Eastern repeats and reavers the allegations of paragraphs 1 through 17 as if fully set forth herein.

57. S & R had a subcontract with Eastern for the performance of certain work at the site of the Freetown/Lakeville Middle School in Lakeville, Massachusetts.

58. S & R defaulted on its obligations under such subcontract, and Eastern made demand upon Hartford for indemnity and the benefit of performance and payment bonds issued for that project.

59. Hartford proffered one or more subcontractors who made proposals to perform necessary corrective work, remedial work, and completion of incomplete and unsatisfactory work within the scope of the S & R Subcontract.

60. Hartford undertook completion of the incomplete, defective and unsatisfactory work performed by S & R at the Freetown/Lakeville Middle School Project.

61. Hartford failed to repair or remedy incomplete and unsatisfactory work items, and failed to adequately supervise, manage, and oversee the performance of corrective or remedial work it undertook at the site of the Freetown/Lakeville Middle School Project.

62. One or more of the Subcontractors used by Hartford to complete, was so negligent and careless that it caused a backup of sewer and drain lines to occur, damaging work being performed by another General Contractor, Peabody Construction, on an adjacent school Project, owned by the Freetown/Lakeville regional school district.

63. Hartford and its subcontractors knew, or ought to have known, of the need to take adequate and reasonable measures to protect adjacent work, but so carelessly and

negligently performed activities, and failed to supervise the activities of subcontractors and others, so as to cause damage to adjoining property.

64.     The Freetown/Lakeville Regional School District as the Project Owner is attempting to hold Eastern responsible for the failure of Hartford and its subcontractors, and as a consequence has withheld over $80,000 from requisition funds otherwise due to Eastern as the cost of cleanup, remedy and repair of damage caused by Hartford and its subcontractors.

65.     Hartford and its subcontractors failed to complete all items of work within the scope of the S & R subcontract, and failed to undertake such work in a timely manner causing the Project completion to be delayed substantially, and exposing Eastern to potential liability claimed by the Project Owner for liquidated damages.

66.     The actions of Hartford, in its oversight and management of its consultants and subcontractors, was in derogation of its duties owed to Eastern under the contract and bonds, and undertaken in such a fashion as to show reckless disregard for the loss of money and other property and other consequences suffered by Eastern as a result of the failure of Hartford, its consultants and subcontractors to fulfill obligations owed to Eastern in a reasonable manner.

67.     The actions and omissions of Hartford were done willfully and knowingly, and constitute unfair and deceptive acts and practices within the meaning of Massachusetts General Laws Chapter 93A, sections 2, 9 and 11.

68.     The actions and omissions of Hartford are in breach of the duties and obligations owed to Eastern under the subcontract, bond, and other agreements.

20

**WHEREFORE**, Eastern Contractors, Inc. demands that this Court determine that Hartford Fire Insurance Company is in breach of its agreement and the obligations under its bonds; that this Court award Eastern its damages for such breach, determine that Hartford's acts are in violation of G. L. c. 93A and double or treble Eastern's damages and award Eastern its attorneys' fees, and for such further relief as the Court deems meet.

JURY CLAIM

Defendant demands trial by jury on all issues so triable.

Defendant Eastern Contractors, Inc.
By its attorneys,

Edward J. Quinlan, Esq., BBO# 409060
Magdalena A. Loret, Esq, BBO# 653152
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA  02062-5056
Dated: Feb.26, 2004    Phone:  781-440-9909; Fax:  781-440-9979

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the foregoing document was served on the attorney of record for each other party in this action, by mail, postage prepaid, on 2-26-04 .

21