UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 03-12502 RGS

HARTFORD FIRE INSURANCE COMPANY, )
    Plaintiff )
 )
vs. )
 )
EASTERN CONTRACTORS, INC., )
    Defendant/Third Party Plaintiff )
 )
vs. )
 )
CITY OF LAWRENCE, CITY OF FALL RIVER )
and FREETOWN/LAKEVILLE REGIONAL )
SCHOOL DISTRICT, )
    Third Party Defendants )

## THIRD PARTY COMPLAINT – FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT

Eastern Contractors, Inc. (hereinafter "Eastern") as Defendant/Third Party Plaintiff asserts its third party complaint against the Freetown/Lakeville Regional School District (hereinafter "Freetown"), as follows:

PARTIES

1. Defendant/Third Party Plaintiff, Eastern Contractors, Inc. (hereinafter "Eastern"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts having a usual place of business in Framingham, Massachusetts.

2. Plaintiff in the underlying action is Hartford Fire Insurance Company ("Hartford") of Hartford, Connecticut, which has asserted a complaint in this

court against Eastern alleging jurisdiction under 28 USC section 1332 based upon diversity of citizenship.

3. Third Party Defendant, Freetown/Lakeville Regional School District (hereinafter "Freetown"), is upon information and belief a regional school district consisting of the Towns of Freetown and Lakeville, Massachusetts, each of which is a municipal corporation organized and existing under the laws of the Commonwealth of Massachusetts having lawful existence as a political subdivision of the Commonwealth of Massachusetts and having a usual place of business in Lakeville, Massachusetts.

4. At all relevant times Freetown acted by and through its Freetown/Lakeville Regional School District Building Committee, the Freetown/Lakeville School Committee and other officers and agents duly authorized and appointed.

## JURISDICTION

5. This Court has jurisdiction over this matter as a third party complaint arising under the jurisdiction asserted by Plaintiff Hartford under 28 USC section 1332 and within this court's supplemental jurisdiction under 28 USC section 1367, because the claims asserted by this third party complaint arise in significant part from the same underlying facts and circumstances as alleged in the underlying Complaint, and all claims asserted by Eastern are sufficiently related so as to warrant exercise by this court of its jurisdiction.

## FACTS

6. Hartford has filed a Complaint against Eastern alleging, among other things, that Hartford as Surety issued labor and material bonds to Eastern as Obligee on

behalf of an excavation and site subcontractor known as S & R Construction Company, Inc. ("S&R") on various public construction projects undertaken by Eastern as General Contractor. (A copy of such Complaint is attached hereto as Exhibit A.)

7. Among other things, Hartford has alleged that it furnished labor and material payment bonds to Eastern in connection with the Freetown/Lakeville Elementary School/Middle School Project in Lakeville, Massachusetts.

8. The Freetown/Lakeville Elementary School/Middle School Project (hereinafter the "Project") was for construction of the improvements and buildings under a public construction contract between Eastern (as General Contractor) and Freetown (as Owner).

9. Freetown, as Owner, had caused plans, specifications, drawings, general and supplemental conditions, and other documents containing the design, description, scope of work and conditions governing performance of work at the Project to be prepared, published and disseminated for use by general contractors and subcontractors for submitting bids and constructing the Project.

10. Eastern executed a general contract with Freetown for construction of the Project, based upon the Plans, specifications, drawings, general conditions, supplementary conditions, and other documents published and furnished by Freetown.

11. S & R Construction Company, Inc. entered into a subcontract with Eastern for the performance of excavation, utility construction, site preparation and related work in fulfillment of portions of work at the Project. The subcontract between

Eastern and S & R which incorporates by reference applicable plans, drawings, conditions and specifications is a voluminous document, and Eastern makes proffer of the same and will produce it during trial.

12. S & R at different times asserted that it encountered conditions during performance of work at the Project, which it claimed were extra work, or otherwise beyond the scope of work set forth in the contract documents, and asserted entitlement to additional compensation, and/or adjustments in compensation due to S & R from Freetown through Eastern as general contractor.

13. Eastern in turn transmitted such claims to Freetown for review, approval and payment.

14. Freetown failed and refused to review, approve and make payment of any claims asserted by S & R alleging entitlement to additional compensation because of conditions encountered at the Project.

15. S & R failed and refused to complete its work in accordance with its obligation under the subcontract, was declared to be in default, and terminated in accordance with the terms and conditions of the contract documents.

16. Hartford has alleged in its Complaint (among other things paragraphs 25 through 32 and 48 through 54) that Hartford is entitled to receive the proceeds of any claims asserted by S & R for additional work at the Project, on the basis of common law rights and indemnification provisions found in certain agreements between Hartford and S & R.

## COUNT I

17. Eastern repeats and reavers it allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. Freetown has failed and refused to approve or make payment of claims asserted by S & R to which Hartford claims it is entitled to receive payment including claims which Hartford identifies in the complaint as having a value of $135,000 as base contract and additional work.

19. Such actions by Freetown are in breach of the contract terms and conditions of the general contract between Eastern and Freetown.

20. Hartford has alleged, among other things, in its Complaint that Hartford procured its own contractor to complete incomplete or unsatisfactory work which had been performed by S & R at the Freetown/Lakeville Project, and has alleged that such contractor completed all work.

21. Eastern avers that to the extent that Hartford's replacement contractor performed work at the Freetown/Lakeville Project, and representatives of Freetown have claimed that such work was not in compliance with the contract Agreement and that no payment would be made for such work as claimed by Hartford.

22. If Eastern is found to be liable in any way to Hartford as a result of Freetown withholding payments on the basis of incomplete or unsatisfactory work performed by Hartford's proposed replacement contractor to perform work at the Freetown/Lakeville Project Site, then Eastern is entitled to be indemnified by Freetown and recover from Freetown any amounts determined and adjudged to be due to Hartford for such actions.

23. If Hartford is entitled to all or any portion of such amounts as claimed in its complaint (which Eastern denies), then Eastern is entitled to recover judgment against Freetown for all amounts which are adjudged to be due to Hartford.

## COUNT II

24. Eastern repeats and reavers the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. Hartford, as an assignee and subrogated surety, has alleged claims under the theory of Quantum Meruit against Eastern, among other things asserting that S & R furnished labor, materials, equipment and supplies to or for the benefit of Eastern at the Freetown/Lakeville School Project for which neither S & R nor Hartford has received payment.

26. If Hartford is found to be entitled to all or any portion of amounts alleged to be due for the fair value of labor, materials, equipment and supplies furnished by S & R (which Eastern denies), then Eastern is entitled to recover judgment against Freetown for any and all amounts which are so adjudged to be due to Hartford.

## COUNT III

27. Eastern repeats and reavers the allegations of paragraphs 1 through 26 as if fully set forth herein.

28. Eastern entered into a general contract with Freetown for construction of the improvements and related work for the Freetown/Lakeville Elementary/Middle School in Freetown, Massachusetts.

- 7 -

29. Freetown furnished documents including plans, specifications, general conditions, supplementary conditions and other documents (hereinafter the "Contract Documents") for use by Eastern in submitting a bid for the Project in accordance with competitive bidding statutes of the Commonwealth of Massachusetts, and for use in construction of the Project.

30. The public bidding laws applicable to the Project require, among other things, that plans and specifications for such Project shall detail all labor and materials to be provided thereunder (G.L. c. 149, s. 44F, s. 44J).

31. Freetown had the responsibility, oversight and control of a preparation of designs of the work, and the plans and specifications for the Freetown/Lakeville Project which were intended to be complete, adequate, accurate, detailed and workable.

32. The Contract Documents contained expressed and implied representations to bidders that such documents had been prepared with due care, in compliance with applicable law and could be relied upon for the purposes of describing the kind and quality of work to be performed and for submitting competitive bids for such work.

33. The contract documents prepared and published on behalf of or by Freetown for the Project did not conform to such expressed or implied representations.

34. Eastern substantially performed its work in accordance with the contract and the Contract Documents, but Freetown has failed and refused to pay Eastern for all work and extra work performed under said contract.

35. During the course of performing work under the contract, Eastern was required

- 8 -

        to make changes and perform additional work as a consequence of the omissions, defects, deficiencies and misrepresentations in the plans, specifications and other contract documents furnished to Eastern by Freetown

36. As a consequence of the changes, omissions, defects and misrepresentations in the plans, specifications, and contract documents, and the extra work Eastern was required to perform, Eastern has incurred additional costs and expenses.

37. Freetown issued requests for proposals and construction change requests for the Project, which substantially increased the scope of the work, the cost of the work, and the time necessary to perform the work under the Project.

38. The number of requests for proposal and construction change requests issued for this Project was a substantial deviation from the Project plans and specifications as originally bid by Eastern and changed the scope of the Project.

39. Many of the requests for proposal and change requests issued by Freetown were as a consequence of misrepresentations and omissions in the plans and specifications prepared and published by Freetown for the Project, and have caused Eastern to incur additional costs and expenses for the performance of work described in the change proposal, as well as additional costs incurred in the administration of the Project, and extended field office overhead incurred on the Project.

40. As a consequence of the requests for proposal and construction change requests issued for this Project, Eastern sustained additional losses, costs, and expenses in processing and administering the changes and modifications embodied in the change proposals and change orders issued.

- 9 -

41. Eastern has made demand upon Freetown for payment of costs, losses, and expenses for work performed on the Project and for time extensions to perform work on the Project pursuant to the Contract Documents, but Freetown has failed and refused to pay Eastern for such work and has reduced or refused Eastern's requests for time extensions.

42. Freetown failed and refused to approve the changes in contract costs and contract time as submitted by Eastern, but instead directed Eastern to perform the work, and reduced the allowable costs to Eastern, and reduced or refused the time extensions requested by Eastern.

43. Such reductions in contract costs and reductions in or refusals of time extensions were arbitrary and capricious, contrary to the contract and law, and have caused Eastern to sustain great damage in additional costs, expenses, extended Project costs, and have caused Freetown to assert claims for damages against Eastern based upon completion of the contract beyond the time set forth in the Contract Documents.

44. Eastern duly entered into performance of the work and performed all terms, conditions and other obligations required on its part except to the extent prevented, hindered or excused by the conduct of Freetown.

45. During the course of Eastern's performance on the Project, Eastern's progress was delayed and disrupted by acts and omissions on the part of Freetown causing Eastern to sustain great damage, loss and expense for which Eastern has made demand for payment, but Freetown has failed and refused to pay.

46. By reason of the foregoing, Freetown has breached its contract with Eastern in

the following manner:

    a.    By failing and refusing to prepare plans and specifications that were accurate, reasonable, and practicable of design and implementation;

    b.    By failing and refusing to pay Eastern the total sums due for work performed under the contract, for extra work performed and for damages caused by S&R;

    c.    By breaching covenants of good faith and fair dealing implied in all contracts with governmental agencies by refusing to pay Eastern proper amounts due for work performed; and

    d.    By reducing or rejecting requests for time extensions to complete the work on the Project made by Eastern to Freetown pursuant to the Contract Documents.

47.    Freetown has withheld from payment otherwise due to Eastern certain sums of monies which Freetown has claimed represents costs incurred as a consequence of failure to complete construction of the Project within the time limits set forth in the Contract Documents.

48.    Eastern states that withholding of such funds is in breach of the contract obligations, in breach of Freetown's obligations of good faith and fair dealing in responding to Eastern's requests for time extension, and that such withholding of funds is wrongful.

49.    Eastern disputed such withholding of funds and states that such withholding is wrongful, and in breach of contract.

50. Eastern states that a genuine controversy has arisen between Eastern and Freetown as to the meaning, interpretation and application of contract provisions relating to time for performance and additional costs, and requests this Honorable Court to order, adjudge and declare that Eastern is entitled to receive payment for such amounts as have been wrongfully withheld by Freetown from Eastern.

## COUNT IV

51. Eastern repeats and reavers the allegations of paragraphs 1 through 50 as if fully set forth herein.

52. Eastern is a builder and contractor doing business in Framingham, Middlesex County, Commonwealth of Massachusetts.

53. On or after November 6, 2000, Freetown requested Eastern to perform certain work and furnish labor and materials to or for the benefit of Freetown in connection with a construction project sometimes known as the Freetown/Lakeville Project, in Freetown, Massachusetts ("the Project").

54. In compliance with said request, Eastern did perform work and supply labor and materials.

55. The fair value of work performed by Eastern on the Project as requested by Freetown is $20,908,329.00.

56. Freetown has paid Eastern $20,575,015.00 on account but has neglected and refused to pay the balance due of $333,314.00.

57. Eastern substantially performed all of the work it was requested to perform on the Project by Freetown.

58. Eastern performed certain additional work, and incurred additional costs and expenses in the course of performing work requested by or for the benefit of Freetown, for which Freetown has failed and refused to make payment to Eastern therefor.

59. Eastern has made demand for the fair value of work performed, and the fair value of its additional costs, expenses and extra work performed at the request of, or for the benefit of, Freetown, but Freetown has failed and refused to make payment for the same.

**WHEREFORE**, Eastern demands that this Honorable Court order, adjudge and award judgment in favor of Eastern against Freetown as follows:

   a. Enter judgment in favor of Eastern against Freetown for any amounts determined to be due to Hartford as alleged and Hartford's complaint as relates to the Freetown/Lakeville Project.

   b. Enter judgment in favor of Eastern against Freetown and award Eastern its damages for breach of contract by Freetown and such further relief as the court deems just and proper.

   c. Enter judgment in favor of Eastern against Freetown and award Eastern the fair value of the work performed, and labor and materials, equipment and supplies furnished, and for its costs and expenses of action.

   d. Enter a declaratory judgment, declaring rights, responsibilities and liabilities of Eastern and Freetown under the terms and conditions of the contract existing between Eastern and Freetown and the applicable provisions of the public bidding laws of the Commonwealth of

- 13 -

Massachusetts as relates to subcontractor bond premiums and assumption of risk assessment.

e. For such further relief as the Court deems just and proper under the circumstances and the applicable law.

f. Award Eastern its costs and attorneys' fees in maintaining this action and for such further relief as the court deems just and proper

Eastern Contractors, Inc.<br>
By its attorneys,<br><br>
/s/ David T. Keenan<br>
Edward J. Quinlan, Esq., BBO# 409060<br>
David T. Keenan, Esq., BBO# 567325<br>
Quinlan & Sadowski, P.C.<br>
11 Vanderbilt Avenue, Suite 250<br>
Norwood, MA  02062-5056<br>
Phone: 781-440-9909<br>
Fax:    781-440-9979

Dated: 3/8/04

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served on the attorney of record for each other party in this action, by mail, postage prepaid, on 3/8/04.

/s/ David T. Keenan