UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 03-12502 RGS

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| EASTERN CONTRACTORS, INC., | ) |
| Defendant/Third Party Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF LAWRENCE, CITY OF FALL RIVER | ) |
| and FREETOWN/LAKEVILLE REGIONAL | ) |
| SCHOOL DISTRICT, | ) |
| Third Party Defendants | ) |

## THIRD PARTY COMPLAINT – CITY OF LAWRENCE

Eastern Contractors, Inc. (hereinafter "Eastern") as Defendant/Third Party Plaintiff asserts its third party complaint against the City of Lawrence as follows:

## PARTIES

1.    Defendant/Third Party Plaintiff, Eastern Contractors, Inc. (hereinafter "Eastern") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts having a usual place of business in Framingham, Massachusetts.

2.    Plaintiff in the underlying action is Hartford Fire Insurance Company ("Hartford") of Hartford, Connecticut, which has asserted a complaint in this

court against Eastern alleging jurisdiction under 28 USC section 1332 based upon diversity of citizenship.

3.      Third Party Defendant is the City of Lawrence (hereinafter "Lawrence"), a municipal corporation organized and existing under the laws of the Commonwealth of Massachusetts having lawful existence as a political subdivision of the Commonwealth of Massachusetts and having a usual place of business in Lawrence, Massachusetts.

4.      At all relevant times Lawrence acted by and through its Lawrence School Building Committee, the Lawrence School Committee and other officers and agents duly authorized and appointed.

## JURISDICTION

5.      This Court has jurisdiction over this matter as a third party complaint arising under the jurisdiction asserted by Plaintiff Hartford under 28 USC section 1332 and within this court's supplemental jurisdiction under 28 USC section 1367, because the claims asserted by this third party complaint arise in significant part from the same underlying facts and circumstances as alleged in the underlying Complaint, and all claims asserted by Eastern are sufficiently related so as to warrant exercise by this court of its jurisdiction.

## FACTS

6.      Hartford has filed a Complaint against Eastern alleging, among other things, that Hartford as Surety issued labor and material bonds to Eastern as Obligee on behalf of an excavation and site subcontractor known as S & R Construction Company, Inc. ("S&R") on various public construction projects

undertaken by Eastern as General Contractor. (A copy of such Complaint is attached hereto as Exhibit A.)

7.  Among other things, Hartford has alleged that it furnished labor and material payment bonds to Eastern in connection with the Wetherbee Elementary School/Middle School Project in Lawrence, Massachusetts.

8.  The Wetherbee Elementary School/Middle School Project (hereinafter the "Project") was for construction of the improvements and buildings under a public construction contract between Eastern (as General Contractor) and Lawrence (as Owner).

9.  Lawrence, as Owner, had caused plans, specifications, drawings, general and supplemental conditions, and other documents containing the design, description, scope of work and conditions governing performance of work at the Project to be prepared, published and disseminated for use by general contractors and subcontractors for submitting bids and constructing the Project.

10. Eastern executed a general contract with Lawrence for construction of the Project, based upon the Plans, specifications, drawings, general conditions, supplementary conditions, and other documents published and furnished by Lawrence.

11. S & R Construction Company, Inc. entered into a subcontract with Eastern for the performance of excavation, utility construction, site preparation and related work in fulfillment of portions of work at the Project. The subcontract between Eastern and S & R which incorporates by reference applicable plans,

drawings, conditions and specifications is a voluminous document, and Eastern makes proffer of the same and will produce it during trial.

12.    S & R at different times asserted that it encountered conditions during performance of work at the Project, which it claimed were extra work, or otherwise beyond the scope of work set forth in the contract documents, and asserted entitlement to additional compensation, and/or adjustments in compensation due to S & R from Lawrence through Eastern as general contractor.

13.    Eastern in turn transmitted such claims to Lawrence for review, approval and payment.

14.    Lawrence failed and refused to review, approve and make payment of any claims asserted by S & R alleging entitlement to additional compensation because of conditions encountered at the Project.

15.    S & R failed and refused to complete its work in accordance with its obligation under the subcontract, was declared to be in default, and terminated in accordance with the terms and conditions of the contract documents.

16.    Hartford has alleged in its Complaint (among other things paragraphs 18 through 24 and 55 through 61) that Hartford is entitled to receive the proceeds of any claims asserted by S & R for additional work at the Project, on the basis of common law rights and indemnification provisions found in certain agreements between Hartford and S & R.

## COUNT I

17.    Eastern repeats and reavers the allegations of paragraphs 1 through 16 as if fully set forth herein.

18.    Lawrence has failed and refused to approve or make payment of claims asserted by S & R to which Hartford claims it is entitled to receive payment including claims which Hartford identifies in the complaint as having a value of $2,669,409 as additional work.

19.    Such actions by Lawrence are in breach of the contract terms and conditions of the general contract between Eastern and Lawrence.

20.    Hartford has alleged, among other things in its Complaint, that Hartford procured its own contractor to complete incomplete or unsatisfactory work which had been performed by S & R at the Wetherbee Project, and has further alleged that Eastern procured a subcontractor to complete such incomplete or unsatisfactory work, and thus deprived Hartford of the opportunity to complete such work at lesser cost.

21.    Although Eastern denies Hartford's allegations, certain terms and conditions of the contract documents prepared by Lawrence included a so-called Project Labor Agreement, which required that all contractors and subcontractors performing work at the Wetherbee Project have agreements in place with union organizations.

22.    Eastern avers that Hartford's replacement contractor proposed to perform work at the Wetherbee Project was not in compliance with the so-called Project Labor Agreement, and that Eastern was directed by Lawrence not to

- 5 -

permit such contractor to perform work at the Wetherbee Project because of threats to labor harmony.

23. If Eastern is found to be liable in any way to Hartford as a result of Lawrence directing Eastern not to permit Hartford's proposed replacement contractor to perform work at the Wetherbee Project Site, then Eastern is entitled to be indemnified by Lawrence, and recover from Lawrence any amounts determined and adjudged to be due to Hartford for such actions.

24. If Hartford is entitled to all or any portion of such amounts as claimed in its complaint (which Eastern denies), then Eastern is entitled to recover judgment against Lawrence for all amounts which are adjudged to be due to Hartford.

## COUNT II

25. Eastern repeats and reavers the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. Hartford, as an assignee and subrogated surety, has alleged claims under the theory of Quantum Meruit against Eastern, among other things asserting that S & R furnished labor, materials, equipment and supplies to or for the benefit of Eastern at the Wetherbee School Project for which neither S & R nor Hartford has received payment.

27. If Hartford is found to be entitled to all or any portion of amounts alleged to be due for the fair value of labor, materials, equipment and supplies furnished by S & R (which Eastern denies), then Eastern is entitled to recover judgment against Lawrence for any and all amounts which are so adjudged to be due to Hartford.

COUNT III

28.  Eastern repeats and reavers the allegations of paragraphs 1 through 27 as if fully set forth herein.

29.  Eastern entered into a general contract with Lawrence for construction of the improvements and related work for the Wetherbee Elementary/Middle School in Lawrence, Massachusetts.

30.  Lawrence furnished documents including plans, specifications, general conditions, supplementary conditions and other documents (hereinafter the "Contract Documents") for use by Eastern in submitting a bid for the Wetherbee Project in accordance with competitive bidding statutes of the Commonwealth of Massachusetts, and for use in construction of the Project.

31.  The public bidding laws applicable to the Project require, among other things, that plans and specifications for such Project shall detail all labor and materials to be provided thereunder (G.L. c. 149, s. 44F, s. 44J).

32.  Lawrence had the responsibility, oversight and control of a preparation of designs of the work, and the plans and specifications for the Wetherbee Project which were intended to be complete, adequate, accurate, detailed and workable.

33.  The Contract Documents contained expressed and implied representations to bidders that such documents had been prepared with due care, in compliance with applicable law and could be relied upon for the purposes of describing the kind and quality of work to be performed and for submitting competitive bids for such work.

34.    The Contract Documents prepared and published on behalf of or by Lawrence for the Project did not conform to such expressed or implied representations.

35.    Eastern substantially performed its work in accordance with the contract and the contract documents, but Lawrence has failed and refused to pay Eastern for all work and extra work performed under said contract.

36.    During the course of performing work under the contract, Eastern was required to make changes and perform additional work as a consequence of the omissions, defects, deficiencies and misrepresentations in the plans, specifications and other contract documents furnished to Eastern by Lawrence.

37.    As a consequence of the changes, omissions, defects and misrepresentations in the plans, specifications, and contract documents, and the extra work Eastern was required to perform, Eastern has incurred additional costs and expenses.

38.    Lawrence issued requests for proposals and construction change requests for the Project, which substantially increased the scope of the work, the cost of the work, and the time necessary to perform the work under the Project.

39.    The number of requests for proposal and construction change requests issued for this Project was a substantial deviation from the Project plans and specifications as originally bid by Eastern, and changed the scope of the Project.

40.    Many of the requests for proposal and change requests issued by Lawrence were as a consequence of misrepresentations and omissions in the plans and specifications prepared and published by Lawrence for the Project, and have

caused Eastern to incur additional costs and expenses for the performance of work described in the change proposal, as well as additional costs incurred in the administration of the Project, and extended field office overhead incurred on the Project.

41.  As a consequence of the requests for proposal and construction change requests issued for this Project, Eastern sustained additional losses, costs, and expenses in processing and administering the changes and modifications embodied in the change proposals and change orders issued.

42.  Eastern has made demand upon Lawrence for payment of costs, losses, and expenses for work performed on the Project and for time extensions to perform work on the Project pursuant to the Contract Documents, but Lawrence has failed and refused to pay Eastern for such work and has reduced or refused Eastern's requests for time extensions

43.  Lawrence failed and refused to approve the changes in contract costs and contract time as submitted by Eastern, but instead directed Eastern to perform the work, and reduced the allowable costs to Eastern, and reduced or refused the time extensions requested by Eastern.

44.  Such reductions in contract costs and reductions in or refusals of time extensions were arbitrary and capricious, contrary to the contract and law, and have caused Eastern to sustain great damage in additional costs, expenses, extended Project costs and have caused Lawrence to assert claims for damages against Eastern based upon completion of the contract beyond the time set forth in the contract documents.

45.    Eastern duly entered into performance of the work and performed all terms, conditions and other obligations required on its part except to the extent prevented, hindered or excused by the conduct of Lawrence.

46.    During the course of Eastern's performance on the project, Eastern's progress was delayed and disrupted by acts and omissions on the part of Lawrence, causing Eastern to sustain great damage, loss and expense for which Eastern has made demand for payment, but Lawrence has failed and refused to pay.

47.    By reason of the foregoing, Lawrence has breached its contract with Eastern in the following manner:

   a.    By failing and refusing to prepare plans and specifications that were accurate, reasonable, and practicable of design and implementation;

   b.    By failing and refusing to pay Eastern the total sums due for work performed under the contract, for extra work performed and for damages caused by Lawrence;

   c.    By breaching covenants of good faith and fair dealing implied in all contracts with governmental agencies by refusing to pay Eastern proper amounts due for work performed; and

   d.    By reducing or rejecting requests for time extensions to complete the work on the Project made by Eastern to Lawrence pursuant to the Contract Documents.

48.    Lawrence has withheld from payment otherwise due to Eastern certain sums of monies which Lawrence has claimed represents costs incurred as a

consequence of failure to complete construction of the Project within the time limits set forth in the Contract Documents.

49.     Eastern states that withholding of such funds is in breach of the contract obligations, in breach of Lawrence's obligations of good faith and fair dealing in responding to Eastern's requests for time extension, and that such withholding of funds is wrongful.

50.     In addition to sums set forth above, Lawrence has also withheld monies from Eastern which relate to certain items of overhead and costs, subcontractor bond premiums or in the alternative, calculations of risk assessment assumed by Eastern based upon a unilateral interpretation by Lawrence as to provisions of the Contract Documents.

51.     Eastern disputed such withholding of funds and states that such withholding is wrongful, and in breach of contract.

52.     Eastern states that a genuine controversy has arisen between Eastern and Lawrence as to the meaning, interpretation and application of contract provisions relating to risk assessment and subcontractor bond premiums and requests this Honorable Court to order, adjudge and declare that Eastern is entitled to receive payment for such amounts as have been wrongfully withheld by Lawrence from Eastern.

## COUNT IV

53.     Eastern repeats and reavers the allegations of paragraphs 1 through 52 as if fully set forth herein.

- 11 -

54.    Eastern is a builder and contractor doing business in Framingham, Middlesex County, Commonwealth of Massachusetts.

55.    On or after May  1,  2001,  Lawrence  requested  Eastern  to  perform certain work and furnish labor and materials to or for the benefit of Lawrence in connection with a construction project sometimes known as the Wetherbee Project, in Lawrence, Massachusetts ("the Project").

56.    In compliance with said request, Eastern did perform work and supply labor and materials.

57.    The fair value of work performed by Eastern on the Project as requested by Lawrence is $ 22,033,100.20.

58.    Lawrence has paid Eastern $21,087,986.00 on account but has neglected and refused to pay the balance due of $945,113.80.

59.    Eastern substantially performed all work it was requested to perform on the Project by Lawrence.

60.    Eastern performed certain additional work, and incurred additional costs and expenses in the course of performing work requested by or for the benefit of Lawrence, for which Lawrence has failed and refused to make payment to Eastern therefor.

61.    Eastern has made demand for the fair value of work performed, and the fair value of its additional costs, expenses and extra work performed at the request of, or for the benefit of, Lawrence, but Lawrence has failed and refused to make payment for the same.

**WHEREFORE**, Eastern demands that this Honorable Court order, adjudge and award judgment in favor of Eastern against Lawrence as follows:

a.  Enter judgment in favor of Eastern against Lawrence for any amounts determined to be due to Hartford as alleged and Hartford's complaint as relates to the Wetherbee Project.

b.  Enter judgment in favor of Eastern against Lawrence and award Eastern its damages for breach of contract by Lawrence and such further relief as the court deems just and proper.

c.  Enter judgment in favor of Eastern against Lawrence and award Eastern the fair value of the work performed, and labor and material equipment and supplies furnished, and for its costs and expenses of action.

d.  Enter a declaratory judgment, declaring rights, responsibilities and liabilities of Eastern and Lawrence under the terms and conditions of the contract existing between Eastern and Lawrence, and the applicable provisions of the public bidding laws of the Commonwealth of Massachusetts as relates to subcontractor bond premiums and assumption of risk assessment.

e.  For such further relief as the Court deems just and proper under the circumstances and the applicable law.

f.  Award Eastern its costs and attorneys' fees in maintaining this action and for such further relief as the court deems just and proper.

Eastern Contractors, Inc.
By its attorneys,

Edward J. Quinlan, Esq., BBO# 409060
David T. Keenan, Esq., BBO# 567325
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA  02062-5056
Phone:  781-440-9909
Fax:     781-440-9979

Dated: 3/8/04

### CERTIFICATE OF SERVICE
I hereby certify that a true copy of the foregoing
document was served on the attorney of record for
each other party in this action, by mail, postage
prepaid, on 3/8/04 .

- 14 -