UNITED STATES DISTRICT COURT
For the District of Massachusetts

C.A. No. 03-12502 RGS

HARTFORD FIRE INSURANCE COMPANY,

        Plaintiff,

VS.

EASTERN CONTRACTORS, INC.

        Defendant/Third-Party Plaintiff,

VS.

CITY OF LAWRENCE, CITY OF FALL RIVER AND FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT,

        Third-Party Defendants.

**AFFIDAVIT OF JAMES A. MAROT IN SUPPORT OF THIRD-PARTY DEFENDANT FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT'S MOTION TO STAY LITIGATION AND COMPEL DEFENDANT/THIRD-PARTY PLAINTIFF EASTERN CONTRACTORS, INC. TO ARBITRATE PURSUANT TO MASS. GEN. L. C. 251, § 2**

I, James A. Marot, do hereby depose and state upon my own personal knowledge as follows.

1. I am the Chairman of the Freetown/Lakeville Middle School Building Committee.

2. Attached hereto as Exhibit A is a true and accurate copy of relevant portions of the Contract between the Freetown/Lakeville Regional School District and Eastern Contractors,

B0357592v1

Inc. for the construction of a new middle school in Lakeville, Massachusetts and relevant portions of the General Conditions of the Contract.

Signed under the pains and penalties of perjury this 31st day of March, 2004.

*James A. Marot*
James A. Marot

B0357592v1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party, or if no attorney has yet appeared for each other party, upon each other party, by mail and/or electronically on April 1, 2004.

By: _____

Bradford R. Carver
Cetrulo & Capone LLP
Two Seaport Lane
10th Floor
Boston, MA 02210
617-217-5208
617-217-5200 (fax)
bcarver@cetcap.com

Edward Quinlan
Quinlan & Sadowski
11 Vanderbilt Avenue
Suite 250
Norwood, MA 02062-506
781-440-9909
781-440-9979 (fax)
equinlan@qsatlaw.com

John O'Neil
O'Neil, Lucey & O'Neil
120 Purchase Street
Fall River, MA 02720

Magdalena Anna Loret
Quinlan & Sadowski, PC
Suite 205
11 Vanderbilt Avenue
Norwood, MA 02062
781-440-9909
781-440-9979 (fax)
mloret@qsatlaw.com

Charles Boddy, Jr.
City Attorney
City of Lawrence
200 Common Street
City Hall, Suite 306
Lawrence, MA 01840
978-794-5800
978-794-5799 (fax)

UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>       Plaintiff,<br>VS.<br><br>EASTERN CONTRACTORS, INC.<br><br>       Defendant/Third-Party Plaintiff,<br><br>VS.<br><br>CITY OF LAWRENCE, CITY OF FALL RIVER AND FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT,<br><br>       Third-Party Defendants. | C.A. No. 03-12502 RGS |

**AFFIDAVIT OF JAMES A. MAROT IN SUPPORT OF THIRD-PARTY DEFENDANT FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT'S MOTION TO STAY LITIGATION AND COMPEL DEFENDANT/THIRD-PARTY PLAINTIFF EASTERN CONTRACTORS, INC. TO ARBITRATE PURSUANT TO MASS. GEN. L. C. 251, § 2**

# EXHIBIT A



# Standard Form of Agreement Between Owner and Contractor *where the basis of payment is a* STIPULATED SUM

## AIA Document A101-1997
### 1997 Edition -Electronic Format

THIS DOCUMENT HAS IMPORTANT LEGAL CONSEQUENCES. CONSULTATION WITH AN ATTORNEY IS ENCOURAGED WITH RESPECT TO ITS COMPLETION OR MODIFICATION. AUTHENTICATION OF THIS ELECTRONICALLY DRAFTED AIA DOCUMENT MAY BE MADE BY USING AIA DOCUMENT D401

AIA Document A201-1997, General Conditions of the Contract for Construction, is adopted in this document by reference. Do not use with other general conditions unless this document is modified.

This document has been approved and endorsed by The Associated General Contractors of America.

Copyright 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, © 1997 by The American Institute of Architects. Reproduction of the material herein or substantial quotation of its provisions without written permission of the AIA violates the copyright laws of the United States and will subject the violator to legal prosecution.

---

**AGREEMENT** made as of the <u>Sixth</u> day of <u>November</u> in the year of <u>Two Thousand</u>
*(In words, indicate day, month and year)*

**BETWEEN** the Owner:
*(Name, address and other information)*
<u>Freetown/Lakeville Regional School District</u>
<u>98 Howland Road</u>
<u>Lakeville, Massachusetts 02347</u>

and the Contractor
*(Name, address and other information)*
<u>Eastern Contractors, Inc.</u>
<u>571 Union Avenue</u>
<u>Framingham, MA  01701</u>

The Project is:
*(Name and location)*
<u>Construction of a New Middle School</u>

The Architect is:
*(Name, address and other information)*
<u>Kaestle Boos Associates, Inc.</u>
<u>124 Grove Street, Suite 215</u>
<u>Franklin, MA  02038</u>

AIA DOCUMENT A101 -OWNER - CONTRACTOR AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292.  WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted  below.

Electronic Format A101-1997
User Document: A101.DOC -- 11/6/2000. AIA License Number 102384, which expires on 7/7/2001 -- Page #1

**8.1.7**  Other documents, if any, forming part of the Contract Documents are as follows:
*(List here any additional documents that are intended to form part of the Contract Documents. AIA Document A201-1997 provides that bidding requirements such as advertisement or invitation to bid, Instructions to Bidders, sample forms and the Contractor's bid are not part of the Contract Documents unless enumerated in this Agreement. They should be listed here only if intended to be part of the Contract Documents.)*

General Bid Form, with required attachments as submitted by Eastern Contractors, Inc., Exhibit A
Performance, Labor & Material Bonds issued by Eastern Contractors, Inc., Exhibits B & C
Certificate of Insurance issued by Eastern Contractors, Inc., Exhibit D


By executing this Agreement, the Owner certifies that it is authorized to execute the Contract and that the Freetown/Lakeville Regional School District has been authorized to approve all Requisitions and changes thereto.

**Accountant's Certification**

I hereby certify that as of the date of this Agreement, an appropriation in the amount of Nineteen Million, Nine Hundred Sixty Seven Thousand Dollars ($19,967,000.00) has been made and is available for compensation to the Contractor for the Work described in the Contract Documents.

By: *Walter F. Healey*    Title: *Treasurer*

This Agreement is entered into as of the day and year first written above and is executed in at least three original copies, of which one is to be delivered to the Contractor, one to the Architect for use in the administration of the Contract, and the remainder to the Owner.

_____    _____
**OWNER** *(Signature)*                        **CONTRACTOR** *(Signature)*

Richard Dias, Chairman, Freetown-Lakeville Regional School Committee
*(Printed name and title)*

Ramesh K. Motwane, President
*(Printed name and title)*

AIA DOCUMENT A101 -OWNER - CONTRACTOR AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292.  WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A101-1997
User Document: A101.DOC -- 11/6/2000. AIA License Number 102384, which expires on 7/7/2001 -- Page #6

# General Conditions of the Contract for Construction

## AIA Document A201 - 1997
## 1997 Edition - Electronic Format

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification. AUTHENTICATION OF THIS ELECTRONICALLY DRAFTED AIA DOCUMENT MAY BE MADE BY USING AIA DOCUMENT D401.

This document has been approved and endorsed by The Associated General Contractors of America.

Copyright 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1967, 1970, 1976, 1987, ©1997 by The American Institute of Architects. Fifteenth Edition. Reproduction of the material herein or substantial quotation of its provisions without written permission of the AIA violates the copyright laws of the United States and will subject the violator to legal prosecution.

**TABLE OF ARTICLES**

1. GENERAL PROVISIONS

2. OWNER

3. CONTRACTOR

4. ADMINISTRATION OF THE CONTRACT

5. SUBCONTRACTORS

6. CONSTRUCTION BY OWNER OR BY SEPARATE CONTRACTORS

7. CHANGES IN THE WORK

8. TIME

9. PAYMENTS AND COMPLETION

10. PROTECTION OF PERSONS AND PROPERTY

11. INSURANCE AND BONDS

12. UNCOVERING AND CORRECTION OF WORK

13. MISCELLANEOUS PROVISIONS

14. TERMINATION OR SUSPENSION OF THE CONTRACT

AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A201-1997
User Document: A201.DOC -- 8/21/2000. AIA License Number 102384, which expires on 7/7/2001 -- Page #1

4.2.7   The Architect will review and approve or take other appropriate action upon the Contractor's submittals such as Shop Drawings, Product Data and Samples, but only for the limited purpose of checking for conformance with information given and the design concept expressed in the Contract Documents. The Architect's action will be taken with such reasonable promptness as to cause no delay in the Work or in the activities of the Owner, Contractor or separate contractors, while allowing sufficient time in the Architect's professional judgment to permit adequate review. Review of such submittals is not conducted for the purpose of determining the accuracy and completeness of other details such as dimensions and quantities, or for substantiating instructions for installation or performance of equipment or systems, all of which remain the responsibility of the Contractor as required by the Contract Documents. The Architect's review of the Contractor's submittals shall not relieve the Contractor of the obligations under Paragraphs 3.3, 3.5 and 3.12. The Architect's review shall not constitute approval of safety precautions or, unless otherwise specifically stated by the Architect, of any construction means, methods, techniques, sequences or procedures. The Architect's approval of a specific item shall not indicate approval of an assembly of which the item is a component.

4.2.8   The Architect and Project Manager will prepare Change Orders and Construction Change Directives, and may authorize minor changes in the Work as provided in Paragraph 7.4.

4.2.9   The Architect, the Owner and the Project Manager will conduct inspections to determine the date or dates of Substantial Completion and the date of Final Completion. The Architect final completion, will receive from the Contractor, and forward to the Owner, for the Owner's review and records, "As-Built" Drawings, written warranties and related documents required by the Contract and assembled by the Contractor, and will issue a final Certificate for Payment upon compliance with the requirements of the Contract Documents.

4.2.10  If the Owner and Architect agree, the Architect will provide one or more project representatives to assist in carrying out the Architect's responsibilities at the site. The duties, responsibilities and limitations of authority of such project representatives shall be as set forth in an exhibit to be incorporated in the Contract Documents. The Owner may, through its Project Manager, employ a Resident Project Representative for the Project. The Resident Project Representative shall have no authority to approve Work, to approve changes, or to exercise any of the power and authority of the Owner or the Architect. The Resident Project Representative shall be required to be on site at all times when the Contractor is on site. Should the Contractor perform work outside of, or in addition to normal working hours, or in excess of 40 hours per week in order to keep the Project on schedule, or for any other reason, then the Resident Project Representative will work the same hours as the Contractor, and the Contractor shall reimburse the Owner for any additional costs for such services. This reimbursement shall be by means of a credit Change Order executed at the time of Substantial Completion.

4.2.11  The Architect will interpret and decide matters concerning performance under, and requirements of, the Contract Documents on written request of either the Owner, Project Manager or Contractor. The Architect's response to such requests will be made in writing within any time limits agreed upon or otherwise with reasonable promptness. If no agreement is made concerning the time within which interpretations required of the Architect shall be furnished in compliance with this Paragraph 4.2, then delay shall not be recognized on account of failure by the Architect to furnish such interpretations until 15 days after written request is made for them.

4.2.12  Interpretations and decisions of the Architect will be consistent with the intent of and reasonably inferable from the Contract Documents and will be in writing or in the form of drawings. When making such interpretations and initial decisions, the Architect will endeavor to secure faithful performance by both Owner and Contractor, will not show partiality to either and will not be liable for results of interpretations or decisions so rendered in good faith.

4.2.13  The Architect's decisions on matters relating to aesthetic effect will be final if consistent with the intent expressed in the Contract Documents.

## 4.3 CLAIMS AND DISPUTES

4.3.1   **Definition.** A Claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the Project. terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. Claims must be initiated by written notice. The responsibility to substantiate Claims shall rest with the party making the Claim.

AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A201-1997
User Document: A201.DOC -- 8/21/2000. AIA License Number 102384, which expires on 7/7/2001 -- Page #22

states that (1) the decision is final but subject to mediation and arbitration and (2) a demand for arbitration of a Claim covered by such decision must be made within 30 days after the date on which the party making the demand receives the final written decision, then failure to demand arbitration within said 30 days' period shall result in the Architect's decision becoming final and binding upon the Owner and Contractor. If the Architect renders a decision after arbitration proceedings have been initiated, such decision may be entered as evidence, but shall not supersede arbitration proceedings unless the decision is acceptable to all parties concerned.

**4.4.7** Upon receipt of a Claim against the Contractor or at any time thereafter, the Architect or the Owner may, but is not obligated to, notify the surety, if any, of the nature and amount of the Claim. If the Claim relates to a possibility of a Contractor's default, the Architect or the Owner may, but is not obligated to, notify the surety and request the surety's assistance in resolving the controversy.

**4.4.8** ~~If a Claim relates to or is the subject of a mechanic's lien, the party asserting such Claim may proceed in accordance with applicable law to comply with the lien notice or filing deadlines prior to resolution of the Claim by the Architect, by mediation or by arbitration.~~

## 4.5 MEDIATION

**4.5.1** ~~Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4 and 9.10.5 shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.~~

**4.5.2** The Owner and Contractor intend to ~~parties shall~~ endeavor to resolve their Claims and other matters in question between them by mediation and negotiation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to the Contract and with the American Arbitration Association. ~~The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.~~

**4.5.3** The parties shall share the mediator's fee and any filing fees equally. The mediation shall be held in the place where the Project is located, unless another location is mutually agreed upon. Agreements reached in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof.

## 4.6 ARBITRATION

**4.6.1** ~~Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Paragraph 4.5.~~ If negotiation or mediation fails to bring about resolution of any Claim, then at the Owner's sole discretion, the Claim shall be subject to arbitration.

**4.6.2** ~~Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect.~~ Any arbitration shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party and with the American Arbitration Association.

**4.6.3** A demand for arbitration shall be made within the time limits specified in Subparagraphs 4.4.6 and 4.6.1 as applicable, and in other cases within a reasonable time after the Claim has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such Claim would be barred by the applicable statute of limitations. ~~as determined pursuant to Paragraph 13.7.~~ The award rendered by the Arbitrator or Arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A201-1997
User Document: A201.DOC -- 8/21/2000. AIA License Number 102384, which expires on 7/7/2001 -- Page #25

4.6.4  Joinder and/or Consolidation. ~~Limitation on Consolidation or Joinder. No arbitration arising out of or relating to the Contract shall include, by consolidation or joinder or in any other manner, the Architect, the Architect's employees or consultants, except by written consent containing specific reference to the Agreement and signed by the Architect, Owner, Contractor and any other person or entity sought to be joined. No arbitration shall include, by consolidation or joinder or in any other manner, parties other than the Owner, Contractor, a separate contractor as described in Article 6 and other persons substantially involved in a common question of fact or law whose presence is required if complete relief is to be accorded in arbitration. No person or entity other than the Owner, Contractor or a separate contractor as described in Article 6 shall be included as an original third party or additional third party to an arbitration whose interest or responsibility is insubstantial. Consent to arbitration involving an additional person or entity shall not constitute consent to arbitration of a Claim not described therein or with a person or entity not named or described therein. The foregoing agreement to arbitrate and other agreements to arbitrate with an additional person or entity duly consented to by parties to the Agreement shall be specifically enforceable under applicable law in any court having jurisdiction thereof.~~ Any arbitration arising out of or relating to the Project may, in the Owner's sole discretion be consolidated with any other action relating to the Project. The Owner may also at its sole discretion, join any other party in the Arbitration including but not limited to the Architect, its subconsultants, the Contractor, its subcontractors and sub-subcontractors, material suppliers and the Surety. Consolidation shall be by order of the arbitrator(s) in any pending case, or if the arbitrator(s) fail to make an order, a party may apply to a court of competent jurisdiction for such order. Any arbitration proceeding shall take place in Boston, Massachusetts.

4.6.5  ~~Claims and Timely Assertion of Claims. The party filing a notice of demand for arbitration must assert in the demand all Claims then known to that party on which arbitration is permitted to be demanded.~~ The Contractor will require each of its subcontractors and material suppliers to have similar arbitration joinder clauses in their respective agreements. The foregoing agreement to arbitrate and other agreements to arbitrate with additional persons or entities shall be specifically enforceable in any court having jurisdiction over the parties.

4.6.6  ~~Judgment on Final Award. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.~~ If the Owner in its sole discretion declines to arbitrate, such claims, disputes and other matters shall be decided by litigation in a court having jurisdiction over the parties.     4.6.7 Notwithstanding any provision contained in this Paragraph 4.6 or elsewhere in the Contract Documents, the Owner reserves the following rights in connection with claims and disputes between the Owner and the Contractor:

    4.6.7.1  The right to institute legal action against the Contractor in any court of competent jurisdiction in lieu of demanding arbitration.

    4.6.7.2  The right to obtain from any court of competent jurisdiction, a stay of any arbitration instituted by the Contractor, in which case the dispute or disputes shall be decided by litigation, and not by arbitration.


## ARTICLE 5 SUBCONTRACTORS
### 5.1 DEFINITIONS
5.1.1  A Subcontractor is a person or entity who has a direct contract with the Contractor to perform a portion of the Work at the site. The term "Subcontractor" is referred to throughout the Contract Documents as if singular in number and means a Subcontractor or an authorized representative of the Subcontractor. The term "Subcontractor" does not include a separate contractor or subcontractors of a separate contractor.

5.1.2  A Sub-subcontractor is a person or entity who has a direct or indirect contract with a Subcontractor to perform a portion of the Work at the site. The term "Sub-subcontractor" is referred to throughout the Contract Documents as if singular in number and means a Sub-subcontractor or an authorized representative of the Sub-subcontractor.

### 5.2 AWARD OF SUBCONTRACTS AND OTHER CONTRACTS FOR PORTIONS OF THE WORK
5.2.1  Unless otherwise stated in the Contract Documents or the bidding requirements, the Contractor, as soon as practicable after award of the Contract, shall furnish in writing to the Owner and the Architect through the ~~Architect~~ Project Manager the names of persons or entities (including those who are to furnish materials or equipment fabricated to a special design) proposed for each principal portion of the Work. The Architect will promptly reply to the Contractor in writing stating whether or not the Owner or the Architect, after due investigation, has reasonable objection to any such proposed person or entity. Failure of the

AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopyii violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can b... reproduced without violation until the date of expiration as noted below.

Electronic Format A201-1997
User Document: A201.DOC -- 8/21/2000. AIA License Number 102384, which expires on 7/7/2001 -- Page #26

Substantial Completion by the period of time between Substantial Completion and the actual performance of the Work.

**12.2.2.3** The one-year period for correction of Work shall ~~not~~ be extended by corrective Work performed by the Contractor pursuant to this Paragraph 12.2.

**12.2.3** The Contractor shall remove from the site portions of the Work which are not in accordance with the requirements of the Contract Documents and are neither corrected by the Contractor nor accepted by the Owner.

**12.2.4** The Contractor shall bear the cost of correcting destroyed or damaged construction, whether completed or partially completed, of the Owner or separate contractors caused by the Contractor's correction or removal of Work which is not in accordance with the requirements of the Contract Documents.

**12.2.5** Nothing contained in this Paragraph 12.2 shall be construed to establish a period of limitation with respect to other obligations which the Contractor or its Surety might have under the Contract Documents. Establishment of the one-year period for correction of Work as described in Subparagraph 12.2.2 relates only to the specific obligation of the Contractor to correct the Work, and has no relationship to the time within which the obligation to comply with the Contract Documents may be sought to be enforced, nor to the time within which proceedings may be commenced to establish the Contractor's liability with respect to the Contractor's obligations other than specifically to correct the Work.

### 12.3   ACCEPTANCE OF NONCONFORMING WORK
**12.3.1** If the Owner prefers to accept Work which is not in accordance with the requirements of the Contract Documents, the Owner may do so instead of requiring its removal and correction, in which case the Contract Sum will be reduced as appropriate and equitable. The Owner's acceptance of Work under this provision must be in writing, signed by the Owner's authorized representative identified in Article 7 of the parties' AIA A101 Form of Agreement as amended. No acceptance by any other person or entity is authorized. Such adjustment shall be effected whether or not final payment has been made.

## ARTICLE 13  MISCELLANEOUS PROVISIONS
### 13.1   GOVERNING LAW
**13.1.1** The Contract shall be governed by the law of the ~~place where the Project is located~~ Commonwealth of Massachusetts..

### 13.2   SUCCESSORS AND ASSIGNS
**13.2.1** The Owner and Contractor respectively bind themselves, their partners, successors, assigns and legal representatives to the other party hereto and to partners, successors, assigns and legal representatives of such other party in respect to covenants, agreements and obligations contained in the Contract Documents. Except as provided in Subparagraph 13.2.2, neither party to the Contract shall assign the Contract as a whole without written consent of the other. If either party attempts to make such an assignment without such consent, that party shall nevertheless remain legally responsible for all obligations under the Contract.

**13.2.2** The Owner may, without consent of the Contractor, assign the Contract to an institutional lender providing construction financing for the Project. In such event, the lender shall assume the Owner's rights and obligations under the Contract Documents. The Contractor shall execute all consents reasonably required to facilitate such assignment.

### 13.3   WRITTEN NOTICE
**13.3.1** Written notice shall be deemed to have been duly served if delivered in person to the individual or a member of the firm or entity or to an officer of the corporation for which it was intended, or if delivered at or sent by registered or certified mail to the last business address known to the party giving notice.

### 13.4   RIGHTS AND REMEDIES
**13.4.1** Duties and obligations imposed by the Contract Documents and rights and remedies available thereunder shall be in addition to and not a limitation of duties, obligations, rights and remedies otherwise imposed or available by law.

**13.4.2** No action or failure to act by the Owner, Architect or Contractor shall constitute a waiver of a right or duty afforded

AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A201-1997
User Document: A201.DOC -- 8/21/2000. AIA License Number 102384, which expires on 7/7/2001 -- Page #45