UNITED STATES DISTRICT COURT
For the District of Massachusetts

C.A. No. 03-12502 RGS

HARTFORD FIRE INSURANCE COMPANY,

Plaintiff,

VS.

EASTERN CONTRACTORS, INC.

Defendant/Third-Party Plaintiff,

VS.

CITY OF LAWRENCE, CITY OF FALL RIVER AND FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT,

Third-Party Defendants.

**AFFIDAVIT OF COREY E. BURNHAM-HOWARD IN SUPPORT OF THIRD-PARTY DEFENDANT FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT'S MOTION TO STAY LITIGATION AND COMPEL DEFENDANT/THIRD-PARTY PLAINTIFF EASTERN CONTRACTORS, INC. TO ARBITRATE PURSUANT TO MASS. GEN. L. C. 251, § 2**

I, Corey E. Burnham-Howard, do hereby depose and state upon my own personal knowledge as follows.

1. I am an attorney at the law firm of Gadsby Hannah LLP. I am counsel for third-party defendant, Freetown-Lakeville Regional School District (the "District"). I am admitted to

practice before the courts of the Commonwealth of Massachusetts and the United States District Court, District of Massachusetts.

2. Attached hereto as Exhibit A is a true and accurate copy of the District's Construction Industry Arbitration Rules Demand for Arbitration, dated April 1, 2004 (the "Demand"). The District has served on this date the Demand by mail upon each of the representatives listed in the Demand. The District plans to file this Demand with the American Arbitration Association.

Signed under the pains and penalties of perjury this 1st day of April, 2004.

Corey E. Burnham-Howard

B0357451v1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party, or if no attorney has yet appeared for each other party, upon each other party, by mail and/or electronically on April 1, 2004.

By: ______________________

Bradford R. Carver
Cetrulo & Capone LLP
Two Seaport Lane
10th Floor
Boston, MA 02210
617-217-5208
617-217-5200 (fax)
bcarver@cetcap.com

Magdalena Anna Loret
Quinlan & Sadowski, PC
Suite 205
11 Vanderbilt Avenue
Norwood, MA 02062
781-440-9909
781-440-9979 (fax)
mloret@qsatlaw.com

Edward Quinlan
Quinlan & Sadowski
11 Vanderbilt Avenue
Suite 250
Norwood, MA 02062-506
781-440-9909
781-440-9979 (fax)
equinlan@qsatlaw.com

Charles Boddy, Jr.
City Attorney
City of Lawrence
200 Common Street
City Hall, Suite 306
Lawrence, MA 01840
978-794-5800
978-794-5799 (fax)

John O'Neil
O'Neil, Lucey & O'Neil
120 Purchase Street
Fall River, MA 02720

UNITED STATES DISTRICT COURT
For the District of Massachusetts

C.A. No. 03-12502 RGS

HARTFORD FIRE INSURANCE COMPANY,

Plaintiff,

VS.

EASTERN CONTRACTORS, INC.

Defendant/Third-Party Plaintiff,

VS.

CITY OF LAWRENCE, CITY OF FALL RIVER AND FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT,

Third-Party Defendants.

**AFFIDAVIT OF COREY E. BURNHAM-HOWARD IN SUPPORT OF THIRD-PARTY DEFENDANT FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT'S MOTION TO STAY LITIGATION AND COMPEL DEFENDANT/THIRD-PARTY PLAINTIFF EASTERN CONTRACTORS, INC. TO ARBITRATE PURSUANT TO MASS. GEN. L. C. 251, § 2**

# EXHIBIT A

**American Arbitration Association**

***MEDIATION*** *Please consult the Construction Industry Mediation Rules regarding mediation procedures. If you want the AAA to contact the other party and attempt to arrange a mediation, please check this box.*

## CONSTRUCTION INDUSTRY ARBITRATION RULES
## DEMAND FOR ARBITRATION

DATE: 04/01/04

To: Name Eastern Contractors, Inc.
(of the party upon whom the demand is made)
Address 571 Union Avenue
City and State Framingham, MA ZIP Code 01702
Telephone (781) 440-9909 Fax (781) 440-9919

Name of Representative Edward J. Quinlan, Esq.
(if known)
Representative's Address 11 Vanderbelt Avenue
City and State Norwood, MA ZIP Code 02062
Telephone (781) 440-9909 Fax (781) 440-9919

To: Name United States Fidelity and Guaranty Company
(of the party upon whom the demand is made)
Address MC MC41, 5801 Smith Avenue

City and State Baltimore, MD ZIP Code 21209
Telephone (410) 578-2818 Fax (410) 205-1321

Name of Representative Eric G. Korphage, Esq.
(if known)
Representative's Address: United States Fidelity and Guaranty Company, MC MC41, 5801 Smith Avenue
City and State Baltimore, MD ZIP Code 21209
Telephone (410) 578-2818 Fax (410) 205-1321

To: Name Kaestle Boos Associates, Inc.
(of the party upon whom the demand is made)
Address 124 Grove Street, Suite 215

City and State Franklin, MA ZIP Code 02038
Telephone (508) 520-9928 Fax (508) 520-0856

Name of Representative Jay S. Gregory, Esq.
(if known)
Representative's Address Donovan Hatem, Two Seaport Lane
City and State Boston, MA ZIP Code 02210
Telephone (617) 406-4516 Fax (617) 406-4501

**The Parties and Arbitration Agreement**

By way of this demand for arbitration, Claimant, Freetown/Lakeville Regional School District (the "District"), hereby exercises its right to binding arbitration. The District and Respondent, Eastern Contractors, Inc. ("Eastern"), entered into a contract for construction of a New Middle School (the "Project"). That contract includes a binding arbitration provision giving the District the right to unilaterally demand arbitration of disputes arising out of that contract. A true and accurate copy of the relevant provision is attached hereto as Exhibit A.

The Respondent United States Fidelity and Guaranty Company ("USF&G") issued a performance bond as surety to Eastern. The District has made demand on that bond. The terms of the bond, attached hereto as Exhibit B, include an agreement to arbitrate pursuant to the contract for construction.

The Respondent, Kaestle Boos Associates, Inc. ("Kaestle Boos") and the District entered into a professional services agreement. That agreement includes a binding arbitration provision giving the District the right to unilaterally demand arbitration of disputes arising out of that agreement. A true and accurate copy of the relevant provision is attached hereto as Exhibit C.

**NATURE OF DISPUTE: Breach of Contract, Breach of Bond, Declaration of Rights and Obligations of Parties under the Contract and Bond.**

**CLAIM OR RELIEF SOUGHT :The District seeks a declaration that (1) Eastern has failed to complete the punchlist work remaining on the Project thereby breaching its contract; (2) the District properly terminated Eastern's contract pursuant to Massachusetts law; (3) the District properly demanded performance on USF&G; (4) USF&G failed to complete the remaining work in breach of its bond obligations; (5) the District properly secured substitute performance; (6) the District is entitled to recover from Eastern and USF&G such damages it has sustained and will sustain as a result of the breaches by Eastern and USF&G and; the District is entitled to recover from Eastern and USF&G for such other damages the District may be entitled to the extend such acts and omissions of Eastern and USF&G are determined to be unfair and deceptive.**

**The District also seeks a declaration that it is entitled to withhold amounts currently being withheld from Eastern. The District further seeks that damages estimated at approximately $10,000 be awarded to the District against Eastern.**

**The District also seeks a declaration that Kaestle Boos is responsible for any damages that Eastern may claim and prove was caused by any design error or omission. To the extent Eastern claims such damages and is awarded the same as against the District, the District seeks a similar award in its favor as against Kaestle Boos.**

Please indicate the industry category of each party.
RESPONDENT 1 (Eastern): Owner Architect Landscape Architect Engineer **X** Contractor
Subcontractor (specify ____________) Interior Designer
Other ____________
RESPONDENT 2 (USF&G): Owner Architect Landscape Architect Engineer Contractor
Subcontractor (specify ____________) Interior Designer
**X** Other Surety
RESPONDENT 3 (Kaestle Boos): Owner **X** Architect Landscape Architect Engineer Contractor
Subcontractor (specify____________) Interior Designer
Other ____________
CLAIMANT (District): **X** Owner Architect Landscape Architect Engineer Contractor
Subcontractor (specify____________) Interior Designer
Other ____________

**HEARING LOCALE REQUESTED:** Boston, Massachusetts
(City and State)

You are hereby notified that copies of our arbitration agreement and of this demand are being filed with the American Arbitration Association at its Boston, MA office, with the request that it commence the administration of the arbitration. Under the rules, you may file an answering statement within ten days after notice from the administrator.

Signed [signature]
Richard K. Allen
Attorney for Claimant
Gadsby Hannah LLP

Name of Claimant Freetown/Lakeville Regional School District
Address (to be used in connection with this case) 98 Howland Road
City and State Lakeville, MA ZIP Code 02347

Name of Representative of Claimants Richard K. Allen, Gadsby Hannah LLP
Representative's Address 225 Franklin Street
City and State Boston, MA ZIP Code 02110
Telephone (617) 345-7000 Fax (617) 345-7050

To institute proceedings, please send three copies of this demand with the administrative fee, as provided for in the rules, to the AAA. Send the original demand to the respondent.

# EXHIBIT A



# Standard Form of Agreement Between Owner and Contractor *where the basis of payment is a* STIPULATED SUM

## AIA Document A101-1997
### 1997 Edition -Electronic Format

THIS DOCUMENT HAS IMPORTANT LEGAL CONSEQUENCES. CONSULTATION WITH AN ATTORNEY IS ENCOURAGED WITH RESPECT TO ITS COMPLETION OR MODIFICATION. AUTHENTICATION OF THIS ELECTRONICALLY DRAFTED AIA DOCUMENT MAY BE MADE BY USING AIA DOCUMENT D401

AIA Document A201-1997, General Conditions of the Contract for Construction, is adopted in this document by reference. Do not use with other general conditions unless this document is modified.

This document has been approved and endorsed by The Associated General Contractors of America.

Copyright 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, © 1997 by The American Institute of Architects. Reproduction of the material ..in or substantial quotation of its provisions without written permission of the AIA violates the copyright laws of the United States and will subject the violator to ..gal prosecution.

**AGREEMENT** made as of the Sixth day of November in the year of Two Thousand
*(In words, indicate day, month and year)*

**BETWEEN** the Owner:
*(Name, address and other information)*
Freetown/Lakeville Regional School District
98 Howland Road
Lakeville, Massachusetts 02347

and the Contractor
*(Name, address and other information)*
Eastern Contractors, Inc.
571 Union Avenue
Framingham, MA 01701

The Project is:
*(Name and location)*
Construction of a New Middle School

The Architect is:
*(Name, address and other information)*
Kaestle Boos Associates, Inc.
..4 Grove Street, Suite 215
..nklin, MA 02038

AIA DOCUMENT A101 -OWNER - CONTRACTOR AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A101-1997
User Document: A101.DOC -- 11/6/2000. AIA License Number 102384, which expires on 7/7/2001 -- Page #1

**8.1.7** Other documents, if any, forming part of the Contract Documents are as follows:
*(List here any additional documents that are intended to form part of the Contract Documents. AIA Document A201-1997 provides that bidding requirements such as advertisement or invitation to bid, Instructions to Bidders, sample forms and the Contractor's bid are not part of the Contract Documents unless enumerated in this Agreement. They should be listed here only if intended to be part of the Contract Documents.)*

General Bid Form, with required attachments as submitted by Eastern Contractors, Inc., Exhibit A
Performance, Labor & Material Bonds issued by Eastern Contractors, Inc., Exhibits B & C
Certificate of Insurance issued by Eastern Contractors, Inc., Exhibit D

By executing this Agreement, the Owner certifies that it is authorized to execute the Contract and that the Freetown/Lakeville Regional School District has been authorized to approve all Requisitions and changes thereto.

**Accountant's Certification**

I hereby certify that as of the date of this Agreement, an appropriation in the amount of Nineteen Million, Nine Hundred Sixty Seven Thousand Dollars ($19,967,000.00) has been made and is available for compensation to the Contractor for the Work described in the Contract Documents.

By: Walter E. Healey Jr. Title: Treasurer

This Agreement is entered into as of the day and year first written above and is executed in at least three original copies, of which one is to be delivered to the Contractor, one to the Architect for use in the administration of the Contract, and the remainder to the Owner.

Richard L. Dias
**OWNER** *(Signature)*

Richard Dias, Chairman, Freetown-Lakeville Regional School Committee
*(Printed name and title)*

[signature]
**CONTRACTOR** *(Signature)*

Ramesh K. Motwane, President
*(Printed name and title)*

AIA DOCUMENT A101 -OWNER - CONTRACTOR AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

# General Conditions of the Contract for Construction

## AIA Document A201 - 1997
## 1997 Edition - Electronic Format

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification. AUTHENTICATION OF THIS ELECTRONICALLY DRAFTED AIA DOCUMENT MAY BE MADE BY USING AIA DOCUMENT D401.

This document has been approved and endorsed by The Associated General Contractors of America.

Copyright 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1967, 1970, 1976, 1987, ©1997 by The American Institute of Architects. Fifteenth Edition. Reproduction of the material herein or substantial quotation of its provisions without written permission of the AIA violates the copyright laws of the United States and will subject the violator to legal prosecution.

### TABLE OF ARTICLES

1. GENERAL PROVISIONS

2. OWNER

3. CONTRACTOR

4. ADMINISTRATION OF THE CONTRACT

5. SUBCONTRACTORS

6. CONSTRUCTION BY OWNER OR BY SEPARATE CONTRACTORS

7. CHANGES IN THE WORK

8. TIME

9. PAYMENTS AND COMPLETION

10. PROTECTION OF PERSONS AND PROPERTY

11. INSURANCE AND BONDS

12. UNCOVERING AND CORRECTION OF WORK

13. MISCELLANEOUS PROVISIONS

14. TERMINATION OR SUSPENSION OF THE CONTRACT

AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

**4.2.7** The Architect will review and approve or take other appropriate action upon the Contractor's submittals such as Shop Drawings, Product Data and Samples, but only for the limited purpose of checking for conformance with information given and the design concept expressed in the Contract Documents. The Architect's action will be taken with such reasonable promptness as to cause no delay in the Work or in the activities of the Owner, Contractor or separate contractors, while allowing sufficient time in the Architect's professional judgment to permit adequate review. Review of such submittals is not conducted for the purpose of determining the accuracy and completeness of other details such as dimensions and quantities, or for substantiating instructions for installation or performance of equipment or systems, all of which remain the responsibility of the Contractor as required by the Contract Documents. The Architect's review of the Contractor's submittals shall not relieve the Contractor of the obligations under Paragraphs 3.3, 3.5 and 3.12. The Architect's review shall not constitute approval of safety precautions ~~or, unless otherwise specifically stated by the Architect,~~ of any construction means, methods, techniques, sequences or procedures. The Architect's approval of a specific item shall not indicate approval of an assembly of which the item is a component.

**4.2.8** The Architect and Project Manager will prepare Change Orders and Construction Change Directives, and may authorize minor changes in the Work as provided in Paragraph 7.4.

**4.2.9** The Architect, the Owner and the Project Manager will conduct inspections to determine the date or dates of Substantial Completion and the date of Final Completion. The Architect ~~final completion~~, will receive from the Contractor, and forward to the Owner, for the Owner's review and records, "As-Built" Drawings, written warranties and related documents required by the Contract and assembled by the Contractor, and will issue a final Certificate for Payment upon compliance with the requirements of the Contract Documents.

**4.2.10** If the Owner and Architect agree, the Architect will provide one or more project representatives to assist in carrying out the Architect's responsibilities at the site. The duties, responsibilities and limitations of authority of such project representatives shall be as set forth in an exhibit to be incorporated in the Contract Documents. The Owner may, through its Project Manager, employ a Resident Project Representative for the Project. The Resident Project Representative shall have no authority to approve Work, to approve changes, or to exercise any of the power and authority of the Owner or the Architect. The Resident Project Representative shall be required to be on site at all times when the Contractor is on site. Should the Contractor perform work outside of, or in addition to normal working hours, or in excess of 40 hours per week in order to keep the Project on schedule, or for any other reason, then the Resident Project Representative will work the same hours as the Contractor, and the Contractor shall reimburse the Owner for any additional costs for such services. This reimbursement shall be by means of a credit Change Order executed at the time of Substantial Completion.

**4.2.11** The Architect will interpret and decide matters concerning performance under, and requirements of, the Contract Documents on written request of either the Owner , Project Manager or Contractor. The Architect's response to such requests will be made in writing within any time limits agreed upon or otherwise with reasonable promptness. ~~If no agreement is made concerning the time within which interpretations required of the Architect shall be furnished in compliance with this Paragraph 4.2, then delay shall not be recognized on account of failure by the Architect to furnish such interpretations until 15 days after written request is made for them.~~

**4.2.12** Interpretations and decisions of the Architect will be consistent with the intent of and reasonably inferable from the Contract Documents and will be in writing or in the form of drawings. When making such interpretations and initial decisions, the Architect will endeavor to secure faithful performance by both Owner and Contractor, will not show partiality to either and will not be liable for results of interpretations or decisions so rendered in good faith.

**4.2.13** ~~The Architect's decisions on matters relating to aesthetic effect will be final if consistent with the intent expressed in the Contract Documents.~~

## 4.3 CLAIMS AND DISPUTES

**4.3.1** **Definition.** A Claim is a demand or assertion ~~by one of the parties~~ seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the Project.~~terms of the Contract~~. The term "Claim" also includes other disputes and matters in question ~~between the Owner and Contractor~~ arising out of or relating to the Contract. Claims must be initiated by written notice. The responsibility to substantiate Claims shall rest with the party making the Claim.

AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

states that (1) the decision is final but subject to mediation and arbitration and (2) a demand for arbitration of a Claim covered by such decision must be made within 30 days after the date on which the party making the demand receives the final written decision, then failure to demand arbitration within said 30 days' period shall result in the Architect's decision becoming final and binding upon the Owner and Contractor. If the Architect renders a decision after arbitration proceedings have been initiated, such decision may be entered as evidence, but shall not supersede arbitration proceedings unless the decision is acceptable to all parties concerned~~.~~

**4.4.7** Upon receipt of a Claim against the Contractor or at any time thereafter, the Architect or the Owner may, but is not obligated to, notify the surety, if any, of the nature and amount of the Claim. If the Claim relates to a possibility of a Contractor's default, the Architect or the Owner may, but is not obligated to, notify the surety and request the surety's assistance in resolving the controversy.

**4.4.8** ~~If a Claim relates to or is the subject of a mechanic's lien, the party asserting such Claim may proceed in accordance with applicable law to comply with the lien notice or filing deadlines prior to resolution of the Claim by the Architect, by mediation or by arbitration~~.

### 4.5 MEDIATION

**4.5.1** ~~Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4 and 9.10.5 shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party~~.

**4.5.2** The Owner and Contractor intend to ~~parties shall~~ endeavor to resolve their Claims and other matters in question between them by mediation and negotiation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to the Contract and with the American Arbitration Association. ~~The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order~~.

**4.5.3** The parties shall share the mediator's fee and any filing fees equally. The mediation shall be held in the place where the Project is located, unless another location is mutually agreed upon. Agreements reached in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof.

### 4.6 ARBITRATION

**4.6.1** ~~Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Paragraph 4.5.~~ If negotiation or mediation fails to bring about resolution of any Claim, then at the Owner's sole discretion, the Claim shall be subject to arbitration.

**4.6.2** ~~Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect.~~ Any arbitration shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party and with the American Arbitration Association.

**4.6.3** A demand for arbitration shall be made within the time limits specified in Subparagraphs 4.4.6 and 4.6.1 as applicable, and in other cases within a reasonable time after the Claim has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such Claim would be barred by the applicable statute of limitations. ~~as determined pursuant to Paragraph 13.7~~. The award rendered by the Arbitrator or Arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

**4.6.4 Joinder and/or Consolidation.** ~~**Limitation on Consolidation or Joinder.** No arbitration arising out of or relating to the Contract shall include, by consolidation or joinder or in any other manner, the Architect, the Architect's employees or consultants, except by written consent containing specific reference to the Agreement and signed by the Architect, Owner, Contractor and any other person or entity sought to be joined. No arbitration shall include, by consolidation or joinder or in any other manner, parties other than the Owner, Contractor, a separate contractor as described in Article 6 and other persons substantially involved in a common question of fact or law whose presence is required if complete relief is to be accorded in arbitration. No person or entity other than the Owner, Contractor or a separate contractor as described in Article 6 shall be included as an original third party or additional third party to an arbitration whose interest or responsibility is insubstantial. Consent to arbitration involving an additional person or entity shall not constitute consent to arbitration of a Claim not described therein or with a person or entity not named or described therein. The foregoing agreement to arbitrate and other agreements to arbitrate with an additional person or entity duly consented to by parties to the Agreement shall be specifically enforceable under applicable law in any court having jurisdiction thereof.~~ Any arbitration arising out of or relating to the Project may, in the Owner's sole discretion be consolidated with any other action relating to the Project. The Owner may also at its sole discretion, join any other party in the Arbitration including but not limited to the Architect, its subconsultants, the Contractor, its subcontractors and sub-subcontractors, material suppliers and the Surety. Consolidation shall be by order of the arbitrator(s) in any pending case, or if the arbitrator(s) fail to make an order,a party may apply to a court of competent jurisdiction for such order. Any arbitration proceeding shall take place in Boston, Massachusetts.

**4.6.5** ~~**Claims and Timely Assertion of Claims.** The party filing a notice of demand for arbitration must assert in the demand all Claims then known to that party on which arbitration is permitted to be demanded.~~ The Contractor will require each of its subcontractors and material suppliers to have similar arbitration joinder clauses in their respective agreements. The foregoing agreement to arbitrate and other agreements to arbitrate with additional persons or entities shall be specifically enforceable in any court having jurisdiction over the parties.

**4.6.6** ~~**Judgment on Final Award.** The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.~~ If the Owner in its sole discretion declines to arbitrate, such claims, disputes and other matters shall be decided by litigation in a court having jurisdiction over the parties. **4.6.7** Notwithstanding any provision contained in this Paragraph 4.6 or elsewhere in the Contract Documents, the Owner reserves the following rights in connection with claims and disputes between the Owner and the Contractor:

**4.6.7.1** The right to institute legal action against the Contractor in any court of competent jurisdiction in lieu o. demanding arbitration.

**4.6.7.2** The right to obtain from any court of competent jurisdiction, a stay of any arbitration instituted by the Contractor, in which case the dispute or disputes shall be decided by litigation, and not by arbitration.

## ARTICLE 5 SUBCONTRACTORS

### 5.1 DEFINITIONS

**5.1.1** A Subcontractor is a person or entity who has a direct contract with the Contractor to perform a portion of the Work at the site. The term "Subcontractor" is referred to throughout the Contract Documents as if singular in number and means a Subcontractor or an authorized representative of the Subcontractor. The term "Subcontractor" does not include a separate contractor or subcontractors of a separate contractor.

**5.1.2** A Sub-subcontractor is a person or entity who has a direct or indirect contract with a Subcontractor to perform a portion of the Work at the site. The term "Sub-subcontractor" is referred to throughout the Contract Documents as if singular in number and means a Sub-subcontractor or an authorized representative of the Sub-subcontractor.

### 5.2 AWARD OF SUBCONTRACTS AND OTHER CONTRACTS FOR PORTIONS OF THE WORK

**5.2.1** Unless otherwise stated in the Contract Documents or the bidding requirements, the Contractor, as soon as practicable after award of the Contract, shall furnish in writing to the Owner and the Architect through the ~~Architect~~ Project Manager the names of persons or entities (including those who are to furnish materials or equipment fabricated to a special design) proposed for each principal portion of the Work. The Architect will promptly reply to the Contractor in writing stating whether or not the Owner or the Architect, after due investigation, has reasonable objection to any such proposed person or entity. Failure of the

AIA DOCUMENT A201-GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopyi violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can b reproduced without violation until the date of expiration as noted below.

# EXHIBIT B



# Standard Form of Agreement Between Owner and Architect with Standard Form of Architect's Services

## AIA Document B141 - 1997
## 1997 Edition - Electronic Format

---

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification. AUTHENTICATION OF THIS ELECTRONICALLY DRAFTED AIA DOCUMENT MAY BE MADE BY USING AIA DOCUMENT D401.

Copyright 1917, 1926, 1948, 1951, 1953, 1958, 1961, 1963, 1966, 1967, 1970, 1974, 1977, 1987, ©1997 by The American Institute of Architects. Reproduction of the material herein or substantial quotation of its provisions without written permission of the AIA violates the copyright laws of the United States and will subject the violator to legal prosecution.

---

### TABLE OF ARTICLES

1.1 INITIAL INFORMATION

1.2 RESPONSIBILITIES OF THE PARTIES

1.3 TERMS AND CONDITIONS

1.4 SCOPE OF SERVICES AND OTHER SPECIAL TERMS AND CONDITIONS

1.5 COMPENSATION

**AGREEMENT** made as of the day of in the year 1999
*(In words, indicate day, month and year)*

**BETWEEN** the Architect's client identified as the Owner:
*(Name, address and other information)*
Freetown and Lakeville Regional School District
98 Howland Road
Lakeville, Massachusetts 02347

and the Architect:
*(Name, address and other information)*
Kaestle Boos Associates, Inc.
416 Slater Road
P.O. Box 2590

AIA DOCUMENT B141-STANDARD FORM AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

consultants, pursuant to this Contract are Instruments of Service in respect to the Project and shall become the property of the Owner. However, Owner acknowledges that the documents prepared by Architect in connection with the Project are instruments of professional service and not products. The documents are subject to professional interpretation relating to changed circumstances, including the passage of time. Such documents are not intended or represented to be suitable for use on any other project.

### 1.3.3 CHANGE IN SERVICES

**1.3.3.1** Change in Services of the Architect, including services required of the Architect's consultants, may be accomplished after execution of this Agreement, without invalidating the Agreement by request of the Owner, if mutually agreed in writing, if required by circumstances beyond the Architect's control, or if the Architect's services are affected as described in Subparagraph 1.3.3.2. In the absence of mutual agreement in writing, the Architect shall notify the Owner prior to providing such services. If the Owner deems that all or a part of such Change in Services is not required, the Owner shall give prompt written notice to the Architect, and the Architect shall have no obligation to provide those services. Except for a change due to the fault of the Architect, Change in Services of the Architect shall entitle the Architect to an adjustment in compensation pursuant to Paragraph 1.5.2, and to any Reimbursable Expenses described in Subparagraph 1.3.9.2 and Paragraph 1.5.5.

**1.3.3.2** If any of the following circumstances affect the Architect's services for the Project, the Architect or Owner shall be entitled to an appropriate adjustment in the Architect's schedule and compensation.

**.1** change in the instructions or approvals given by the Owner that necessitate revisions in Instruments of Service;

**.2** enactment or revision of codes, laws or regulations or official interpretations which necessitate changes to previously prepared Instruments of Service;

**.3** decisions of the Owner not rendered in a timely manner;

**.4** significant change in the Project including, but not limited to, size, quality, complexity, the Owner's schedule or budget, or procurement method;

**.5** failure of performance on the part of the Owner or the Owner's consultants or contractors;

**.6** preparation for and attendance at ~~a public hearing, a~~ dispute resolution proceeding or a legal proceeding except where the Architect is party thereto;

**.7** significant change in the information contained in Article 1.1.

### 1.3.4 MEDIATION

**1.3.4.1** ~~Any claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party. If such matter relates to or is the subject of a lien arising out of the Architect's services, the Architect may proceed in accordance with applicable law to comply with the lien notice or filing deadlines prior to resolution of the matter by mediation or by arbitration.~~

**1.3.4.2** The Owner and Architect intend to ~~shall~~ endeavor to resolve claims, disputes and other matters in question between them by negotiation and mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. ~~The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.~~

**1.3.4.3** The parties shall share the mediator's fee and any filing fees equally. The mediation shall be held in the place where the Project is located, unless another location is mutually agreed upon. Agreements reached in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof.

AIA DOCUMENT B141-STANDARD FORM AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

**1.3.5 ARBITRATION**

**1.3.5.1** If negotiation or mediation fails to bring about resolution, then at the Owner's sole discretion any ~~Any~~ claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to arbitration. ~~Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with Paragraph 1.3.4.~~

**1.3.5.2** ~~Claims, disputes and other matters in question between the parties that are not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise,~~ If the Owner in its sole discretion elects to arbitrate, such arbitration shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association.

**1.3.5.3** A demand for arbitration shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

**1.3.5.4** ~~No arbitration arising out of or relating to this Agreement shall include, by consolidation or joinder or in any other manner, an additional person or entity not a party to this Agreement, except by written consent containing a specific reference to this Agreement and signed by the Owner, Architect, and any other person or entity sought to be joined. Consent to arbitration involving an additional person or entity shall not constitute consent to arbitration of any claim, dispute or other matter in question not described in the written consent or with a person or entity not named or described therein. The foregoing agreement to arbitrate and other agreements to arbitrate with an additional person or entity duly consented to by parties to this Agreement shall be specifically enforceable in accordance with applicable law in any court having jurisdiction thereof.~~

**1.3.5.5** The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Insert B: 1.3.5.5 Arbitration under this Agreement shall be consolidated with arbitration proceedings between other persons if such arbitration proceedings arise out of the same transaction or relate to the same subject matter. Consolidation shall be by order of the arbitrator(s) in any pending case, or if the arbitrator(s) fail to make an order, a party may apply to a court of competent jurisdiction for such order. Any arbitration proceeding shall take place in Boston, Massachusetts.

Insert C: If the Owner in its sole discretion declines to arbitrate, such claims, disputes and other matters shall be decided by a Court having jurisdiction thereof.

**1.3.6 CLAIMS FOR CONSEQUENTIAL DAMAGES**

~~The Architect and the Owner waive consequential damages for claims, disputes or other matters in question arising out of or relating to this Agreement. This mutual waiver is applicable, without limitation, to all consequential damages due to either party's termination in accordance with Paragraph 1.3.8.~~

**1.3.7 MISCELLANEOUS PROVISIONS**

**1.3.7.1** This Agreement shall be governed by the law of the ~~principal place of business of the Architect, unless otherwise provided in Paragraph 1.4.2.~~Commonwealth of Massachusetts.

**1.3.7.2** Terms in this Agreement shall have the same meaning as those in the edition of AIA Document A201, General Conditions of the Contract for Construction as modified for this Project , ~~current as of the date of this Agreement.~~

**1.3.7.3** ~~Causes of action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statutes of limitations shall commence to run not later than either the date of Substantial Completion for acts or failures to act occurring prior to Substantial Completion or the date of issuance of the final Certificate for Payment for acts or failures to act occurring after Substantial Completion. In no event shall such statutes of limitations commence to run any later than the date when the Architect's services are substantially completed.~~

**1.3.7.4** To the extent damages are covered by property insurance during construction, the Owner and the Architect waive all

AIA DOCUMENT B141-STANDARD FORM AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

DOE of the final design.and shall not exceed 75% of the design services budget for such personnel agreed to by the Owner. Notwithstanding the foregoing, the Owner shall pay to the Architect actual and reasonable direct costs of consultants plus reimbursable expenses within 30 days after the Architect invoices the same to the Owner. Charges incurred after final design approval are to be invoiced on a monthly basis and are due and payable thirty ( 30 ) days from the date of the Architect's invoice. The summation of all payments to the Architect under this Agreement shall not exceed the amount set forth in Article 1.5.1 ~~Amounts unpaid ( ) days after the invoice date shall bear interest at the rate entered below, or in the absence thereof at the legal rate prevailing from time to time at the principal place of business of the Architect.~~

*(Insert rate of interest agreed upon.)*

no interest.

*(Usury laws and requirements under the Federal Truth in Lending Act, similar state and local consumer credit laws and other regulations at the Owner's and Architect's principal places of business, the location of the Project and elsewhere may affect the validity of this provision. Specific legal advice should be obtained with respect to deletions or modifications, and also regarding requirements such as written disclosures or waivers.)*

**1.5.9** ~~If the services covered by this Agreement have not been completed within ( ) months of the date hereof, through no fault of the Architect, extension of the Architect's services beyond that time shall be compensated as provided in Paragraph 1.5.2.~~

Insert H: 1.5.12 The Treasurer's Certification herein certifies the appropriation and availability of funds to compensate the Architect for a portion of the Architect's Services. When such portion has been performed, the Architect shall not be required to perform any further services hereunder without first receiving another written Treasurer's Certification substantially in the form below certifying the appropriation and availability of funds to compensate the Architect for the remainder of the Architect's Services. If the Architect proceeds with services beyond those authorized or funded by the Freetown Lakeville Regional School District, the Architect does so at its sole risk with no obligation by the Freetown Lakeville Regional School District to pay for such services.

This Agreement entered into as of the day and year first written above.

Freetown Lakeville Regional School Committee
**OWNER** *(Signature)*

**ARCHITECT** *(Signature)*

Darlene M. Donnelly / Chair
*(Printed name and title)*

Charles W. Boos, President, A.I.A.
*(Printed name and title)*

Insert I: Treasurer's Certification. I certify that as of the date of this Agreement, an appropriation in the amount of $ ______ has been made and is available for compensation to the Architect for the work described in this Agreement and that an officer or agent of the Freetown & Lakeville Regional School District has been authorized to execute this Agreement and approve all requisitions and changes thereto.

Insert J: By: Walter E. Healey, Jr.
Insert K: Treasurer

AIA DOCUMENT B141-STANDARD FORM AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

# EXHIBIT C

PERFORMANCE BOND

Bond No. JZ6219

KNOW ALL MEN BY THESE PRESENTS:

That Eastern Contractors, Inc. as Principal, and United States Fidelity and Guaranty Company as Surety are held and firmly bound unto Freetown-Lakeville Middle School Building Committee as Obligee, in the sum of $19,967,000.00 lawful money of the United States of America, for which payment, well and truly to be made, we bind ourselves, our respective heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, The said Principal has made a contract with Freetown-Lakeville Middle School Building Committee bearing the date of November 6, , 2000 for Construction of the New Freetown-Lakeville Middle School.

THE SURETY HEREBY CONSENTS TO SUBMIT ANY CLAIM MADE UNDER THIS BOND TO ARBITRATION IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE ______ OF THE GENERAL CONDITIONS OF THE CONSTRUCTION CONTRACT. THE SURETY FURTHER CONSENTS TO JOINDER IN ANY ACTION (INCLUDING ARBITRATION) BROUGHT BY OWNER AGAINST CONTRACTOR FOR WHICH THIS BOND MAY RESPOND.

NOW THE CONDITION OF THIS OBLIGATION is such that if the Principal shall well and truly keep and perform all the undertakings, covenants, agreements, terms and conditions of said contract on its part to be kept and performed during the original term of said contract and any extension thereof that may be granted by the Obligee, with or without notice to the surety, and during the life of any guaranty required under the Contract, and shall also well and truly keep and perform all the undertakings, covenants, agreements, terms and conditions of any and all duly authorized modifications, alterations, changes or additions to said contract that may hereafter be made, notice to the surety of such modifications, alterations, changes or additions being hereby waived, then this obligation shall become null and void; otherwise it shall remain in full force and virtue.

Signed and sealed this 6th day of November, 2000

Eastern Contractors, Inc.

By: [signature]

RAMESH K. MOTWANE, PRESIDENT

United States Fidelity and Guaranty Company

By: [signature]
Jean Brooker, Attorney-in-Fact