UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 03-12502 RGS

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, <br> Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| EASTERN CONTRACTORS, INC., <br> Defendant/Third Party Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| CITY OF LAWRENCE, CITY OF FALL RIVER <br> and FREETOWN/LAKEVILLE REGIONAL <br> SCHOOL DISTRICT, <br> Third Party Defendants | ) <br> ) <br> ) <br> ) |

**DEFENDANT/THIRD PARTY PLAINTIFF EASTERN CONTRACTORS, INC.'S
REPLY TO
THIRD PARTY DEFENDANT FREETOWN/LAKEVILLE REGIONAL
SCHOOL DISTRICT'S MOTION TO STAY LITIGATION AND COMPEL
DEFENDANT/THIRD PARTY PLAINTIFF EASTERN CONTRACTORS, INC.
TO ARBITRATE
PURSUANT TO MASS. GEN. L. c. 251, §2**

**or in the alternative**

**EASTERN CONTRACTORS, INC.'S CROSS MOTION TO COMPEL
ARBITRATION OF ALL ISSUES WITH FREETOWN/LAKEVILLE REGIONAL
SCHOOL DISTRICT AND COMPEL THE JOINDER OF HARTFORD'S
CLAIMS IN THE ARBITRATION**

Now comes the Defendant/Third Party Plaintiff, Eastern Contractors, Inc.

(hereinafter **"Eastern"**), and hereby replies to Third Party Defendant Freetown/Lakeville

Regional School District's (hereinafter **"Freetown/Lakeville"**) Motion to Stay Litigation

and Compel Arbitration as follows:

## BACKGROUND

1.    The Plaintiff, Hartford Fire Insurance Company (hereinafter **"Hartford"**), brought this action against Defendant/Third Party Plaintiff Eastern. Hartford is surety on a number of performance and payment bonds issued on behalf of S&R Construction Company (hereinafter **"S&R"**) in connection with several public construction projects on which Eastern was the General Contractor.

2.    One of those projects involved construction of the Freetown/Lakeville Middle School Project. Hartford issued a bond in favor of Eastern for the Freetown/Lakeville project.

3.    Eastern, as General Contractor, entered into a contract with Freetown/Lakeville for the construction of the Freetown-Lakeville Middle School.  As required by M.G.L. c. 149, §29, Eastern provided payment and performance bonds for the project in favor of the School District. The Surety on Eastern's bonds was USF&G.  (For pertinent parts of the General Contract see Exhibit A to  Affidavit of James Marot in Support of Third Party Defendant Freetown/Lakeville Regional School District's Motion to Stay Litigation and Compel Defendant/Third Party Plaintiff Eastern Contractors to Arbitrate Pursuant to Mass.. Gen. L. c. 251, §2.)

4.    Eastern entered into a subcontract agreement with S&R for site related work at the project.  The subcontract between Eastern and S&R incorporates, by reference, all of the terms and conditions of the general contract between

Eastern and Freetown/Lakeville, including the Arbitration provisions. (See copy of subcontract attached hereto as Exhibit A.)

5.    Hartford, as surety, issued a subcontract performance bond and subcontract labor and material payment bond to Eastern, as obligee, naming S&R as principal in connection with the Freetown/Lakeville project, bond No. 02BCSAA8191. (See Plaintiff's Complaint, paragraph 4.)

6.    As the surety, Hartford "stands in the shoes" of S&R for the purposes of this litigation.

7.    S&R failed and refused to complete its work in accordance with its obligation under the subcontract, was declared in default of its contractual obligations on the Freetown/Lakeville project, and was terminated in accordance with the terms and conditions of the contract documents.

8.    In its Complaint, Hartford alleges, in accordance with the terms of the subcontract performance bond on the Freetown/Lakeville project, that it procured the services of a contractor to complete the S&R subcontract work on the project. (See Plaintiff's Complaint, paragraphs 25 -32.)

9.    Hartford, in its complaint, alleges that it performed certain change order work for which it has not been paid. Eastern is informed and believes such claims for change orders relate to claims by Hartford for so-called "extra work" based upon deficiencies in plans furnished by Freetown/Lakeville. (See Exhibits B and C.)

10.    Hartford further alleges (and Eastern denies) that Eastern accepted the work performed by Hartford's completing contractor and gained the full benefit of

the fair value of the labor, materials, and services provided by Hartford to Eastern for which Hartford has not been paid.

11.  Representatives of Freetown/Lakeville have claimed that the replacement subcontractor's work was not in compliance with the contract Agreement, was not "extra work" for which a change order may issue, and have failed and refused to make payment to Eastern for this work.

12.  Eastern filed an Answer and Counterclaim against Hartford, asserting, among other things, claims against Hartford for failure of that Surety to complete any incomplete or unsatisfactory work at the Freetown/Lakeville project.

13.  The Counterclaim also asserts claims against Hartford for damages caused to an adjoining school property of the Freetown/Lakeville Regional School District, which was damaged through the negligence of the completing contractor engaged by Hartford.

14.  Freetown/Lakeville has asserted claims against Eastern for the property damage caused by Hartford's contractor, and other damage claims which Eastern alleges were caused by Hartford, its completing contractor or its principal.

15.  Eastern, pursuant to Fed. R. Civ. P. 14, brought a Third Party Complaint against Freetown/Lakeville for indemnification for any potential recovery by Hartford (Counts I and II of the Third Party Complaint - Freetown/Lakeville Regional School District) and for breach of contract (Count III) and recovery under a theory of Quantum Meruit (Count IV) directly against Freetown/Lakeville.

16.    The Third Party Complaint was filed on March 8, 2004 and was served upon the Freetown/Lakeville Superintendent of Schools on March 12, 2004. (See Affidavit of Service Pursuant to Fed. R. Civ. P. 4 - Freetown/Lakeville Regional School District.)

17.    On March 29, 2004, Freetown/Lakeville's counsel sent a facsimile letter to Eastern's counsel stating "it is the Freetown/Lakeville Regional School District's (the "District") intent to demand that any Claims by and between the District and Eastern be subject to arbitration." (See copy of letter dated March 29, 2004 attached hereto as Exhibit D.)

18.    On April 1, 2004, Freetown/Lakeville filed its Motion to Stay along with the Affidavit of Attorney Corey Burnham-Howard, in which she states that Freetown/Lakeville served the Demand for Arbitration upon Eastern; Freetown/Lakeville has not, as of this date, filed the Demand for Arbitration with the American Arbitration Association.

19.    On April 1, 2004, Eastern's Counsel replied to the March 29, 2004 facsimile letter stating that "If arbitration is to occur, Eastern will insist that all maters including the purported termination of the contract between Eastern and the District, the charges and claims asserted by the District including the punch list valuation, liquidated damages, and demands against the performance bond, other claims, disputes or other issues be submitted to arbitration." Eastern's counsel further advised it would also insist upon Joinder of the Hartford claims, which also relate to the Freetown/Lakeville project, be

included in arbitration. (See copy of letter dated April 1, 2004 attached hereto as Exhibit E.)

20.    On April 2, 2004, Freetown/Lakeville's counsel responded contending that the joinder of parties was at the discretion of the owner and the owner was declining to join any other parties to the arbitration. (See letter dated April 2, 2004 attached hereto as Exhibit F.)

21.    Eastern has filed a Demand for Arbitraion for the Hartford claims arising out of the Freetown/Lakeville project. (See Demand for Arbitration attached hereto as Exhibit G.)

## ISSUES PRESENTED

Whether a stay in this action pending arbitration of claims involving the Freetown/Lakeville project should issue.

Whether the matters to be referred to arbitration include all claims involving Eastern, Hartford and the Freetown/Lakeville School District.

Eastern concurs that Mass. G. L. c. 251 applies to this matter. The Contract between Eastern and Freetown/Lakeville contains the following pertinent provisions:

4.6 ARBITRATION

4.6.1    If negotiation or mediation fails to bring about resolution of any Claim, then, at the Owner's sole discretion, the claim shall be subject to arbitration.

4.6.2    Any arbitration shall be in accordance with the Construction Industry Rules of the American Arbitration Association currently in effect. **The demand for arbitration shall be filed in writing with the other party and with the American Arbitration Association.** (Emphasis added)

4.6.4    Joinder and/or Consolidation.  Any arbitration arising out of or relating to the Project may, in the Owner's sole discretion, be consolidated with any other action relating to the Project.  The Owner may also in its sole discretion, join any party in the arbitration including but not limited to the Architect, its subconsultants, the Contractor, its subcontractors and sub-subcontractors, material suppliers and the Surety.  Consolidation shall be by order of the arbitrator(s) in any pending case, or if the arbitrator(s) fails to make an order, a party may apply to the court of competent jurisdiction for such order.  Any arbitration proceeding shall take place in Boston, Massachusetts.

4.6.5    The Contractor will require each of its subcontractors and materials suppliers to have some or arbitration joined clauses in the respective agreements.  The foregoing agreement to arbitrate and other agreements to arbitrate with additional persons or entities shall be specifically enforceable in any court having jurisdiction over the parties.

4.6.6    If the Owner in its sole discretion declines to arbitrate, such claims, disputes and other matters shall be decided by litigation in a court having jurisdiction over the parties.

(See portions of contract attached hereto as Exhibit H.)

In this matter, Freetown/Lakeville wants to avail itself of certain portions of the arbitration provision while ignoring others.  Freetown/Lakeville seeks an order to stay all claims brought by Eastern against Freetown/Lakeville in the Third Party Complaint, but refuses to join claims brought by Hartford against Eastern in the Arbitration, which claims relate to allegations of deficient plans and design furnished by Freetown/Lakeville.  In its Third Party Complaint, Eastern seeks indemnification from any potential damages awarded to Hartford caused by Freetown/Lakeville's failure to make payments for work completed and failure and/or refusal to approve change orders submitted by Eastern on behalf of S&R.  These claims are sometimes referred to as "pass through" claims.  These claims

recognize that a "...natural and foreseeable consequence of the [Owner's] breach of contract" is that Hartford would sue Eastern. (See Campbell Hardware, Inc. vs. R.W. Granger & Sons, et al, 401 Mass. 278, 516 N.E. 2d 150 (1987).) If the Owners caused the harm, the Owner should indemnify the general contractor. Freetown/Lakeville's refusal to include the "pass through" claims in the arbitration proceeding is contrary to the Contract, the Rules of the American Arbitration Association, Mass. G. L. c. 251 and applicable Massachusetts case law.

### A.    Freetown/Lakeville's Motion to Stay is Premature

Eastern has not refused to participate in any Arbitration. While Freetown/Lakeville has prepared a demand for Arbitration, it has not filed the Demand with the American Arbitration Association (hereinafter **"AAA"**), as required by the Contract. Unless and until such a demand is filed with the AAA, any motion to stay this action is premature.

### B.    Freetown/Lakeville's Request for a Stay while Refusing to Join the Hartford Claims is Contrary to the Contract Provisions

While asserting a right to refuse to join the Third Party claims brought by Eastern in arbitration, Freetown/Lakeville seeks an order from this court to stay all of the Third Party claims brought by Eastern. The General Contract, prepared by Freetown/Lakeville, required that all subcontracts contain an arbitration provision to the same extent as that of the General Contract (See attached. Exhibit F, paragraphs 4.6.5 and 5.3.1.) Hartford, as surety for S&R, is subject to the arbitration provision of the prime contract, and could be required to arbitrate its claims relating to Freetown/Lakeville. In Massachusetts Electrical Systems, Inc.

vs. R.W. Granger & Sons, Inc., 32 Mass App Ct. 982; 594 N.E. 2d 545 (1992), the court stated "...courts generally hold that where a subcontract (or surety performance bond) incorporates the prime contract, the subcontractor (or surety) is bound by an arbitration clause contained in the prime contract. See, e.g., Kearsarge Metallurgical Corp. vs. Peerless Ins. Co., 383 Mass 162, 166-167, 170 and 167 n. 8 (1981) (construing New Hampshire law but where there was no specific New Hampshire case on point); Exchange Mut. Ins. Co. vs. Haskell Co., 742 F.2d at 276; Maxum Foundations, Inc. vs. Salus Corp., 779 F.2d at 980; United States Fid. & Guar. Co. vs. W. Point Constr. Co., 837 F.2d 1507, 1508 (11th Cir. 1988); Thomas O'Connor & Co. vs. Insurance Co. of N. Am., 697 F. Supp. 563 (D. Mass. 1988); Hoffman vs. Fidelity & Deposit Co., 734 F. Supp. 192, 194-195 (D. N.J. 1990). See also Uniroyal, Inc. vs. A. Epstein & Sons, 428 F.2d 523, 526-527 (7th Cir. 1970); Compania Espanola de Petroleos vs. Nereus Shipping, 527 F.2d 966, 973-74 (2d Cir. 1975), cert. denied, 426 U.S. 936 (1976); Acret, Construction Arbitration Handbook § 5.05 (1985 & 1991 Supp.), and cases cited." See also J&S Construction Co., Inc. vs. Travelers Indemnity Company, 520, F.2d 809 (1st Cir. 1975).

In Travelers Casualty and Surety Company of America, Inc. vs. Long Bay Management Company, 58 Mass. App. Ct. 768, 788; 792 N.E. 2d 1013, 1015 (2003), in a similar situation to the present matter, the court stated "A surety ... is generally obligated to arbitrate a dispute with a contractor or developer if the performance bond incorporates by reference an underlying construction contract that contains an arbitration clause". (citations omitted)

The contract provisions do not give Freetown/Lakeville a veto over joinder of the Hartford claims. The contract language relied upon by Freetown/Lakeville merely confers discretion upon joinder of parties or claims <u>by Freetown/Lakeville only</u> but does not create, or extend to, a prohibition of joinder by Eastern of claims and issues involving Hartford in that arbitration. (emphasis supplied)

Even a brief evaluation of the claims asserted demonstrates that the claims alleged by, against or involving Hartford's actions in connection with the Freetown/Lakeville project are so interrelated with claims involving Eastern and Freetown/Lakeville that failure to join Hartford would create the likelihood of exposure to double, multiple or otherwise inconsistent obligations, contrary to the provisions governing compulsory joinder found in Fed. R. Civ. P. 19. The common questions of law and fact arising out of the same transactions would also warrant permissive joinder under Fed. R. Civ. P. 2.

If Freetown/Lakeville's approach to the overlapping claims and disputes was to be followed, the result would be two (2) different forums hearing and deciding many of the same issues.

This two-tiered approach (Litigation and Arbitration proceeding at the same time) creates the untenable position that the parties will of necessity litigate many of the same claims, defenses and counterclaims in two (2) separate forums. This could lead to the imposition of inconsistent awards on the same issues. (This court could conceivably find for Hartford and that Eastern is entitled to "pass through" all of its claims to the Owner, while it is conceivable that the Arbitrator

could conclude differently under the contract with the Owner, which would affect the Hartford claims and vice versa.) Such issue splitting is frowned upon by the courts.

The better approach in this situation is not to split these interrelated claims, but rather to join all of the parties and claims arising out of the Freetown/Lakeville project, including the so called "pass through" claims, and direct the parties to Arbitration pursuant to the terms of the contract. In the alternative, this court should retain all of the claims and deny Freetown/Lakeville's Motion to Stay.

**C.    Freetown/Lakeville's Request for a Stay while Refusing to Join the Hartford Claims is Contrary to the Rules of the AAA**

The Construction Industry Arbitration Rules and Mediation Procedures of the AAA provide in pertinent part:

**R-7    Consolidation or Joinder**

If the parties' agreement or law provides for consolidation or joinder of related arbitrations, all involved parties shall endeavor to agree on a process to effectuate the consolidation or joinder. If they are unable to agree, the Association shall directly appoint a single arbitrator to the limited purpose of deciding whether related arbitrations should be consolidated or joined and, if so, establishing a fair and appropriate process for consolidation or joinder. The AAA may take reasonable administrative action to accomplish the consolidation or joinder as directed by the arbitrator.

(See "Construction Industry Arbitration Rules and Mediation Procedures of the AAA" attached hereto as Exhibit I.) Mass. Gen. L. c. 251, §2A provides for consolidating arbitration proceedings. (See discussion below.)

Eastern has served its Demand for Arbitration relating to the Hartford claims arising out of the Freetown/Lakeville project upon Hartford. Freetown/Lakeville has indicated that it intends to file a demand for arbitration. Once filed, Eastern will file the arbitration claims against Hartford under the same docket number. The Rules of the AAA should govern the joinder of these claims. As the parties are unable to agree on consolidation of the claims, the AAA should directly appoint a single arbitrator to decide whether the arbitrations should be consolidated.

**D.**      **Freetown/Lakeville's Request for a Stay while Refusing to Join the Hartford Claims is Contrary to Mass. Gen. L. c. 251, §2A, and the Contract Language Relied Upon is Contrary to Public Policy**

Mass. Gen. L. c. 251, §2A states:

> **Consolidation or Severance of Arbitration Proceedings.**
> A party aggrieved by the failure or refusal of another to agree to consolidate one arbitration proceeding with another or others, for which the method of appointment of the arbitrator or arbitrators is the same, or to several one arbitration proceeding from another or others, may apply to the Superior Court for an order for such consolidation or such severance. The court shall proceed summarily to the determination of the issues raised. If a claimant under section 29 of chapter 149 applies for an order for consolidation or severance of such proceedings, the issue shall be decided under the applicable provisions of said section 29 of chapter 149 governing consolidation or severance of such actions; **otherwise the issue shall be decided under the Massachusetts Rules of Civil Procedure governing consolidation and severance of trials and the court shall issue an order accordingly. No provision in any arbitration agreement shall bar or prevent action by the court under this section.**

(Mass. Gen. L. c. 251, §2A, emphasis added)

Here Freetown/Lakeville has refused to consolidate the "pass through" claims with its claims against Eastern. Following the logic of its refusal to

consolidate the "pass through" claims ("If negotiation or mediation fails to bring about resolution of any Claim, then, at the Owner's sole discretion, the claim shall be subject to arbitration"), it appears as though Freetown/Lakeville could refuse to arbitrate any of Eastern's counterclaims and defenses in the arbitration proceeding. Such an interpretation is illogical and contrary to the Massachusetts' version of the Uniform Arbitration Act for Commercial Disputes, Mass. Gen. L. c.251.

Eastern, through its cross motion, is seeking an order from this court to consolidate all of the claims arising out of the Freetown/Lakeville project into one Arbitration proceeding in accordance with the Massachusetts Rules of Civil Procedure.

Mass.R.Civ. P.42 provides in pertinent part:

(a) **Courts Other Than District Court: Consolidated.** When actions involving a common question of law or fact are pending before the Court, in the same county or in different counties, it may order a joint hearing or trial of any or all matters in issue in the actions; it **may order all the actions consolidated;** it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In Roddy and McNulty Insurance Agency, Inc. vs. A.A. Proctor and Company, Inc., 16 Mass. App. Ct. 525, 452 N.E. 2d 308, 310 (1983), citing Smith and Zobel, Rules Practice § 42.4 (1977), the Court succinctly stated Rule 42 is ..."devoted to the convenience of adjudication, the avoidance of prejudice in the interests of expedition and economy as dictated by the characteristics and elements of proof of the claims themselves."

These cases should be consolidated, if for no other reason, for the purpose of efficient use of judicial resources. Wright & Miller state:

> "Consolidation of separate actions representing a common issue of law or fact is permitted under Rule 42 as matter of convenience and economy in judicial administration. The ...Court is given broad discretion to decide whether consolidation would be desirable in the decision inevitably is contextual. **The consent of the parties is not required by the Rule.** Rather, it is for the Court to weigh the savings of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause."

Wright & A. Miller, Fed. P. and Proc. § 2383 (1994) (Citations Omitted) (Emphasis supplied)

Rule 42(a) "...was designed and intended to encourage consolidation whenever possible." United States vs. Knauer, 249 F 2d 519 (17th CIR 1945 *aff'd* 328 U.S. 654 (1946). In Stein, Hall & Company vs. Scindia Steam Navigation Company, the Court stated:

> "Whether actions should be consolidated depend essentially on whether the common fact in law issues indicate that there would be a sufficient saving of time and effort on the part of the Court and the parties to warrant a joint trial, when balanced against the inconvenience, delay, or expense to the parties that might result from requiring each to attend trial of some issues in which it is not involved."

Stein, Hall & Company vs. Scindia Steam Navigation Company, 264 F Supp 499 (SDNY), 10 FR Serv. 2d 1128.

Here the issues are intertwined and overlap in a number of respects.

In Travelers Casualty and Surety Company of America, Inc. vs. Long Bay Management Company, 58 Mass. App. Ct. 768, 792; 792 N.E. 2d 1013, 1018 (2003), the Massachusetts Appeals Court stated that since the disputes between the owner and the contractor and those of a surety "arise from the very same contract and involve common

issues of fact and law [the contractor] has not shown it would be unduly prejudiced by consolidating the proceedings."

The overwhelming majority of the claims arising out of the Freetown/Lakeville project are interrelated, arise from the same set of contracts, specifications and plans. Many of the claims by Freetown/Lakeville are expected to revolve around S&R's failure to perform its contractual duties and the alleged resultant difficulties in closing out the project. Hartford's claims relate to the extent it completed and corrected unsatisfactory or incomplete work of S&R as well as Hartford's claims for "extra work" believed to be based upon incomplete contract drawings and specifications furnished by Freetown/Lakeville. Eastern's claims also relate to the same issues as are set forth in both the counterclaims against Hartford and the third party claims against Freetown/Lakeville.

Despite Freetown/Lakeville's insistence that consolidation/joinder of related claims by Eastern require assent such is not the case. The contract language is superceded by the clear language of c. 251, s. 2A which reserves these questions solely for the court. It is expected that many of the same witnesses and the same documents will be used in relation to many of the claims. Consolidation of these matters would not unduly prejudice Freetown/Lakeville.

## CONCLUSION

If arbitration is invoked by the Freetown/Lakeville School District, all parties and claims, including those relating to Hartford, should be joined and ordered to proceed to arbitration and consolidated pursuant to G. L. c. 251, s. 2A.

In the alternative, Freetown/Lakeville's motion should be denied.

Respectfully submitted,
Eastern Contractors, Inc.
By its attorneys,

Edward J. Quinlan, Esq., BBO# 409060
David T. Keenan, Esq., BBO# 567325
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA  02062-5056
Phone:   781-440-9909
Fax:      781-440-9979

Dated: 4/13/04

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing
document was served on the attorney of record for
each other party in this action, by mail, postage
prepaid, on 4/13/04.

- 16 -