UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 03-12502 NMG

HARTFORD FIRE INSURANCE COMPANY,
    Plaintiff,

v.

EASTERN CONTRACTORS, INC.,
    Defendant/Third-Party Plaintiff

v.

CITY OF LAWRENCE, CITY OF FALL RIVER
and FREETOWN/LAKEVILLE REGIONAL
SCHOOL DISTRICT,
    Third-Party Defendants.

## JOINT STATEMENT FOR INITIAL SCHEDULING CONFERENCE

Pursuant to the Notice of Scheduling Conference, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1, counsel for Plaintiff Hartford Fire Insurance Company ("Hartford"), counsel for Defendant Eastern Contractors, Inc. ("Eastern"), and counsel for Third-Party Defendant City of Lawrence have conferred and submit the following:

**A.  PROPOSED AGENDA OF MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE**

    1.    Establishment of pre-trial schedule, including discovery, motions and case management conferences.

    2.    Consideration of whether parties will consent to trial by magistrate judge.

**B.  PROPOSED PRE-TRIAL SCHEDULE**

    1.    The parties agree that the scope of discovery in this matter shall conform with the requirements of Fed. R. Civ. P. 26(b).

2.  The parties propose that discovery be conducted in two (2) phases as suggested by Local Rule 16.1(D)(1)(b). The first phase of discovery, which will run from the date of the Initial Scheduling Conference through June 30, 2005, will be directed at developing information for a realistic assessment of the case and will include: 1) the exchange of initial disclosures; 2) the service of and response to discovery requests as provided by the applicable rules, including serving the Keeper of Records of any non-party a Notice of Subpoena Duces Tecum; and 3) depositions of factual witnesses, each party being limited to ten (10) factual depositions, not including the parties' respective depositions of Keeper of Records. The second phase of discovery, which will run from July 1, 2005 through December 31, 2005, will be directed at developing information needed for trial and will include expert disclosures as required by the applicable rules and expert depositions.

3.  The parties agree that all motions to amend the pleadings and/or join additional parties shall be filed on or before November 30, 2004, and all dispositive motions shall be filed on or before two (2) months after the close of discovery, on or before February 28, 2006.

4.  The parties propose the following specific deadlines for pre-trial discovery and motions:

| Event | Deadline |
| --- | --- |
| 1. Exchange initial disclosures as required by Federal Rules of Civil Procedure 26(a)(1) | September 30, 2004 |
| 2. Serve interrogatories and requests for production of document | November 30, 2004 |

| | | |
|---|---|---|
| 3. | File motions to amend pleadings and join additional parties | November 30, 2004 |
| 4. | Parties to complete non-expert discovery, including depositions | June 30, 2005 |
| 5. | Plaintiff to identify trial experts and to disclose information regarding such experts pursuant to Fed. R. Civ. P. 26(a)(2) | August 30, 2005 |
| 6. | Defendant to identify trial experts and to disclose information regarding such experts pursuant to Fed. R. Civ. P. 26(a)(2) | September 30, 2005 |
| 7. | Defendant to complete deposition of Plaintiff trial expert | October 31, 2005 |
| 8. | Plaintiff to complete depositions of Defendant trial experts | December 30, 2005 |
| 9. | Filing of dispositive motions | February 28, 2006 |
| 10. | Case Management Conference to schedule any further discovery requests and final pre-trial conference | Court to establish |

5. The parties may notice additional discovery pursuant to the applicable rules until the close of discovery, subject to the limits set forth above, but shall attempt to reduce repetitive discovery requests by informal cooperation.

6. The parties agree to the deadlines and/or discovery limitations set forth herein. In the event that there is a need for good cause shown to alter or amend these deadlines and/or discovery limitations, the parties shall attempt in good faith to resolve the issue informally before seeking relief from the Court. In the parties are unable to resolve discovery issues informally, they reserve their rights to file the appropriate pleading with the Court seeking relief.

7.  The failure of the parties to identify a particular form or method of discovery herein does not preclude the use of such discovery, for example, Requests for Admissions, within reasonable terms.

C.  **STATEMENT OF EXCEPTIONAL CIRCUMSTANCES**

The Proposed Pre-Trial Schedule anticipates discovery extending beyond 270 days. The exceptional circumstances justifying an enlargement of the time is based on the size and complexity of the matters involved as well as the number of litigants. In particular, and as the Complaint in this matter reveals, the dispute between Hartford Fire Insurance Company and Eastern Contractors, Inc. involves seven (7) separate public construction projects. Each construction project involved distinct disputes between Hartford and Eastern which will necessitate individualized discovery for each project including anticipated depositions of not only representatives of Hartford and Eastern but also project owners, architects and subcontractors on each project. Consequently, it is anticipated that more than ten (10) depositions may be required between Hartford and Eastern. It is further anticipated that the parties will request leave of court to propound in excess of thirty (30) interrogatories.

In addition to the foregoing, Eastern has included as Third-Party Defendants the City of Lawrence, the City of Fall River and the Freetown/Lakeville Regional School District.[1] The disputes between Eastern and the City of Lawrence and the City of Fall

---

[1] Third Party Defendant Freetown/Lakeville Regional School District was granted a stay in the present proceedings pending arbitration pursuant to the contract. Eastern obtained a determination from the American Arbitration Association that its Rule R-7 relating to consolidation or joinder of claims would apply to claims of Hartford relating to the Freetown/Lakeville School Project and directed the parties to attempt to reach agreement upon a process to effectuate any consolidation or joinder of such claims in that arbitration proceeding. Eastern and Freetown/ Lakeville have conducted discussions which may lead to dismissal of that third-party complaint and any

4

River, in some instances, may overlap the disputes between Eastern and Hartford. In other instances, however, the disputes are distinct thus necessitating additional discovery between those litigants.

Accordingly, given the number of construction projects involved as well as the multiple litigants, the parties submit that discovery cannot be feasibly completed in less than 270 days. Additionally, the parties reserve their respective rights to seek appropriate relief from the Court in the event there is a need to alter or amend the proposed discovery schedule or the limitations set forth in the Joint Statement to respond to developments that occur during discovery in this matter.

D. **CERTIFICATION OF CONFERENCE REGARDING BUDGET AND ALTERNATIVE DISPUTE RESOLUTIONS**

The parties will file their certifications, pursuant to Local Rule 16.1(D)(3), under separate cover.

| | |
|---|---|
| Respectfully Submitted,<br>HARTFORD FIRE INSURANCE<br>COMPANY<br>By its attorneys, | Defendant/Third-Party Plaintiff<br>EASTERN CONTRACTORS<br><br>By its attorneys, |
| /s/ Bradford R. Carver | /s/ Edward J. Quinlan |
| Bradford R. Carver, BBO #565396<br>Cetrulo & Capone LLP<br>Two Seaport Lane, 10th Floor<br>Boston, MA 02110<br>(617) 217-5500 | Edward J. Quinlan, BBO #409060<br>David J. Keenan, BBO #567325<br>Quinlan & Sadowski, P.C.<br>11 Vanderbilt Avenue, Suite 250<br>Norwood, MA 02062-5056<br>(781) 440-9909 |

---

related arbitration proceeding. The City of Fall River has filed a motion today seeking a stay and to invoke an arbitration remedy under its contract, which, if allowed, would also result in Eastern seeking Joinder of the Hartford claims relating to the Fall River Project in such arbitration proceedings.

| | |
|---|---|
| Third-Party Defendant<br>CITY OF LAWRENCE<br>By its attorneys,<br><br>/s/ Doreen M. Zankowski<br>_____<br>Doreen M. Zankowski, BBO #558381<br>Joel Lewin, BBO #289040<br>Hinckley, Allen & Snyder LLP<br>28 State Street<br>Boston, MA 02109-1775<br>(617) 345-9000<br><br>Third-Party Defendant<br>FREETOWN/LAKEVILLE REGIONAL<br>By its attorneys,<br><br>/s/ Corey E. Burnham-Howard<br>_____<br>Richard K. Allen, BBO #553744<br>Corey E. Burnham-Howard BBO #654160<br>Gadbsy Hannah LLP<br>125 Franklin Street<br>Boston, MA 02110<br> (617) 345-7000 | Third-Party Defendant<br>CITY OF FALL RIVER DISTRICT<br>By its attorneys,<br><br>/s/ John O'Neil<br>_____<br>John O'Neil, BBO #549349<br>O'Neil, Lucey & O'Neil<br>120 Purchase Street<br>P.O. Box 1150<br>Fall River, MA 02720<br>(508) 679-9090 |

01154-0011
338571v1