UNITED STATES DISTRICT COURT
For the District of Massachusetts

C.A. No. 03-12502 NMG

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| VS. | )<br>) |
| EASTERN CONTRACTORS, INC. | )<br>) |
| Defendant/Third-Party Plaintiff | )<br>) |
| VS. | )<br>) |
| CITY OF LAWRENCE, CITY OF FALL RIVER AND FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT | )<br>)<br>) |
| Third-Party Defendants. | )<br>) |

<u>THIRD PARTY DEFENDANT CITY OF FALL RIVER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY LITIGATION AND COMPEL DEFENDANT/THIRD PARTY PLAINTIFF EASTERN CONTRACTORS, INC. TO ARBITRATE PURSUANT TO MASS. GEN. LAW CHAPTER 251 SECTION 2</u>

The Third Party Defendant Freetown/Lakeville Regional School District (the "District") filed a Motion to Stay Litigation and Compel Defendant/Third Party Plaintiff Eastern Contractors, Inc. ("Eastern") to Arbitrate Pursuant to MGLA Chapter 251 section 2.

In its response to the District's Motion, Eastern filed a Cross Motion to Compel Arbitration of All Issues with Freetown/Lakeville Regional School District and Compel the Joinder of Hartford's Claims in the Arbitration.

The Motion to Stay was allowed by the Court Sterns, J. on April 14, 2004 and the litigation with respect to the District and Eastern was stayed. In his order Judge Stearns indicated that the issues regarding related claims and consolidation should be raised with the arbitrator.

Third Party Defendant the City of Fall River (the "City") raises the same legal arguments and issues of law as those raised by the District in their Motion. Under MGLA chapter 251 section 2(a) and 2(d), the City is entitled to an order staying the Third-Party Complaint brought by Eastern and directing the City and Eastern to arbitrate such dispute.

## FACUAL BACKGROUND

On or about March 27, 2001, Eastern, a general construction contractor, entered into a construction contract (the "General Contract") with the City in which Eastern was to provide labor and materials in the construction of the Spencer Borden and William Greene Elementary Schools (the "Project") in Fall River, MA for a contract price of $30,079,000.00. Affidavit of Terence Sullivan (hereinafter "Sullivan Affidavit"), Exhibit A. The General Contract is governed by the laws of the Commonwealth of Massachusetts. In Articles 4.4 through 4.5.8 of the General Contract provided a mechanism for resolution of disputes. The General Contract's arbitration provision state, in relevant part as follows:

> 4.5.1 Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof...

In bringing its Third-Party Complaint against the City, Eastern has alleged a breach of contract which would form the basis to invoke the arbitration provisions of the General Contract. The City has elected to invoke the provisions of clause 4.5.1 and demand arbitration and has raised this provision as an affirmative defense in its answer to the Third-Party Complaint filed by Eastern.

## ARGUMENT

### The Court Should Order a Stay of the Litigation Brought by Eastern Against the City and Compel Arbitration Pursuant to the General Contract

    A.    The Massachusetts Uniform Arbitration Act requires that where an agreement to arbitrate exists, the court shall order the parties to proceed to arbitration and stay litigation of the action.

Pursuant to MGLA Chapter 252 section 2(a):

> A party aggrieved by the failure or refusal of another to proceed to arbitration under an agreement... may apply to the [court] for an order directing the parties to proceed to arbitration. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall, if it finds for the applicant, order arbitration...

This application by the City is one which courts are ordinarily disposed to grant. See *Microwave Antenna Systems & Technology Inc. v. Whitney-Pehl Construction Company, 23 Mass. App. Ct. 25, 28, 498 N.E. 2nd 1059, 1061 (1986)*. The tendency of the courts to allow these types of applications reflects the strong public policy of favoring

arbitration as an alternative to litigation in expeditiously resolving commercial disputes. *Danvers v. Wexler Construction Company Inc. 12 Mass. App. Ct. 160, 165, 422 N.E. 2nd 782, 785 (1981)*. Further, arbitration, once "selected by the parties to a contract, should… not [be] subjected to delay and obstruction in the courts." *Quirk v. Data Terminal Systems Inc. 379 Mass. 762, 767, 400 N.E. 2nd 858, 861-862 (1980)*.

(B)   A valid arbitration agreement exists between the City and Eastern and the Third-Party Complaint fall within the Contract's coverage and are the proper subject for arbitration.

Under chapter 251 section 1, a written agreement to submit a controversy to arbitration shall be valid, enforceable and irrevocable. Under Massachusetts there is a presumption of arbitrability in those contracts that contain such a clause to arbitrate. Under the present set of facts the City and Eastern have a valid arbitration clause that his court should enforce. Any doubt should be resolved in favor of coverage, and such a presumption is particularly applicable when the arbitration clause is broad. *Drywall Systems Inc. v. ZVI Construction Company Inc. 435 Mass. 664, 666, 761 N.E. 2nd 482, 484 (2002)*.

(C)   The strong policy in favor of arbitration necessitates a stay.

"[Most] courts that have dealt with the question of a stay in the context of strong arbitration statutes like the Massachusetts statute have whenever possible, preferred enforcement of arbitration agreements between parties to a multi-party lawsuit." *Danvers, 12 Mass. App. Ct. 164, 422 N.E. 2nd at 785*.

There is no valid reason that Eastern can raise in its opposition to the City's Motion. In addition to the arguments raised above, the City refers to the memorandum

4

filed by the District and the order of Judge Sterns in allowing the District's Motion to Stay Litigation and Compel Arbitration.

## CONCLUSION

The City and Eastern have expressly agreed to submit their disputes to arbitration. The contract signed between the parties calls for this provision and should be strictly enforced by the court. The City raises similar factual issues and the legal argument submitted by the City is the same as that advanced by the District.

Additionally, this Court has previously allowed a similar motion filed by the District.

Therefore, the City is entitled to an order staying the litigation of the third-party claim brought by Eastern against the City and compelling the parties to submit their dispute to arbitration.

Respectfully submitted,
City of Fall River
By its attorneys

*/s/ John C. O'Neil*
John C. O'Neil BBO# 549349
O'Neil Lucey & O'Neil
120 Purchase Street
P. O. Box 1150
Fall River, MA 02722
508 679-9090
johno@meganet.net

Dated: August 9, 2004