UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 03-12502 NMG

HARTFORD FIRE INSURANCE COMPANY,
    Plaintiff,

v.

EASTERN CONTRACTORS, INC.,
    Defendant/Third-Party Plaintiff

v.

CITY OF LAWRENCE, CITY OF FALL RIVER
and FREETOWN/LAKEVILLE REGIONAL
SCHOOL DISTRICT,
    Third-Party Defendants.

## HARTFORD FIRE INSURANCE COMPANY'S ANSWER TO EASTERN CONTRACTORS INC.'S COUNTERCLAIM

Hartford Fire Insurance Company ("Hartford") for its Answer to the Counterclaim of Eastern Contractors, Inc. ("Eastern") states:

    1.    Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

    2.    Hartford admits the allegations contained in Paragraph 2.

    3.    Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

## COUNT I

1. Hartford is generally aware that Eastern entered into certain construction projects with certain entities the terms of which are self-explanatory. Any allegations inconsistent with the terms of the construction contracts are denied.

2. Paragraph 2 contains a statement to which no response is required.

3. Hartford admits that Eastern and S&R entered into certain contracts for certain projects, the terms of which are self-explanatory. Any allegations inconsistent with the terms of the subcontracts are denied.

4. Hartford admits that Eastern and S&R entered into certain contracts for certain projects, the terms of which are self-explanatory. Any allegations inconsistent with the terms of the subcontracts are denied.

5. Hartford admits that it issued certain performance and payment bonds identifying S&R, as principal, Hartford, as surety, and Eastern, as obligee, the terms of which are self-explanatory. Any allegations inconsistent with the terms of the bonds are denied.

6. Hartford admits that it issued certain performance and payment bonds identifying S&R, as principal, Hartford, as surety, and Eastern, as obligee, the terms of which are self-explanatory. Any allegations inconsistent with the terms of the bonds are denied.

7. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Hartford admits that Eastern made certain demands upon Hartford with respect to bonds issued to S&R. The terms of the demands are self-explanatory. Hartford denies any allegations inconsistent with the communications received by Hartford.

9. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Hartford denies the allegations contained in Paragraph 10.

11. Hartford denies the allegations contained in Paragraph 11.

12. Hartford denies the allegations contained in Paragraph 12.

13. Hartford denies the allegations contained in Paragraph 13.

14. Hartford admits that Eastern purportedly terminated S&R subcontracts. The terms of the purported terminations are self-explanatory. Hartford denies any allegations inconsistent with the terms of the purported terminations.

15. Hartford denies the allegations contained in Paragraph 15.

16. Hartford denies the allegations contained in Paragraph 16.

17. Hartford denies the allegations contained in Paragraph 17.

## COUNT II - FALL RIVER

18. Hartford hereby incorporates its Answers to Paragraphs 1 through 17 above as if fully set forth herein.

19. Hartford denies the allegations contained in Paragraph 19.

20. Hartford admits that it took certain steps to complete certain work on the Fall River project. Hartford further admits that a company called ROC performed some

of the work on the Fall River project. The terms of the engagement of ROC is self-explanatory. Any allegations inconsistent with the terms of that engagement are denied.

21. Hartford denies the allegations contained in Paragraph 21.

22. Hartford denies the allegations contained in Paragraph 22.

23. Hartford denies the allegations contained in Paragraph 23.

24. Hartford denies the allegations contained in Paragraph 24.

25. Hartford denies the allegations contained in Paragraph 25.

26. Hartford denies the allegations contained in Paragraph 26.

27. Hartford denies the allegations contained in Paragraph 27.

28. Hartford denies the allegations contained in Paragraph 28.

## COUNT III - WALTHAM

29. Hartford hereby incorporates its Answers to Paragraphs 1 through 17 above as if fully set forth herein.

30. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Hartford admits that it issued a certain performance bond and payment bond in connection with an S&R subcontract for the Waltham project, the terms of which are self-explanatory. Any allegations inconsistent with the terms of the bonds are denied.

32. Hartford denies the allegations contained in Paragraph 32.

33. Hartford denies the allegations contained in Paragraph 33.

34. Hartford denies the allegations contained in Paragraph 34.

35. Hartford denies the allegations contained in Paragraph 35.

36. Hartford denies the allegations contained in Paragraph 36.

37. Hartford denies the allegations contained in Paragraph 37.

38. Hartford denies the allegations contained in Paragraph 38.

## COUNT IV - LAWRENCE

39. Hartford hereby incorporates its Answers to Paragraphs 1 through 17 above as if fully set forth herein.

40. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. Hartford admits that it issued a payment bond and a performance bond naming S&R, as principal, in connection with the Lawrence project, the terms of which are self-explanatory. Any allegations inconsistent with the terms of the bonds are denied.

42. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43. Hartford denies the allegations contained in Paragraph 43.

44. Hartford denies the allegations contained in Paragraph 44.

45. Hartford denies the allegations contained in Paragraph 45.

46. Hartford denies the allegations contained in Paragraph 46.

47. Hartford denies the allegations contained in Paragraph 47.

48. Hartford denies the allegations contained in Paragraph 48.

49. Hartford denies the allegations contained in Paragraph 49.

50. Hartford denies the allegations contained in Paragraph 50.

51. Hartford denies the allegations contained in Paragraph 51.

52. Hartford denies the allegations contained in Paragraph 52.

53. Hartford denies the allegations contained in Paragraph 53.

54. Hartford denies the allegations contained in Paragraph 54.

55. Hartford denies the allegations contained in Paragraph 55.

## COUNT V - FREETOWN/LAKEVILLE

56. Hartford hereby incorporates its Answers to Paragraphs 1 through 17 above as if fully set forth herein.

57. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58. Hartford denies the allegations contained in Paragraph 58.

59. Hartford denies the allegations contained in Paragraph 59.

60. Hartford denies the allegations contained in Paragraph 60.

61. Hartford denies the allegations contained in Paragraph 61.

62. Hartford denies the allegations contained in Paragraph 62.

63. Hartford denies the allegations contained in Paragraph 63.

64. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65. Hartford denies the allegations contained in Paragraph 65.

66. Hartford denies the allegations contained in Paragraph 66.

67. Hartford denies the allegations contained in Paragraph 67.

68. Hartford denies the allegations contained in Paragraph 68.

## AFFIRMATIVE DEFENSES

1. Hartford incorporates by reference herein its allegations and averments as set forth in its Complaint.

2. Eastern violated the terms of the various bonds issued by Hartford and thus its claims are barred.

3. Eastern materially breached the terms of the various subcontracts with S&R and thus its claims against Hartford are barred.

4. Eastern's purported terminations of S&R were wrongful and constituted a material breach of Eastern's contracts with S&R.

5. S&R performed additional work on various projects with Eastern for which it was not compensated and Hartford, as S&R's surety, is entitled to be compensated for the additional work performed.

6. As set forth in the Complaint against Eastern, Hartford arranged for a completion of all or some of the S&R subcontracts with Eastern, and Eastern breached its agreements with Hartford by refusing to remit payments to Hartford for work completed.

7. Eastern's claims are barred by the doctrine of unclean hands.

8. Eastern's claims are barred by the doctrine of estoppel and latches.

WHEREFORE, having fully answered, Hartford requests that Eastern's counterclaim be dismissed and that Hartford be awarded judgment as set forth in its Complaint.

                                                  Respectfully Submitted,
HARTFORD FIRE INSURANCE COMPANY
By its attorneys,

/s/ Bradford R. Carver
_____
Bradford R. Carver, BBO #565396
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02110
(617) 217-5500

01154-0011
353756v1

WHEREFORE, having fully answered, Hartford requests that Eastern's counterclaim be dismissed and that Hartford be awarded judgment as set forth in its Complaint.

                                  Respectfully Submitted,
                                  HARTFORD FIRE INSURANCE COMPANY
                                  By its attorneys,

                                  /s/ Bradford R. Carver
                                  _____
                                  Bradford R. Carver, BBO #565396
                                  Cetrulo & Capone LLP
                                  Two Seaport Lane, 10th Floor
                                  Boston, MA 02110
                                  (617) 217-5500

Date: December 14, 2004

01154-0011
353756v1