UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HARTFORD FIRE INSURANCE COMPANY,
    Plaintiff,

v.

EASTERN CONTRACTORS, INC.,                      C.A. No. 03-12502 NMG
    Defendant/Third-Party Plaintiff

v.

CITY OF LAWRENCE, CITY OF FALL RIVER
and FREETOWN/LAKEVILLE REGIONAL
SCHOOL DISTRICT,
    Third-Party Defendants.

**HARTFORD FIRE INSURANCE COMPANY'S MEMORANDUM IN LAW IN SUPPORT OF ITS MOTION TO AMEND PRE-TRIAL SCHEDULE**

**I.   INTRODUCTION**

Hartford Fire Insurance Company ("Hartford") commenced this action on December 12, 2003 against Eastern Contractors, Inc. ("Eastern"). On February 26, 2004, Eastern filed its Answer and Counterclaim and on March 8, 2004 it commenced Third-Party Actions against the City of Lawrence, the City of Fall River and the Freetown/Lakeville Regional School District.

On July 21, 2004, the Court conducted its Initial Scheduling Conference. The following deadlines were established:

| Event | Deadline |
|---|---|
| 1. Exchange initial disclosures as required by F.R. Civ. p. 26(a)(1) | September 30, 2004 |

2. Serve interrogatories and requests for production of documents — November 30, 2004

3. File motions to amend pleadings and join additional parties — November 30, 2004

4. Status Conference re: Mediation — May 12, 2005

5. Parties to complete non-expert discovery, including depositions — June 30, 2005

6. Plaintiff to identify trial experts and to disclose information regarding such experts pursuant to Fed. R. Civ. P. 26(a)(2) — August 31, 2005

7. Defendant to identify trial experts and to disclose information regarding such experts pursuant to Fed. R. Civ. P. 26(a)(2) — September 30, 2005

8. Defendant to complete deposition of Plaintiff trial expert — October 31, 2005

9. Plaintiff to complete depositions of Defendant trial experts — December 30, 2005

10. Filing of dispositive motions — February 28, 2006

11. Case Management Conference to schedule any further discovery requests and final pre-trial conference — Court to establish

12. Final Pre-Trial — May 4, 2006 at 3:00

As discussed below, Hartford requests that the above schedule be modified as discussed below.

**II.   DISCUSSION**

As set forth in the Complaint and in Eastern's Answer and Counterclaim, Hartford, as surety, issued payment and performance bonds to Eastern as obligee, on seven (7) separate public construction projects in Massachusetts for Hartford's principal, S&R Construction Co., Inc. ("S&R")(See Paragraph 4 of Complaint). S&R was a site subcontractor to Eastern. While the projects were ongoing, S&R was defaulted by

2

Eastern and Eastern subsequently made a demand on Hartford, as surety, to arrange for completion of the projects. It has been generally recognized by Hartford and Eastern that the discovery on 7 separate public construction projects will be massive including the depositions of up to 30 individuals, if not more. Understandably, any trial of this matter would last weeks.

The present pre-trial schedule provides for a status conference on May 12, 2005 to discuss the possibility of mediating this matter. By that point, certain discovery would be completed. However, in early February, 2005, counsel for Eastern and Hartford agreed that prior to commencing the admittingly significant and expensive deposition process, it would be worthwhile to schedule a mediation in an attempt to resolve the case. Due to scheduling issues, the mediation was not held until March 31, 2005. Despite the good faith efforts by both Hartford and Eastern to resolve the case, the mediation was not successful.

During the course of the mediation, at least from Hartford's perspective, it became clear that a significant impediment to a resolution of the case involved purely legal issues surrounding 3 of the 7 projects, namely the Lynnfield Middle School project, the Normandin Middle School Project and the Spencer Borden Elementary School project. On those 3 projects Eastern is seeking damages in excess of $2,269,000.00. Based on certain undisputed facts, Hartford believes that it is not liable, as a matter of law, to Eastern on three projects. More specifically, with respect to the Spencer Borden project, Hartford expended in excess of the penal sum of its bond. It is a fundamental tenet of surety law, as well as pursuant to the terms of a written

agreement between the parties, that Hartford, as surety, would not have any liability beyond the penal sum of its bond. Hartford expended more than the penal sum of its bond and thus it has no further liability to Eastern.

With respect to the Lynnfield and Normandin projects, it is the position of Hartford that an agreement that was entered into between Eastern and S&R, without the consent of knowledge of Hartford, that resulted in a full discharge of Hartford's bonds. The agreement between Eastern and S&R prevented Hartford from exercising its contractual right to arrange for completion of the projects and to otherwise minimize its loss. Recent cases arising in this Court and the First Circuit, as well as in numerous other jurisdictions, have held with respect to the bond form utilized in this case that if a surety is not permitted to arrange for completion of a project, as provided in the bond, such action discharges the surety bond. See generally, *Seaboard Surety Co. v. Greenfield*, 266 F.Supp.2d 189, 196 (D. Mass. 2003), aff'd 370 F.3d 215, 219 (1st Cir. 2004) (". . .the surety default provisions of Paragraph 5 constitutes an important contractual right of the surety. . . failure to provide this notice constitutes a material breach of the bond); *Greenfield*, 266 F.Supp.2d at 196 and 198 (obligee materially breached bond, and surety was discharged from "any and all liability under the bond" where obligee did not allow surety to exercise its completion options); *Balfour Beatty Construction v. Colonial Ornamental Iron Works, Inc.*, 986 F.Supp. 82, 86 (D. Conn. 1997) ("the plaintiff in the present case allowed Colonial to complete the project, thereby denying the defendant [surety] the opportunity to exercise any of its options under the performance bond"); *Elm Haven Construction Ltd. P'ship v. Neri Construction, LLC*, 281 F.Supp. 2d 406, 414 (D.

Conn. 2003) (by precluding surety from opportunity to exercise performance options under a bond the surety is discharged). Consequently, it is Hartford's position that its liability on the Lynnfield and Normandin projects has been discharged, as a matter of law.

For the following reasons, Hartford requests that the Pre-Trial schedule be modified to permit Hartford to promptly file a partial motion for summary judgment with respect to the three involved projects which will necessitate a modification of the pre-trial schedule by deferring commencement of certain depositions. Although Hartford's request will admittingly extend the discovery period for this proceeding, the following benefits far outweigh any potential detriments.

First, to the extent Hartford's motion is granted 3 out of 7 construction projects will be eliminated from this proceeding. By eliminating those construction projects both Eastern and Hartford will be spared the very significant expense associated with conducting depositions and document discovery on those three cases.

Second, if those 3 projects are eliminated from this proceeding, any potential trial in this matter will be shortened by at least 2 weeks thereby preserving valuable judicial resources and further effectuating a significant cost savings for Hartford and Eastern.

Third, and remaining optimistic concerning a potential amicable resolution of this matter, it is Hartford's perception that if the three construction projects with alleged damages in excess of $2,000,000.00 are eliminated from consideration, the prospects for an amicable resolution of this matter would significantly increase.

Hartford's intent to file this Motion has been discussed with Eastern's counsel. Eastern has preliminary indicated that it would oppose the motion on the basis that certain discovery would be needed with respect to the legal issues involved on the three (3) projects  Although Hartford does not agree that there is any need for discovery on these purely legal issues, it would nonetheless not oppose a request by Eastern for limited discovery that would solely address the legal issues.  It is Hartford's perception that any such discovery could be commenced and concluded promptly which would permit the filing of Hartford's motion for partial summary judgment.

With the foregoing in mind, Hartford proposes the following revised deadlines for Pre-Trial discovery and motions:

| **Event** | **Deadline** |
|---|---|
| 1. Eastern to conduct and complete discovery related solely to Hartford's bond discharge arguments. | June 1, 2005 |
| 2. Hartford to file motion for partial summary judgment on bond discharge arguments. | June 30, 2005 |
| 3. Eastern to file brief in opposition | July 30, 2005 |
| 4. Hartford to file reply brief, if any | August 5, 2005 |
| 5. Court to hold hearing/rule on Hartford Motion for Partial Summary Judgment | Sept., 2005 |
| 6. Status Conference to discuss potential mediation. | September 30, 2005 |
| 7. Parties to complete non-expert discovery, including depositions. | November 30, 2005 |
| 8. Plaintiff to identify trial experts and disclose information regarding such experts pursuant to Fed. R. Civ. p. 26(a)(2) | January 13, 2006 |

| | | |
|---|---|---|
| 9. | Defendant to identify trial experts and disclose information regarding such experts pursuant to Fed. R. Civ. p. 26(a)(2) | February 13, 2006 |
| 10. | Defendant to complete deposition of plaintiff's trial experts. | March 13, 2005 |
| 11. | Plaintiff to complete deposition of defendant trial experts. | April 12, 2006 |
| 12. | Filing of dispositive motions | June 12, 2006 |
| 13. | Case Management Conference to schedule any further discovery requests and Final Pre-Trial Conference | Court to Establish |

### III.    CONCLUSION

To date, the parties have worked cooperatively with respect to discovery and mediation issues. Although the recent mediation efforts were unsuccessful, Hartford is of the firm conviction that if it is permitted to file a motion for partial summary judgment with respect to 3 of the 7 construction projects, the scope of discovery, and any potential trial of this matter will be greatly reduced thereby effecting a savings for the parties and preserving judicial resources. In addition, the prospects for an amicable settlement would significantly increase.

FOR THE FOREGOING REASONS, Hartford requests that the Pre-Trial Schedule in this matter be modified.

                                      Respectfully Submitted,
                                      HARTFORD FIRE INSURANCE COMPANY
                                      By its attorneys,

                                      /s/ Bradford R. Carver
                                      _____
                                      Bradford R. Carver, BBO #565396
                                      Cetrulo & Capone LLP
                                      Two Seaport Lane, 10th Floor
                                      Boston, MA 02110
Date: April 7, 2005                    (617) 217-5500