UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 03-12502 NMG

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| EASTERN CONTRACTORS, INC.,<br>    Defendant/Third Party Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| CITY OF LAWRENCE, CITY OF FALL RIVER<br>and FREETOWN/LAKEVILLE REGIONAL<br>SCHOOL DISTRICT,<br>    Third Party Defendants | )<br>)<br>)<br>) |

## EASTERN CONTRACTORS LIMITED OPPOSITION TO HARTFORD FIRE INSURANCE COMPANY'S MOTION TO AMEND PRETRIAL

Now comes the Defendant/Plaintiff in Cross Claim/Third Party Plaintiff, Eastern Contractors, Inc. (hereinafter "**Eastern**") and hereby opposes Hartford Fire Insurance Company's (hereinafter **"Hartford"**) Motion to Amend Pretrial. This is a limited opposition in that Eastern is only opposing that portion of Hartford's Motion whereby Hartford is seeking to limit the discovery related to the Lynnfield Middle School project, the Normandin Middle School project and the Spencer Borden Elementary School project. In support of its Opposition Eastern states as follows:

### BACKGROUND

While Hartford may claim that there are "purely legal issues" involved in the Lynnfield Middle School project (hereinafter the **"Lynnfield project"**), the Normandin

Middle School project (hereinafter the **"Normandin project"**) and the Spencer Borden Elementary School project (hereinafter the **"Borden project"**), in reality Hartford is attempting to limit Eastern's discovery of issues of mixed facts and law.

In September 2002, Eastern provided written notice to Hartford of the problems Eastern was encountering with Hartford's principal, S&R Construction's (hereinafter **"S&R"**), performance at all of the bonded projects and notice that Eastern was receiving claims from S&R's suppliers and subcontractors for nonpayment.

Eastern kept in constant contact with Hartford and its agents regarding problems encountered with S&R. On September 30, 2002 a meeting was held at Eastern's office where both Eastern and Hartford were represented by counsel. The discussions focused upon the need to timely complete the Normandin and Borden projects. Eastern demanded that Hartford make a more concerted effort to ensure that the projects were completed in a timely manner. Hartford failed and refused to take over the Lynnfield and Normandin projects.

In January of 2003 Eastern notified Hartford of S&R's default and termination on the Lynnfield project and Normandin project. Eastern took over the Lynnfield and Normandin projects after S&R's repeated defaults and entered into an agreement whereby Eastern would complete the work on the project and not look to S&R or Hartford for the cost of completion, however the takeover agreement required that S&R and Hartford were to remain responsible for any previously performed work including any work that was found to be defective.

On February 6, 2003, Eastern, through counsel, sent notice to all parties including Hartford of additional claims being received from subcontractors and suppliers on all

projects, and urgently requested a meeting with regard to the status of all projects, the proposed response by Hartford to the claims from Eastern, as well as those from suppliers, subcontractors and others on the various projects

On February 7, 2003 Hartford, through Allen Pavlic, acknowledged that Eastern had taken over S&R's work at the Normandin and Lynnfield projects, and sent a letter by facsimile acknowledging receipt of the February 6, 2003 letter, suggesting that a meeting would be premature, and made demand for any funds on the bonded projects and further demanded that Eastern not release any funds or payments to S&R.

On March 4, 2004, Eastern issued a notice of termination of S&R for all projects and made demand of Hartford under the bonds.

### 1.  Borden Project

In regard to Hartford's argument that it expended in excess of the penal sum on the bond on the Borden project, Eastern contends that Hartford committed economic waste and failed to complete the project in accordance with the takeover agreement. Final agreement regarding takeover of Fall River Project was not concluded until May 30, 2003, even though numerous requests were made to Hartford to expedite the takeover agreement. Hartford later engaged ROC Construction, a new company made up of the former principals of S&R Construction, to complete the work at the Borden project. ROC was engaged on a "Time and Material" basis.

In June of 2003, Eastern communicated to Hartford that the performance by Hartford and its chosen subcontractor, ROC, at the Borden project, including curbing and related grading, was unsatisfactory. July 2004, Eastern notified Hartford of continuing unsatisfactory performance by ROC at the Borden Project, and notified Hartford that

unless satisfactory arrangements were made within five days and meaningful progress towards completion of the work was made in time for school opening, Eastern would terminate the takeover agreement executed with Hartford. Eastern was forced to terminate the takeover agreement with Hartford for failure to complete the project in a timely manner.

Hartford is now seeking to limit Eastern's discovery to "purely legal issues" on the Borden project. Hartford hired the newly formed ROC to complete the work pursuant to the takeover agreement. Hartford failed to complete the work in accordance with the takeover agreement. Hartford chose instead to "spend down" the penal sum of the bond by paying ROC on a time and materials basis rather than a lump sum contract to complete S&R's incomplete work. Hartford has never provided Eastern with an accounting of the time and material slips or even the identity of the individual who authorized and approved the work on a time and material basis. Hartford spent almost four times the value of the work remaining at the time of the takeover agreement without completing the work. After Eastern terminated Hartford, Eastern, using its own forces, completed the Borden project. Even after it was terminated, Hartford continued to submit invoices for work that was allegedly performed after the takeover agreement was terminated.

During the same time period that ROC failed to complete the Borden project, Hartford attempted to force Eastern to accept ROC as the replacement subcontractor on the Lawrence project, even though the City of Lawrence refused to allow Eastern to use ROC on the project as ROC did not have the requisite insurance limits nor the labor agreements in place as required by the Lawrence Project Labor Agreement. Hartford

then refused to make payments to Eastern as Eastern allegedly hired a completing subcontractor that was more expensive than ROC.

Without citation, Hartford claims that it is a fundamental tenet of surety law that Hartford, as surety, would not have any liability beyond the penal sum of its bond. It is Eastern's contention that Hartford should have been able to complete the project without exceeding the penal sum of its bond had Hartford stepped in earlier in the game when it was first notified of S&R's default on the various projects and had Hartford hired a competent contractor to complete the project. Hartford committed economic waste by paying ROC amounts that greatly exceeded the value of the work performed on the Borden project. At the same time Hartford's replacement subcontractor was unable to complete the Borden project, Hartford attempted to foist ROC upon Eastern at the Lawrence project. Much of the discovery material in these seven related matters is intermingled and can not be reasonably parsed out.

Therefore Eastern should not be limited to discovery on "purely legal issues" regarding the Borden project, but rather should be allowed to conduct full and comprehensive discovery related to this project and all of the other projects.

### 2. Lynnfield and Normandin Projects

With respect to the Lynnfield and Normandin projects, Hartford relies primarily on two cases decided on Connecticut state law by the USDC for the District of Connecticut. Massachusetts law is contrary to the Connecticut cases cited. In a recent Massachusetts Appeals Court decision the Appeals Court stated:

> "It has long been settled in the Commonwealth that, in the absence of a provision in the bond to the contrary, it is up to the (compensated) surety to keep itself informed of any defaults on the part of the principal; it is not the task of the creditor to inform and give notice to

the surety. The court said in *Watertown Fire Ins. Co. v. Simmons,* 131 Mass. 85, 86 (1881): "[T]he creditor owes no duty of active diligence to take care of the interest of the surety. It is the business of the surety to see that his principal performs the duty which he has guaranteed, and not that of the creditor. [Citing cases.] The surety is bound to inquire for himself; and cannot complain that the creditor does not notify him of the state of the accounts between him and his agent [read 'principal' in the present context], for whom the surety is liable." To the same effect, see *Welch v. Walsh,* 177 Mass. 555, 557, 561-562, 59 N.E. 440 (1901); *Sands v. Marchionda,* 186 Mass. 270, 273, 71 N.E. 546 (1904); *Wakefield v. American Surety Co.,* 209 Mass. 173, 177, 95 N.E. 350 (1911). In *Bayer & Mingolla Constr. Co. v. Deschenes,* 348 Mass. 594, 602 n. 7, 205 N.E.2d 208 (1965), the court referred to the Restatement of Security on the matter of notice. See Stearns, Suretyship § 7.16, at 222 (Elder 5th ed.1951)."

*John W. Egan Co., Inc. v. Major Const. Management Corp.,* 46 Mass.App.Ct. 643, 645-646, 709 N.E.2d 66, 68 - 69 (Mass.App.Ct., 1999) (notes omitted).

In the present matter, Eastern continuously informed Hartford of the default by S&R and Hartford failed and refused to avail itself of the remedies possible under the bond. It is Eastern's contention that Hartford breached the bond (contract) by failing to actively investigate its principal's finances, work and ability to complete the projects and Hartford's failure to take over or materially participate in the projects at an earlier stage.

Just as in *USF&G v. Braspetro Oil Services Company et al.,* 369 F3d 34, 48 (2ndCir 2004), where the court stated that the "Sureties conducted little more than a token investigation of their options under the bonds, instead electing to prepare for the litigation that was obviously imminent," it appears as though Hartford took the same 'wait and see' attitude while Eastern was under pressure from the Owners of the projects to complete the projects in a timely fashion. Eastern is not seeking damages for the work remaining in the contracts for the

Lynnfield and Normandin projects after terminating S&R, but rather is seeking damages for the defective work that was performed by S&R during a time when the surety had ample notice of S&R's default. Eastern was forced to remedy numerous defects in the work of S&R after S&R was off the projects. The Surety had notice of the defective work and could have performed remedial work to fix these defects.

Again, Hartford is attempting to limit Eastern's discovery to "purely legal matters." Eastern contends that this is nothing more than a smoke-screen to prevent Eastern from looking into Hartford's investigation as to the "business of the surety to see that his principal performs the duty which he has guaranteed, and not that of the creditor."

Therefore Eastern should not be limited to discovery on "purely legal issues" regarding the Lynnfield and Normandin projects, but rather should be allowed to conduct full and comprehensive discovery related to this project and all of the other projects.

***Wherefore:*** The Defendant, Eastern Contractors respectfully requests that this Honorable Court deny Plaintiff, Hartford Fire Insurance Company's, request to limit Eastern's discovery on the Borden, Lynnfield and Normandin projects and rather allow Eastern to conduct full and comprehensive discovery related to this project and all of the other projects.

Respectfully submitted,

Defendant Eastern Contractors, Inc.
By its attorneys,

*[signature]*

Edward J. Quinlan, Esq., BBO# 409060
David T. Keenan, BBO #567325
Magdalena A. Loret, Esq, BBO# 653152
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062-5056
Phone: 781-440-9909; Fax: 781-440-9979

Dated: April 22, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on the attorney of record for each other party in this action, by mail, postage paid, on April 22, 2005

*[signature]* David T. K_____