BOND NO. 02BCSAP46

Subcontract Performance Bond Form A.
Recommended for use where the General Contractor has filed Performance and Labor and Material Payment Bonds approved by the American Institute of Architects, AIA
Form No. — Document No. A-311.
Revised to Dec. 1, 1960.





## SUBCONTRACT PERFORMANCE BOND FORM A

THE HARTFORD

**Know All Men By These Presents:**
That　　S & R Construction Co., Inc.
　　60 Dyerville Ave.
　　Johnston, R.I.　　02919

as Principal, hereinafter called Principal, and the　HARTFORD FIRE INSURANCE COMPANY

a corporation organized and existing under the laws of the State of　Connecticut
with its principal office in the City of　Hartford, CT
as Surety, hereinafter called Surety, are held and firmly bound unto Eastern Contractors, Inc.,
571 Union Ave., Framingham, MA　01701
as Obligee, hereinafter called Obligee, in the amount of One Million Four Hundred Fifty Thousand And 00/100's —————————————————— Dollars ($ 1,450,000.00 ),
for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

**Whereas**, Principal has by written agreement dated November 9, 2001　entered into a subcontract with Obligee for Site work at the construction of the Normandin Middle School, 240 Tarklln Hill Rd. New Bedford, MA 02745

in accordance with drawings and specifications prepared by　Mount Vernon Group, Inc.
92 Montvale Ave., Suite 4100, Stoneham, MA　02180
which subcontract is by reference made a part hereof, and is hereinafter referred to as the subcontract.

**Now, Therefore, the Condition of this Obligation** is such that, if Principal shall promptly and faithfully perform said subcontract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

Whenever Principal shall be, and be declared by Obligee to be in default under the subcontract, the Obligee having performed Obligee's obligations thereunder:

(1) Surety may promptly remedy the default subject to the provisions of paragraph 3 herein, or;
(2) Obligee after reasonable notice to Surety may, or Surety upon demand of Obligee may arrange for the performance of Principal's obligation under the subcontract subject to the provisions of paragraph 3 herein;
(3) The balance of the subcontract price, as defined below, shall be credited against the reasonable cost of completing performance of the subcontract. If completed by the Obligee, and the reasonable cost exceeds the balance of the subcontract price, the Surety shall pay to the Obligee such excess, but in no event shall the aggregate liability of the Surety exceed the amount of this bond. If the Surety arranges completion or remedies the default, that portion of the balance of the subcontract price as may be required to complete the subcontract or remedy the default and to reimburse the Surety for its outlays shall be paid to the Surety at the times and in the manner as said sums would have been payable to Principal had there been no default under the subcontract. The term "balance of the subcontract price," as used in this paragraph, shall mean the total amount payable by Obligee to Principal under the subcontract and any amendments thereto, less the amounts heretofore properly paid by Obligee under the subcontract.

Any suit under this bond must be instituted before the expiration of two years from date on which final payment under the subcontract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or the heirs, executors, administrators or successors of the Obligee.

Signed and sealed this　29th　day of　November　A.D., 19× 2001

| Witness (If individual) | S & R Construction Co., Inc. |
| --- | --- |
| | (Seal) |
| Attest | |
| | (Seal) |
| | Surety  HARTFORD FIRE INSURANCE COMPANY |
| Attest | |
| | By: (Seal) |

Form S-3526-1 (Page 1) Printed in U.S.A.　　Donald L. Goodrich　　Attorney-in-Fact