UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12502 NMG

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| EASTERN CONTRACTORS, INC.,<br>    Defendant/Third Party Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| CITY OF LAWRENCE,<br>    Third Party Defendant | )<br>) |

**DEFENDANT EASTERN CONTRACTORS, INC.'S REPLY TO
HARTFORD FIRE INSURANCE COMPANY'S STATEMENT OF
UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Now comes the Defendant, Eastern Contractors, Inc. (hereinafter 'Eastern"), and hereby submits its reply to Hartford Fire Insurance Company's (hereinafter "Hartford") Statement of Undisputed Facts. In addition Eastern hereby submits its Concise Statement of Material Facts of Record as to Which Eastern Contends that There Exists a Genuine Issue to be Tried.

**I.**     **Reply of Eastern to Hartford's Statement of Undisputed Facts:**

    1.    For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in Paragraph 1 of Hartford's Statement of Undisputed Facts.

A. **The Lynnfield Middle School and Normandin [New Bedford] Middle School Projects**

2. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in Paragraph 2 of Hartford's Statement of Undisputed Facts. Eastern further states that the document attached as Exhibit A to the Judd Affidavit speaks for itself and refers the court to the document rather than just the characterizations set forth in Paragraph 2 of Hartford's Statement of Undisputed Facts.

3. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in Paragraph 3 of Hartford's Statement of Undisputed Facts. Eastern further states that the document attached as Exhibit B to the Judd Affidavit speaks for itself and refers the court to the document rather than just the characterizations set forth in Paragraph 3 of Hartford's Statement of Undisputed Facts.

4. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in Paragraph 4 of Hartford's Statement of Undisputed Facts. Eastern further states that the document attached as Exhibit C to the Judd Affidavit speaks for itself and refers the court to the document rather than just the characterizations set forth in Paragraph 4 of Hartford's Statement of Undisputed Facts.

5. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in Paragraph 5 of Hartford's Statement of Undisputed Facts. Eastern further states that the document attached as Exhibit D to the Judd Affidavit speaks for itself and refers the court to the document rather than just the characterizations set forth in Paragraph 5 of Hartford's Statement of Undisputed Facts.

6. Eastern states that the documents attached as Exhibits B & D to the Judd Affidavit speaks for themselves and refers the court to the documents rather than just the characterizations set forth in Paragraph 6 of Hartford's Statement of Undisputed Facts.

7. Eastern states that the documents attached as Exhibits B & D to the Judd Affidavit speaks for themselves and refers the court to the documents rather than just the portions set forth in Paragraph 7 of Hartford's Statement of Undisputed Facts.

8. The September 24, 2002 letter from Attorney Edward J. Quinlan to Mr. Rocco Izzo and Mr. Kevin Gillen attached as Exhibit E of the Judd Affidavit speaks for itself and Eastern refers the court to the document rather than the characterizations set forth in Paragraph 8 of Hartford's Statement of Undisputed Facts.

9. The September 24, 2002 letter from Attorney Edward J. Quinlan to Mr. Rocco Izzo and Mr. Kevin Gillen attached to Exhibit E of the Judd Affidavit speaks for itself and Eastern refers the court to the document

rather than the characterizations set forth in Paragraph 9 of Hartford's Statement of Undisputed Facts.

10. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in the Paragraph 10 of Hartford's Statement of Undisputed Facts.

11. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in the Paragraph 5 of Hartford's Statement of Undisputed Facts, however Eastern denies that any such assurances constituted a waiver of the notice of default. (See Eastern Exhibit A Affidavit of Ramesh Motwane, ¶ 16.)

12. Eastern states that the document attached as Exhibit F to the Judd Affidavit speaks for itself and refers the court to the documents rather than the just the characterizations set forth in Paragraph 12 of Hartford's Statement of Undisputed Facts.

13. Eastern denies the allegations contained in paragraph 13 of Hartford's Statement of Undisputed Facts. While Hartford was not consulted with before Eastern and S&R entered into the January 9, 2003 Agreement, Hartford was notified of the January 9, 2003 agreement and adopted the agreement. (See Eastern Exhibit F, April 23, 2003 Fax Memo from William Jarvis to Dustin L. White attached hereto as Exhibit 33 wherein Mr. Jarvis states "With regard to the Lynnfield Project, the bond Obligee, Eastern Contractors, Inc. (ECI), has agreed to pay the amount of $5,368.11 in discharge of the same claim per a separate agreement between Eastern

Contractors Inc., and our Principle. Is our understanding, however, that ECI's payment of this claim has been withheld due to an attachment order obtained by another claimant. Consequently, we will promptly request permission from ECI to pay your claim and offset that payment against any funds owed to ECI under our bonds. We expect to receive ECI's approval of our request, but the payment of this residual claim will be delayed pending their approval. See also e-mail from William Jarvis to Ramesh Motwane dated April 23, 2003 attached it to as Exhibit 35 wherein Mr. Jarvis states "I have attached a self – explanatory memo to Agratech Corp., one of the suppliers/subcontractors to S&R on the Lynnfield project that was scheduled to be paid by ECI per your release agreement with S&R for both the Lynnfield and Normandin projects. Please return your OK for our payment of this claim, as well as the other claims on the Lynnfield and Normandin for which ECI has withheld payment, with credit or offset to the amount owed to ECI under the corresponding performance bonds.")

14. Eastern states that the document attached as Exhibit F to the Judd Affidavit speaks for itself and refers the court to the documents rather than the characterizations set forth in Paragraph 14 of Hartford's Statement of Undisputed Facts. Eastern further denies that the January 9, 2003 Agreement was a "release" but rather a reduction in scope of the S&R's subcontract for the Lynnfield and Normandin projects. (See Affidavit of Ramesh Motwane, ¶_18-22__).

15. Eastern states that the document attached as Exhibit F to the Judd Affidavit speaks for itself and refers the court to the documents rather than the just the characterizations set forth in Paragraph 15 of Hartford's Statement of Undisputed Facts. Eastern further states that the January 9, 2003 Agreement was not a "release" but rather a reduction in scope of the S&R's subcontract for the Lynnfield and Normandin projects and a reaffirmation of the warranty obligations of the subcontract. (See Affidavit of Ramesh Motwane, ¶18-22).

16. The information contained in paragraph 16 of Mr. Judd's affidavit is not based upon his personal knowledge and is unsupported by any documentation and should be stricken from Mr. Judd's Affidavit. (See Judd deposition page 21 line6-11 attached hereto as Exhibit B).

17. Eastern states that the document attached as Exhibit G to the Judd Affidavit speaks for itself and refers the court to the document rather than the just the characterizations set forth in Paragraph 17 of Hartford's Statement of Undisputed Facts. The remainder of the information contained in paragraph 17 of Mr. Judd's affidavit is not based upon his personal knowledge and is unsupported by any admissible evidence and should be stricken from Mr. Judd's Affidavit. (See Judd deposition page 100 line 1-24, page 101 attached hereto as Exhibit B).

**B.**  **Spencer Borden Elementary School Project**

18. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in the

19. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in Paragraph 19 of Hartford's Statement of Undisputed Facts. Eastern further states that the contract sum was increased by Change Orders. When the contract value was increased due to change orders, the penal sum of the bond was increased by the amount of the change order, and an additional premium became due to the Hartford Fire Insurance Company. (See Eastern Exhibit C, Affidavit of Donald Goodrich attached ¶ 8.). The penal sum of the bonds for the Spencer Borden School was increased at least to $1,762,161. (See Eastern Exhibit C, Affidavit of Donald Goodrich, Exhibit D).

20. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in Paragraph 20 of Hartford's Statement of Undisputed Facts. Eastern further states that the document attached as Exhibit I to the Judd Affidavit speaks for itself and refers the court to the document rather than the characterizations set forth in Paragraph 20 of Hartford's Statement of Undisputed Facts. Eastern further states that the contract sum was increased by Change Orders. When the contract value was increased due to change orders, the penal sum of the bond was increased by the amount of the change order, and an additional premium became due to the Hartford Fire Insurance Company. (See Eastern Exhibit C, Affidavit of Donald Goodrich ¶ 8.) As the subcontract sum for the Spencer Borden

Elementary School Project was increased by change order to at least $1,762,161, and Hartford collected additional bond premiums due to the increase in the contract sum, the penal sum of the bonds for the Spencer Borden Elementary School Project was increased at least to $1,762,161. (See Eastern Exhibit C, Affidavit of David Goodrich, Exhibit D).

21. The information contained in paragraph 22 of Mr. Judd's affidavit is not based upon his personal knowledge and is unsupported by any documentation and should be stricken from Mr. Judd's Affidavit. (See Eastern Exhibit B, Judd deposition page 21, line 6-11. Eastern further states that the contract sum was increased by Change Orders. When the contract value was increased due to change orders, the penal sum of the bond was increased by the amount of the change order, and an additional premium became due to the Hartford Fire Insurance Company. (See Eastern Exhibit C, Affidavit of Donald Goodrich, ¶ 8.) The penal sum of the bonds for the Spencer Borden School was increased at least to $1,762,161. (See Eastern Exhibit C, Affidavit of Donald Goodrich, Exhibit D.)

22. Eastern states that the document attached as Exhibit G to the Judd Affidavit speaks for itself and refers the court to the document rather than the characterizations set forth in Paragraph 22 of Hartford's Statement of Undisputed Facts.

23. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in

Paragraph 23 of Hartford's Statement of Undisputed Facts. Eastern further states that the document attached as Exhibit J to the Judd Affidavit speaks for itself and refers the court to the document rather than the characterizations set forth in Paragraph 23 of Hartford's Statement of Undisputed Facts. Eastern further states that the so-called replacement contractor, ROC Construction Co., Inc., was nothing more than "... the reincarnated principal under a T[ime] & M[aterials] [contract] when Hartford's own estimating engineer, Mr. Richard Devine, based his estimate of the completion cost on '... a relet of the two Fall River projects as a package'." (See e-mail dated 07/10/03 from Richard Devine to Jim Morelewicz and Williams Jarvis attached hereto as Exhibit D.)

24. Eastern denies the assertions contained in Paragraph 24 of Hartford's Statement of Undisputed facts. Eastern further states that the document attached as Exhibit J to the Judd Affidavit speaks for itself and refers the court to the document rather than the mischaracterizations set forth in Paragraph 24 of Hartford's Statement of Undisputed Facts. The Takeover Agreement must be read in whole. In particular, Paragraph 11 of the Takeover Agreement reads as follows:

> In accordance with the terms of the Subcontract, and as otherwise provided by this agreement, Eastern agrees to pay the Hartford with the amount due from monthly progress estimates submitted by the Hartford. Payment to Hartford of the remaining subcontract balance (including retainage) shall be subject to adjustment for increases and decreases for agreed Change Orders approved by the Project Owner as a work progresses, subject to adjustment for increases or decreases of money for reserve claims as resolved. <u>The payment of said monies to Hartford under this paragraph shall be made in accordance with the terms of the Subcontract and this</u>

<u>agreement as to time, amounts and methods of payment.</u>
(Emphasis supplied)

Eastern further states that that Certified Payrolls submitted by ROC show that ROC devoted little time to this project and performed little work during this period. (See Easter Exhibit E, Affidavit of Magdalena Loret, and the exhibits thereto. Eastern further states that Eastern and Hartford acknowledged in ¶3(e) of the takeover that the remaining Subcontract balance, including retainage, was $259,432.47. (See Eastern Exhibit J to Judd Affidavit).

25. Eastern acknowledges that it did not make payments to Hartford based upon Hartford's submissions of requisition because Hartford was not entitled to payment in accordance with the Subcontract Document or the Take Over Agreement.

26. For the purpose of this Opposition to Plaintiff's Motion for Partial Summary Judgment, Eastern does not contest the facts set forth in Paragraph 26 of Hartford's Statement of Undisputed Facts with the exception that the term "Performance Bonds" appears in the takeover agreement rather than the singular "Performance Bond[]"as appears in the portion quoted by Hartford. Eastern further states that the document attached as Exhibit J to the Judd Affidavit speaks for itself and refers the court to the document rather than the characterizations set forth in Paragraph 26 of Hartford's Statement of Undisputed Facts. Eastern further states that the contract sum was increased by Change Orders.

When the contract value was increased due to change orders, the penal sum of the bond was increased by the amount of the change order, and an additional premium became due to the Hartford Fire Insurance Company. (See Eastern Exhibit C, Affidavit of Donald Goodrich, ¶ 8.) The penal sum of the bonds for the Spencer Borden School was increased at least to $1,762,161. (See Eastern Exhibit C, Affidavit of Donald Goodrich, Exhibit D.)

27. Eastern denies that the project was nearing completion in August 2003. The information contained in paragraph 27 of Mr. Judd's affidavit is not based upon his personal knowledge and is unsupported by any documentation and should be stricken from Mr. Judd's Affidavit. (See Eastern Exhibit B, Judd deposition page 21, line 6-11. Eastern provided Hartford with notice of its default on the Spencer Borden Project and notified Hartford if the work was not completed, Eastern would terminate Hartford. (See Eastern Exhibit D, Judd Deposition pages 103-106.) Eastern admits that it completed the Spencer Borden Project utilizing its own forces.

28. The information contained in paragraph 28 of Mr. Judd's affidavit is not based upon his personal knowledge and is unsupported by any documentation and should be stricken from Mr. Judd's Affidavit. (See Eastern Exhibit B, Judd deposition page 21, line 6-11. The amount represented by Exhibit K of the Judd Affidavit "… was based upon and only based upon the copy of the check[s] I looked at." (See Eastern

Exhibit B attached hereto, Judd Deposition page 100, lines 1 through 10.) In his deposition Mr. Judd further acknowledged that he "... did not have any personal knowledge of the work that these payments allegedly represent." See Eastern Exhibit B, Judd Deposition, page 100, lines 11 through page 101, line 17.

>Respectfully submitted,
>Eastern Contractors, Inc.
>By its attorneys,
>
>*[signature]*
>
>Edward J. Quinlan, Esq., BBO# 409060
>David T. Keenan, Esq., BBO# 567325
>Quinlan & Sadowski, P.C.
>11 Vanderbilt Avenue, Suite 250
>Norwood, MA  02062-5056
>Phone: 781-440-9909
>Fax:     781-440-9979

Dated: December 22, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on the attorney of record for each other party in this action, by mail, postage prepaid, on 12/21/05.

*[signature]*

- 12 -