**United States District Court**
**District of Massachusetts**

```
                                    )
HARTFORD FIRE INSURANCE COMPANY     )
                                    )
          Plaintiff,                )
                                    )   Civil Action No.
          v.                        )   03-12502-NMG
                                    )
EASTERN CONTRACTORS, INC.,          )
                                    )
          Defendant.                )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The instant case involves breach of contract and quantum meruit claims relating to construction surety bonds. Currently pending before the Court is a motion by the surety for partial summary judgment with respect to certain of its claims and the defendant's counterclaims.

## I.  **Background**

Plaintiff, Hartford Fire Insurance Co. ("Hartford" or "surety"), issued performance and payment bonds on behalf of a subcontractor, S&R Construction Co. ("S&R" or "principal"), for the benefit of a general contractor, Eastern Contractors, Inc. ("Eastern" or "obligee"). The bonds related to site work that S&R was to perform on a number of school construction projects in Massachusetts ("the bonded projects") including the Spencer Borden Elementary School ("the Spencer School project") and

-1-

William Greene Elementary School in Fall River, the Wetherbee
Elementary/Middle School in Lawrence, the Freetown-Lakeville
Middle School in Lakeville, the Lynnfield Middle School in
Lynnfield ("the Lynnfield project"), the Normandin Middle School
in New Bedford ("the New Bedford project") and the South Street
Elementary School in Waltham.

After S&R allegedly defaulted on its subcontracts, Hartford
and Eastern each undertook various responsibilities for
completing the subcontractor's work.  The construction
performance bonds issued by Hartford provide that after the
principal has been declared to be in default, 1) the surety may
promptly remedy that default, 2) the obligee may arrange for
performance of the work after notifying the surety or 3) the
surety may arrange for performance of the work after making
demand upon the obligee. Presently, Hartford and Eastern each
claim that it is owed money by the other for work performed after
S&R's default.

In December, 2003, Hartford filed a complaint against
Eastern in which it claims breach of contract and a violation of
the Massachusetts Consumer Protection Act, Mass Gen. Laws ch. 93A
("Chapter 93A"), and seeks damages in contract and quantum
meruit, a declaration that certain bonds are void and relief
pursuant to Chapter 93A.

Eastern counterclaimed against Hartford for breach of

-2-

contract and violation of Chapter 93A. In addition, Eastern
brought third-party breach of contract claims against the City of
Fall River ("Fall River"), Freetown-Lakeville Regional School
District ("Freetown-Lakeville") and the City of Lawrence
("Lawrence"). Fall River and Freetown-Lakeville have since been
dismissed from the case by stipulation of the parties, leaving
Lawrence as the only remaining third-party defendant.

Hartford has filed a motion for partial summary judgment
relating to the bonds it issued for the Lynnfield, New Bedford
and Spencer School projects. Eastern opposes that motion.

## II. **Discussion**

### A. **Legal Standard**

Summary judgment is appropriate where the moving party has
shown, based upon the pleadings, discovery and affidavits, "that
there is no genuine issue as to any material fact and that the
moving party is entitled to a judgment as a matter of law". Fed.
R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the
suit under the governing law". Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant
or unnecessary will not be counted." Id. A genuine issue of
material fact exists where the evidence with respect to the
material fact in dispute "is such that a reasonable jury could
return a verdict for the nonmoving party". Id.

-3-

**B.  Lynnfield and New Bedford Projects**

Hartford requests that the Court declare the Lynnfield and
New Bedford bonds void, thereby relieving Hartford of all
obligations thereunder, on the grounds that Eastern 1) failed to
notify Hartford of S&R's default as required by the bond
agreements and 2) reached an agreement with S&R that effectively
released it, and therefore Hartford as well, from its obligations
under the Lynnfield and New Bedford subcontracts.

A surety agreement is to be construed according to the
general principles of contract law.  See, e.g., Miller v. Perry,
129 N.E.2d 143, 144-45 (Mass. 1955) (citing cases).  The
obligation of a surety under a bond agreement generally
corresponds to the obligation of the principal.  See, e.g., John
W. Egan Co., Inc. v. Major Constr. Mgmt. Corp., 709 N.E.2d 66, 69
(Mass. App. Ct. 1999); R.I. Hosp. Trust Nat'l Bank v. Ohio Cas.
Ins. Co., 789 F.2d 74, 79 (1st Cir. 1986) (noting an exception
where performance of the surety is made unconditional).
Consequently, release of the principal by the obligee generally
discharges the obligations of the surety as well.  See Karcher v.
Burbank, 21 N.E.2d 542, 545 (Mass. 1939) (noting an exception
where a covenant not to sue the principal contains an express
reservation of the covenantor's rights against others).
Furthermore, because a surety is not liable unless the principal
is liable, the surety may plead defenses available to the

-4-

principal.  See R.I. Hosp. Trust, 789 F.2d at 78-79 (citing
multiple sources).

### 1.    Notice of Default

Where a surety alleges that it is relieved from performance
because the obligee has failed to provide notice of the
principal's default, the court must first determine whether
providing notice was a condition precedent to the surety's
performance.  See Enter. Capital, Inc. v. San-Gra Corp., 284 F.
Supp. 2d 166, 179-80 (D. Mass. 2003) (finding that the obligees'
failure to notify the surety of the principal's default did not
constitute noncompliance with a condition precedent but that
their failure to provide notice of default and termination to the
principal itself did contravene a condition precedent thereby
relieving the surety from its obligations).  The court must then
consider whether the obligee has complied with the notice
provision and, if not, what effect upon the surety, if any,
resulted from noncompliance.  Id. at 177 (citations omitted).
Notices of default must be "clear", "direct", "unequivocal" and
"unambiguous".  Seaboard Sur. Co. v. Town of Greenfield, 266 F.
Supp. 2d 189, 196 (D. Mass. 2003) (citations omitted).

In this case, evidence shows that Eastern sent a letter to
Hartford on September 24, 2002, in which it expressly notified
Hartford of S&R's default and demanded that the surety remedy
that default.  One week later, Eastern, Hartford, and S&R met to

-5-

discuss the status of the bonded projects. Hartford contends that the default was effectively revoked after that meeting because S&R remained employed as a subcontractor on the bonded projects. Eastern responds that S&R continued to be in default. On March 4, 2003, Eastern sent a letter to Hartford that referenced the September notice of default and stated that it was then terminating its subcontracts with S&R. Hartford contends that the Court should deem the March 4 notification as the official notice of default.

With respect to default notification, there is insufficient evidence that the actions of Eastern warrant entry of summary judgment at this time. Whether default notice was effectively given in September, 2002, or March, 2003, depends on genuine issues of material fact that cannot be decided on the record presently before the Court.

## 2. **Material Modification**

Where a surety demonstrates that a material modification to the contract between principal and obligee was made without its knowledge or consent and "materially increase[d] [its] risk" under the bond, the surety may be discharged from its obligations thereunder. Town of Hingham v. B.J. Pentabone, Inc., 238 N.E.2d 534, 541 (Mass. 1968) (citations omitted); Museum of Fine Arts v. Am. Bonding Co. of Baltimore, Md., 97 N.E. 633, 634 (Mass. 1912); John T. Callahan & Sons, Inc. v. Dykeman Elec. Co., 266 F. Supp.

-6-

2d 208, 235-36 (D. Mass. 2003) (citations omitted). A
modification is material if it is "substantial and also
prejudicial to the surety" or "so basic as to alter the general
character of the undertaking". Md. Cas. Co. v. Moore, 82 F.2d
189, 191 (1st Cir. 1936). The surety bears the burden of
demonstrating harm caused by the modification. Hingham, 238
N.E.2d at 541 (citing Bayer & Mingolla Constr. Co. v. Deschenes,
205 N.E.2d 208 (Mass. 1965)).

Where the surety does not suffer material harm or increased
risk as a result of the modification, "his obligation is reduced
to the extent of loss due to the modification". Hingham, 238
N.E.2d at 541. See also Veneto v. McCloskey & Co., 128 N.E.2d
337, 342 (Mass. 1955) (modified contract resulting in modest
overpayment to principal by obligee "did not materially increase
the risk and releases the surety only pro tanto"); Museum of Fine
Arts, 97 N.E. at 634; Guild v. Butler, 127 Mass. 386 (Mass.
1879).

On January 9, 2003, Eastern and S&R executed an agreement
whereby Eastern agreed to release S&R from all future contractual
obligations for incomplete work on the New Bedford and Lynnfield
projects provided that 1) S&R would provide Eastern with all "as-
built" information and 2) S&R and Hartford would remain
responsible for all unpaid bills not previously accounted for,
all workmanship, labor and material provided to date and any

-7-

corrective work needing to be redone in the future, at no
additional cost. Eastern alleges that the agreement between it
and S&R was not prejudicial to Hartford and, furthermore, that
Hartford adopted and ratified that agreement by virtue of its
conduct and express communications.

The Court will deny Hartford's motion for summary judgment
insofar as it is based upon the interim agreement between Eastern
and S&R. Even if that agreement was made without Hartford's
knowledge or consent (a matter which Eastern disputes), it is
clear that the agreement was not intended to release either S&R
or Hartford from their respective obligations under the New
Bedford and Lynnfield projects. Moreover, Hartford has not met
its burden of demonstrating material harm or increased risk as a
result of the agreement. Even if it is ultimately determined
that Hartford's liability should be reduced as a result of the
agreement, a pro tanto reduction, rather than a wholesale
release, may be appropriate.

## C. Spencer School Project

Hartford also seeks summary judgment on Eastern's
counterclaim for breach of contract concerning the Spencer School
project on the grounds that Hartford expended more than the penal
sum of the Spencer School bond in fulfilling the obligations of
S&R after its default on that project. Hartford avers that it
expended $1,265,346 on the project, which is allegedly $92,346

-8-

more than the penal sum of the Spencer School bond.

Eastern responds that its counterclaim for breach of contract persists for two reasons. First, it presents evidence that Hartford increased the penal sum of the Spencer School bond from $1,173,000 to $1,762,171, thus confirming that Hartford has not expended more than the bond limit. Second, Eastern suggests that Hartford's expenditures on the Spencer School project are suspect and may be overstated. In reply, Hartford points out that the documents purportedly confirming an increase in the penal sum are unsigned and therefore unenforceable by virtue of the statute of frauds.

Based upon the contentions of the parties and evidence in support of their claims, the Court concludes that entry of summary judgment with respect to the Spencer School bond is unwarranted.

#### ORDER

In accordance with the foregoing, Hartford Fire Insurance Company's Motion for Partial Summary Judgment (Docket No. 43) is **DENIED** and the Motion of Eastern Contractors, Inc., for Leave to File Sur-Reply (Docket No. 57) is **DENIED,** as moot.

So ordered.

Nathaniel M. Gorton
United States District Judge

Dated: February **22,** 2006

-9-