UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO., <br>     Plaintiff, <br><br> vs. <br><br> EASTERN CONTRACTORS, INC., <br>     Defendant/Third-Party Plaintiff, <br><br> vs. <br><br> CITY OF LAWRENCE, CITY OF FALL RIVER, AND FREETOWN/LAKEVILLE REGIONAL SCHOOL DISTRICT, <br>     Third-Party Defendants. | C.A. No. 03-12502 NMG |

**MEMORANDUM OF REASONS IN SUPPORT OF THIRD-PARTY
DEFENDANT/THIRD-PARTY COUNTERCLAIMANT'S
MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND
RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

I.    INTRODUCTION

The Third-Party Defendant/Third-Party Counterclaimant, City of Lawrence (the "City"), has filed a motion to compel answers to interrogatories and responses to requests for production of documents, due to the Defendant/Third-Party Plaintiff, Eastern Contractors, Inc.'s ("Eastern") failure to respond to the aforementioned discovery, which was issued on February 28, 2005. Counsel for City has repeatedly attempted to work cooperatively with Eastern's counsel to produce the responses to the long overdue requests. Such attempts have been unproductive, as the discovery responses have not been produced. The City therefore requests the award of its reasonably expended costs and attorneys fees for bringing this motion.

#575387

1

II.   FACTS AND PRCEDURAL HISTORY

  1.   On February 28, 2005, the City propounded written discovery – interrogatories and a request for production of documents – to Eastern. Copies of the City's propounded written discovery requests are attached hereto as Exhibit 1.

  2.   On May 12, 2005, the Court held a scheduling conference and established deadlines for certain discovery events.

  3.   On June 15, 2005, Plaintiff, Hartford Fire Insurance Co. ("Hartford") filed a Motion for Partial Summary Judgment against Eastern.

  4.   On August 9, 2005, Eastern filed an assented-to motion to continue the summary judgment motion scheduling deadlines for a period of approximately forty (40) days. On August 15, 2005, the Court allowed Eastern's assented-to motion.

  5.   On October 13, 2005, Hartford filed an assented-to motion to continue the summary judgment motion scheduling deadlines for a period of approximately sixty (60) days. On October 20, 2005, the Court allowed Hartford's assented-to motion.

  6.   On January 10, 2006, counsel for the City of Lawrence, Chad Hershman, spoke with Eastern's counsel, David Keenan, who informed Mr. Hershman that he (Keenan) thought the discovery had been responded to, but that he (Keenan) would double-check and inform Mr. Hershman accordingly with the next couple of days.

  7.   Having not heard back from Mr. Keenan, on January 13, 2006, Mr. Hershman attempted to reach Mr. Keenan. Mr. Keenan was not available, so Mr. Hershman left a voice-mail.

8. Counsel for the City of Lawrence, Doreen Zankowski, attempted to reach Eastern's counsel, Ed Quinlan, at least two times since January 10, 2006, but never received a return call from Eastern's counsel.

9. Having not heard back from Eastern's counsel, on February 1, 2006, counsel for the City sent a request to Eastern's counsel for a L.R. 37.1(A) and 37.1(A)(2) conference to resolve the outstanding discovery issues. Counsel for Eastern did not accept that request.

10. On February 22, 2006, the Court denied Hartford's Motion for Partial Summary Judgment.

11. During the course of extending the deadlines related to summary judgment motions, it was unclear whether the discovery deadlines had likewise been extended. Therefore, on or about February 28, 2006, the City filed its assented-to motion to extend the discovery deadlines as follows:

| Item | Current | Extended |
|---|---|---|
| Non-expert discovery | 2/28/06 | 4/30/06 |
| plaintiff expert des. | 3/15/06 | 5/15/06 |
| defendants | 4/15/06 | 6/15/06 |
| all expert depositions | 6/15/06 | 8/15/06 |
| depositions further dispositive motions | 7/15/06 | 9/15/06 |
| Pretrial Conference | 10/11/06 | UNCHANGED |
| Trial | 12/4/06 | UNCHANGED |

12. This Court shortly after February 28, 2006 allowed the City's assented-to Motion and the discovery deadlines have accordingly been extended.

13. On March 7, 2006, counsel for the City attempted to reach Eastern's counsel by phone to obtain an updated status on the outstanding discovery issues. Eastern's counsel failed to return the City's counsel's call.

14. On the morning of March 8, 2006, counsel for the City sent an email to Eastern's counsel, attempting one last time to obtain Eastern's discovery responses without having to resort to judicial remedies.

15. Later that afternoon on March 8, 2006, Eastern's counsel sent an email to Mr. Hershman, stating, "I'm in the process of having Eastern assemble the documents and expect them to advise soon as to the time for inspection. Interrogatories are being answered and expect to be completed by this week. …"

16. Mr. Hershman responded to Eastern's counsel's March 8, 2006 afternoon email by reply email, stating, "… Please let me know as soon as the documents are available. If it will help expedite the process for you to have me review them at Eastern's office … I will be happy to review them there."

17. Eastern's counsel did not respond to Mr. Hershman's March 8, 2006 email.

18. On March 13, 2006, in response to an inquiry by Hartford's counsel regarding the date for the City's noticed 30(b)(6) deposition of Eastern, Mr. Quinlan responded by email to Attorney Zankowski, stating, "… I'll have Dave Keenan continue to look into assembly of the documents."

19. On March 23, 2006, the City's counsel, Attorney Zankowski, had a telephone conversation with Eastern's counsel, Attorney Keenan. During that call, Attorney Zankowski inquired as to when Eastern would produce the requested discovery responses. Attorney Keenan responded that he was still working with Eastern to provide the responses, but that they were not going to be imminently available. Attorney Zankowski informed Attorney Keenan that Eastern was already significantly negligent in providing the responses, and that therefore the City would be filing a Motion to Compel.

20. To date, Eastern has neither provided the documents responsive to the City's request, nor has it provided interrogatory responses.

III. ARGUMENT

The Federal Rules of Civil Procedure contemplate liberal and cooperative discovery in civil matters. Parties may obtain "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. Rule 26(b)(1). A party may serve as a matter of right no more than 25 interrogatories, including all discrete subparts. Fed.R.Civ.P. Rule 33(a).

Discovery matters are for the informed discretion of the district court, and the Court is given great breadth of discretion in managing pre-trial mechanics and discovery. Fusco v. General Motors Corp., 11 F.3d 259, 267 (1st Cir.1993). The purposes of discovery is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." Anderson v. Cryovac, Inc., 862 F.2d 910, 929 (1st Cir. 1988) (internal citations omitted).

Eastern has failed to respond to the City's interrogatories and requests for production of documents, thereby preventing the City from properly preparing its case. By Eastern's failure to respond, Eastern is also thwarting the very purpose of discovery. This Court should not condone such conduct, and should compel Eastern to answer to the interrogatories and provide the responses to the City's requests for production of documents in order to mitigate the prejudice suffered by the City.

Fed. R. Civ. P. 37(a)(4) permits this Court to award a party reasonable expenses, including attorneys' fees, incurred in making a motion to compel, unless the Court finds that the motion was filed without the movant making a good faith effort to obtain discovery without the Court's intervention. As stated herein, the City's counsel has repeatedly requested responses to

discovery, but Eastern has repeatedly refused or evaded its obligation under the Federal Rules of Civil Procedure and the Modified Scheduling Order.

IV.   CONCLUSION

Wherefore, the City of Lawrence respectfully requests that this Honorable Court compel Eastern Contractors, Inc. to respond to the City's interrogatories and requests for production of documents within ten (10) days of this Court's order. The City further request that this Court order the payment of reasonable attorney's fees associated with the costs of preparing this motion.

Dated: March 27, 2006

Respectfully submitted,
Third-Party Defendant/Third-Party Counterclaimant:
CITY OF LAWRENCE,
By its Attorneys,

_____/s/ Doreen M. Zankowski_____
Joel Lewin (BBO# 298040)
Doreen M. Zankowski (BBO# 558381)
Hinckley Allen Snyder LLP
28 State Street
Boston, MA  02109-1775
(617) 345-9000

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 27th day of March 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

    Bradford R. Carver, Esq.
    Eric H. Loeffler, Esq.
    Hinshaw & Culbertson, LLP
    One International Place, 3rd Floor
    Boston, MA  02110

    Edward J. Quinlan, Esq.
    David J. Keenan, Esq.
    Quinlan & Sadowski, P.C.
    11 Vanderbilt Avenue, Suite 250
    Norwood, MA 02062

                                            */s/ Doreen M. Zankowski*
                                            _____