# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARTFORD FIRE INSURANCE CO.,<br>　　　　Plaintiff, | ) <br> ) <br> ) <br> ) |
| vs. | ) <br> ) |
| EASTERN CONTRACTORS, INC.,<br>　　　　Defendant/Third-Party Plaintiff, | ) <br> ) <br> ) |
| | ) 　　　　C.A. No. 03-12502 RGS |
| vs. | ) <br> ) |
| CITY OF LAWRENCE, CITY OF FALL<br>RIVER, AND FREETOWN/LAKEVILLE<br>REGIONAL SCHOOL DISTRICT<br>　　　　Third-Party Defendants. | ) <br> ) <br> ) <br> ) <br> ) |

## CITY OF LAWRENCE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THIRD-PARTY PLAINTIFF EASTERN CONTRACTORS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the City of Lawrence ("Lawrence") hereby requests and demands that Eastern Contractors, Inc., ("Eastern") produce for inspection and/or copying all documents and things described herein within 30 days, at the offices of Hinckley, Allen & Snyder LLP, 28 State Street, Boston, Massachusetts, or at such other time and place as may be mutually agreed upon by counsel.

## GENERAL INSTRUCTIONS

1.    You shall specify which documents are produced in response to each of the numbered paragraphs.

2.     If any document or thing herein requested was formerly in the possession, custody

or control of the producing party and has been lost or destroyed, that party is requested to submit

in lieu of each document a written statement which:

      a.     Describes in detail the nature of the document and its contents;

      b.     Identifies the person who prepared or authored the document and, if
          applicable, the person to whom the document was sent;

      c.     Specifies the date on which the document was prepared or transmitted or
          both;

      d.     Specifies, if possible, the date on which the document was lost or
          destroyed, and, if destroyed, the conditions of or reasons for such
          destruction and the persons requesting and performing the destruction.

3.     If any documents otherwise required to be produced by this request are withheld,

the producing party shall identify the document by stating its date, author, recipients and the

reason for withholding.

4.     When an objection is made to any document request or any subpart thereof, it

shall state with specificity all grounds upon which the objecting party relies.

5.     This request for production of documents is continuing and any document

obtained or located subsequent to production which would have been produced had it been

available or its existence known at the time is to be supplied forthwith.

## INSTRUCTIONS CONCERNING
## CLAIMS OF PRIVILEGE OR IMMUNITY

As to each document herein requested to be produced which you withhold on the ground

of privilege or as having been prepared in anticipation of litigation, please state the following

information:

1.     its date;

2.     names and positions of all persons who participated in its preparation;

3.    names and positions of all persons to whom the document or a copy was addressed or who have seen the document or a copy thereof or to whom its contents have been disclosed;

4.    its subject matter; and

5.    the grounds for non-production.

## GENERAL DEFINITIONS

1.    The word "document" or "documents" refers to any printed, written, taped, recorded, graphic, electronic, computerized print-out, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or neither, including, but not limited to, the original, a copy (if the original is not available) and all non-identical copies (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, cables, telexes, contracts, proposals, agreements, minutes, books, forecasts or appraisals, papers, records, reports, diaries, statements, questionnaires, schedules, computer programs or data, books of account, calendars, graphs, charts, transcripts, tapes, transcripts or recordings, photographs, pictures or film, ledgers, registers, worksheets, summaries, digests, financial statements, and all other information or data, records or compilations, including all underlying supporting or preparatory material now in your possession, custody or control, or available to you, your counsel, accountants, agents, representatives or associates. "Document" or "documents" specifically includes but is not limited to any documents kept by individuals in their desks, at home or elsewhere.

2.    The term "communication" or "communicate" includes any and all information relating to all written and oral communications and "documents" (as hereinabove defined),

whether or not any such document, or the information contained therein, was transmitted by its author to any other person.

3.    "Person" or "Persons", shall mean and include any and all a natural person, partnership, firm or corporation or any other kind of business or legal entity, its agents or employees.

## ADDITIONAL DEFINITIONS

1.    "Lawrence" shall mean the Third-Party Defendant/Third-Party Counterclaimant, City of Lawrence, and any and all employees, officers, agents or persons otherwise affiliated with the City of Lawrence.

2.    "Eastern Contractors, Inc." shall mean the Defendant/Third-Party Plaintiff/Third-Party Counterclaim Defendant, and any and all employees, officers, agents or persons otherwise affiliated with Eastern.

3.    "Hartford" shall mean Plaintiff Hartford Fire Insurance Company, and any and all employees, officers, agents, representatives or others who have acted for or on its behalf.

4.    "S&R" shall mean S&R Construction Company, Inc., and any and all employees, officers, agents, representatives or others who have acted for or on its behalf.

5.    The "Project" shall refer to all construction and related work performed by or on behalf of Eastern or any other persons in connection with the Wetherbee School construction project in Lawrence, Massachusetts.

## DOCUMENTS TO BE PRODUCED

1.    All correspondence and other communications between S&R and Eastern or between Hartford and Eastern that relate to the Project.

2.      All correspondence and other communications between Eastern and any other person or entity, including but not limited to any lenders, contractors, subcontractors, suppliers, laborers, materialmen, insurance carriers, regulatory agencies, bonding companies, architects, engineers, and municipal or other governmental officials, including but not limited to Lawrence, which refer to, reflect or discuss S&R's work on the Project or any work performed on S&R's behalf by Eastern, Hartford, or any other person or entity.

3.      Any and all inter-office and intra-office correspondence and other communications within Eastern or between Eastern and any other person or entity that refer to, reflect or discuss S&R or any work performed by, or on behalf of, S&R in connection with the Project.

4.      Any and all documents describing or recording or revealing or relating to any and all person-to-person conversations, or telephone conversations, by and/or between Eastern and any other person or entity that refer to, reflect or discuss S&R's work on the Project or any work performed on S&R's behalf by Eastern, Hartford, or any other person or entity.

5.      All documents that relate to, evidence, or support any claims by S&R and/or Hartford that it encountered conditions on the Project that resulted in allegedly extra work beyond the scope of the contract documents for the Project.

6.      All documents that relate to, evidence, or support S&R's and/or Hartford's claims that it is entitled to additional compensation for allegedly extra work performed on the Project.

7.      All documents that relate to, evidence, or support any claims for additional compensation submitted by Eastern to Lawrence that relate to S&R's and/or Hartford's work on the Project.

8.      All documents relating to the termination of S&R's subcontract with Eastern in connection with the Project.

9.      All documents on which Eastern purports to rely to support its position that Lawrence is legally responsible for any of S&R's and/or Hartford's claims related to the Project.

10.     All documents that relate to, or evidence, any work performed by Hartford and/or Eastern on behalf of S&R on the Project.

11.     All correspondence by and between Eastern, Hartford, S&R or any other person or entity related to any work performed by Hartford and/or Eastern on behalf of S&R on the Project.

12.     All memoranda and notes which refer to, reflect or discuss S&R and/or Hartford in connection with the Project.

13.     Any and all documents that constitute or evidence any contracts or other agreements, formal or informal, including any and all modifications, change orders, additions, or any other documents purporting to affect any such contract or agreement, between Eastern and S&R or between Eastern and Hartford that relate to the Project.

14.     Any and all documents which constitute or evidence any contracts or other agreements, formal or informal, including any and all modifications, change orders, additions, or any other documents purporting to affect any such contract or agreement, between Eastern and any other person or entity, including but not limited to the construction manager, architects, engineers, consultants, contractors, subcontractors, suppliers, laborers, and lenders, which refer to, reflect or discuss S&R's and/or Hartford's work on the Project.

15.    All documents on which Eastern relies to support its claims that the contract documents provided by Lawrence in connection with the Project were not "complete, adequate, accurate, detailed and workable."

16.    All documents on which Easter relies to support its claims that the contract documents provided by Lawrence contained omissions, defects, deficiencies and misrepresentations.

17.    All documents on which Eastern relies to support its claims that Eastern substantially completed its work in accordance with the contract documents.

18.    All documents on which Eastern relies to support its claims that it was required to perform additional work on the Project that is beyond the scope of its general contract with Lawrence, including, but not limited to, any documents that support Eastern's claims that Lawrence has failed to pay Eastern for work performed on the Project.

19.    All documents on which Eastern relies to support its claims that "the number of requests for proposal [sic] and construction change requests issued for this Project was a substantial deviation from the Project plans and specifications as originally bid by Eastern..."

20.    All documents on which Eastern relies to support its claims that Lawrence "prevented, hindered or excused" Eastern's performance of any contractual term, condition or obligation in connection with the Project.

21.    All documents on which Eastern relies to support its claims that Lawrence committed certain acts or omissions that delayed or disrupted Eastern's performance of its contractual obligations on the Project.

22.    All documents on which Eastern relies to support the allegations contained in Paragraph 47 of its Third-Party Complaint against Lawrence in this action.

23.    All backup files or supporting documents for all change orders requested, approved, denied and/or disputed that relate to the Project, including, but not limited to, notice letters, memoranda, or statements, estimates of the value of the changed work, including letters, materials, and equipment take-offs, and any schedule analysis of the impact of the changed work.

24.    Any and all reports or analyses from any consultant relating to any of the claims or defenses asserted in this action by any party.

25.    Any and all chronologies prepared by or on behalf of Eastern with respect to the Project.

26.    All progress schedules, including bar charts or network diagrams, updates, and accompanying narrative reports, including but not limited to the baseline schedule in connection with the Project.

27.    All minutes, memoranda and notes from any meetings, held prior to or during the course of the construction, whether received, published, circulated, or maintained personally, along with any and all written comments on or responses thereto, which refer to, reflect or discuss the Project.

28.    All daily reports, diaries or logs that refer to, reflect or discuss the Project.

29.    Any and all invoices, bills of lading, receipts, delivery receipts, or other documents issued or received or in the possession of Eastern with respect to labor, material, services, rental expenses, or other items furnished for the Project.

30.    Any and all cancelled checks, ledgers, books or other documents evidencing payment made by or to Eastern concerning the Project, including but not limited to any payments made by Lawrence.

31.    Any and all photographs, diagrams, models, or other such documents or things, including but not limited to still, videotaped, time-motion or other films which refer to, reflect or discuss any claims or defenses being asserted in this action.

32.    All estimates and take-offs (and all backup or summary documents relating thereto) for the furnishing of labor, material or services, whether prepared by, or on behalf of, Eastern relating to the Project.

33.    Any periodic cost reports maintained by Eastern for the Project.

34.    All comparisons, summaries, tabulations and analyses comparing costs actually incurred on the Project with costs originally anticipated for such work.

35.    All comparisons, summaries, tabulations, and analyses comparing actual man-hours expended on the Project with man-hours originally anticipated for such work.

36.    All payroll records reflecting the identity, time and compensation of employees assigned to work on the Project, including all certified payroll records for Eastern personnel working on the Project and any subcontractors or suppliers of Eastern working on the Project.

37.    Documents reflecting equipment type, equipment hours, and dollar amounts charged to the Project.

38.    All documents, schedules, logs, memoranda, reports, charts, notes, working papers, or other documents and summaries thereof, that contain any information with regard to Project delays or unanticipated conditions on the Project site.

39.    All documents purporting to be certifications of substantial or final completion.

40.    All requests for information, interpretation and clarification of the contract documents, plans and specifications submitted by Eastern on the Project and all logs, files, and responses thereto.

41.    All documents concerning quality control procedures, supervision, coordination, orders, or opinions by Eastern or others personnel relating to the Project.

42.    All protests or objections filed for the Project, detailing any objections to instructions, rulings, decisions, changes, and the like in connection with the Project, and all responses thereto.

43.    All documents that support, evidence, or relate to any claim or defenses asserted by Eastern in connection with this action.

44.    Any and all documents, writings or communications identified in any responses to Interrogatories provided by Eastern in this matter.

45.    Any and all records, documents, notes, correspondence, witness statements or memoranda of any kind which pertain to the events referred to in this matter.

46.    All documents that relate to, evidence or support any request for allegedly extra or additional work or extensions of time on the Project, whether approved, denied and/or disputed including, but not limited to, notice letters, memoranda, or statements, estimates of the value of the extra/additional work, including letters, materials, and equipment take-offs, and any schedule analysis of the impact of the extra/additional work.

47.    All documents which reflect any analysis or discussion of any extension(s) of time for performance by Eastern of the work, including allegedly extra or additional work, in connection with the Project.

48.    Any and all documents and/or things that Eastern intends to introduce as evidence or chalks at trial.

49.    Any and all documents that support Eastern's affirmative defenses to Lawrence's Third-Party Counterclaim filed in this action.

50.    Any and all documents that support Eastern's affirmative defenses to Hartford's Complaint filed in this action.

51.    Any and all documents that support the allegations contained in Eastern's Counterclaim filed against Hartford in this action.

52.    Any and all expert or other reports generated by any expert or other witness whom you intend to call at the trial of this case.

Respectfully submitted,

Third-Party Defendant/Third-Party Counterclaimant:

CITY OF LAWRENCE,

By their Attorneys,

Date: February 28, 2005

Joel Lewin (BBO# 298040)
Doreen M. Zankowski (BBO# 558381)
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 28th day of February 2005, I served a copy of the foregoing document on counsel of record by first class mail, postage prepaid.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HARTFORD FIRE INSURANCE CO., <br>     Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| EASTERN CONTRACTORS, INC., <br>     Defendant/Third-Party Plaintiff, | ) ) ) | C.A. No. 03-12502 RGS |
| vs. | ) ) ) | |
| CITY OF LAWRENCE, CITY OF FALL <br> RIVER, AND FREETOWN/LAKEVILLE <br> REGIONAL SCHOOL DISTRICT <br>     Third-Party Defendants. | ) ) ) ) ) | |

## CITY OF LAWRENCE'S FIRST SET OF INTERROGATORIES
## PROPOUNDED TO EASTERN CONTRACTORS, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the City of Lawrence

("Lawrence") hereby request and demand that Eastern Contractors, Inc., ("Eastern") serve

written answers to the following interrogatories (the "Interrogatories") within the time required

by the Rules of Civil Procedure, upon counsel for Lawrence, Hinckley, Allen & Snyder LLP, 28

State Street, Boston, Massachusetts.

### INSTRUCTIONS

1.      Your attention is called to the duty to supplement your responses to these

Interrogatories with respect to information and/or documents hereinafter acquired.

2.      In answering these Interrogatories, you must furnish all information that is known

or available to you. If any of these Interrogatories cannot be answered in full, or if you object to

some part of an interrogatory, you must answer the interrogatory to the fullest extent possible,

specifying the reason(s) for your inability or refusal to answer the remainder and inserting

whatever information, knowledge or belief you now have concerning the unanswered portions.

3.     If you assert any privilege in responding to these Interrogatories, state the type of

privilege asserted and the basis for its assertion. In addition, identify the communication or

document with respect to which the privilege is asserted. For any document with respect to

which a privilege is asserted, state:

> a.     the type of document, (e.g., letter, memorandum, contract, etc.), the date of the document, and the subject matter of the document;

> b.     the name, address, and position of the author of the document and of any person who assisted in its preparation;

> c.     the name, address, and position of each addressee or recipient of the document or any copies of it; and

> d.     the present location of the document and the name, address, and position of the person having custody of it.

## DEFINITIONS

1.     "Lawrence" shall mean the Third-Party Defendant/Third-Party Counterclaimant,

City of Lawrence, and any and all employees, officers, agents or persons otherwise affiliated

with the City of Lawrence.

2.     "Eastern Contractors, Inc." shall mean the Defendant/Third-Party Plaintiff/Third-

Party Counterclaim Defendant, and any and all employees, officers, agents or persons otherwise

affiliated with Eastern.

3.     "Hartford" shall mean Plaintiff Hartford Fire Insurance Company, and any and all

employees, officers, agents, representatives or others who have acted for or on its behalf.

4.     "S&R" shall mean S&R Construction Company, Inc., and any and all employees,

officers, agents, representatives or others who have acted for or on its behalf.

5.      The "Project" shall refer to all construction and related work performed by or on behalf of Eastern or any other persons in connection with the Wetherbee School construction project in Lawrence, Massachusetts.

6.      The term "document" shall include but not be limited to material of every type and description within the scope of M.R.C.P. Rules 26 and 34, however produced and reproduced, including, but not limited to, correspondence, communications, contracts, subcontracts, agreements, transmittals, schedules, sketches, drawings, proposed change orders ("PCO"), notes, diaries, photographs, samples, punch cards, discs, microfilm, bulletins, telegraphs, tape recordings, dictaphone tapes, printouts, financial records, corporate records and reports, minutes of meetings, credit records and reports, written statements, periodicals, policy or other manuals, warranties, advertising, contracts, work papers, work sheets, charts, tables, graphs, photographs, notebooks, instructions, payroll records, invoices, bills, statements, promissory notes, checks, and handwritten notes.

7.      The term "communication" means any act or instance of transferring, transmitting, passing, delivering or giving information, by oral, written, or electronic means, including but not limited to by notes, letter, telegram, telex, telephone facsimile, tape, electronic mail, voice mail or otherwise.

8.      The term "reflecting" means evidencing, demonstrating, touching upon, mentioning, commenting on, incorporating, analyzing, transcribing, noting, evaluating, reviewing, reporting on, critiquing, criticizing or showing in any way.

9.      The term "concerning" means regarding, having as a subject, in part or in whole, making reference to, showing, or reflecting in any way.

10.    The term "internal", when used to refer to a document, means generated or produced for intra-company or intra-corporate use or record and not for distribution outside the company or corporation in the ordinary course of business.

11.    The term "personal", when used to refer to a document or communication, means generated or produced by the author for personal record, communication, use or other personal purpose within or outside the company or corporation or for storage in a file, drawer, cabinet or other storage space maintained by the author or his designee apart from other corporate or company files.

12.    The term "prepared" means written, authorized to be written, prepared or produced in any other manner in tangible form.

13.    "Identify" means:

    a.    when used in reference to any individual person, to state his or her full name, residence address, current or last known employer, business address, and job classification;

    b.    when used in reference to a business entity, to state its full name and its principal business address;

    c.    when used in reference to a writing or document, to state:

        i.    the date of the document;

        ii.    the name of each person, firm, corporation, or association appearing on the document as part of a letterhead or as addressee or as signatory or as one accepting, approving, agreeing to, ratifying or acknowledging receipt of such writing; and

        iii.    a statement as to whether you have in your possession or control such writing or a copy thereof, and if not, all knowledge and information you have as to the present or last known location and custody of said writing and any copy thereof;

    d.    when used in reference to a communication, to state:

        i.    the date and place of the statement;

        ii.     the identity of each person who participated in or heard any part
of the statement;

        iii.    the substance of what was said by each person who participated in
making the statement; and

        iv.    the identity and custodian of any writing or any mechanical or
electrical recording that recorded, summarized or confirmed the
oral statement.

    e.    when used in reference to a position taken or decision made by Eastern
with respect to the Project state:

        i.     all facts relied upon by Eastern to support a particular position
taken or relied upon in making a decision on the Project which
are the subject of any of Lawrence's interrogatories;

        ii.    the identity of any person involved in establishing Eastern's
position or rendering the decision; and

        iii.    a detailed description of all documents which were relied upon by
Eastern to support the position taken or the decision made.

14.    All other terms and definitions are to be interpreted in their common, ordinary
sense, or, where applicable, in the sense commonly understood in the construction industry.

## INTERROGATORIES

1.  Identify the full name, business and residential address, and the position held with
Eastern of each person answering or serving as a source of information used in responding to
these Interrogatories, and state whether, prior to answering these Interrogatories, each such
person made full inquiry of all necessary documents and information so as to enable them to
fully and truthfully answer these Interrogatories.

2.  Please identify any and all persons having knowledge of any relevant facts pertaining
to this case, including in your identification:

    (a)    the names of such persons;

(b)     the residential addresses of such persons;

(c)     the current business addresses of such persons;

(d)     the business addresses of such persons, at the time that such persons acquired knowledge of facts pertaining to this case; and

(e)     the nature of the facts and information held by such persons.

3.      Set forth the name, residential and business address, and position held within Eastern of all individuals responsible for coordination of S&R's work on the Project.

4.      With respect to any contracts or agreements entered into between S&R and Eastern or between Hartford and Eastern with respect to the Project, please set forth the following:

(a)     whether such contracts or agreements were oral or written;

(b)     the date such contracts or agreements were entered into;

(c)     the terms and conditions of such contracts or agreements; and

(d)     whether there were any modifications, cancellations, or other alterations to such contracts or agreements that changed in any way the obligations of S&R, Eastern, or Lawrence to each other, and if so, the terms and conditions of such modifications, cancellations or other alterations.

5.      With respect to each allegation of Eastern's Third-Party Complaint against Lawrence in this action that Eastern allegedly performed additional or extra work for which additional compensation is sought and Lawrence has allegedly failed to pay, please set forth as to each such item:

(a)     the full description of each item and the amount sought;

(b)     the date on which Eastern first advised Lawrence in writing as to the claim for each such item of work;

(c)     an itemization of the labor performed, equipment used, or materials furnished for each claim item;

(d)     the facts and grounds on which you base your answer that such item is an extra in the amount requested by Eastern including, where applicable, each and every pertinent provision of the contract specifications or plans on which you base your answer;

(e)     the identity by author and date of every document that substantiates the amount of your claim or pertains to the facts or position stated in the answer to (d); and

(f)     the name, address, and position of the persons most familiar with Eastern's position as to each of the claim items.

6.      Set forth all facts, identify all persons with knowledge of such facts, and identify all documents and communications that support Eastern's allegations in the Third-Party Complaint that the City is responsible for Hartford's claims against Eastern.

7.      Identify all documents that support the amount of Eastern's alleged damages asserted in the Third-Party Complaint filed against Lawrence in this action. Include in your answer a detailed description of all documents that support Eastern's allegation that the City is legally responsible for Eastern's alleged damages.

8.      Identify all documents, including contract documents, that describe S&R's scope of work on the Project and documents that Hartford relies on to support its contention that S&R's work on the Project has been completed in accordance with the requirements of the contract documents, including punch list work and extra work. For each such document, kindly set forth the following:

(a)     the date of each document, including the date(s) of every revision thereto;

(b)     the origin of each document, including the person or entity responsible for preparing each document;

(c)     whether the scope of work detailed by each document was performed by S&R or another person or entity;

#519348                                                 7

(d)    whether S&R encountered any deficiencies with any document, in particular the plans and specifications, and whether such documents fully described S&R's scope of work on the Project;

(e)    whether S&R, or any other person or entity, performed the scope of work detailed on each such document as shown or whether performance deviated from the work detailed on the document; and

(f)    if S&R's work, or work performed on behalf of S&R, deviated from the work as shown on the document, state the person or persons who approved the deviation, how such approval was requested and obtained; and whether any documents exist to support the same.

9.    With respect to each event on the Project for which Eastern made a request for a time extension, please set forth as to each event:

(a)    the date that Eastern first became aware of Eastern's entitlement to a time extension;

(b)    the date on which the Eastern advised Lawrence as to its request for said extension and whether such notice was oral or written;

(c)    the date on which Eastern submitted the critical path analysis to Lawrence to justify each such request for a time extension;

(d)    the facts and grounds on which you base your answer to Interrogatory No. 9(a) above that you were entitled to any time extension, including, where applicable, each and every pertinent provision of the general contract on which you base your answer;

(e)    the identity by author and date of every document that substantiates or pertains to the facts or position stated in the answers to the previous subparts of this Interrogatory; and

(f)    the name, address, and position of the persons most familiar with the requested extension for each event for which any extension is sought.

10.    With respect to any allegation by Eastern against Lawrence in this action that any part of the plans or specifications for the Project allegedly contained omissions, defects, deficiencies, or misrepresentations, please set forth as to each such allegation:

(a)    a complete and detailed description of each alleged omission, defect, deficiency, or misrepresentation;

#519348                                    8

(b)    the date Eastern first became aware of each alleged omission, defect, deficiency, or misrepresentation;

(c)    the facts on which you base your position that the plans or specifications are defective;

(d)    a complete and detailed statement of the impacts, if any, each alleged omission, defect, deficiency, or misrepresentation had on Eastern's work on the Project; and

(e)    the identification by author and date of all documents that substantiate Eastern's answers to the previous subparts of this Interrogatory.

11.    With respect to each and every instance that Eastern alleges delays, inefficiencies, obstructions or hindrances that interfered with the progress of its work on the Project, please set forth as to each such allegation:

(a)    a complete and detailed statement of the cause of each delay alleged by Eastern;

(b)    the date Eastern was first aware of each alleged condition or delay;

(c)    the date, parties present, and, in detail, the contents of any communications between Eastern and Lawrence and between Eastern and any other person or entity regarding the delay;

(d)    a complete and detailed statement of all actions taken by Eastern to expedite, mitigate, or remove the cause or impacts of the delay;

(e)    the compensation to which Eastern alleges it is entitled as a result of each such delay including all facts and grounds upon which Eastern relies to support it position that it is entitled to same;

(f)    the identification by author and date of all documents constituting notice of the delay; and

(g)    the identification by author and date of all documents that substantiate Eastern's answers to the previous subparts of this Interrogatory.

12.    With respect to each and every denial by Eastern of any allegation of any paragraph of Lawrence's Third-Party Counterclaim in this action, please set forth:

(a)    the facts and grounds on which you base your denial including, where applicable, any pertinent provisions of the contract plans or specifications on which you rely to support said denial;

(b)    the identity by author and date of every document that substantiates or pertains to the facts or position of the persons most familiar with your position with respect to each denial; and

(c)    the name, address and position of the persons most familiar with your position with respect to each denial.

13.    With respect to each and every denial, or affirmative defense asserted, by Eastern of any allegation of any paragraph of Hartford's Complaint in this action, please set forth:

(a)    the facts and grounds on which you base your denial including, where applicable, any pertinent provisions of the contract plans or specifications on which you rely to support said denial;

(b)    the identity by author and date of every document that substantiates or pertains to the facts or position of the persons most familiar with your position with respect to each denial; and

(c)    the name, address and position of the persons most familiar with your position with respect to each denial.

14.    With respect to each and every plan or schedule for the completion of the Project, please set forth in full and complete detail the following:

(a)    the date each schedule or plan was prepared;

(b)    the identity of the persons who prepared each schedule or plan;

(c)    the start and finish dates and sequence of all activities on the schedule or plan; and

(d)    the date on which, and to what representative of Lawrence, each schedule or plan was provided and the manner that it was provided.

15.    Set forth all facts on which you rely to support your contention that Lawrence has wrongfully withheld monies from Eastern relating to the Project.

16.     Identify all documents that substantiate any change order requests or claims that

Eastern submitted to Lawrence in connection with the Project, including for each document:

        (a)    the date of each document, including the date(s) of every revision thereto;

        (b)    the origin of each document, including the person or entity responsible for
                preparing each document;

        (c)    a complete and detailed statement of the scope of extra work or change;

        (d)    Lawrence's response to any such document, including the date and origin
                of the response; and

        (e)    all documents that support Eastern's position that such requests or claims
                complied with the requirements of the general contract between Lawrence
                and Eastern.

17.     If Eastern's work deviated from the work required under the contract documents,

state the person or persons who approved the deviation, how such approval was requested and

obtained; and whether any documents exist to support Eastern's position regarding each

deviation.

18.     Set forth all facts, identify all persons with knowledge of such facts, and identify

all documents and communications which support Eastern's calculation and accounting of

S&R's final subcontract price and all change order or extra work relating to S&R.

19.     Set forth all facts, identify all persons with knowledge of such facts, and identify

all documents and communications which support Eastern's calculation and accounting of its

final general contract price and all change order or extra work relating to the Project.

20.     Set forth all facts, identify all persons with knowledge of such facts, and identify

all documents and communications that indicate that S&R and/or Hartford has complied with all

claim procedures under: (1) S&R's subcontract with Eastern; (2) Eastern's general contract with

Lawrence; and (3) the bond issued by Hartford in connection with the Project.

21.    Set forth all facts, identify all persons with knowledge of such facts, and identify all documents and communications that indicate that Eastern has complied with all claim procedures under the general contract between Eastern and Lawrence in connection with the Project.

22.    Please identify each and every document that you or your attorney expects to introduce into evidence at the trial of this case, including in your answer:

      (a)    the date of the document;

      (b)    the author and any and all recipients of the document;

      (c)    a summary of the document; and

      (d)    the present location of the document.

23.    With reference to all expert witnesses that Eastern expects to call at trial:

      (a)    please state the full name, business address, field of expertise, and extent of knowledge of the Project of each person whom Eastern expects to call at trial as an expert witness;

      (b)    please set forth fully and in detail the subject matter about which and the substance of the facts and opinions to which each expert witness referred to in your answer to Interrogatory No. 23(a) is expected to testify; and

      (c)    for each person whom you identify in your answer to Interrogatory No. 23(a), please give a summary of the grounds for each opinion as to which he or she is expected to testify.

24.    With reference to all other witnesses that Eastern expects to call at trial:

      (a)    please state the full name, business address, and extent of knowledge of the Project of each person whom Eastern expects to call at trial as a witness;

      (b)    please set forth fully and in detail the subject matter about which and the substance of the facts and opinions to which each witness referred to in your answer to Interrogatory No. 24(a) is expected to testify; and

    (c)    for each person whom you identify in your answer to Interrogatory No. 24(a) please give a summary of the grounds for each opinion as to which he or she is expected to testify.

25.    With reference to all expert witnesses that Eastern expects to retain:

    (a)    please state the full name, business address, field of expertise, and extent of knowledge of the Project of each person whom Eastern expects to retain as a witness;

    (b)    please set forth fully and in detail the subject matter about which and the substance of the facts and opinions to which each expert witness referred to in your answer to Interrogatory No. 25(a) is expected to opine; and

    (d)    for each person whom you identify in your answer to Interrogatory No. 25(a), please give a summary of the grounds for each opinion for which he or she has been retained to opine.

26.    Identify all documents that substantiate any request for proposals or construction change requests or directives issued by Lawrence in connection with the Project, including for each document:

    (a)    the date of each document, including the date(s) of every revision thereto;

    (b)    the origin of each document, including the person or entity responsible for preparing each document;

    (c)    a complete and detailed statement of the scope of proposed change or directive;

    (d)    Eastern's response to any such document, including the date and origin of the response;

    (e)    all documents that support Eastern's position that such requests or directives constituted a "substantial" deviation from the plans and specifications issued for the Project and constituted a change in the scope of the Project; and

    (f)    all documents that relate to Eastern's alleged "losses, costs and expenses in processing and administering the changes and modifications embodied in the change proposals and change orders issued."

13

Respectfully submitted,

Third-Party Defendant/Third-Party Counterclaimant:

CITY OF LAWRENCE,

By their Attorneys,

Date: February 28, 2005

Joel Lewin (BBO# 298040)
Doreen M. Zankowski (BBO# 558381)
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 28th day of February 2005, I served a copy of the foregoing document on counsel of record by first class mail, postage prepaid.

#519348                                      14