UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO.,<br>    Plaintiff,<br><br>vs.<br><br>EASTERN CONTRACTORS, INC.,<br>    Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>CITY OF LAWRENCE, CITY OF FALL<br>RIVER, AND FREETOWN/LAKEVILLE<br>REGIONAL SCHOOL DISTRICT,<br>    Third-Party Defendants. | C.A. No. 03-12502 NMG |

### AMENDED ANSWER AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT CITY OF LAWRENCE

NOW COMES Third-Party Defendant City of Lawrence (the "City") and responds to Defendant/Third-Party Plaintiff Eastern Contractors, Inc.'s ("Eastern") Third-Party Complaint as follows:

### PARTIES

1.    The City is without sufficient information to admit or deny the allegations contained in paragraph 1 of Eastern's Third-Party Complaint and therefore denies the same.

2.    The City answers that the complaint referenced in paragraph 2 of Eastern's Third-Party Complaint is a written document, the terms of which speak for themselves.

3.    This City admits the allegations contained in paragraph 3 of Eastern's Third-Party Complaint.

#575675v1                                    1

4. The City neither admits nor denies the allegations contained in paragraph 4 of Eastern's Third-Party Complaint.

**JURISDICTION**

5. The City answers that paragraph 5 of Eastern's Third-Party Complaint contains conclusions of law to be determined by the Court. The City further answers that the third party complaint and complaint referenced in paragraph 5 of Eastern's Third-Party Complaint are written documents, the terms of which speak for themselves. To the extent that the remaining allegations contained in paragraph 5 require a response, the City denies the same.

**FACTS**

6. The City answers that the complaint referenced in paragraph 6 of Eastern's Third-Party Complaint is a written document, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 6 require a response, the City is without sufficient information to admit or deny the allegations contained in paragraph 6 of Eastern's Third-Party Complaint and therefore denies the same.

7. The City answers that the complaint referenced in paragraph 7 of Eastern's Third-Party Complaint is a written document, the terms of which speak for themselves. To the extent that the allegations contained in paragraph 7 require a response, the City is without sufficient information to admit or deny the allegations contained in paragraph 7 of Eastern's Third-Party Complaint and therefore denies the same.

8. The City admits that it entered into a public construction contract with Eastern for the construction of improvements and buildings as part of the Wetherbee Elementary School/Middle School Project (the "Project") as alleged in paragraph 8 of Eastern's Third-Party Complaint. The City further answers that the public construction contract referenced in

paragraph 8 of Eastern's Third-Party Complaint is a written document, the terms of which speak for themselves.

9. The City admits that it, as Owner, had caused plans, specifications, drawings, general and supplemental conditions, and other documents to be prepared, published, and disseminated for use by general contractors and subcontractors for submitting bids and constructing the Project as alleged in paragraph 9 of Eastern's Third-Party Complaint. The City further answers that the plans, specifications, drawings, general and supplemental conditions, and other documents referenced in paragraph 9 of Eastern's Third-Party Complaint are written documents, the terms of which speak for themselves.

10. The City answers that the general contract referenced in paragraph 10 of Eastern's Third-Party Complaint is a written document, the terms of which speak for themselves.

11. The City answers that the subcontract referenced in paragraph 11 of Eastern's Third-Party Complaint is a written document, the terms of which speak for themselves. The City further answers that it is without sufficient information to admit or deny the allegations contained in paragraph 11 of Eastern's Third-Party Complaint and therefore denies the same.

12. The City is without sufficient information to admit or deny the allegations contained in paragraph 12 of Eastern's Third-Party Complaint and therefore denies the same.

13. The City is without sufficient information to admit or deny the allegations contained in paragraph 13 of Eastern's Third-Party Complaint and therefore denies the same.

14. The City denies the allegations contained in paragraph 14 of Eastern's Third-Party Complaint.

15. The City is without sufficient information to admit or deny the allegations contained in paragraph 15 of Eastern's Third-Party Complaint and therefore denies the same.

16. The City answers that the complaint referenced in paragraph 16 of Eastern's Third-Party Complaint is a written document, the terms of which speak for themselves.

## COUNT I

17. The City repeats and realleges its responses to paragraphs 1 through 16 as though fully set forth herein.

18. The City denies the allegations contained in paragraph 18 of Eastern's Third-Party Complaint.

19. The City denies the allegations contained in paragraph 19 of Eastern's Third-Party Complaint.

20. The City answers that the complaint referenced in paragraph 20 of Eastern's Third-Party Complaint is a written document, the terms of which speak for themselves.

21. The City is without sufficient information to admit or deny the allegation contained in paragraph 21 of Eastern's Third-Party Complaint that "Eastern denies Hartford's allegations" and therefore denies the same. The City further answers that the complaint referenced in paragraph 21 of Eastern's Third-Party Complaint is a written document, the terms of which speak for themselves.

22. The City denies the allegation contained in paragraph 22 of Eastern's Third-Party Complaint that Eastern was directed by the City not to permit a contractor who was not in compliance with the so-called Project Labor Agreement to perform work at the Wetherbee Project because of threats to labor harmony. The City is without sufficient information to admit or deny all remaining allegations contained in paragraph 22 of Eastern's Third-Party Complaint and therefore denies the same.

23. The City denies the allegations contained in paragraph 23 of Eastern's Third-Party Complaint.

24. The City denies the allegations contained in paragraph 24 of Eastern's Third-Party Complaint.

## COUNT II

25. The City repeats and realleges its responses to paragraphs 1 through 24 as though fully set forth herein.

26. The City is without sufficient information to admit or deny the allegations contained in paragraph 26 of Eastern's Third-Party Complaint and therefore denies the same.

27. The City denies the allegations contained in paragraph 27 of Eastern's Third-Party Complaint.

## COUNT III

28. The City repeats and realleges its responses to paragraphs 1 through 27 as though fully set forth herein.

29. The City admits the allegation contained in paragraph 29 of Eastern's Third-Party Complaint that it entered into a general contract with Eastern for the construction of the improvements for the Wetherbee Elementary School/Middle School in Lawrence, Massachusetts. The City further answers that the general contract referenced in paragraph 29 of Eastern's Third-Party Complaint is a written document, the terms of which speak for themselves.

30. The City admits the allegation contained in paragraph 30 of Eastern's Third-Party Complaint that it furnished documents including plans, specifications, general conditions, supplementary conditions and other documents (the "Contract Documents") for use by Eastern in submitting a bid on the Project and for use in construction of the Project. The City further

answers that the Contract Documents referenced in paragraph 30 of Eastern's Third-Party Complaint are written documents, the terms of which speak for themselves.

31. The City answers that paragraph 31 of Eastern's Third-Party Complaint contains conclusions of law to be determined by the Court. The City further answers that the statute referenced in paragraph 31 of Eastern's Third-Party Complaint is a written statute, the terms of which speak for themselves.

32. The City answers the allegations contained in paragraph 32 of Eastern's Third-Party Complaint that the City delegated responsibility, oversight and control of the preparation of designs, plans and specifications for the Project to an experienced and qualified design firm pursuant to the City's contract with said design firm.

33. The City answers that the Contract Documents referenced in paragraph 33 of Eastern's Third-Party Complaint are written documents, the terms of which speak for themselves.

34. The City denies the allegations contained in paragraph 34 of Eastern's Third-Party Complaint.

35. The City denies the allegations contained in paragraph 35 of Eastern's Third-Party Complaint.

36. The City denies the allegations contained in paragraph 36 of Eastern's Third-Party Complaint.

37. The City denies the allegations contained in paragraph 37 of Eastern's Third-Party Complaint.

38. The City answers that the requests for proposals and construction change requests referenced in paragraph 38 of Eastern's Third-Party Complaint are written documents, the terms of which speak for themselves.

39. The City denies the allegations contained in paragraph 39 of Eastern's Third-Party Complaint.

40. The City denies the allegations contained in paragraph 40 of Eastern's Third-Party Complaint.

41. The City denies the allegations contained in paragraph 41 of Eastern's Third-Party Complaint.

42. The City denies the allegations contained in paragraph 42 of Eastern's Third-Party Complaint.

43. The City denies the allegations contained in paragraph 43 of Eastern's Third-Party Complaint.

44. The City denies the allegations contained in paragraph 44 of Eastern's Third-Party Complaint.

45. The City denies the allegations contained in paragraph 45 of Eastern's Third-Party Complaint.

46. The City denies the allegations contained in paragraph 46 of Eastern's Third-Party Complaint.

47. The City denies the allegations contained in paragraph 47 of Eastern's Third-Party Complaint.

48. The City denies the allegations contained in paragraph 48 of Eastern's Third-Party Complaint.

49. The City answers that paragraph 49 of Eastern's Third-Party Complaint contains conclusions of law to be determined by the Court. The City denies all remaining allegations contained in paragraph 49 of Eastern's Third-Party Complaint.

50. The City denies the allegations contained in paragraph 50 of Eastern's Third-Party Complaint.

51. The City answers that paragraph 51 of Eastern's Third-Party Complaint contains conclusions of law to be determined by the Court.

52. To the extent that paragraph 52 of Eastern's Third-Party Complaint requires a response, the City answers that it is without sufficient information to admit or deny the allegations contained in paragraph 52 of Eastern's Third-Party Complaint and therefore denies the same.

## COUNT IV

53. The City repeats and realleges its responses to paragraphs 1 through 52 as though fully set forth herein.

54. The City is without sufficient information to admit or deny the allegations contained in paragraph 54 of Eastern's Third-Party Complaint and therefore denies the same.

55. The City admits the allegations contained in paragraph 55 of Eastern's Third-Party Complaint.

56. The City admits the allegations contained in paragraph 56 of Eastern's Third-Party Complaint.

57. The City denies the allegations contained in paragraph 57 of Eastern's Third-Party Complaint.

58. The City denies that it has paid Eastern $21,087,986 as alleged in paragraph 58 of Eastern's Third-Party Complaint. The City has paid Eastern a total of $21,393,579.36. The City denies all remaining allegations contained in paragraph 58 of Eastern's Third-Party Complaint.

59. The City denies the allegations contained in paragraph 59 of Eastern's Third-Party Complaint.

60. The City denies the allegations contained in paragraph 60 of Eastern's Third-Party Complaint.

61. The City denies the allegations contained in paragraph 61 of Eastern's Third-Party Complaint.

## AFFIRMATIVE DEFENSES

1. Eastern has failed to state a claim against the City upon which relief may be granted.

2. Eastern's claims must be denied because any losses suffered by Eastern are due to actions, errors, omissions, breaches of contract, and/or other conduct of Eastern or others, for which the City is not legally responsible.

3. Eastern's claims are barred by its failure to timely complete the work in accordance with its contract with the City and the schedule requirements set forth in the contract.

4. Eastern's claims must be denied due to the offsets held by the City and actual damages suffered due to Eastern's untimely completion of the Project.

5. Eastern's claims are barred by the statute of frauds.

6. Eastern's claims are barred by its failure to mitigate its damages.

7. Eastern's claims are barred by one or all of the doctrines of waiver, relief, accord and satisfaction, and equitable estoppel.

8. Eastern's claims must be denied to the extent that Eastern has failed to comply with the terms and conditions of its subcontract with S&R Construction Company, Inc., its labor and material bonds with Hartford, and/or its general contract with the City.

9. Eastern's claims are barred by its failure to exhaust all of its statutory and contractual remedies.

10. Eastern's claims are barred by its failure to satisfy the conditions precedent to filing this lawsuit, as set forth in § 4.5 of the General Contract.

11. In so far as Eastern has asserted the claims of Plaintiff, Hartford Fire Insurance Company ("Hartford"), against the City, those claims must be denied as a result of Hartford's lack of privity with the City.

12. In so far as Eastern has asserted the claims of Plaintiff Hartford against the City, those claims must be denied to the extent that Plaintiff Hartford has failed to exhaust its statutory and contractual remedies.

13. In so far as Eastern has asserted the claims of Plaintiff Hartford against the City, those claims must be denied to the extent that Plaintiff Hartford has not complied with the requirements of M.G.L. c. 30, § 39F.

14. In so far as Eastern has asserted the claims of Plaintiff Hartford against the City, those claims must be denied to the extent that Plaintiff Hartford has not complied with the requirements of M.G.L. c. 30, § 39N.

15. The City hereby gives notice that it intends to rely upon such other and further defenses that may become available through discovery or otherwise and reserve its rights to assert and rely upon such further defenses as of right or by appropriate motion.

# CITY OF LAWRENCE'S AMENDED COUNTERCLAIM AGAINST DEFENDANT/THIRD-PARTY PLAINTIFF EASTERN CONTRACTORS, INC.

## PARTIES

1. Third-Party Defendant/Plaintiff-in-Counterclaim, City of Lawrence (the "City"), is a duly constituted municipality with an address of 200 Common Street, Lawrence, Massachusetts.

2. Upon information and belief, Defendant/Third-Party Plaintiff, Eastern Contractors, Inc. ("Eastern") is a corporation duly formed under the laws of the Commonwealth with a principal place of business in Framingham, Massachusetts.

## COUNT I – BREACH OF CONTRACT

3. The City realleges and incorporates by reference the allegations contained in Paragraphs 1 through 2 above as though fully set forth herein.

4. The City entered into a general contract (the "General Contract") with Eastern in connection with the construction of the Wetherbee Elementary School/Middle School Project (the "Project") in Lawrence, Massachusetts.

5. Under the terms of the General Contract, Eastern was to perform, among other things, certain excavation, utility construction, site preparation, and building work on the Project.

6. Eastern failed and/or refused to perform its work on the Project in accordance with the terms of the General Contract and related documents.

7. Eastern further failed to complete its contract work in a timely manner, resulting in damage and additional cost to the City as a result of the untimely completion of the work.

8. As a result of Eastern's breach of the General Contract, the City has suffered damages in the following current amounts:

    Extended consultant fees:    $451,166.49

| | |
|---|---|
| Direct Payments made by the City on behalf of Eastern: | $183,000.64 |
| Utility bills unpaid by Eastern: | $123,439.63 |
| Attorneys' Fees: | $132,646.61 |
| **Total to-date:** | **$890,253.37** |

9. Accordingly, as a result of Eastern's acts and omissions in breach of its contract, and after application of all withheld sums by the City to the damages, costs and expenses, the City has suffered damages in excess of $250,732.53, for which Eastern is liable.

### COUNT II - INDEMNIFICATION

10. The City realleges and incorporates by reference the allegations contained in Paragraphs 1 through 9 above as though fully set forth herein.

11. Under the indemnification provisions of the General Contract, Eastern is obligated to indemnify the City and hold the City harmless for any claims, damages, losses and expenses of subcontractors employed or used by Eastern for any work done on the Project.

12. To the extent that Plaintiff Hartford prevails on its claim(s) in this action, Eastern must indemnify the City and hold the City harmless for any and all damages, costs and attorneys' fees incurred as a result of said claims.

13. Even if Hartford does not prevail on its claim(s) in this action, Eastern is responsible for paying the City all of the City's expenses, including attorneys' fees and cost(s), incurred in connection with this lawsuit.

WHEREFORE, Third-Party Defendant/Plaintiff-in-Counterclaim City of Lawrence demands judgment against Defendant/Third-Party Plaintiff Eastern Contractors, Inc. in an amount to be determined at trial together with such other relief as this Court deems just and equitable.

Dated: April 3, 2006

Respectfully submitted,
Third-Party Defendant/Third-Party Counterclaimant:
CITY OF LAWRENCE,
By its Attorneys,

_/s/ Doreen M. Zankowski_
Joel Lewin (BBO# 298040)
Doreen M. Zankowski (BBO# 558381)
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

### CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 3rd day of April 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Bradford R. Carver, Esq.
Eric H. Loeffler, Esq.
Hinshaw & Culbertson, LLP
One International Place, 3rd Floor
Boston, MA 02110

Edward J. Quinlan, Esq.
David J. Keenan, Esq.
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062

_/s/ Doreen M. Zankowski_