UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 03-12502 NMG

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) |
|     Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| EASTERN CONTRACTORS, INC., | ) |
|     Defendant/Third Party Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF LAWRENCE, CITY OF FALL RIVER | ) |
| and FREETOWN/LAKEVILLE REGIONAL | ) |
| SCHOOL DISTRICT, | ) |
|     Third Party Defendants | ) |

**EASTERN CONTRACTORS INC.'S OPPOSITION TO THIRD PARTY DEFENDANT, CITY OF LAWRENCE, MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**
**And**
**CROSS MOTION FOR A PROTECTIVE ORDER**

Now comes the Defendant, Eastern Contractors, Inc. (hereinafter "**Eastern**") and hereby opposes the Third Party Defendant City of Lawrence's Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents. In support of its Opposition, Eastern states as follows:

**BACKGROUND**

Counsel for Eastern has been attempting to work co-operatively with counsel for the City of Lawrence in attempting to provide accurate and detailed responses to the City of Lawrence's discovery requests.

The City of Lawrence propounded Fifty-Two (52) separate Requests for Production of Documents; the City of Lawrence propounded twenty-six (26) Interrogatories, many with multiple subparts. The actual total of Interrogatories, including all of the subparts is, at least, eighty (80).

1. **Interrogatories:**

Fed R. Civ. P. 33 states:

> (a) Availability. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served as a public or private corporation or a partnership or association or governmental agency, by any officer or agent who shall furnish such information as is available to the party. …

As can be seen from the Interrogatories propounded upon Eastern Contractors, Inc. attached to the City of Lawrence's Motion to Compel as Exhibit "B", the city of Lawrence propounded a total of twenty-six (26) numbered Interrogatories. Most of these interrogatories contained numerous subparts. The total number of the Interrogatories, including all the subparts, is, at least, eighty (80). This amount clearly exceeds the number of interrogatories allowed by Rule 33 of the Federal Rules of Civil Procedure.

The advisory committee Notes to the 1993 amendment states in pertinent part:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure a leave of court (or he stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation to the device of joining as "subparts" question to seek information about discrete separate subjects. …

While the Advisory Committee Notes to the 1993 Amendment continues: "…, a question asking about communications of a particular type should be treated as a single

interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication," the subparts to the City of Lawrence's Interrogatories in this matter do not lend themselves to be treated as a single interrogatory.

In *Nyfield v. Virgin Islands Telephone Corp., et al*, 200 F.R.D. 246 (No. CIV. 1999/202-MR USDC Virgin Islands, May 10, 2001) the District Court stated:

> "[A]s stated in *Williams v. a Board of County Commissioners of the Unifying Government of Wyandotte County, et al.*, 192 F.R.D. 698, 701 (D. Kan. 2000):
> 'Interrogatories often contain subparts. Some are explicit and separately numbered or lettered, while others are implicit and not separately numbered or lettered. Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limits contained in rule 33(a), or any scheduling order, by rendering it meaningless unless each subpart counts as a separate interrogatory….'"

In *Walker v. Lakewood Condominium Owners Association, et al*, 186 FRD 584, 586 (USDC CD Cal., 1999) the Court stated:

> "Rule 33 (a) expressly forbids a party from serving more than 25 interrogatories upon another party "[w]ithout leave of court or written stipulation." Rule 33(a) was amended to include the numerical limits in 1993. The Rules' Advisory Committee Notes for the 1993 amendments further emphasized that "[t]he purpose of the revision [was] to reduce the frequency and increase the efficiency of interrogatory practice" since "the device can be costly and may be used as a means of harassment." *See* Advisory Committee Note 2 of amendment to rule 33; *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C. 1998); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (c.d. cal. 1998)."

The *Walker* court went on to cite *McCarthy v. Paine Webber Group, Inc.*, 168 448, 449-50 (D.Conn, 1996) holding that a party who served interrogatories with twenty-six (26)

subparts violates numerical limit and must seek leave of court before serving said interrogatories regardless of whether interrogatories have been served previously.

As the City of Lawrence has served Interrogatories which greatly exceed the limit prescribed by Fed. R. Civ. P. 33, Eastern seeks a Protective Order limiting the number of interrogatories to which Eastern is required to respond.

Eastern has worked to prepare responsive answers to each and every one of the interrogatories. At this time draft Answers to the City of Lawrence's Interrogatories have been prepared and have been sent to the client for signature. Is expected that there will not be any substantive changes to the draft Interrogatories and that Eastern Answers to the City of Lawrence's Interrogatories will be signed in substantially the same form as the draft Answers. A copy of the draft Answers is attached hereto as Exhibit "A". Once the signed Answers to Interrogatories are received from the client they will be served upon all parties. This is expected to occur in the very near future, making this motion moot.

*Wherefore:* The Defendant, Eastern Contractors, Inc. respectfully requests that this Honorable Court deny Plaintiff, the City of Lawrence's Motion to Compel Answers to Interrogatories and to issue a Protective Order limiting the City of Lawrence to 25 Interrogatories, including subparts.

2.   **Requests for Production of Documents**

The City of Lawrence propounded fifty-two (52) separate Requests for Production of Documents. (See Exhibit "A" to Memorandum of Reasons in Support of Third-Party Defendant/Third-Party Counterclaimant's Motion to Compel Answers to Interrogatories

and Responses to Request for Production of Documents). A simple reading of these voluminous requests shows that they are only intended to annoy and harass Eastern Contractors Inc. Many of the requests could have been consolidated so as to make the response less onerous.

Eastern has responded to each and every one of these Requests and served its Responses on April 5, 2006. (Eastern's Defendant/Third Party Plaintiff Eastern Contractors, Inc.'s Responses to Third Party Defendant City of Lawrence's Request for Production of Documents are attached hereto as Exhibit "B"). Eastern is in the process of making these documents available for inspection and copying. These Responses make the City of Lawrence's motion moot.

*Wherefore:* The Defendant, Eastern Contractors, Inc. respectfully requests that this Honorable Court deny Plaintiff, the City of Lawrence's Motion to Compel Responses to Requests for Production of Documents.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Defendant Eastern Contractors, Inc.<br>By its attorneys, |
|  |   /s/ David T. Keenan<br>Edward J. Quinlan, Esq., BBO# 409060<br>David T. Keenan, BBO #567325<br>Magdalena A. Loret, Esq, BBO# 653152<br>Quinlan & Sadowski, P.C.<br>11 Vanderbilt Avenue, Suite 250<br>Norwood, MA  02062-5056 |
| Dated: April 5, 2006 | Phone:  781-440-9909; Fax:  781-440-9979 |

## CERTIFICATE OF SERVICE

I hereby certify that it true copy of the foregoing document was served upon the attorney of record for each other party by U.S. Mail, postage prepaid on April 5, 2006
    s/s David T. Keenan
David T. Keenan