UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 03-12502 NMG

HARTFORD FIRE INSURANCE COMPANY, )
        Plaintiff )
 )
vs. )
 )
EASTERN CONTRACTORS, INC., )
        Defendant/Third Party Plaintiff )
 )
vs. )
 )
CITY OF LAWRENCE, CITY OF FALL RIVER )
and FREETOWN/LAKEVILLE REGIONAL )
SCHOOL DISTRICT, )
        Third Party Defendants )

**DRAFT**

## DEFENDANT/THIRD PARTY PLAINTIFF, EASTERN CONTRACTORS, INC.'S ANSWERS TO THIRD PARTY DEFENDANT, CITY OF LAWRENCE'S FIRST SET OF INTERROGATORIES

### GENERAL OBJECTIONS AND PREFATORY STATEMENTS

1.    The Defendant/Third Party Plaintiff, Eastern Contractors, Inc. (**"Eastern"**) objects generally to the interrogatories to the extent that they seek the identification of documents which may be protected by the Attorney/Client privilege, any other privilege, or the Attorney Work Product Doctrine. Any disclosure of privileged documents by Eastern will be inadvertent and Eastern reserves the right to and will seek the return of such documents.

2.    To the extent that any interrogatory may be construed as calling for the identification of documents not in the possession, custody or control of Eastern, Eastern objects to such request.

3.    Eastern is continuing to locate and review additional documents which may be responsive to the interrogatories, and reserves the right to modify or supplement its answers to interrogatories at any time before the trial of this action.

4.    The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and attorneys, unless privileged. The word usage and sentence structure may be that of the

attorney assisting in the preparation of the Answers and thus does not necessarily purport to be the precise language of the executing party.

## ANSWERS

### INTERROGATORY NO.1:

Identify the full name, business and residential address, and the position held with Eastern of each person answering or serving as a source of information used in responding to these Interrogatories, and state whether, prior to answering these Interrogatories, each such person made full inquiry of all necessary documents and information so as to enable them to fully and truthfully answer these Interrogatories.

### ANSWER:

Ramesh K. Motwane, President, Eastern Contractors Inc., 571 Union Avenue, Framingham, Massachusetts, has signed in these answers to interrogatories which have been prepared with the assistance of counsel, and after consultation with records and available personnel from Eastern Contractors Inc. The process of securing information is continuing, and Eastern will supplement these answers to interrogatories.

### INTERROGATORY NO.2:

Please identify any and all persons having knowledge of any relevant facts pertaining to this case, including in your identification:

(a)     the names of such persons;

(b)     the residential addresses of such persons;

(c)     the current business addresses of such persons;

(d)     the business addresses of such persons, at the time that such persons acquired knowledge of facts pertaining to this case; and

(e)     the nature of the facts and information held by such persons.

2

**ANSWER:**

Eastern Contractors Inc. personnel, including the following:

Ramesh K. Motwane, C./O. Eastern Contractors Inc. 571 Union Avenue, Framingham, Massachusetts- Familiar with overall claims on all projects involving S & R and Hartford

Frank Marino, in care of Eastern Contractors, Inc. 571 Union Avenue, Framingham, Massachusetts. Knowledgeable concerning the Waltham Project

Tom Kmiec, in care of Eastern Contractors, Inc., 571 Union Avenue, Framingham, Massachusetts. Knowledgeable concerning the Lawrence Project

Courtney Lackard - address to be supplemented; knowledgeable concerning the Freetown/Lakeville Project

Shirley LaPierre - address to be supplemented - knowledgeable concerning the Waltham Project

Michael Gearan - Knowledgeable concerning the Lynnfield, Fall River and New Bedford projects

Dante Cornelio in care of Eastern Contractors, Inc., 571 Union Avenue, Framingham, Massachusetts.

Suresh Bhatia - address to be supplemented - Knowledgeable concerning the Freetown/Lakeville Project; knowledgeable concerning the Lawrence Project; and knowledgeable concerning the Medway Project.

Raju Calla in care of Eastern Contractors, Inc., 571 Union Avenue, Framingham, Massachusetts-Comptroller/Finance Director, knowledgeable concerning financial matters and records relating to all projects.

Ronald Votta, formerly employed by Eastern Contractors, Inc. - address to be supplemented.

John Rugman in care of Eastern Contractors, Inc., 571 Union Avenue, Framingham, Massachusetts may have knowledge regarding corrective work at Freetown/Lakeville, Medway and Lawrence.

Joe Aguiaar in care of Eastern Contractors, Inc., 571 Union Avenue., Framingham, MA

Steve Keough formally employed by Eastern Contractors, Inc. - address to be supplemented may have knowledge regarding corrective work for deficiencies of S & R and/or Hartford at various projects.

Eastern is continuing to review its personnel records and will supplement this answer.

Hartford Insurance Company personnel and/or consultants

Anthony Branca, P I Associates, 35 Spring Lane, Sharon, MA 02067

Allen Pavlic - Address Unknown - formerly employed by Hartford Insurance Company.

Richard Divine - Address Unknown - formerly employed by Hartford Insurance Company.

Williams Jarvis- 819 Northwest Culbertson Drive, Seattle, Washington, formally employed by Hartford Insurance Company

Gary Judd - in care of Hartford Insurance Company, Hartford, Connecticut.

James Morelewicz, 85 Solee Road, Palm Coast, FL 32137 - Formerly employed by Hartford Insurance Company.

Kevin Gillen, formerly employed by Hartford Insurance Company - Address unknown to Eastern Contractors, Inc..

Donald Goodrich-Goodrich Blessing Insurance Agency 1 Harry St, Cranston, Rhode Island.


S & R Construction

4

Rocco Izzo - Last known address to Eastern Contractors, Inc. is 60 Dyerville Avenue, Johnstown, RI 02919

Other Entities

M.O.N Landscaping - Address to be supplemented regarding corrective work for S & R deficiencies.

Bar Lite Construction- Address to be supplemented - Curbing Contractor which completed work of S & R.

Kaestle Boos Associates, 124 Grove St, Franklin, MA 02038 - architect at the Freetown/Lakeville Project.

Daedulus Projects, Inc., 112 South St, Boston, MA 02111 - Construction Manager at the Freetown/Lakeville Project

E. J. Smith - Address to be supplemented - subcontractor to Hartford causing damage at Freetown/Lakeville.

Mount Vernon Group - architects at the Fall River and New Bedford projects-Address to be supplemented.

St. Paul/Travelers, care of 300 Crown Colony Drive, Quincy, Massachusetts.

Earl Flansburgh & Associates, 77 Washington St, Boston, MA 02114.

David Capaldo - in care of Design Partnership Lead Business Park, 500 Rutherford Avenue, Charlestown, Massachusetts - project architect for the Lawrence Project.

Lawrence School Building Committee - representatives and attorneys who objected to S & R and/or ROC performance of work.

PCC Corporation - P.O. Box 517, Rochester, MA 02770

Rick Noblett - in care of Lovett Silverman Associates, engineering consultant with regard to repair and completion of defective work of S & R Construction at Freetown/Lakeville-Address to be supplemented.

ROC Construction - Last known address believed to be 60 Dyerville Avenue, Johnstown, RI 02919

Eastern continues to review its file and other records, and as discovery continues Eastern will supplement this response.

**INTERROGATORY NO.3:**

Set forth the name, residential and business address, and position held within Eastern of all individuals responsible for coordination of S&R's work on the Project.

**ANSWER:**

Performance of work at the Wetherbee School Project in Lawrence was overseen by Eastern's project managers including Suresh Bhatia, Surely LaPierre, and Ron Votta.  Additional supervision and coordination of work may have been provided by Tom Kmiec, Joseph Licciardi, Steve Kehoe and/or Dante Cornelio or Pat Pisanelli formerly of Eastern Contractors, Inc.

**INTERROGATORY NO.4:**

With respect to any contracts or agreements entered into between S&R and Eastern or between Hartford and Eastern with respect to the Project, please set forth the following:

(a)     whether such contracts or agreements were oral or written;

(b)     the date such contracts or agreements were entered into;

(c)     the terms and conditions of such contracts or agreements; and

(d)     whether there were any modifications, cancellations, or other alterations to such contracts or agreements that changed in any way the obligations of S&R, Eastern, or

Lawrence to each other, and if so, the terms and conditions of such modifications, cancellations or other alterations.

**ANSWER:**

Eastern executed a written agreement with S & R for work at the project and will produce a copy of such contract and any amendments thereto pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Such written agreement incorporated by reference the terms and conditions of the General Contract between Eastern and the City of Lawrence which will also be made available for inspection and copying.

**INTERROGATORY NO.5:**

With respect to each allegation of Eastern's Third-Party Complaint against Lawrence in this action that Eastern allegedly performed additional or extra work for which additional compensation is sought and Lawrence has allegedly failed to pay, please set forth as to each such item:

(a)    the full description of each item and the amount sought;

(b)    the date on which Eastern first advised Lawrence in writing as to the claim for each such item of work;

(c)    an itemization of the labor performed, equipment used, or materials furnished for each claim item;

(d)    the facts and grounds on which you base your answer that such item is an extra in the amount requested by Eastern including, where applicable, each and every pertinent provision of the contract specifications or plans on which you base your answer;

(e)    the identity by author and date of every document that substantiates the amount of your claim or pertains to the facts or position stated in the answer to (d); and

(f)     the name, address, and position of the persons most familiar with Eastern's

position as to each of the claim items.

**ANSWER:**

Hartford Insurance has asserted claims in the Complaint filed in this action against Eastern

Contractors Inc. that Hartford is a successor to all rights and claims of S & R Construction which

including, among other things certain claims are asserted by S & R relating to an adjustment and

increase in unit costs for ledge removal work performed at the Wetherbee Elementary School

Project and subsurface obstructions which Eastern is informed and  believes that Hartford asserts

to be conditions materially different from those indicated on the contract drawings or ordinarily

encountered in work of this nature.   Written correspondence was submitted by or on behalf of S

& R Construction to Eastern Contractors, Inc. which in turn submitted such claims to the City of

Lawrence which rejected such claims as set forth in communications from its project architect.

Eastern is informed and believes that the persons purporting to have knowledge of the underlying

claims asserted by S & R Construction would be Rocco Izzo, of S & R Construction and ROC

Construction.   Jarvis Williams of Hartford Insurance is believed to have knowledge regarding

such claims as is Tony Branca of P. I. Associates; Ron Votta formerly of Eastern Contractors and

now believed to be affiliated with ROC Construction; as well as Dante Cornelio, and Suresh

Bhatia.

Eastern will supplement this answer.

**INTERROGATORY NO.6:**

Set forth all facts, identify all persons with knowledge of such facts, and identify all

documents and communications that support Eastern's allegations in the Third-Party Complaint

that the City is responsible for Hartford's claims against Eastern.

**ANSWER:**

Hartford Insurance has asserted claims in the Complaint filed in this action against Eastern Contractors, Inc. that Hartford is a successor to all rights and claims of S & R Construction which including, among other things certain claims are asserted by S & R relating to an adjustment and increase in unit costs for ledge removal work performed at the Wetherbee Elementary School Project. Written correspondence was submitted by or on behalf of S & R Construction to Eastern Contractors, Inc. which in turn submitted such claims to the City of Lawrence which rejected such claims as set forth in communications from its project architect. Eastern is informed and believes that the persons purporting to have knowledge of the underlying claims asserted by S & R Construction would be Rocco Izzo of S & R Construction and ROC Construction. Jarvis Williams of Hartford Insurance is believed to have knowledge regarding such claims as is Tony Branca of P. I. Associates; Ron Votta formerly of Eastern Contractors, Inc. and now believed to be affiliated with ROC Construction; as well as Dante Cornelio, and Suresh Bhatia.

While Eastern was completing work of S & R Construction, Hartford Insurance Company proposed to use ROC Construction, a newly formed entity believed to be owned and/or controlled by the representatives of the then defunct S & R Construction to perform portions of work. Eastern is informed and believes that the City of Lawrence objected to the use of ROC Construction based upon concerns regarding quality of work, and the failure of that entity to satisfy the requirements of the Project Labor Agreement. Hartford Insurance contends that the costs of completion incurred were approximately $100,000 greater than if ROC had been used and has attempted to claim a set off from any other obligations based upon the refusal to accept and allow ROC to perform work at the project site and has further refused to make payment under its performance bond claim asserting as a successor to S & R the claim for adjustment in ledge costs in excess of $2 million.

**INTERROGATORY NO.7:**

Identify all documents that support the amount of Eastern's alleged damages asserted in the Third-Party Complaint filed against Lawrence in this action. Include in your answer a detailed description of all documents that support Eastern's allegation that the City is legally responsible for Eastern's alleged damages.

**ANSWER:**

The documents relating to the claims of Hartford and/or Eastern are contained in business records which Eastern will produce pursuant to Rule 33(d).

**INTERROGATORY NO.8:**

Identify all documents, including contract documents, that describe S&R's scope of work on the Project and documents that Hartford relies on to support its contention that S&R's work on the Project has been completed in accordance with the requirements of the contract documents, including punch list work and extra work. For each such document, kindly set forth the following:

(a)    the date of each document, including the date(s) of every revision thereto;

(b)    the origin of each document, including the person or entity responsible for preparing each document;

(c)    whether the scope of work detailed by each document was performed by S&R or another person or entity;

(d)    whether S&R encountered any deficiencies with any document, in particular the plans and specifications, and whether such documents fully described S&R's scope of work on the Project;

(e)    whether S&R, or any other person or entity, performed the scope of work detailed on each such document as shown or whether performance deviated from the work detailed on the document; and

10

(f)    if S&R's work, or work performed on behalf of S&R, deviated from the work as

shown on the document, state the person or persons who approved the deviation,

how such approval was requested and obtained; and whether any documents

exist to support the same.

**ANSWER:**

Eastern will respond to this interrogatory by production of business records pursuant to

Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO.9:**

With respect to each event on the Project for which Eastern made a request for a

time extension, please set forth as to each event:

(a)    the date that Eastern first became aware of Eastern's entitlement to a time

extension;

(b)    the date on which the Eastern advised Lawrence as to its request for said

extension and whether such notice was oral or written;

(c)    the date on which Eastern submitted the critical path analysis to Lawrence to

justify each such request for a time extension;

(d)    the facts and grounds on which you base your answer to Interrogatory No. 9(a)

above that you were entitled to any time extension, including, where applicable,

each and every pertinent provision of the general contract on which you base

your answer;

(e)    the identity by author and date of every document that substantiates or pertains

to the   facts or position stated in the answers to the previous subparts of this

Interrogatory; and

(f)    the name, address, and position of the persons most familiar with the requested

extension for each event for which any extension is sought.

**ANSWER:**

Eastern regularly submitted requests for time extensions in connection with change orders,

proposed change orders, claims and other business records and will submit documents to respond

to this Interrogatory pursuant to Rule 33(d) Federal Rules of Civil Procedure.

**INTERROGATORY NO.10:**

With respect to any allegation by Eastern against Lawrence in this action that any

part of the plans or specifications for the Project allegedly contained omissions, defects,

deficiencies, or misrepresentations, please set forth as to each such allegation:

(a)    a complete and detailed description of each alleged omission, defect, deficiency,

or misrepresentation;

(b)    the date Eastern first became aware of each alleged omission, defect, deficiency,

or misrepresentation;

(c)    the facts on which you base your position that the plans or specifications are

defective;

(d)    a complete and detailed statement of the impacts, if any, each alleged omission,

defect, deficiency, or misrepresentation had on Eastern's work on the Project; and

(e)    the identification by author and date of all documents that substantiate Eastern's

answers to the previous subparts of this Interrogatory.

**ANSWER:**

Certain of the claims advanced by S & R include allegations that the project construction

documents incorrectly identified the quantity of ledge to be anticipated and contained a basis for a

claim to adjust the unit price. Eastern will supplement this answer in further detail pertaining to

Eastern's separate claims which are unrelated to claims of S & R and/or Hartford Insurance Company. Eastern also respectfully directs Lawrence to the responses to interrogatories served by Hartford Insurance which specify in further detail the nature extent and degree of claims asserted by Hartford on behalf of S & R.

Eastern has included claims against Lawrence which are not directly related to S & R but instead relate to aims asserted by Eastern for extra work, changes in the work, delays and disruptions which have occurred and for the wrongful withholding of funds by Lawrence which totals approximately $945,000 as set forth in the Third Party Complaint. Among other things, Lawrence has failed to furnish and deliver a change order which was agreed upon at a special meeting held concerning the project in March of 2002 which was to include a time extension, and additional compensation.  Lawrence has failed to furnish and deliver the actual change order documents and is withholding the same for the purposes of securing unwarranted leverage in its negotiations for closeout of the project with Eastern.  Among other things, Eastern has now been named as a defendant in the lawsuit by a subcontractor who was to be paid from the additional sums which Lawrence was to approve and pay pursuant to the change order agreement negotiated in March of 2002.  Eastern will further supplement this answer with additional detail.

**INTERROGATORY NO.11:**

With respect to each and every instance that Eastern alleges delays, inefficiencies, obstructions or hindrances that interfered with the progress of its work on the Project, please set forth as to each such allegation:

    (a)     a complete and detailed statement of the cause of each delay alleged by Eastern;

    (b)     the date Eastern was first aware of each alleged condition or delay;

(c)    the date, parties present, and, in detail, the contents of any communications between Eastern and Lawrence and between Eastern and any other person or entity regarding the delay;

(d)    a complete and detailed statement of all actions taken by Eastern to expedite, mitigate, or remove the cause or impacts of the delay;

(e)    the compensation to which Eastern alleges it is entitled as a result of each such delay including all facts and grounds upon which Eastern relies to support it position that it is entitled to same;

(f)    the identification by author and date of all documents constituting notice of the delay; and

(g)    the identification by author and date of all documents that substantiate Eastern's answers to the previous subparts of this Interrogatory.

## ANSWER:

Eastern will produce business records pursuant to Rule 33(d) in response to this interrogatory and will supplement its answer. See also answer to Interrogatory No. 10.

## INTERROGATORY NO.12:

With respect to each and every denial by Eastern of any allegation of any paragraph of Lawrence's Third-Party Counterclaim in this action, please set forth:

(a)    the facts and grounds on which you base your denial including, where applicable, any pertinent provisions of the contract plans or specifications on which you rely to support said denial;

(b)    the identity by author and date of every document that substantiates or pertains to the facts or position of the persons most familiar with your position with respect to each denial; and

(c)     the name, address and position of the persons most familiar with your position

with respect to each denial.

**ANSWER:**

The persons most familiar with regard to denial of allegations asserted in the counterclaim

would be Eastern's then project personnel including Tom Kmiec, Dante Cornelio, Suresh Bhatia,

Ramesh Motwane, Shirley LaPierre and Ron Votta. Eastern will produce business records

pursuant to Rule 33(d) in response to these Interrogatories and will supplement its answer as is

appropriate.

**INTERROGATORY NO.13:**

With respect to each and every denial, or affirmative defense asserted, by Eastern

of any allegation of any paragraph of Hartford's Complaint in this action, please set forth:

(a)     the facts and grounds on which you base your denial including, where applicable,

any pertinent provisions of the contract plans or specifications on which you rely to

support said denial;

(b)     the identity by author and date of every document that substantiates or pertains to

the facts or position of the persons most familiar with your position with respect

to each denial; and

(c)     the name, address and position of the persons most familiar with your position

with respect to each denial.

**ANSWER:**

The persons most familiar with the underlying facts, occurrences and events upon which

denial of allegations asserted in Hartford's complaint would include the Eastern project personnel

assigned to each project, Ramesh Motwane, and other third-party witnesses identified in the

response to Interrogatory No. 2 and Interrogatory No. 3. Eastern will produce business records

pursuant to Rule 33(d) in further response to this Interrogatory and will supplement this answer as appropriate.

## INTERROGATORY NO.14:

With respect to each and every plan or schedule for the completion of the Project, please set forth in full and complete detail the following:

(a)    the date each schedule or plan was prepared;

(b)    the identity of the persons who prepared each schedule or plan;

(c)    the start and finish dates and sequence of all activities on the schedule or plan; and

(d)    the date on which, and to what representative of Lawrence, each schedule or plan was provided and the manner that it was provided.

## ANSWER:

Eastern will produce business records relating to the submission of schedules for the Project pursuant to Rule 33(d).

## INTERROGATORY NO.15:

Set forth all facts on which you rely to support your contention that Lawrence has wrongfully withheld monies from Eastern relating to the Project.

## ANSWER:

Eastern submitted requests for payment for work performed by Eastern and subcontractors and Lawrence has failed and refused to make payment for such requisitions. Eastern has requested compensation for additional work via change order proposals including costs and time extensions which Lawrence has failed to grant and has instead refused to make payment upon the contentions that Lawrence was entitled to withhold payment to offset damage claims which Lawrence has against Eastern.

**INTERROGATORY NO.16:**

Identify all documents that substantiate any change order requests or claims that Eastern submitted to Lawrence in connection with the Project, including for each document:

(a)    the date of each document, including the date(s) of every revision thereto;

(b)    the origin of each document, including the person or entity responsible for preparing each document;

(c)    a complete and detailed statement of the scope of extra work or change;

(d)    Lawrence's response to any such document, including the date and origin of the response; and all documents that support Eastern's position that such requests or claims complied with the requirements of the general contract between Lawrence and Eastern.

**ANSWER:**

Eastern will produce business records pursuant to Rule 33 (d) in response to this Interrogatory.

**INTERROGATORY NO.17:**

If Eastern's work deviated from the work required under the contract documents, state the person or persons who approved the deviation, how such approval was requested and obtained; and whether any documents exist to support Eastern's position regarding each deviation.

**ANSWER:**

Eastern did not willfully deviate from the requirements of the plans and specifications. However, Eastern submits it was required to perform work beyond that which was clearly identified within the project plans, specifications and other contract documents furnished by Lawrence in connection with this work.

**INTERROGATORY NO.18:**

Set forth all facts, identify all persons with knowledge of such facts, and identify all documents and communications which support Eastern's calculation and accounting of S&R's final subcontract price and all change order or extra work relating to S&R.

**ANSWER:**

Eastern does not understand this Interrogatory. S & R's subcontract price is that set forth in its subcontract. Eastern offers to produce the subcontract and change orders in response to this Interrogatory pursuant to Rule 33(d).

**INTERROGATORY NO.19:**

Set forth all facts, identify all persons with knowledge of such facts, and identify all documents and communications which support Eastern's calculation and accounting of its final general contract price and all change order or extra work relating to the Project.

**ANSWER:**

Ramesh K. Motwane, Eastern's estimating Department and Eastern's project personnel assigned at various times to the project would be the persons most knowledgeable regarding Eastern's General Contract price which would also be based in substantial part upon price and Eastern from filed sub bidders which would not be prepared by Eastern. Change orders and extra work calculations would originate in substantial part from subcontractors, or direct quotations and Eastern will produce its business records concerning change orders or extra work proposals pursuant to Rule 33(d).

**INTERROGATORY NO.20:**

Set forth all facts, identify all persons with knowledge of such facts, and identify all documents and communications that indicate that S&R and/or Hartford has complied with all

claim procedures under: (1) S&R's subcontract with Eastern; (2) Eastern's general contract with Lawrence; and (3) the bond issued by Hartford in connection with the Project.

**ANSWER:**

Eastern refers Lawrence to business records which it will produce pursuant to Rule 33(d) and further to testimony elicited from witnesses upon deposition including Jarvis Williams and/or Gary Judd who testified on behalf of Hartford in this matter. Eastern also refers Lawrence to documents obtained on discovery from Hartford.

**INTERROGATORY NO.21:**

Set forth all facts, identify all persons with knowledge of such facts, and identify all documents and communications that indicate that Eastern has complied with all claim procedures under the general contract between Eastern and Lawrence in connection with the Project.

**ANSWER:**

Claim procedures are identified in the contract documents, and require for the most part written submissions and Eastern therefor offers to produce its business records relating to claims for extra work, change orders and other claims pursuant to Rule 33(d). Ramesh Motwane and the Eastern Project personnel assigned to the Lawrence project at different times would be the persons most knowledgeable pertaining to particular change orders or claims submitted by them or at their direction.

**INTERROGATORY NO.22:**

Please identify each and every document that you or your attorney expects to introduce into evidence at the trial of this case, including in your answer:

    (a)    the date of the document;

    (b)    the author and any and all recipients of the document;

    (c)    a summary of the document; and

(d)    the present location of the document.

**ANSWER:**

Eastern objects to this Interrogatory as intruding upon the mental impressions of its attorney and the attorney work product privilege as to the determination of whether or not to introduce a document has an exhibit at the time of trial. Notwithstanding such objection, Eastern will supplement these answers to Interrogatories with documents it proposes to offer when such final determination has been made.

**INTERROGATORY NO.23:**

With reference to all expert witnesses that Eastern expects to call at trial:

(a)    please state the full name, business address, field of expertise, and extent of knowledge of the Project of each person whom Eastern expects to call at trial as an expert witness;

(b)    please set forth fully and in detail the subject matter about which and the substance of the facts and opinions to which each expert witness referred to in your answer to Interrogatory No. 23(a) is expected to testify; and

(c)    for each person whom you identify in your answer to Interrogatory No. 23(a), please give a summary of the grounds for each opinion as to which he or she is expected to testify.

**ANSWER:**

Eastern has not finalized a selection of any expert witnesses who may be called at the time of trial. Eastern will supplement its answers to these Interrogatories seasonably.

**INTERROGATORY NO.24:**

With reference to all other witnesses that Eastern expects to call at trial:

(a)    please state the full name, business address, and extent of knowledge of the Project of each person whom Eastern expects to call at trial as a witness;

(b)    please set forth fully and in detail the subject matter about which and the substance of the facts and opinions to which each witness referred to in your answer to Interrogatory No. 24(a) is expected to testify; and

(c)    for each person whom you identify in your answer to Interrogatory No. 24(a) please give a summary of the grounds for each opinion as to which he or she is expected to testify.

**ANSWER:**

Eastern expects that the time of trial it will call all of the persons identified in response to Interrogatories No. 2 and No. 3. In substantial part, such witnesses will be expected to testify as to the events occurring at the different projects including Waltham, Lawrence, Fall River, New Bedford, Freetown/Lakeville, Lynnfield, Medway and Lincoln - Sudbury upon which Eastern Contractors, Inc. had engaged S & R to perform site work, site preparation and related work activities.

With respect to the Lawrence Project, Eastern anticipates that testimony will be presented that S & R failed to complete its work and that Hartford Insurance Company and Surety on the performance and payment bonds obtained from S & R was duly notified to fulfill obligations thereunder. Testimony will be presented that Eastern undertook completion of work while Hartford Insurance conducted its "investigation" and that because of the on timely manner in which Hartford acted, Eastern was forced to incur significant expenses and costs to hire other companies to complete the work, including but not limited to PCC Construction. The evidence will establish that Eastern made repeated demands upon Hartford only to be rebuffed, and that Hartford asserted a claim that it was not obliged to make payment to Eastern based upon a claim

for equitable adjustment in the unit costs relating to the removal of ledge from the project site which had been asserted by S & R Construction having a purported value in excess of $2.9 million. Eastern believes that evidence will be presented concerning the rejection of such claim by the City of Lawrence by its Architect, along with rejection of other claims presented by S & R including claims for obstructions encountered in performing the work and changes mandated by the City of Lawrence and its Architect relating to the shoring and bracing of structures to be rehabilitated causing an interference in the operations of S & R. Hartford has asserted such claims which are alleged to arise from the so-called change conditions clause in the contract and which are ultimately alleged to be the responsibility of Lawrence as the project owner.

With respect to Eastern's separate claims against Lawrence related to S & R, Eastern anticipates that evidence will be presented concerning negotiation of a change order and time extension which Lawrence has failed to implement, that the City of Lawrence has wrongfully withheld funds otherwise due to Eastern for work performed at the project site, that the City of Lawrence has failed and refused to grant time extensions requested by Eastern because of conditions encountered during performance of the work, change orders, and other events during construction and the City has asserted claims in the nature of back charges for "actual damages" alleged to have been sustained as a consequence of extended project duration.

**INTERROGATORY NO.25:**

With reference to all expert witnesses that Eastern expects to retain:

(a)     please state the full name, business address, field of expertise, and extent of knowledge of the Project of each person whom Eastern expects to retain as a witness;

(b)     please set forth fully and in detail the subject matter about which and the

substance of the facts and opinions to which each expert witness referred to in

your answer to Interrogatory No. 25(a) is expected to opine; and

(d)     for each person whom you identify in your answer to Interrogatory No. 25(a),

please give a summary of the grounds for each opinion for which he or she has

been retained to opine.

**ANSWER:**

Eastern has not completed its selection of expert witnesses but will supplement its answers

to these Interrogatories.

**INTERROGATORY NO.26:**

Identify all documents that substantiate any request for proposals or construction

change requests or directives issued by Lawrence in connection with the Project, including for

each document:

(a)     the date of each document, including the date(s) of every revision thereto;

(b)     the origin of each document, including the person or entity responsible for

preparing each document;

(c)     a complete and detailed statement of the scope of proposed change or directive;

(d)     Eastern's response to any such document, including the date and origin of the

response;

(e)     all documents that support Eastern's position that such requests or directives

constituted a "substantial" deviation from the plans and specifications issued for

the Project and constituted a change in the scope of the Project; and

(f)    all documents that relate to Eastern's alleged "losses, costs and expenses in processing and administering the changes and modifications embodied in the change proposals and change orders issued."

**ANSWER:**

Eastern respectfully refers Lawrence to a memorandum regarding change proposals negotiated in March of 2002 which was to result in a change order and time extension which the City of Lawrence has failed and refused to execute an issue and authorize the time extension to Eastern.  Likewise, the City of Lawrence has failed and refused to process payment for work performed in accordance with said proposed change order. Eastern will supplement this answer.

Signed under the pains and penalties of perjury this _____day of April, 2006

_____
Ramesh K.  Motwane, President
Eastern Contractors, Inc.

AS TO OBJECTIONS:

_____
Edward J. Quinlan, Esq., BBO #409060
QUINLAN & SADOWSKI, P.C.
11 Vanderbilt Ave., Suite 250
Norwood, MA  02062-5056
Phone: 781-440-9909; Fax 781-440-9979