UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 03-12502 NMG

HARTFORD FIRE INSURANCE COMPANY,  )
          Plaintiff    )
              )
vs.    )
              )
EASTERN CONTRACTORS, INC.,    )
          Defendant/Third Party Plaintiff    )
              )
vs.    )
              )
CITY OF LAWRENCE, CITY OF FALL RIVER  )
and FREETOWN/LAKEVILLE REGIONAL    )
SCHOOL DISTRICT,    )
          Third Party Defendants    )

## DEFENDANT/THIRD PARTY PLAINTIFF EASTERN CONTRACTORS, INC.'S RESPONSES TO THIRD PARTY DEFENDANT CITY OF LAWRENCE'S REQUEST FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS AND PREFATORY STATEMENTS

1.      The Defendant/Third Party Plaintiff, Eastern Contractors, Inc. (**"Eastern"**), objects generally to the requests for production of documents to the extent that they seek the identification of documents which may be protected by the attorney/client privilege, any other privilege, or the attorney work product doctrine. Any disclosure of privileged documents by will be inadvertent and Eastern reserves the right to and will seek the return of such documents.

2.      To the extent that any request may be construed as calling for the identification of documents not in the possession, custody or control of Eastern, Eastern objects to such request.

3.      Eastern is continuing to locate and review additional documents which may be responsive to the requests for production of documents, and reserves the right to modify or supplement its responses to these requests at any time before the trial of this action.

4.      The information supplied in these responses is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and attorneys, unless privileged.

5.      Eastern objects to the definitions as set forth by the City of Lawrence (**"Lawrence"**) insofar as they exceed the scope of permissible discovery established by the Massachusetts Rules of Civil Procedure.

6.      Eastern shall produce documents and other things for inspection and copying as such are kept in the usual course of business of Eastern.

7.      Eastern's responses are limited to documents and other things which are in its possession, custody or control.

<div align="center">

**RESPONSES**

</div>

**REQUEST NO. 1**:

All correspondence and other communications between S&R and Eastern or between Hartford and Eastern that relate to the Project.

**RESPONSE:**     The Defendant will make all such documents available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 2**:

All correspondence and other communications between Eastern and any other person or entity, including but not limited to any lenders, contractors, subcontractors, suppliers, laborers, materialmen, insurance carriers, regulatory agencies, bonding companies, architects, engineers, and municipal or other governmental officials, including but not limited to Lawrence, which refer to, reflect or discuss S&R's work on the Project or any work performed on S&R's behalf by Eastern, Hartford, or any other person or entity.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to objections for privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 3**:

Any and all inter-office and intra-office correspondence and other communications within Eastern or between Eastern and any other person or entity that refer to, reflect or discuss S&R or any work performed by, or on behalf of, S&R in connection with the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 4**:    Any and all documents describing or recording or revealing or relating to any and all person-to-person conversations, or telephone conversations, by and/or between Eastern and any other person or entity that refer to, reflect or discuss S&R's work on the Project or any work performed on S&R's behalf by Eastern, Hartford, or any other person or entity.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 5**:

All documents that relate to, evidence, or support any claims by S&R and/or Hartford that it encountered conditions on the Project that resulted in allegedly extra work beyond the scope of the contract documents for the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product

doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 6**:

All documents that relate to, evidence, or support S&R's and/or Hartford's claims that it is entitled to additional compensation for allegedly extra work performed on the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 7**:

All documents that relate to, evidence, or support any claims for additional compensation submitted by Eastern to Lawrence that relate to S&R's and/or Hartford's work on the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 8**:

All documents relating to the termination of S&R's subcontract with Eastern in connection with the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine.  Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 9:**

All documents on which Eastern purports to rely to support its position that Lawrence is legally responsible for any of S&R's and/or Hartford's claims related to the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine.  Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 10:**

All documents that relate to, or evidence, any work performed by Hartford and/or Eastern on behalf of S&R on the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine.  Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 11:**

All correspondence by and between Eastern, Hartford, S&R or any other person or entity related to any work performed by Hartford and/or Eastern on behalf of S&R on the Project.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 12**:

All memoranda and notes which refer to, reflect or discuss S&R and/or Hartford in connection with the Project.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 13**:

Any and all documents that constitute or evidence any contracts or other agreements, formal or informal, including any and all modifications, change orders, additions, or any other documents purporting to affect any such contract or agreement, between Eastern and S&R or between Eastern and Hartford that relate to the Project.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will

make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 14**:

Any and all documents which constitute or evidence any contracts or other agreements, formal or informal, including any and all modifications, change orders, additions, or any other documents purporting to affect any such contract or agreement, between Eastern and any other person or entity, including but not limited to the construction manager, architects, engineers, consultants, contractors, subcontractors, suppliers, laborers, and lenders, which refer to, reflect or discuss S&R's and/or Hartford's work on the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 15**:

All documents on which Eastern relies to support its claims that the contract documents provided by Lawrence in connection with the Project were not "complete, adequate, accurate, detailed and workable."

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 16**:

All documents on which Easter relies to support its claims that the contract documents provided by Lawrence contained omissions, defects, deficiencies and misrepresentations.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 17:**

All documents on which Eastern relies to support its claims that Eastern substantially completed its work in accordance with the contract documents.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 18:**

All documents on which Eastern relies to support its claims that it was required to perform additional work on the Project that is beyond the scope of its general contract with Lawrence, including, but not limited to, any documents that support Eastern's claims that Lawrence has failed to pay Eastern for work performed on the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will

make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 19**:

All documents on which Eastern relies to support its claims that "the number of requests for proposal [sic] and construction change requests issued for this Project was a substantial deviation from the Project plans and specifications as originally bid by Eastern..."

**RESPONSE:**      The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 20**:

All documents on which Eastern relies to support its claims that Lawrence "prevented, hindered or excused" Eastern's performance of any contractual term, condition or obligation in connection with the Project.

**RESPONSE:**      The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 21**:

All documents on which Eastern relies to support its claims that Lawrence committed certain acts or omissions that delayed or disrupted Eastern's performance of its contractual obligations on the Project.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine.  Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 22**:

All documents on which Eastern relies to support the allegations contained in Paragraph 47 of its Third-Party Complaint against Lawrence in this action.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine.  Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 23**:

All backup files or supporting documents for all change orders requested, approved, denied and/or disputed that relate to the Project, including, but not limited to, notice letters, memoranda, or statements, estimates of the value of the changed work, including letters, materials, and equipment take-offs, and any schedule analysis of the impact of the changed work.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine.  Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 24**:

Any and all reports or analyses from any consultant relating to any of the claims or defenses asserted in this action by any party.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine.  Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 25**:

Any and all chronologies prepared by or on behalf of Eastern with respect to the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine.  Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 26**:

All progress schedules, including bar charts or network diagrams, updates, and accompanying narrative reports, including but not limited to the baseline schedule in connection with the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine.  Notwithstanding these objections and without waiving same, the Defendant will

make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 27**:

All minutes, memoranda and notes from any meetings, held prior to or during the course of the construction, whether received, published, circulated, or maintained personally, along with any and all written comments on or responses thereto, which refer to, reflect or discuss the Project.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 28**:

All daily reports, diaries or logs that refer to, reflect or discuss the Project.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 29**:

Any and all invoices, bills of lading, receipts, delivery receipts, or other documents issued or received or in the possession of Eastern with respect to labor, material, services, rental expenses, or other items furnished for the Project.

**RESPONSE:**   The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.   Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 30**:

Any and all cancelled checks, ledgers, books or other documents evidencing payment made by or to Eastern concerning the Project, including but not limited to any payments made by Lawrence.

**RESPONSE:**   The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.   Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 31**:

Any and all photographs, diagrams, models, or other such documents or things, including but not limited to still, videotaped, time-motion or other films which refer to, reflect or discuss any claims or defenses being asserted in this action.

**RESPONSE:**   The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine.   Notwithstanding these objections and without waiving same, the Defendant will

make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 32**:

All estimates and take-offs (and all backup or summary documents relating thereto) for the furnishing of labor, material or services, whether prepared by, or on behalf of, Eastern relating to the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome, called for the production of a proprietary information and/or trade secrets and not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 33**:

Any periodic cost reports maintained by Eastern for the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 34**:

All comparisons, summaries, tabulations and analyses comparing costs actually incurred on the Project with costs originally anticipated for such work.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.    Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 35**:

All comparisons, summaries, tabulations, and analyses comparing actual man-hours expended on the Project with man-hours originally anticipated for such work.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.    Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 36**:

All payroll records reflecting the identity, time and compensation of employees assigned to work on the Project, including all certified payroll records for Eastern personnel working on the Project and any subcontractors or suppliers of Eastern working on the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.    Notwithstanding these objections and without waiving same, the

Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 37**:

     Documents reflecting equipment type, equipment hours, and dollar amounts charged to the Project.

     **RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 38**:

     All documents, schedules, logs, memoranda, reports, charts, notes, working papers, or other documents and summaries thereof, that contain any information with regard to Project delays or unanticipated conditions on the Project site.

     **RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 39**:

     All documents purporting to be certifications of substantial or final completion.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.    Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 40**:

All requests for information, interpretation and clarification of the contract documents, plans and specifications submitted by Eastern on the Project and all logs, files, and responses thereto.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.    Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 41**:

All documents concerning quality control procedures, supervision, coordination, orders, or opinions by Eastern or others personnel relating to the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.    Notwithstanding these objections and without waiving same, the

Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 42**:

All protests or objections filed for the Project, detailing any objections to instructions, rulings, decisions, changes, and the like in connection with the Project, and all responses thereto.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.    Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 43**:

All documents that support, evidence, or relate to any claim or defenses asserted by Eastern in connection with this action.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.    Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 44**:

Any and all documents, writings or communications identified in any responses to Interrogatories provided by Eastern in this matter.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 45**:

Any and all records, documents, notes, correspondence, witness statements or memoranda of any kind which pertain to the events referred to in this matter.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 46**:

All documents that relate to, evidence or support any request for allegedly extra or additional work or extensions of time on the Project, whether approved, denied and/or disputed including, but not limited to, notice letters, memoranda, or statements, estimates of the value of the extra/additional work, including letters, materials, and equipment take-offs, and any schedule analysis of the impact of the extra/additional work.

**RESPONSE:**     The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of

admissible evidence. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 47**:

All documents which reflect any analysis or discussion of any extension(s) of time for performance by Eastern of the work, including allegedly extra or additional work, in connection with the Project.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 48**:

Any and all documents and/or things that Eastern intends to introduce as evidence or chalks at trial.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Eastern has not made any determination with respect to items it proposes to include as evidence at the time of trial and will supplement this answer.

**REQUEST NO. 49**:

Any and all documents that support Eastern's affirmative defenses to Lawrence's Third-Party Counterclaim filed in this action.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Eastern has not made any determination with respect to items it proposes to include as evidence at the time of trial and will supplement this answer.

**REQUEST NO. 50**:

Any and all documents that support Eastern's affirmative defenses to Hartford's Complaint filed in this action.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine. Eastern has not made any determination with respect to items it proposes to include as evidence at the time of trial and will supplement this answer.

**REQUEST NO. 51**:

Any and all documents that support the allegations contained in Eastern's Counterclaim filed against Hartford in this action.

**RESPONSE:**    The Defendant objects to this request to the extent it calls for the production of materials protected by the attorney-client privilege and/or the work product doctrine and is unduly broad and burdensome and not calculated to lead to the discovery of admissible evidence.    Notwithstanding these objections and without waiving same, the Defendant will make all such documents not subject to privilege available for inspection and copying at a mutually convenient time and place.

**REQUEST NO. 52**:

Any and all expert or other reports generated by any expert or other witness whom you intend to call at the trial of this case.

**RESPONSE:**     Eastern has not yet finalized arrangements with regard to an expert witness but will supplement this answer in accordance with the Federal Rules of Civil Procedure and the Local Rules applicable to Expert Witnesses.

<div style="margin-left: 45%;">

Defendant/Third Party Plaintiff
Eastern Contractors, Inc.
By its attorney,


Edward J. Quinlan, Esq., BBO # 409060
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062-5056
T: 781-440-9909
F: 781-440-9979

</div>

Dated: April 5, 2006

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on the attorney of record for each other party in this action, by mail, postage prepaid, on 4/5/06.