expressed in the Contract Documents

Insert BI: 4.2.14 Role of Construction Manager
Insert BJ: Without limiting any of the foregoing provisions of Section 4.2, the Contractor acknowledges that the Construction Manager shall have the following rights and responsibilities with respect to the administration of the Contract and the Work and Contractor agrees to cooperate with the Construction Manager in order to allow the Construction Manager to discharge its responsibilities and rights in a timely and efficient manner:
Insert BK: 1. The Contractor shall supply the Construction Manager with all necessary documentation and other information in the possession of or otherwise required to be maintained by Contractor under the Contract Documents in order to allow the Construction Manager to (i) track the budget for the Work during the course of construction, and (ii) maintain accounting records on authorized Work performed under unit costs, additional Work performed on the basis of actual costs of labor and materials, and other Work requiring accounting records.
Insert BL: 2. The Construction Manager shall develop and implement procedures for the review and processing of applications by the Contractor for progress and final payments and shall, in coordination with the Architect, review and certify the amounts due the Contractor with respect to Contractor Applications for Payments.
Insert BM: 3. The Construction Manager shall determine in general that the Work of each Contractor is being performed in accordance with the requirements of the Contract Documents, endeavoring to guard the Owner against defects and deficiencies in the Work. The Construction Manager shall have authority, upon written authorization from the Owner, to require additional inspection or testing of the Work in accordance with the provisions of the Contract documents, whether or not such Work is fabricated, installed or completed. The Construction Manager, in consultation with the Architect, may reject Work which does not conform to the requirements of the Contract Documents.
Insert BN: 4. The Contractor shall provide the Construction Manager with certificates of insurance confirming that the insurance coverage required to be maintained by Contractor and its Subcontractors is in place and with updates and notices with respect to any changes or developments in respect to any such insurance coverage.

**4.3    CLAIMS AND DISPUTES**

**4.3.1    Definition.** A Claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. Claims must be made by written notice. The responsibility to substantiate Claims shall rest with the party making the Claim.

**4.3.2    Decision of Architect.** Claims arising prior to final payment or the earlier termination of the contract, including those alleging an error or omission by the Architect, shall be referred initially to the Architect for action as provided in Paragraph 4.4. A decision by the Architect, as provided in Subparagraph 4.4.4, shall be required as a condition precedent to arbitration or litigation of a Claim between the Contractor and Owner as to all such matters arising prior to the date final payment is due, regardless of (1) whether such matters relate to execution and progress of the Work or (2) the extent to which the Work has been completed. The decision by the Architect in response to a Claim shall not be a condition precedent to arbitration or litigation in the event (1) the position of Architect is vacant, (2) the Architect has not received evidence or has failed to render a decision within agreed time limits, (3) the Architect has failed to take action required under Subparagraph 4.4.4 within 30 days after the Claim is made, (4) 45 days have passed after the Claim has been referred to the Architect or (5) the Claim relates to a mechanic's lien.

**4.3.3    Time Limits on Claims.** Claims by either party must be made within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later. Claims must be made by written notice. An additional Claim made after the initial Claim has been implemented by Change Order will not be considered unless submitted in a timely manner. Any change or addition to a previously made Claim shall be made by timely written notice in accordance with this subparagraph 4.3.3.

**4.3.4    Continuing Contract Performance.** Pending final resolution of a Claim including arbitration, unless otherwise agreed in writing the Contractor shall proceed diligently with performance of the Contract and the Owner shall continue to make payments in accordance with the Contract Documents.

**4.3.5    Waiver of Claims: Final Payment.** The making of final payment shall constitute a waiver of Claims by the Owner except those arising from:

  .1   liens, Claims, security interests or encumbrances arising out of the Contract and unsettled;

  .2   failure of the Work to comply with the requirements of the Contract Documents; or

  .3   terms of special warranties required by the Contract Documents.

AIA DOCUMENT A201 - GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - FOURTEENTH EDITION - AIA - COPYRIGHT 1987 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A201-1987
ser Document: WETHERBEE.DOC – 2/24/2000. AIA License Number 104884, which expires on 3/6/2000 -- Page #23

**4.3.6 Claims for Concealed or Unknown Conditions.** ~~If conditions are encountered at the site which are (1) subsurface or otherwise concealed physical conditions which differ materially from those indicated in the Contract Documents or (2) unknown physical conditions of an unusual nature, which differ materially from those ordinarily found to exist and generally recognized as inherent in construction activities of the character provided for in the Contract Documents, then notice by the observing party shall be given to the other party promptly before conditions are disturbed and in no event later than 21 days after first observance of the conditions. The Architect will promptly investigate such conditions and, if they differ materially and cause an increase or decrease in the Contractor's cost of, or time required for, performance of any part of the Work, will recommend an equitable adjustment in the Contract Sum or Contract Time, or both. If the Architect determines that the conditions at the site are not materially different from those indicated in the Contract Documents and that no change in the terms of the Contract is justified, the Architect shall so notify the Owner and Contractor in writing, stating the reasons. Claims by either party in opposition to such determination must be made within 21 days after the Architect has given notice of the decision. If the Owner and Contractor cannot agree on an adjustment in the Contract Sum or Contract Time, the adjustment shall be referred to the Architect for initial determination, subject to further proceedings pursuant to Paragraph 4.4.~~ <u>CLAIMS BECAUSE OF DIFFERING SITE CONDITIONS - In accordance with Massachusetts General Laws Chapter 30, Section 39N: If, during the progress of the Work, the Contractor or the Owner discovers that the actual subsurface or latent physical conditions encountered at the site differ substantially or materially from those shown on the plans or indicated in the Contract Documents, either the Contractor or the Owner may request an equitable adjustment in the Contract Price of the Contract applying to work affected by the differing site conditions. A request for such an adjustment shall be in writing and shall be delivered by the party making such claim to the other party as soon as possible after such conditions are discovered. Upon receipt of such a claim from the Contractor, or upon its own initiative, the Owner shall make an investigation of such physical conditions, and, if they differ substantially or materially from those shown on the plans or indicated in the Contract Documents or from those ordinarily encountered and generally recognized as inherent in work of the character provided for in the plans and Contract Documents and are of such a nature as to cause and increase or decrease in the cost of performance of the Work or a change in the construction methods required for the performance of the Work which results in an increase or decrease in the cost of the Work, the Owner shall make an equitable adjustment in the Contract Price and the contract shall be modified in writing accordingly. The Owner may adopt reasonable rules or regulations in conformity with this Subparagraph 4.7.6</u> <u>concerning the filing, investigation and settlement of such claims. Unless otherwise required by law any requests for equitable adjustments made by the Contractor, and all supporting documentation, must be submitted within 21 days of discovery as a precondition to eligibility for equitabl adjustment.</u>

**4.3.7 Claims for Additional Cost.** If the Contractor wishes to make Claim for an increase in the Contract Sum, written notice as provided herein shall be given before proceeding to execute the Work. Prior notice is not required for Claims relating to an emergency endangering life or property arising under Paragraph 10.3. If the Contractor believes additional cost is involved for reasons including but not limited to (1) a written interpretation from the Architect, (2) an order by the Owner to stop the Work where the Contractor was not at fault, (3) a written order for a minor change in the Work issued by the Architect, (4) failure of payment by the Owner, (5) termination of the Contract by the Owner, (6) Owner's suspension or (7) other reasonable grounds, Claim shall be filed in accordance with the procedure established herein.

**4.3.8 Claims for Additional Time**

**4.3.8.1** If the Contractor wishes to make Claim for ~~all~~ <u>any</u> increase in the Contract Time, written notice as provided herein shall be given. The Contractor's ~~Claim~~ shall <u>have the burden of demonstrating the</u> ~~include an estimate of cost and of probable~~ effect of <u>the</u> claimed delay on ~~progress of the~~ Contract Time, <u>and shall furnish the Architect with such documentation relating thereto as the Architect ma reasonably require</u>~~Work~~. In the case of a continuing delay only one Claim is necessary. <u>If the Contract Time is extended pursuant to this Sub-Subparagraph, such extension shall be the exclusive remedy of the Contractor, and the Contractor shall not be entitled to recover damages from the Owner, the Construction Manager, or the Architect.</u>

**4.3.8.2** ~~If adverse weather conditions are the basis for a Claim for additional time, such Claim shall be documented by data substantiating that weather conditions were abnormal for the period of time and could not have been reasonably anticipated, and that weather conditions had an adverse effect on the scheduled construction.~~

**4.3.9 Injury or Damage to Person or Property.** If either party to the Contract suffers injury or damage to person or property because of an act or omission of the other party, of any of the other party's employees or agents, or of others for whose acts such party is legally liable, written notice of such injury or damage, whether or not insured, shall be given to the other party within a reasonable time not exceeding 21 days after first observance. The notice shall provide sufficient detail to enable the other party to investigate the matter. If a

---

AIA DOCUMENT A201 - GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION - FOURTEENTH EDITION - AIA - COPYRIGHT 1987 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON D.C. 20006-5292. WARNING; Unlicensed photocopyir violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduce. without violation until the date of expiration as noted below.

Electronic Format A201-1987
ser Document WETHERBEE.DOC -- 2/24/2000. AIA License Number 104884, which expires on 3/6/2000 -- Page #24