Case 1:03-cv-12502-NMG   Document 70-5   Filed 09/15/2006   Page 1 of 4


EXHIBIT D
ALL-STATE LEGAL

# Design*partnership*

11/1/01

Mr. Ron Votta
Eastern Contractors Inc.
571 Union Avenue
Framingham, MA 01702

Re: New Wetherbee School

**VIA FAX & MAIL**

Dear Ron,

In response to your change order proposal #11 for the above referenced project. We agree that you are entitled to additional compensation for the additional subsurface condition encountered. However, with specific regard to the language included referencing MGL c30 s39N and your position that you are entitled to negotiate a revised unit cost for rock excavation. We respectfully disagree with your interpretation, and offer the following:

MGL 30:39N (included for reference) specifically notes that should actual subsurface or latent physical conditions substantially differ from those shown in the contract documents that the Contractor is entitled to an equitable contract adjustment. There is no language in 30:39N that mentions a contractors right to renegotiate a previously agreed to unit cost.

I believe that you are confusing the MGL language for Unit Price Contracts in which the language in this type of contract allows for the Contractor to renegotiate his unit price should the quantity of the work differ substantially from the estimated amount given at the time of bidding. As you are aware, in this type of contract the Contractor supplies the unit price in his bid, and therefore is bidding the project based on an assumed quantity. Obviously the unit price given by the contractor would vary based on the assumed quantity.

The issue at the Wetherbee School is completely different. To start, this is a lump sum contract not a unit price contract. The unit price was established in the contract documents by which a lump sum contract was signed. This unit price is therefore previously agreed to by both parties should conditions vary favorable to the Owner or the Contractor. This is a very fair way to enter into a contract so that both parties are in agreement prior to encountering the unanticipated subsurface conditions. Thereby adjusting the contract sum becomes a quick and painless process.

You also mentioned that allowances are prohibited by MGL. We agree. However we do not agree that the contract document for this item is written as an allowance since a specific quantity of material is provided in which you are to provide a price for. The contract documents <u>do not</u> tell the bidder to carry the mentioned unit price for the quantity of material to be bid on. The unit price is established for work above or below

Design Partnership of Cambridge, Inc.

Page 2 of 2

the given quantity. The bidder is fully able to provide a contract price based on the quantity given, higher or lower than if derived by using the unit price.

Due to all of the above, we cannot sign the Change Order Proposal as drafted. The reservation of your right to renegotiate the unit price must be removed. We are comfortable with the price given in the proposal and would like to get this issue resolved promptly in order to pay you for the work that has been completed.

Please revise and re-submit your proposal for my signature.

Sincerely,

DESIGN PARTNERSHIP of Cambridge Inc.

David E. Capaldo, AIA

Associate

Cc: Joe Lupi – Tishman

that named or described in the said specifications may be furnished; and an item shall be considered equal to the item so named or described if (1) it is at least equal in quality, durability, appearance, strength and design, (2) it will perform at least equally the function imposed by the general design for the public work being contracted for or the material being purchased, and (3) it conforms substantially, even with deviations, to the detailed requirements for the item in the said specifications. For each item of material the specifications shall provide for either a minimum of three named brands of material or a description of material which can be met by a minimum of three manufacturers or producers, and for the equal of any one of said named or described materials.

(c) The term "lowest responsible and eligible bidder" shall mean the bidder (1) whose bid is the lowest of those bidders possessing the skill, ability and integrity necessary for the faithful performance of the work; (2) who shall certify that he is able to furnish labor that can work in harmony with all other elements of labor employed or to be employed in the work; (3) who, where the provisions of section eight B of chapter twenty-nine apply, shall have been determined to be qualified thereunder; and (4) who obtains within ten days of the notification of contract award the security by bond required under section twenty-nine of chapter one hundred and forty-nine; provided that for the purposes of this section the term "security by bond" shall mean the bond of a surety company qualified to do business under the laws of the commonwealth and satisfactory to the awarding authority.

(d) The provisions of this section shall not apply (1) to the extent that they prevent the approval of such specifications by any contributing federal agency, (2) to materials purchased under specifications of the state department of highways at prices established by the said department pursuant to advertisement and bidding in connection with work to be performed under the provisions of chapter eighty-one or chapter ninety, (3) to any transaction between the commonwealth and any of its political subdivisions or between the commonwealth and any public service corporation, and (4) to any contract of not more than twenty-five thousand dollars awarded by a governmental body, as defined by section two of chapter thirty B, in accordance with the provisions of section five of said chapter thirty B.

(e) The word "material" as used in this section shall mean and include any article, assembly, system, or any component part thereof.

**30:39N. Construction contracts; equitable adjustment in contract price for differing subsurface or latent physical conditions.**

Section 39N. Every contract subject to section forty-four A of chapter one hundred and forty-nine, or subject to section thirty-nine M of chapter thirty shall contain the following paragraph in its entirety and an awarding authority may adopt reasonable rules or regulations in con-

[Chap. 30.]    STATE DEPARTMENTS, ETC. — GENERAL PROVISIONS.           30:39O.

formity with that paragraph concerning the filing, investigation and       5
settlement of such claims:                                                  6

   If, during the progress of the work, the contractor or the awarding      7
authority discovers that the actual subsurface or latent physical condi-    8
tions encountered at the site differ substantially or materially from those 9
shown on the plans or indicated in the contract documents either the       10
contractor or the contracting authority may request an equitable adjust-   11
ment in the contract price of the contract applying to work affected by    12
the differing site conditions. A request for such an adjustment shall be   13
in writing and shall be delivered by the party making such claim to the    14
other party as soon as possible after such conditions are discovered.      15
Upon receipt of such a claim from a contractor, or upon its own initiative, 16
the contracting authority shall make an investigation of such physical     17
conditions, and, if they differ substantially or materially from those     18
shown on the plans or indicated in the contract documents or from those    19
ordinarily encountered and generally recognized as inherent in work of     20
the character provided for in the plans and contract documents and are    21
of such a nature as to cause an increase or decrease in the cost of       22
performance of the work or a change in the construction methods           23
required for the performance of the work which results in an increase or   24
decrease in the cost of the work, the contracting authority shall make an 25
equitable adjustment in the contract price and the contract shall be      26
modified in writing accordingly.                                          27

**30:39O. Contracts for construction and materials; suspension, delay or interruption due to order of awarding authority; adjustment in contract price; required provisions.**

   Section 39O. Every contract subject to the provisions of section        1
thirty-nine M of this chapter or subject to section forty-four A of chapter 2
one hundred forty-nine shall contain the following provisions (a) and (b)  3
in their entirety and, in the event a suspension, delay, interruption or   4
failure to act of the awarding authority increases the cost of performance 5
to any subcontractor, that subcontractor shall have the same rights        6
against the general contractor for payment for an increase in the cost of  7
his performance as provisions (a) and (b) give the general contractor      8
against the awarding authority, but nothing in provisions (a) and (b) shall 9
in any way change, modify or alter any other rights which the general     10
contractor or the subcontractor may have against each other.              11

   (a) The awarding authority may order the general contractor in         12
writing to suspend, delay, or interrupt all or any part of the work for   13
such period of time as it may determine to be appropriate for the         14
convenience of the awarding authority; provided however, that if there is 15
a suspension, delay or interruption for fifteen days or more or due to a  16
failure of the awarding authority to act within the time specified in this 17
contract, the awarding authority shall make an adjustment in the con-     18