**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO.  )  )  Plaintiff,  )  )  v.  )  )  EASTERN CONTRACTORS, INC.  )  )  Defendant / Third Party Plaintiff,  )  )  v.  )  )  CITY OF LAWRENCE, CITY OF FALL  )  RIVER, and FREETOWN/LAKEVILLE  )  REGIONAL SCHOOL DISTRICT,  )  )  Third Party Defendants.  )  ) | C.A. No.  03-12502 NMG |

## AFFIDAVIT OF CHAD L. HERSHMAN

1. I, Chad L. Hershman, am an attorney with Hinckley, Allen & Snyder LLP which has represented the Third-party Defendant, City of Lawrence (the "City"), in this matter.

2. Pursuant to a Request for Production of Documents by the City to the Third-Party Plaintiff, Eastern Contractors, Inc. ("Eastern"), I performed an inspection and review of the project documents within the possession, custody and control of Eastern on April 14, 2006 at Eastern's offices in Framingham, MA.

3. On April 25, 2006, after having not yet received copies of the documents I had tagged for copying on April 14, 2006, I sent the attached letter to Eastern's counsel, Attorney David T. Keenan. <u>See</u> Exhibit A attached hereto.

1

4. On or about May 9, 2006, I received electronic copies of the documents I had tagged for copying at Eastern's office on April 14, 2006.

5. On May 16, 2006, I received a letter from Attorney Keenan, in response to my April 25, 2006 letter, wherein he notes that he requested the additional documents listed in my April 25, 2006 letter from Eastern, but that none had yet been located; and furthermore, that if any such documents were located he would inform me immediately. See Exhibit B attached hereto.

6. I did not receive any further correspondence or documents from Attorney Keenan after May 16, 2006.

7. Part of my duties upon conducting a review of Eastern's documents was to locate any documents that would represent notices and documentation to establish compliance with the contractual requirements for assertion of a claim for additional costs for additional rock excavation or a differing site condition relating to the rock excavation at the Project.

8. I did not locate any documents that appeared to satisfy or establish that Eastern had provided timely documentation and notice to the City to maintain a claim for either a differing site condition or a claim for additional compensation relating to the rock excavation.

9. As to the differing site condition, the only relevant documentation that was sent by Eastern to the City that I located within the documents consisted of a change order proposal dated November 1, 2001 (copy attached hereto as Exhibit C), which mentioned the statute pertaining to a differing site condition (Mass. G.L. c. 30, § 39N). There was no documentation that I found that set forth any basis for a differing site condition claim or any presentation as to why such a claim would be warranted. No substantiation was every provided.

#606520

10. As to a non-statutory claim relating to the rock excavation, I found no documentation to substantiate that a claim was submitted within the twenty-one (21) days as required by Article 4.3.3 of the General Conditions (copy attached hereto as Exhibit D) inasmuch as the documentation attached to the change order proposal dated November 1, 2001 was dated in August of 2001, so that notice had to be made within 21 days of such date.

11. Additionally, I did not locate any documents that established that the claims submitted by S&R Construction Company, Inc. ("S&R") on November 18, 2002 and December 5, 2002, which are the basis of Counts I and II of the Third Party Complaint, were ever forwarded to the Project Architect or City Representatives. Copies of such letters are attached as Exhibits E and F.

Subscribed and sworn to under the pains and penalties of perjury this 15th day of September 2006.

/s/ Chad L. Hershman
_____
CHAD L. HERSHMAN, ESQ.