**HinckleyAllenS**
ATTORNEYS AT LAW

*Chad L. Hershman, Esq.*
*chershman@haslaw.com*

28 State Street
Boston, MA 02109-1775
TEL: 617.345.9000
FAX: 617.345.9020
www.haslaw.com

April 25, 2006

*Via email and regular mail*

David T. Keenan, Esq.
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue
Norwood, MA 02062-5056

RE: Hartford vs. Eastern vs. City of Lawrence
C.A. No. 03-12502 RGS, U.S. District Court of the District of Massachusetts

Dear David:

In response to the City of Lawrence's (the "City") First Request for Production of Documents and First Set of Interrogatories propounded on Eastern dated February 28, 2005, I was provided an opportunity to review the Eastern Contractors, Inc. ("Eastern") documents that you made available on Friday, April 14, 2006 at Eastern's Framingham, Massachusetts office.

As you know, on Friday, April 14, 2006, I tagged a number of documents to be produced. At the time, you informed me that you intended to have the tagged documents copied and sent to my attention. However, as I mentioned on April 14, 2006, I would prefer to have the documents scanned and bates-labeled, then provided in electronic format. You and I engaged in email correspondence on Tuesday, April 18, 2006 regarding this issue, then after not hearing back from you, I contacted you and we corresponded again via email on Friday, April 21, 2006. Your last email to me, after 2:00 p.m. on Friday, April 21, 2006, indicated that you had not since April 14, 2006 had an opportunity to discuss the scanning with Ed Quinlan, but that you would "get back to [me] first part of next week." As of today, I have not heard back from you.

You told me on Friday, April 14, 2006, that you had informed counsel for Hartford Fire Insurance Co. ("Hartford") that the documents you made available to me were also available for Hartford's counsel to review, starting on Friday, April 14, 2006, and lasting through Friday, April 21, 2006. You indicated that even if Hartford's counsel did not review the documents by Friday, April 21, 2006, you would nonetheless commence the process of copying (or, as noted above, scanning and bates-labeling) the documents on Monday, April 24, 2006 for issuance to me during the week of April 24, 2006. Please inform me directly if there will be any delay to my receiving the documents this week as we discussed.

You also mentioned on Friday, April 14, 2006, that you had additional responsive documents at your office that were not included with the documents made available to me on Friday, April 14,

David T. Keenan, Esq.  
April 25, 2006
Page 2 of 8

2006. To that end, you stated you would copy those documents and send them to me. Insofar as we have discussed having the documents I tagged on Friday, April 24, 2006 scanned and bates-labeled, for consistency I also request that you likewise have the additional documents from your office scanned and bates-labeled. I will expect to receive those additional documents no later than when I receive the documents I tagged on Friday, April 24, 2006.

Finally, also as I noted to you on Friday, April 14, 2006, there appear to be a number of classes of documents that were either not made available for my review, or seemed very sparse versus the quantum of documents I would have expected to see. These include, but are not limited, to:

(i) Accounts Payable files;
(ii) Estimating files;
(iii) Subcontractor correspondence files;
(iv) Owner correspondence files;
(v) Architect correspondence files;
(vi) Internal correspondence, e.g., internal memoranda, personal notebooks and/or notes, and copies of correspondence with hand-written notes;
(vii) Daily Reports; and
(viii) Emails (both electronically and as hard-copies).

When I noted these "missing" files to you on Friday, April 14, 2006, I believe your position was that the documents you made available are the only non-privileged[1] documents in Eastern's possession. From my experience in dealing with construction litigation, I believe that Eastern should have additional documents in its possession that should have been produced. Accordingly, this letter shall serve as the City's notice to Eastern that the City considers a number of Eastern's responses to the City's discovery requests to be evasive and/or incomplete (F.R.C.P. 37(a)(3)). Therefore, notwithstanding the City's ongoing Motion to Compel against Eastern, the City further requests that Eastern respond to the items noted below. Eastern's failure to appropriately respond will result in the City's request for additional sanctions against Eastern. The City expressly reserves its right to supplement this list at any time prior to or after receipt of the documents I tagged on Friday, April 14, 2006.

Response to Interrogatory No. 6:

There did not appear to be any produced documents evidencing that:

(i) "the City of Lawrence objected to the use of ROC Construction based upon concerns regarding quality of work, and the failure of that entity to satisfy the requirements of the Project Labor Agreement";

(ii) "Hartford Insurance contends that the costs of completion incurred were approximately $100,000 greater than if ROC had been used"; and

---

[1] No privilege-log of all document you removed as privileged as has ever been provided.

#577048

David T. Keenan, Esq.  
April 25, 2006  
Page 3 of 8

**HinckleyAllenSnyder**LLP  
ATTORNEYS AT LAW

    (iii)    Hartford Insurance "has attempted to claim a set off from any other obligations based upon the refusal to accept and allow ROC to perform work at the project site and has further refused to make payment under its performance bond claim asserting as a successor to S&R the claim for adjustment in ledge costs in excess of $2 million."

If any such documents exist, please identify them specifically and provide them to my attention.

Response to Interrogatory No. 7:

There did not appear to be any produced documents that support the amount of Eastern's alleged damages asserted in the Third-Party Complaint filed against Lawrence in this action, nor any documents that provide a detailed description of all documents that support Eastern's allegation that the City is legally responsible for Eastern's alleged damages.

Insofar as Eastern answered in its interrogatory responses that such documents would be produced pursuant to Rule 33(d), and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

Response to Interrogatory No. 11:

There did not appear to be any produced documents that set forth with respect to each and every instance that Eastern alleges delays, inefficiencies, obstructions or hindrances that interfered with the progress of its work on the Project:

    (a)    a complete and detailed statement of the cause of each delay alleged by Eastern;

    (b)    the date Eastern was first aware of each alleged condition or delay;

    (c)    the date, parties present, and, in detail, the contents of any communications between Eastern and Lawrence and between Eastern and any other person or entity regarding the delay;

    (d)    a complete and detailed statement of all actions taken by Eastern to expedite, mitigate, or remove the cause or impacts of the delay;

    (e)    the compensation to which Eastern alleges it is entitled as a result of each such delay including all facts and grounds upon which Eastern relies to support it position that it is entitled to same;

    (f)    the identification by author and date of all documents constituting notice of the delay; and

#577048

David T. Keenan, Esq.
April 25, 2006
Page 4 of 8

**HinckleyAllenSnyder**LLP
ATTORNEYS AT LAW

    (g)    the identification by author and date of all documents that substantiate Eastern's answers to the previous subparts of this Interrogatory.

Insofar as Eastern answered in its interrogatory responses that such documents would be produced pursuant to Rule 33(d), and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

Response to Interrogatory No. 12:

There did not appear to be any produced documents that set forth with respect to each and every denial by Eastern of any allegation of any paragraph of Lawrence's Third-Party Counterclaim in this action:

    (a)    the facts and grounds on which you base your denial including, where applicable, any pertinent provisions of the contract plans or specifications on which you rely to support said denial; and

    (b)    the identity by author and date of every document that substantiates or pertains to the facts or position of the persons most familiar with your position with respect to each denial.

Insofar as Eastern answered in its interrogatory responses that such documents would be produced pursuant to Rule 33(d), and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

Response to Interrogatory No. 13:

There did not appear to be any produced documents that set forth with respect to each and every denial, or affirmative defense asserted, by Eastern of any allegation of any paragraph of Hartford's Complaint in this action:

    (a)    the facts and grounds on which you base your denial including, where applicable, any pertinent provisions of the contract plans or specifications on which you rely to support said denial; and

    (b)    the identity by author and date of every document that substantiates or pertains to the facts or position of the persons most familiar with your position with respect to each denial.

Insofar as Eastern answered in its interrogatory responses that such documents would be produced pursuant to Rule 33(d), and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

#577048

David T. Keenan, Esq.  
April 25, 2006
Page 5 of 8

Response to Interrogatory No. 20:

There did not appear to be any produced documents that set forth all facts, identified all persons with knowledge of such facts, and identified all documents and communications that indicate that S&R and/or Hartford has complied with all claim procedures under: (1) S&R's subcontract with Eastern; (2) Eastern's general contract with Lawrence; and (3) the bond issued by Hartford in connection with the Project.

Insofar as Eastern answered in its interrogatory responses that such documents would be produced pursuant to Rule 33(d), and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

Response to Interrogatory No. 21:

There did not appear to be any produced documents that set forth all facts, identified all persons with knowledge of such facts, and identified all documents and communications that indicate that Eastern has complied with all claim procedures under the general contract between Eastern and Lawrence in connection with the Project.

Insofar as Eastern answered in its interrogatory responses that such documents would be produced pursuant to Rule 33(d), and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

Response to Production Request No. 3

There did not appear to be any produced documents that could be categorized as inter-office and intra-office correspondence and other communications within Eastern or between Eastern and any other person or entity that refer to, reflect or discuss S&R or any work performed by, or on behalf of, S&R in connection with the Project.

Insofar as Eastern answered in response to the City's document requests that Eastern would make any such documents available for inspection, and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

Response to Production Request No. 4

There did not appear to be any produced documents that could be categorized as documents describing or recording or revealing or relating to any and all person-to-person conversations, or telephone conversations, by and/or between Eastern and any other person or entity that

#577048

David T. Keenan, Esq.
April 25, 2006
Page 6 of 8


**HinckleyAllenSnyder**LLP
ATTORNEYS AT LAW

refer to, reflect or discuss S&R's work on the Project or any work performed on S&R's behalf by Eastern, Hartford, or any other person or entity.

Insofar as Eastern answered in response to the City's document requests that Eastern would make any such documents available for inspection, and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

Response to Production Request No. 9

There did not appear to be any produced documents that could be categorized as documents on which Eastern purports to rely to support its position that Lawrence is legally responsible for any of S&R's and/or Hartford's claims related to the Project.

Insofar as Eastern answered in response to the City's document requests that Eastern would make any such documents available for inspection, and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

Response to Production Request No. 12

There did not appear to be any produced documents that could be categorized as memoranda and notes which refer to, reflect or discuss S&R and/or Hartford in connection with the Project.

Insofar as Eastern answered in response to the City's document requests that Eastern would make any such documents available for inspection, and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

Response to Production Request No. 24

There did not appear to be any produced documents that could be categorized as reports or analyses from any consultant relating to any of the claims or defenses asserted in this action by any party.

Insofar as Eastern answered in response to the City's document requests that Eastern would make any such documents available for inspection, and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

#577048

David T. Keenan, Esq.
April 25, 2006
Page 7 of 8



### Response to Production Request No. 25

There did not appear to be any produced documents that could be categorized as chronologies prepared by or on behalf of Eastern with respect to the Project.

Insofar as Eastern answered in response to the City's document requests that Eastern would make any such documents available for inspection, and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

### Response to Production Request No. 28

There did not appear to be any produced documents that could be categorized as reports, diaries or logs that refer to, reflect or discuss the Project.

Insofar as Eastern answered in response to the City's document requests that Eastern would make any such documents available for inspection, and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

### Response to Production Request No. 30

There did not appear to be any produced documents that could be categorized as cancelled checks, ledgers, books or other documents evidencing payment made by or to Eastern concerning the Project, including but not limited to any payments made by Lawrence.

Insofar as Eastern answered in response to the City's document requests that Eastern would make any such documents available for inspection, and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

### Response to Production Request No. 32

There did not appear to be any produced documents that could be categorized as estimates and take-offs (and all backup or summary documents relating thereto) for the furnishing of labor, material or services, whether prepared by, or on behalf of, Eastern relating to the Project.

Insofar as Eastern answered in response to the City's document requests that Eastern would make any such documents available for inspection, and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such

David T. Keenan, Esq.
April 25, 2006
Page 8 of 8



HinckleyAllenSnyder LLP
ATTORNEYS AT LAW

documents do exist, however, please identify them specifically and provide them to my attention.

Response to Production Request No. 33

There did not appear to be any produced documents that could be categorized as periodic cost reports maintained by Eastern for the Project.

Insofar as Eastern answered in response to the City's document requests that Eastern would make any such documents available for inspection, and that no such documents were produced, it is presumed that no such documents exist in Eastern's possession. If any such documents do exist, however, please identify them specifically and provide them to my attention.

Response to Production Request No. 48

The City expects that Eastern will supplement this response when it determines what documents and/or things it intends to introduce as evidence or chalks at trial.

If you should have any questions or comments regarding this correspondence, please contact me directly.

Very truly yours,

Chad L. Hershman

cc: Charles E. Schaub, Jr., Esq.
    Doreen M. Zankowski, Esq.

#577048