UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 03-12502 NMG

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br>　　　Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| EASTERN CONTRACTORS, INC.,<br>　　　Defendant/Third Party Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| CITY OF LAWRENCE,<br>　　　Third Party Defendant. | )<br>)<br>) |

**DEFENDANT/THIRD PARTY PLAINTIFF, EASTERN CONTRACTORS, INC.'S, REPLY TO THIRD PARTY DEFENDANT, CITY OF LAWRENCE'S, STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

**AND**

**DEFENDANT/THIRD PARTY PLAINTIFF, EASTERN CONTRACTORS, INC.'S, STATEMENT OF MATERIAL FACTS AS TO WHICH A GENUINE ISSUE EXISTS**

I.  **Defendant/Third Party Plaintiff, Eastern Contractors, Inc.'s, Reply to Third Party Defendant, City of Lawrence's, Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment.**

　　NOW COMES the Defendant/Third Party Plaintiff, Eastern Contractors, Inc. (hereinafter "Eastern") and hereby replies to the Third Party Defendant, City of Lawrence's (hereinafter "the City"), Statement of Undisputed Material Facts as follows:

　　1.　　For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 1.

2.     For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 2.

3.     For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 3.

4.     For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 4.

5.     For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 5.

6.     For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 6.

7.     For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 7.

8.     For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 8.

9.     For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 9.

10.     For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 10.

11.     For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 11, however, Eastern states that there is more relevant information contained in Mr. Capaldo's November 1, 2001 letter which is not cited by the City as set forth below.

12. For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 12.

13. For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 13.

14. For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 14.

15. For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 15, however Eastern states that there is more relevant information contained in Mr. Capaldo's August 22, 2002 letter which is not cited by the City as set forth below.

16. For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 16.

17. For the purposes of this Reply, Eastern admits the facts set forth in Paragraph No. 17.

18. Denied. Additional notice was provided to the City via correspondence on October 18, 2002 and December 9, 2002, copies of which are attached as **Exhibits A-1** and **A-2** to the Affidavit of Ramesh Motwane attached hereto as **Exhibit A**; and on May 21, 2003, copy of which is attached as **Exhibit B-1** to Affidavit of Edward J. Quinlan attached hereto as **Exhibit B**.

II. **Defendant/Third Party Plaintiff, Eastern Contractors, Inc.'s, Statement of Material Facts as to Which a Genuine Issue Exists.**

Eastern incorporates by reference those statements of undisputed material facts set forth

in the City's Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment in numbered paragraphs 1-17 and sets forth additional material facts of record as to which Eastern contends there exists a genuine issue to be tried as follows:

1. Attorney Doreen Zankowski represented the City in connection with the Project, and sent and received correspondence as well as other documents pertaining to the Project on behalf of the Owner.

2. The unit prices of $38.50 per cubic yard relating to General Rock Excavation set forth in Division 02200-1.10(C) 2 were established by the City in the General Contract documents, and were not the subject of competitive bidding by Eastern or other bidders. See Affidavit of Ramesh Motwane attached hereto as **Exhibit A** and Affidavit of David Capaldo, ¶4 attached to the City's Motion for Partial Summary Judgment.

3. On November 1, 2001, Design Partnership's David Capaldo issued a letter to Eastern, writing therein in relevant part:

> "In response to your change order proposal #11 ... We agree that you are entitled to additional compensation for the additional subsurface condition encountered. However, with specific regard to the language included referencing MGL c 30   s 39N and your position that you are entitled to negotiate a revised unit cost for rock excavation. [sic] We respectfully disagree with your interpretation. ... There is no language in 30:39N that mentions a contractors [sic.] right to renegotiate a previously agreed to unit cost. ... The contract documents do not tell the bidder to carry the mentioned unit price for the quantity of material to be bid on. The unit price is established for work above or below the given quantity. ... [W]e cannot sign the Change Order Proposal as drafted. <u>The reservation of your right to renegotiate the unit price must be removed</u>. ..." (emphasis supplied).  See Affidavit of David Capaldo, Exhibit D.

4. Without a signed change order, the General Contractor cannot receive payment for extra work performed. See **Exhibit A**, Affidavit of Ramesh Motwane; See Affidavit of David Capaldo, Exhibit F.

5. The City quotes a portion of the August 22, 2002 David Capaldo letter in its Statement of Undisputed Material Facts. Eastern hereby sets forth the following additional language from Mr. Capaldo's August 22, 2002 letter as follows:

> "Please be advised that Change Order Proposal #56 (Excess ledge removal) was rejected due to the provision that Eastern Contractors included in the proposal to renegotiate the unit price. Otherwise this proposal was found acceptable and <u>would have been approved if that caveat had not been included.</u> Without an approved change order proposal there was no mechanism for which payment for the ledge removal was possible. In an effort to allow for timely payment for the previously completed excess ledge removal, we ask that you <u>re-submit COP #56 excluding the above-mentioned caveat</u> as soon as possible. .. . Based on the contract documents, ledge removal is included in the scope of work, including the provisions for additional ledge beyond the base contract pay limit. Therefore, Eastern Contractors must proceed with the ledge removal as required by the contract documents. Ledge removal beyond the base pay limit of the contract will be approved on future Change orders as it had been previously, at the unit price stipulated in the contract documents." (emphasis supplied). See Affidavit of David Capaldo, Exhibit F.

6. Change Order No. 7 was executed by Eastern on or about September 17, 2002 with a handwritten notation: "see attached letter." Eastern's letter of September 17, 2002 is attached hereto as **Exhibit A-3**, and reserves rights with regard to the issue of a time extension which had been previously negotiated but not reflected in the change order, and further specifically states:

> "Also, we reserve our rights under the statute and contract provisions for the time impacts caused by the delays in execution of these changes as well as the additional costs due to excessive ledge (CO #7) not included in the change order ….."

7. On or about October 18, 2002, Suresh Bhatia of Eastern sent correspondence to Mr. Capaldo by facsimile and mail regarding a variety of issues, including matters relating to additional ledge encountered in the course of performing work and a variety of issues pertaining to failure of the City to process payments and changes for additional work in a timely fashion. On the third page of that letter, Eastern specifically states as follows:

> "We shall be submitting our delay claims for renegotiating of unit prices for excessive ledge quantities encountered and other delays under separate cover for your review and discussion." See **Exhibit A-1**.

8. On or about December 9, 2002, Dante Cornelio of Eastern sent correspondence to Mr. Capaldo in connection with excess of ledge removal. The cover letter which transmitted the Change Order Proposal (COP) for additional ledge excavation specifically states: "ECI reserves the rights to renegotiate in accordance to MGL….." See **Exhibit A-2**.

9. On or about December 13, 2002, Eastern submitted COP No. 89 for excess of ledge removal at the Project. The cover letter transmitting the COP from Mr. Dante Cornelio of Eastern specifically states: "Eastern reserves the right to renegotiate in accordance to MGL….." See **Exhibit A-4**.

10. On or about November 18, 2002, December 5, 2002, December 30, 2002 and March 15, 2003, Eastern's subcontractor, S & R Construction, sent correspondence pertaining to its claims for additional ledge quantities and a demand for renegotiation of unit prices which had been established by the terms and conditions of the general contract. See **Exhibits A-5**, **A-6**, and **A-7**.

11. On or about May 21, 2003, Eastern, through its counsel, Edward J. Quinlan, was corresponding with Attorney Zankowski, counsel for the City, concerning time extensions and a previously negotiated but yet unexecuted change order. On May 21, 2003, by facsimile and mail, Attorney Quinlan sent to Attorney Zankowski correspondence and attachments totaling twenty-one (21) pages which specifically referenced the submission of a claim from S & R Construction purporting to set forth a claim seeking an adjustment in the unit price for ledge. See **Exhibit B-1**.

12. Attorney Quinlan's fax telephone number is 781-440-9979 and the activity report for that number establishes a successful transmission of 21 pages to fax number 617-345-9020 which is the fax number for Attorney Zankowski.

13. Certain documents from Hartford Insurance were produced and marked as exhibits during a deposition of the former claims attorney for Hartford Insurance by the name of Williams Jarvis in this litigation. During deposition testimony, Mr. Jarvis testified to leaving voice mails for Mr. Capaldo seeking information regarding the ledge claims.

14. Attached as **Exhibit B-2** is a copy of a fax transmittal sheet from Mr. Capaldo of Design Partnership of Cambridge to Mr. Jarvis of Hartford Insurance dated July 16, 2003, which had been marked as Exhibit 15 in the deposition of Mr. Jarvis that included copies of correspondence from Mr. Capaldo dated November 1, 2001, denying the claim for a renegotiation of unit cost for rock excavation.

15. This information had been sent by Mr. Capaldo to Mr. Jarvis who had contacted Mr. Capaldo while in the course of investigating claims including claims for

recovery on behalf of S & R Construction for ledge excavation claims.  See Deposition testimony of Williams Jarvis on November 2, 2005 pages 158 – 160 attached as **Exhibit B-3**.

                                              Respectfully submitted,
                                              Eastern Contractors, Inc.
                                              By its attorneys,


                                              /s/ Edward J. Quinlan
                                              Edward J. Quinlan, Esq., BBO# 409060
                                              David T. Keenan, Esq., BBO# 567325
                                              Quinlan & Sadowski, P.C.
                                              11 Vanderbilt Avenue, Suite 250
                                              Norwood, MA  02062-5056
                                              Phone:  781-440-9909
Dated: October 6, 2006                     Fax:     781-440-9979
                                              E-mail:  equinlan@qsatlaw.com