UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 03-12502 NMG

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br>  Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| EASTERN CONTRACTORS, INC.,<br>  Defendant/Third Party Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| CITY OF LAWRENCE,<br>  Third Party Defendant | )<br>) |

**AFFIDAVIT OF RAMESH MOTWANE**

I, Ramesh K. Motwane, do on oath depose and state as follows:

1. I am of legal age, a resident of Weston, Massachusetts and the President of Eastern Contractors, Inc.

2. Eastern Contractors, Inc. ("Eastern") was the general contractor awarded the contract for construction of the Wetherbee Elementary School Project in Lawrence, Massachusetts.

3. I have reviewed the materials attached to the Affidavit of David Capaldo and confirm that the specifications for this Project included unit prices for various items of earthwork including ledge excavation and rock excavation, which prices were included in the contract specifications and established by the City of Lawrence. The unit prices for ledge and rock excavation were not the subject of competitive bidding for this project.

4. When Eastern was contacted by the subcontractor performing earthwork and excavation (S & R Construction) for this project making a claim for equitable adjustment in the unit prices, Eastern passed through such claims to the City of Lawrence as the Project Owner consistent with practices in the construction industry.

5. I have reviewed business records of Eastern regarding such subject which confirm that Change Order Proposals (COPs) were submitted to the project architect for increased quantities of ledge which included the request for an equitable adjustment in the unit prices.

6. Such request for equitable adjustment in unit prices was rejected, consistent with the correspondence attached as Exhibit C. and Exhibit F. in the Affidavit of Mr. Capaldo.

7. Eastern resubmitted COPs seeking payment for rock and a ledge excavation which had been performed and removed from such requests reference to the claim for equitable adjustment as instructed.

8. Without an executed change order, neither Eastern nor its subcontractor could receive payment from the owner for the additional quantities of ledge which were encountered during the performance of work for this project.

9. All quantities of ledge for which payment was made on this project were reviewed and confirmed by representatives of the Architect and the Construction Manager prior to approval for payment.

10. Eastern at different times encountered significant difficulties in receiving payment for work performed from the City of Lawrence, as well as in receiving negotiated

change orders including time extensions which had been the subject of special meetings between Eastern and Lawrence as well as our respective counsel.

11. In March and April of 2003, Eastern received certain demands from S & R Construction regarding its claim for equitable adjustment of unit prices, which demands included previous correspondence dated November 2002, December 2002 and additional materials submitted to support the request for equitable adjustment. Such claim also had been submitted to Eastern's surety on its payment bond issued for the Lawrence Project.

12. Claim materials so received were sent to our counsel who sent the same to Doreen Zankowski, Esq. whom I understood at all times to be acting as counsel for the City of Lawrence in connection with this project.

13. Attached to my affidavit are Exhibits 1- 8, certain documents which are business records of Eastern Contractors, Inc. which are true and accurate copies of documents maintained by Eastern in the ordinary course of business prior to the commencement of litigation involving Eastern, Hartford Insurance and the City of Lawrence.

14. Exhibit 1 is a true and accurate copy of a letter from Eastern dated October 18, 2002 which includes a reference to renegotiation of unit prices.

15. Exhibit 2 is a true and accurate copy of a letter dated December 9, 2002 from Eastern which includes a reference to renegotiation of unit prices.

16. Exhibit 3 is a true and accurate copy of a letter from Eastern dated September 17, 2002.

17. Exhibit 4 is a true and accurate copy of a letter from Dante Cornelio, an employee of Eastern, which includes a reference to renegotiation of unit prices.

18. Exhibit 5 is a true and accurate copy of a letter from S & R Construction dated November 18, 2002.

19. Exhibit 6 is a true and accurate copy of a letter from S & R Construction dated December 5, 2002.

20. Exhibit 7 is a true and accurate copy of a letter from S & R Construction dated December 30, 2002.

Signed under the pains and penalties of perjury this 6th day of October, 2006.

_____
Ramesh K. Motwane