**EXHIBIT**

B-1

# QUINLAN & SADOWSKI, P.C.
## ATTORNEYS AT LAW
11 Vanderbilt Avenue
Suite 250
Norwood,  MA 02062-5056

TELEPHONE (781) 440-9909                    FAX (781) 440-9979

EMAIL: qsatlaw@mindspring.com
equinlan@mindspring.com

## FACSIMILE COVER SHEET

DATE:    May 21, 2003                 TIME:  2105 pm

TO:    Doreen Zankowski, Esq.        FAX# :   617-345-9020
       Hinckley Allen & Snyder LLP

FROM:    EDWARD J. QUINLAN, Esq.    RE:    Eastern Contractors/Wetherbee
                                           School/Lawrence

*****************************************************************************

MESSAGE/COMMENTS/INSTRUCTIONS:


cc:    Mr. Ramesh Motwane, Eastern Contractors, Inc.
       Mr. Suresh Bhatia, Eastern Contractors, Inc.
       Bradford R. Carver, Esq., Cetrulo & Capone LLP        617-217-5200

*****************************************************************************

We are sending a total of __ 21 __ pages, including this cover sheet.

If you do not receive all of these pages or if there is any difficulty in transmission, please call (781) 440-9909 and ask for Karen.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE.  THANK YOU.

```
***************************
***   ACTIVITY REPORT   ***
***************************
```

| ST. TIME | CONNECTION TEL/ID | SENDER NAME | NO. | MODE | | PGS. | RESULT | |
|----------|-------------------|-------------|-----|------|---|------|--------|---|
| 05/21 13:06 | ⟶ 16173459020 | ⟶ | 0405 | TRANSMIT | ECM | 21 | OK | 07'58 |
| 05/21 13:14 | 15083704455 | | 0406 | TRANSMIT | ECM | 10 | OK | 03'33 |
| 05/21 13:30 | 7812559996 | | 5724 | AUTO RX | ECM | 3 | OK | 01'03 |
| 05/21 13:32 | 16172175200 | | 0407 | TRANSMIT | ECM | 21 | OK | 07'32 |
| 05/21 13:41 | 15088799633 | | 0408 | TRANSMIT | ECM | 21 | OK | 07'32 |
| 05/21 13:48 | 5088799633 | | 5725 | AUTO RX | ECM | 1 | OK | 00'35 |
| 05/21 13:55 | COHN & DUSSI, LL | | 0409 | B'CAST | ECM | 3 | OK | 01'21 |
| | 17814940208 | | | | | | | |
| 05/21 13:57 | 15083846586 | | 0409 | B'CAST | ECM | 3 | OK | 01'19 |
| 05/21 14:02 | | | 5726 | AUTO RX | ECM | 6 | OK | 01'59 |
| 05/21 14:11 | BRACKETT&LUCAS | | 5727 | AUTO RX | ECM | 3 | OK | 00'51 |
| | 5087999799 | | | | | | | |
| 05/21 14:36 | 508 384 6586 | | 5728 | AUTO RX | ECM | 2 | OK | 01'03 |
| 05/21 14:54 | 617 338 1060 | | 5729 | AUTO RX | ECM | 4 | OK | 01'12 |
| 05/21 15:00 | CORESLAB CT. | | 5730 | AUTO RX | ECM | 2 | NG | 02'18 |
| | 860 283 0165 | | | | | | 2 | ##106 |
| 05/21 15:04 | CORESLAB CT. | | 5731 | AUTO RX | ECM | 10 | OK | 04'40 |
| | 860 283 0165 | | | | | | | |
| 05/21 15:12 | 5084292449 | | 5732 | AUTO RX | ECM | 10 | OK | 03'05 |
| 05/21 15:16 | 19783525209 | | 0410 | TRANSMIT | ECM | 1 | OK | 00'43 |
| 05/21 15:23 | 15083848544 | | 0411 | B'CAST | ECM | 2 | OK | 00'56 |
| 05/21 15:24 | CIVITARESE | | 0411 | B'CAST | ECM | 2 | OK | 01'36 |
| | 15089661659 | | | | | | | |
| 05/21 15:26 | 15086602458 | | 0411 | B'CAST | ECM | 2 | OK | 00'57 |
| 05/21 15:39 | CORESLAB CT. | | 0412 | TRANSMIT | ECM | 2 | OK | 00'58 |
| | 18602830165 | | | | | | | |
| 05/21 15:56 | BRACKETT&LUCAS | | 0413 | TRANSMIT | ECM | 1 | OK | 00'47 |
| | 15037999799 | | | | | | | |
| 05/21 15:57 | 781 767 3358 | | 5733 | AUTO RX | ECM | 1 | OK | 00'32 |
| 05/21 16:05 | 17813445277 | | 0414 | TRANSMIT | ECM | 4 | OK | 01'38 |
| 05/22 07:45 | 604 270 2656 | | 5734 | AUTO RX | ECM | 1 | OK | 00'41 |
| 05/22 09:36 | ST Griswold & Co | | 5735 | AUTO RX | ECM | 11 | OK | 03'20 |
| | 802 658 6869 | | | | | | | |
| 05/22 09:43 | 978 452 3796 | | 5736 | AUTO RX | ECM | 5 | OK | 01'40 |
| 05/22 09:45 | BOND CLAIMS | | 0415 | B'CAST | ECM | 4 | OK | 01'32 |
| | 18605478265 | | | | | | | |
| 05/22 09:47 | 16172175200 | | 0415 | B'CAST | ECM | 4 | OK | 01'26 |
| 05/22 09:53 | 15088799633 | | 0415 | B'CAST | ECM | 4 | OK | 01'27 |
| 05/22 09:59 | 15083846586 | | 0416 | TRANSMIT | | 0 | NG | 00'00 |
| | | | | | | 0 | #018 | |
| 05/22 10:02 | BOND CLAIMS | | 0417 | B'CAST | ECM | 9 | OK | 03'39 |
| | 18605478265 | | | | | | | |
| 05/22 10:06 | 16172175200 | | 0417 | B'CAST | ECM | 9 | OK | 03'35 |
| 05/22 10:14 | 15088799633 | | 0417 | B'CAST | ECM | 9 | OK | 03'36 |
| 05/22 10:31 | BOND CLAIMS | | 0418 | TRANSMIT | ECM | 22 | OK | 08'43 |
| | 18605478265 | | | | | | | |
| 05/22 10:49 | 16172175200 | | 0420 | TRANSMIT | ECM | 22 | OK | 08'39 |
| 05/22 10:58 | 15083846586 | | 0419 | TRANSMIT | ECM | 3 | OK | 01'23 |
| 05/22 11:03 | 15088799633 | | 0421 | TRANSMIT | ECM | 22 | OK | 08'41 |
| 05/22 12:01 | BOND CLAIMS | | 0422 | B'CAST | ECM | 3 | OK | 01'18 |
| | 18605478265 | | | | | | | |
| 05/22 12:02 | 16172175200 | | 0422 | B'CAST | ECM | 3 | OK | 01'13 |
| 05/22 12:04 | 15088799633 | | 0422 | B'CAST | ECM | 3 | OK | 01'15 |

QUINLAN & SADOWSKI, P.C.

ATTORNEYS AT LAW

11 Vanderbilt Avenue
Norwood, Massachusetts 02062-5056
(781) 440-9909  Fax (781) 440-9979

May 21, 2003

VIA FAX 617-345-9020 AND MAIL

Doreen Zankowski, Esq.
Hinckley Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775

RE:    EASTERN CONTRACTORS, INC. - NEW WETHERBEE ELEMENTARY
& MIDDLE SCHOOL PROJECT, LAWRENCE, MA

Dear Attorney Zankowski:

This is to confirm our scheduled meeting for next week, May 29, 2003 at 11:30 a.m. approximately at your offices. As I explained, I have a case management/settlement conference in a pending matter scheduled for that morning, however, I do not anticipate the session with the court running more than an hour or so.

We have been attempting to resolve the outstanding issues concerning the proposed change order including the agreed-upon time extension which was the subject of a special job meeting held in March of 2002. If the Architect has furnished you with a proposed draft of such change order document, it would be helpful if you could fax me a copy in advance of the meeting.

As I mentioned, another reason for my call was a courtesy to advise of a claim submission which Eastern has received from S & R Construction purporting to set forth a claim seeking an adjustment in the unit price for ledge. Eastern is transmitting this claim (which I am led to believe may have been previously discussed and/or identified as work was ongoing) in fulfillment of its obligation to notify the project Owner of such claims. Eastern does not endorse this claim nor does it offer any comments thereon.

As you know, S & R was defaulted on the Wetherbee project, and Eastern has been making substantial efforts through a subcontractor hired directly by Eastern on a time and materials basis to complete the work which was abandoned by S & R Construction. It is my understanding that the substitute site subcontractor has been working diligently, and (based upon the lack of complaints which have come to my attention) I understand that reasonably satisfactory progress is being made despite the difficult winter and the unanticipated failure of S & R. Eastern did obtain a bond from S & R on this project and we will continue to deal with the bonding Company, however, that surety has been notified that this project is a priority and that Eastern insists upon continuing performance while the surety issues are investigated and resolved.

Page 2            Eastern/Lawrence            May 21, 2003

You mentioned that the substitute site subcontractor may have been requesting the Owner's project representatives to sign time and material slips or raising questions about work necessary to correct incomplete or improperly performed work of S & R to be treated as extra work. I will inquire with the project personnel, however, it would be my understanding that work strictly corrective of work previously performed by S & R would not involve a change of scope and it may very well be that this completing site subcontractor is referencing extra work in the context of its undertakings and agreements with Eastern. In that same vein, to the best of my knowledge, there are no major claims which are being prepared or proposed to be submitted to the project owner at the Wetherbee Project. I will check further since I do not have actual working knowledge on a day-to-day basis of any cumulative claims, and if I find out any contrary information, I will advise you accordingly. It has been Eastern's intention to work in a cooperative fashion with the project owner and bring this challenging project to a conclusion.

You mentioned that there are no liquidated damages provisions in the contract, but in the alternative actual damages for exceeding the contract time remain as a possibility. If there are such claims being considered, it would be helpful if Eastern could be furnished with information concerning the same hopefully in advance of our meeting to at least open the subject for discussion.

If you have any additional questions, I will be happy to respond and look forward to seeing you next Thursday.

Very truly yours,

Edward J. Quinlan

EJQ/khj
cc:      Mr. Ramesh Motwane, Eastern Contractors, Inc.
         Mr. Suresh Bhatia, Eastern Contractors, Inc.
         Bradford R. Carver, Esq., Cetrulo & Capone LLP

Page 2                          Eastern/Lawrence                          May 21, 2003

You mentioned that the substitute site subcontractor may have been requesting the Owner's project representatives to sign time and material slips or raising questions about work necessary to correct incomplete or improperly performed work of S & R to be treated as extra work. I will inquire with the project personnel, however, it would be my understanding that work strictly corrective of work previously performed by S & R would not involve a change of scope and it may very well be that this completing site subcontractor is referencing extra work in the context of its undertakings and agreements with Eastern. In that same vein, to the best of my knowledge, there are no major claims which are being prepared or proposed to be submitted to the project owner at the Wetherbee Project. I will check further since I do not have actual working knowledge on a day-to-day basis of any cumulative claims, and if I find out any contrary information, I will advise you accordingly. It has been Eastern's intention to work in a cooperative fashion with the project owner and bring this challenging project to a conclusion.

You mentioned that there are no liquidated damages provisions in the contract, but in the alternative actual damages for exceeding the contract time remain as a possibility. If there are such claims being considered, it would be helpful if Eastern could be furnished with information concerning the same hopefully in advance of our meeting to at least open the subject for discussion.

If you have any additional questions, I will be happy to respond and look forward to seeing you next Thursday.

Very truly yours,

Edward J. Quinlan

EJQ/khj

cc:     Mr. Ramesh Motwane, Eastern Contractors, Inc.
        Mr. Suresh Bhatia, Eastern Contractors, Inc.
        Bradford R. Carver, Esq., Cetrulo & Capone LLP



# S & R Construction Co., Inc.

60 Dyerville Avenue
Johnston, Rhode Island 02919
Telephone: (401) 831-6337    Fax: (401) 276-7031



March 31, 2003

Certified Mail No. 7002 0860 0002 1945 3070

Suresh Bhaita
Eastern Contractors, Inc.
New Wetherbee School
75 Newton Street
Lawrence, MA 01841

**RECEIVED**

APR 1 5 2003

**SURETY CLAIM**

Subject: S&R Construction Co. Inc. Claim for Additional Ledge Removal
Reference: S&R Letters dated 3/18/02, 12/5/02 , and 12/30/02

Dear Suresh:

To date S&R Construction has not received a response from Eastern Contractors in reference to the above referenced letters regarding the re-negotiation of excess ledge removal at the Wetherbee School in Lawrence Massachusetts.

S&R had requested and is entitled to re-negotiate this change to the S&R Contract under the terms and conditions of MGL.

The above reference letters define the basis of our claim which addresses the method of ledge removal and excess quantities encountered and not indicated in the Contract Documents.

Eastern Contractors Inc. has ignored S&R's several requests throughout the Project for re-negotiation of the excess ledge removal therefore placing a severe financial burden on S&R Construction Co. Inc.

By the actions of Eastern Contractors Inc. in not providing S&R Construction the right to seek an equitable adjustment in the contract price under MGL, ECI has prevented S&R Construction from completing it's Contractual obligations on the Wetherbee Project.

S&R Construction Co. Inc. has worked in good faith throughout the Wetherbee Project to comply with the terms and conditions of the ECI/S&R Contract.

Please be advised that this correspondence shall serve as the S&R Construction Co. Inc. claim for and not limited to compensation for ledge removal cost against Eastern Contractors Inc. in the amount of $2,574,335.92.

Very Truly Yours:

S&R CONSTRUCTION CO., INC.

Rocco Izzo
Vive President

**RECEIVED**

APR 0 4 2003

ST. PAUL SURETY

Cc: St. Paul Surity / UNITED STATES FIDELITY + GUARANTY Co.
Enclosures: S&R Letters dated 3/18/02, 12/5/02, 12/30/02
CERT. MAIL NO: 7002 0860 0002 1945 3360

# THE AMERICAN INSTITUTE OF ARCHITECTS



*AIA Document A312*

# Performance Bond

### Bond # SK3772

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

---

**CONTRACTOR (Name and Address):**
Eastern Contractors, Inc.
571 Union Avenue,
Framingham, MA

**SURETY (Name and Principal Place of Business):**
United States Fidelity and Guaranty Company
Franklin Oaks Office Park
124 Grove Street,
Franklin, MA  02038

**OWNER (Name and Address):**
City of Lawrence
Lawrence City Hall, 200 Common Street
Lawrence, MA 01541

**CONSTRUCTION CONTRACT**
Date:   27th day of June, 2001
Amount:   TWENTY-ONE MILLION FOUR HUNDRED SIXTY THOUSAND THREE HUNDRED  AND NO/100THS Dollars
Description (Name and Location): New Wetherbee Elementary and Middle School, Lawrence

**BOND**
Date (Not earlier than Construction Contract Date): 27th day of June, 2001
Amount: TWENTY-ONE MILLION FOUR HUNDRED SIXTY THOUSAND THREE HUNDRED  AND NO/100THS Dollars
Modifications to this Bond:        ☒None .                        ☐ See Page 3

| CONTRACTOR AS PRINCIPAL | SURETY |
|---|---|
| Company:                  (Corporate Seal) | Company:                  (Corporate Seal) |
| Eastern Contractors, Inc. | United States Fidelity and Guaranty Company |
| Signature: | Signature: |
| Name and Title: | Name and Title:            Marie Ferguson |
| RAMESH K. MOTWANE, PRESIDENT | Attorney-In-Fact |

(Any additional signatures appear on page 3)

---

(FOR INFORMATION ONLY—Name, Address and Telephone)
**AGENT or BROKER:**
Durkin Devries & Pizzi Insurance Agency, LLC
378 Littleton Road    Suite 32
P.O. Box 770, Westford, Massachusetts  01886
(978)692-7667

**OWNER'S REPRESENTATIVE (Architect, Engineer or other party):**

---

AIA DOCUMENT A312 · PERFORMANCE BOND AND PAYMENT BOND · DECEMBER 1984 ED. · AIA ®
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVE., N.W., WASHINGTON, D.C. 20006
THIRD PRINTING · MARCH 1987

A312-1984   1

1 The Contractor and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner for the performance of the Construction Contract, which is incorporated herein by reference.

2 If the Contractor performs the Construction Contract, the Surety and the Contractor shall have no obligation under this Bond, except to participate in conferences as provided in Subparagraph 3.1.

3 If there is no Owner Default, the Surety's obligation under this Bond shall arise after:

3.1 The Owner has notified the Contractor and the Surety at its address described in Paragraph 10 below that the Owner is considering declaring a Contractor Default and has requested and attempted to arrange a conference with the Contractor and the Surety to be held not later than fifteen days after receipt of such notice to discuss methods of performing the Construction Contract. If the Owner, the Contractor and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a Contractor Default; and

3.2 The Owner has declared a Contractor Default and formally terminated the Contractor's right to complete the contract. Such Contractor Default shall not be declared earlier than twenty days after the Contractor and the Surety have received notice as provided in Subparagraph 3.1; and

3.3 The Owner has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Construction Contract or to a contractor selected to perform the Construction Contract in accordance with the terms of the contract with the Owner.

4 When the Owner has satisfied the conditions of Paragraph 3, the Surety shall promptly and at the Surety's expense take one of the following actions:

4.1 Arrange for the Contractor, with consent of the Owner, to perform and complete the Construction Contract; or

4.2 Undertake to perform and complete the Construction Contract itself, through its agents or through independent contractors; or

4.3 Obtain bids or negotiated proposals from qualified contractors acceptable to the Owner for a contract for performance and completion of the Construction Contract, arrange for a contract to be prepared for execution by the Owner and the contractor selected with the Owner's concurrence, to be secured with performance and payment bonds executed by a qualified surety equivalent to the bonds issued on the Construction Contract, and pay to the Owner the amount of damages as described in Paragraph 6 in excess of the Balance of the Contract Price incurred by the Owner resulting from the Contractor's default; or

4.4 Waive its right to perform and complete, arrange for completion, or obtain a new contractor and with reasonable promptness under the circumstances:

.1 After investigation, determine the amount for

which it may be liable to the Owner and, as soon as practicable after the amount is determined, tender payment therefor to the Owner; or

.2 Deny liability in whole or in part and notify the Owner citing reasons therefor.

5 If the Surety does not proceed as provided in Paragraph 4 with reasonable promptness, the Surety shall be deemed to be in default on this Bond fifteen days after receipt of an additional written notice from the Owner to the Surety demanding that the Surety perform its obligations under this Bond, and the Owner shall be entitled to enforce any remedy available to the Owner. If the Surety proceeds as provided in Subparagraph 4.4, and the Owner refuses the payment tendered or the Surety has denied liability, in whole or in part, without further notice the Owner shall be entitled to enforce any remedy available to the Owner.

6 After the Owner has terminated the Contractor's right to complete the Construction Contract, and if the Surety elects to act under Subparagraph 4.1, 4.2, or 4.3 above, then the responsibilities of the Surety to the Owner shall not be greater than those of the Contractor under the Construction Contract, and the responsibilities of the Owner to the Surety shall not be greater than those of the Owner under the Construction Contract. To the limit of the amount of this Bond, but subject to commitment by the Owner of the Balance of the Contract Price to mitigation of costs and damages on the Construction Contract, the Surety is obligated without duplication for:

6.1 The responsibilities of the Contractor for correction of defective work and completion of the Construction Contract;

6.2 Additional legal, design professional and delay costs resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety under Paragraph 4; and

6.3 Liquidated damages, or if no liquidated damages are specified in the Construction Contract, actual damages caused by delayed performance or non-performance of the Contractor.

7 The Surety shall not be liable to the Owner or others for obligations of the Contractor that are unrelated to the Construction Contract, and the Balance of the Contract Price shall not be reduced or set off on account of any such unrelated obligations. No right of action shall accrue on this Bond to any person or entity other than the Owner or its heirs, executors, administrators or successors.

8 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

9 Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted within two years after Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation avail-

able to sureties as a defense in the jurisdiction of the suit shall be applicable.

10   Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the signature page.

11   When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

12   DEFINITIONS

12.1   Balance of the Contract Price: The total amount payable by the Owner to the Contractor under the Construction Contract after all proper adjustments have been made, including allowance to the Con-

tractor of any amounts received or to be received by the Owner in settlement of insurance or other claims for damages to which the Contractor is entitled, reduced by all valid and proper payments made to or on behalf of the Contractor under the Construction Contract.

12.2   Construction Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

12.3   Contractor Default: Failure of the Contractor, which has neither been remedied nor waived, to perform or otherwise to comply with the terms of the Construction Contract.

12.4   Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the other terms thereof.

MODIFICATIONS TO THIS BOND ARE AS FOLLOWS:

(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)

| CONTRACTOR AS PRINCIPAL | | SURETY | |
|---|---|---|---|
| Company: | (Corporate Seal) | Company: | (Corporate Seal) |
| Eastern Contractors, Inc. | | United States Fidelity and Guaranty Company | |
| Signature: | | Signature: | |
| Name and Title: | | Name and Title: Marie Ferguson, Attorney-in-Fact | |
| Address:  RAMESH K. MOTWANE, PRESIDENT | | Address: 270 Littleton Road, P. O. Box 778 | |
| | | Westford, Ma. 01886 | |

AIA DOCUMENT A312 · PERFORMANCE BOND AND PAYMENT BOND · DECEMBER 1984 ED. · AIA ®
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVE., N.W., WASHINGTON, D.C. 20006
THIRD PRINTING · MARCH 1987                                    A312-1984   3



# S & R Construction Co., Inc.

**60 Dyerville Avenue**
**Johnston, Rhode Island 02919**
**Telephone: (401) 831-6337    Fax: (401) 276-7031**



## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** DANTE CORNELIO | **FROM:** STEVE RODI |
| **COMPANY:** EASTERN CONTRACTORS | **DATE:** 11/19/02 |
| **FAX NUMBER:** 978-683-7439 | **TOTAL NO. OF PAGES INCLUDING COVER:** 5 |
| **PHONE NUMBER:** 978-686-8370 | **SENDER'S REFERENCE NUMBER:** |
| **RE:** WETHERBEE SCHOOL | **YOUR REFERENCE NUMBER:** |

☐ URGENT    X FOR REVIEW    X PLEASE COMMENT    X PLEASE REPLY    ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

DANTE:
THE ATTACHED REPLACES THE LETTER SENT ON FRIDAY SEEKING RENEGOTIATION OF
LEDGE PRICING. PLEASE REVIEW AND CALL WITH ANY QUESTIONS.

THANK-YOU
STEVE RODI

RECEIVED
APR 04 2003
ST PAUL SURETY



# S & R Construction Co., Inc.

### 60 Dyerville Avenue
### Johnston, Rhode Island 02919
### Telephone: (401) 831-6337    Fax: (401) 276-7031



November 18, 2002

Dante Cornelio
Eastern Contractors, Inc.
571 Union Avenue
Framingham, MA 01702

SENT VIA FAX AND U S MAIL

Re: Wetherbee School, Lawrence, MA
**LEDGE/ ROCK REMOVAL (revised 11/18/02)**

Dear Dante:

Please be informed that S&R cannot accept the unit price set forth for ledge removal at the above-mentioned project. The unit price set forth, if accepted would place great financial strain on S&R Construction. S&R will seek to be reimbursed for the cost to remove the ledge at a fair and reasonable market price. We will also seek additional reimbursement for the original 3,000 cubic yards of open ledge. Also note, the contract ledge quantities included fill replacement at the areas of displaced fractured ledge. The additional ledge quantities did not include fill replacement for the displaced ledge. We will seek to be reimbursed for all additional fill required to infill the displaced ledge. We base this request on the following facts.

1.  The unit price set forth addresses the ledge in question to be blasted. Because of the proximity of the ledge in relation to the building as well as other contributing factors and historical guidelines the ledge needed to be removed by mechanical methods. A unit price for removal by mechanical means is not addressed in the project manual.
2.  The quantity of ledge encountered exceeds the amount carried by more than three times. The contract allows for renegotiation of unit prices that exceed the anticipated quantities by over twenty percent.

Based on the above facts S&R will seek to be compensated as follows.

| | |
|---|---|
| Additional ledge encountered to date. 5,766.32 cubic yards @ market value of $275.00 per yard = | $ 1,585,738.00 |
| Contract open ledge encountered and removed. 3,000 cubic yards @ $275.00 per yard= | $ 825,000.00 |
| Fill replacement requirements for additional quantities 5,766.32 @ $20.00 per cubic yard= | $ 115,326.40 |
| Less prior ledge requisitioned | $ ( 313,313.14) |
| Plus 15% profit and overhead on additional amounts over contract | $ 361,584.66 |

**ADDITIONAL REIMBURSEMENT REQUIREMENT**                                        $2,574,335.92

Also note, no time extension was granted for the additional time and delays caused beyond our control. We will require a project extension for the time required as per the signed daily work orders pertaining to all additional work over and above the work listed under the base contract. Overtime charges also pertain and have not been added to this request. S&R is entitled to be reimbursed for overtime requirements as a result of this additional work.
This matter has caused great financial strain on S&R Construction. We request this matter be given immediate attention to avoid further project delays.

Sincerely:

S&R CONSTRUCTION CO., INC.

Steven L. Rodi
Senior Project Manager

CC: Rocco Izzo

Enclosures (market value pricing) (spreadsheet itemizing cost)

# Architects
# Contractors
# Engineers



# Guide To
# Construction
# COSTS

XXXIII

2002

# **A**rchitects
# **C**ontractors
# **E**ngineers



# Guide To
# Construction
# COSTS

XXXIII

2002

## DIVISION #2 - SITEWORK & DEMOLITION

**0202.0   EARTHWORK (Op. Eng., Truck Driver & Lab.)**

**.1   GRADING**

| Machine | UNIT (1) | COST | UNIT (1) | COST |
|---|---|---|---|---|
| Strip Top Soil - 4" | CuYd | 5.00 | SqYd | .55 |
| Spread Top Soil | | | | |
| 4" Site Borrow | CuYd | 5.45 | SqYd | .60 |
| Off-Site Borrow ($12 CuYd) | CuYd | 19.50 | SqYd | 2.20 |

| Rough Grading - Cut and Fill | UNIT | SOFT (1) | MED. (1) | HARD (1) |
|---|---|---|---|---|
| Dozer - To 200' | CuYd | 3.30 | 3.55 | 4.20 |
| To 500' | CuYd | 3.70 | 5.30 | 8.60 |
| Scraper - Self Propelled - To 500' | CuYd | 2.95 | 3.30 | 3.85 |
| To 1,000' | CuYd | 3.75 | 4.40 | 5.20 |
| Grader - To 200' | CuYd | 3.25 | 3.80 | 5.50 |
| Add for Compaction (See 0202.4) | | | | |
| Add for Hauling Away (See 0202.5) | | | | |
| Add for Truck Haul on Site | CuYd | 2.55 | - | - |
| Add for Borrow Brought In | | | | |
| Loose Fill - 2.75 Ton | CuYd | 10.40 | - | - |
| Crushed Stone - 5.30 Ton | CuYd | 13.75 | - | - |
| Gravel - 4.10 Ton | CuYd | 12.00 | - | - |

| Hand and Machine | UNIT | HAND LABOR | MACHINE |
|---|---|---|---|
| Fine Grading - 4" Fill - Site | CuYd | 10.80 | 5.20 |
| or SqFt | | .14 | .07 |
| 4" Fill - Building | CuYd | 20.00 | 9.60 |
| or SqFt | | .25 | .12 |

**.2   EXCAVATION - Dig & Cast or Load (No Hauling)**

Soil

| | | | |
|---|---|---|---|
| Open - Soft (Sand) w/Backhoe or Shovel | CuYd | 19.60 | 3.20 |
| Medium (Clay) | CuYd | 27.75 | 3.95 |
| Hard | CuYd | 43.20 | 5.50 |
| Add for Clamshell or Dragline | CuYd | - | 1.25 |
| Deduct for Front End Loader | CuYd | - | 1.05 |
| Deduct for Dozer | CuYd | - | .27 |
| Trench or Pocket - Soft w/Backhoe or Shovel | CuYd | 22.50 | 4.70 |
| Medium | CuYd | 28.70 | 6.10 |
| Hard | CuYd | 41.30 | 7.40 |
| Add for Clamshell or Dragline | CuYd | - | 1.15 |
| Augered - 12" diameter | CuYd | 47.40 | 9.00 |
| 24" diameter | CuYd | 36.20 | 6.10 |
| Add for Frost | CuYd | - | 7.20 |
| Rock - Soft - Dozer | CuYd | - | 31.00 |
| Hammer | CuYd | - | 77.00 |
| Medium - Blast | CuYd | - | 93.00 |
| Hammer | CuYd | - | 160.00 |
| Hard - Blast | CuYd | - | 205.00 |
| Hammer | CuYd | - | 275.00 ⟵ |
| Swamp | CuYd | - | 8.90 |
| Underwater | CuYd | - | 11.50 |

**.3   BACKFILL (Not Compacted and Site Borrow)**   CuYd   10.05   2.50 ⟵

Add for Off-Site Borrow   CuYd   -   10.35 ⟵

Add to <u>All Above</u> for Mobilization Average          5%

Machine and Operators

| | | |
|---|---|---|
| 3000 cubic yards open ledge (contract) | billed to date | $ 115,500.00 |
| 650 cubic yards trench ledge @ $45.00 | billed to date | $ 25,763.40 |
| change order #1 1515.12 cubic yards | billed to date | $ 58,332.00 |
| change order #3 734 cy | billed to date | $ 2,023.34 |
| change order # 5 173 cy | billed to date | $ 6,687.00 |
| change order #8 2531.60 | billed to date | $ 97,467.00 |
| trench ledge 291.23 | billed to date | $ - |
| trench ledge 74.25 | billed to date | $ 3,341.00 |
| trench ledge 354.14 | billed to date | $ - |
| trench ledge 93.32 | billed to date | $ 4,199.40 |
| TOTAL BILLED TO DATE | | $ 313,313.14 |
| | | |
| *CALCULATION OF 15% PROFIT* | | |
| 5766.32 cy @ 275.00 | 1,565,738.00 | $ 237,860.70 |
| 3000 cy @ 236.50 | 709,500 | $ 106,425.00 |
| 5766.32 @ 20.00 | 115,326.00 | $ 17,298.96 |
| TOTAL PROFIT AND OVERHEAD ON ADDITIONAL COST | | $ 361,584.66 |

HP Fax K1220xi

Log for
S&R Construction
4012767031
Nov 19 2002 9:08am

___

Last 30 Transactions

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Nov 14 | 5:24pm | Received | | 0:38 | 0 | No fax |
| Nov 14 | 7:24pm | Received | | 0:38 | 0 | No fax |
| Nov 14 | 8:27pm | Received | | 0:38 | 0 | No fax |
| Nov 15 | 7:40am | Fax Sent | 19786837439 | 0:37 | 1 | OK |
| Nov 15 | 8:11am | Fax Sent | 17817371550 | 1:15 | 2 | OK |
| Nov 15 | 8:30am | Received | | 0:38 | 0 | No fax |
| Nov 15 | 10:54am | Fax Sent | 14135627010 | 0:24 | 1 | OK |
| Nov 15 | 10:56am | Fax Sent | 17819351888 | 0:49 | 2 | OK |
| Nov 15 | 11:30am | Received | | 0:38 | 0 | No fax |
| Nov 15 | 2:08pm | Received | | 0:38 | 0 | No fax |
| Nov 15 | 6:13pm | Received | | 0:38 | 0 | No fax |
| Nov 16 | 9:26am | Received | | 0:38 | 0 | No fax |
| Nov 16 | 10:58am | Received | | 0:38 | 0 | No fax |
| Nov 18 | 7:34am | Fax Sent | 16179690505 | 0:37 | 0 | Error 386 |
| Nov 18 | 7:36am | Fax Sent | 16179690505 | 0:31 | 1 | OK |
| Nov 18 | 8:31am | Received | 978 443 6036 | 0:50 | 2 | OK |
| Nov 18 | 9:02am | Received | | 1:16 | 4 | OK |
| Nov 18 | 9:10am | Received | 7703474 | 0:41 | 3 | OK |
| Nov 18 | 10:42am | Fax Sent | 19786837439 | 0:56 | 1 | OK |
| Nov 18 | 11:33am | Fax Sent | 19784436036 | 0:23 | 1 | OK |
| Nov 18 | 11:33am | Fax Sent | 17813564553 | 0:34 | 1 | OK |
| Nov 18 | 11:35am | Fax Sent | 9447360 | 0:36 | 1 | OK |
| Nov 18 | 1:31pm | Fax Sent | 15088799633 | 0:21 | 1 | OK |
| Nov 18 | 1:37pm | Received | 978 443 6036 | 1:38 | 8 | OK |
| Nov 18 | 4:19pm | Received | Public Works Supply | 1:59 | 3 | OK |
| Nov 18 | 5:17pm | Received | 7388282 | 0:44 | 1 | OK |
| Nov 19 | 7:45am | Received | | 0:50 | 1 | OK |
| Nov 19 | 8:43am | Fax Sent | 19786837439 | 2:40 | 5 | OK |
| Nov 19 | 9:02am | Fax Sent | 19787740374 | 0:29 | 1 | OK |
| Nov 19 | 9:04am | Fax Sent | 15088799633 | 1:50 | 5 | OK |



**S & R Construction, Co., Inc.**
60 DYERVILLE AVENUE
JOHNSTON, RI 02919

DANTE CORNELIO
EASTERN CONTRACTORS, INC.
571 UNION AVENUE
FRAMINGHAM, MA
01702 - 5855

UNITED STATES POSTAGE
* * *
192
6050 **00.370** P09570604
5425          NOV 19 02
MAILED FROM ZIP CODE 02919



# S & R Construction Co., Inc.

### 60 Dyerville Avenue
### Johnston, Rhode Island 02919
### Telephone: (401) 831-6337    Fax: (401) 276-7031



December 5, 2002

Suresh Bhatia
Eastern Contractors, Inc.
571 Union Avenue                     **SENT VIA FAX AND U S MAIL**
Framingham, MA 01702

Re: Wetherbee School, Lawrence, MA
## ADDITIONAL LEDGE QUANTITIES ENCOUNTERED

*Dear Suresh:*

Additional ledge has been removed by mechanical means . This ledge quantity will be billed at the price set forth of $38.50 per cubic yard. We will add this quantity to our claim seeking additional reimbursement as stated in prior correspondence. The additional ledge removed as per attached slip No. 457 is 402 cubic yards. This will be billed on Decembers requisition. ($15,477.00) The balance of the cost $236.50 @ 402 cubic yards totaling $95,073.00 will be added to our claim. As per our conversation of this week you were going to prepare a package in regards to this ledge claim. Please forward that package at your earliest convenience.

Sincerely:

S&R CONSTRUCTION CO., INC.

Steven L. Rodi
Senior Project Manager

CC: Rocco Izzo
     Dante Cornelio

RECEIVED
APR 0 4 2003
ST. PAUL SURETY

# JOB INVOICE

## & R CONSTRUCTION CO., INC.

60 DYERVILLE AVENUE
JOHNSTON, R.I. 02919
401-831-6337 • 401-831-6338

Nº     457

| DATE ORDERED 12-3-2002 | ORDER TAKEN BY _Thomas Nike_ |
| PHONE NO. | CUSTOMER ORDER NO. |
| JOB LOCATION _Walter Rice Island L, Nutley + C_ | |
| JOB PHONE | STARTING DATE 12/3/02 |
| TERMS | |

ESS  E C I
75 Newton street
Lawrence Ma.

| QTY. | MATERIAL | UNIT | AMOUNT |
|------|----------|------|--------|
| | Depth | | |
| | $3'-0 \times 5'-0 \times 70'-0 = 1050 FT^3$ | | |
| | $4'-0\ Deep \times 35'-0 \times 70'-0 = 9800 FT^3$ | | |
| | $10850 FT^3 = 402\ cu\ yard$ | | |

### DESCRIPTION OF WORK

LEDGE EXCAVATION
SEE SKETCHES

### MISCELLANEOUS CHARGES

| LABOR | HRS | RATE | AMOUNT |
|-------|-----|------|--------|
| | | | |

| ORDERED BY | |
| ORDERED | |
| COMPLETED | |

| | |
| TOTAL LABOR | |
| TOTAL MATERIALS | |
| TOTAL MISCELLANEOUS | |
| SUBTOTAL | |
| TAX | |
| GRAND TOTAL | |

USTOMER APPROVAL
SIGNATURE _FOR Qty verification_
_John Kulik_

UTHORIZED SIGNATURE



**S & R Construction, Co., Inc.**

60 DYERVILLE AVENUE
JOHNSTON, RI 02919



SURESH BHATIA
EASTERN CONTRACTORS, INC.
571 UNION AVENUE
FRAMINGHAM, MA 01702

**S & R Construction Co., Inc.**
60 Dyerville Avenue
Johnston, RI 02919

TEL: ( 401 ) 831- 6337

FAX: ( 401 ) 831-1057          ESTIMATING FAX: (401) 276-7031

## FAX COVER SHEET

**DATE:** *12-30-02*

**TO:** *Eastern Contractor*

**ATTN:** *Dante Cormulio / Suresh Gupta*

**FROM:** *Rocco Izzo*

**RE:** *Who the Gas Turbine*

Transmission of [   ] pages, including this page.

[ X ] Original copy being mailed as back up

[   ] Fax only

**MESSAGE:**

RECEIVED
APR 0 4 2003
ST. PAUL SURETY



# S & R Construction Co., Inc.

### 60 Dyerville Avenue
### Johnston, Rhode Island 02919
### Telephone: (401) 831-6337    Fax: (401) 276-7031



December 30, 2002

Dante Cornelio
Suresh Bhatia
Eastern Contractors, Inc.                    SENT VIA FAX AND U S MAIL
71 Union Avenue
Framingham, MA 01702

Re: Wetherbee School, Lawrence, MA
LEDGE/ ROCK REMOVAL

Dear Dante:

Several attempts have been made to re-negotiate the rock/ledge unit price. As stated in prior correspondence, severe financial strain has been placed onto S&R from this matter. It would appear the city has ignored our request to renegotiate the unit pricing as per Massachusetts general law. We have no choice but to move forward to collect 100% of the monies that are clearly due to S&R.

Very Truly Yours:

S&R CONSTRUCTION CO., INC.

Rocco Izzo
Vice President/ Treasurer

147  5  PB957049?
6000 $00.37 DEC 30 02
5604  MAILED FROM ZIP CODE 02919

JOHNSTON, RI 02919

DANTE CORNELIO
SURESH BHATIA
EASTERN CONTRACTORS, INC
571 UNION AVENUE
FRAMINGHAM, MA 01702

**HP Fax K1220xi**

**Log** for
**S&R Construction**
**4012767031**
**Dec 30 2002 2:07pm**

<u>**Last Transaction**</u>

| <u>Date</u> | <u>Time</u> | <u>Type</u> | <u>Identification</u> | <u>Duration</u> | <u>Pages</u> | <u>Result</u> |
|------|------|------|------|------|------|------|
| Dec 30 | 2:03pm | Fax Sent | 15088799633 | 0:20 | 1 | OK |

# QUINLAN & SADOWSKI, P.C.
## ATTORNEYS AT LAW
11 Vanderbilt Avenue
Suite 250
Norwood, MA 02062-5056

TELEPHONE (781) 440-9909                    FAX (781) 440-9979

EMAIL: qsatlaw@mindspring.com
equinlan@mindspring.com

FACSIMILE COVER SHEET

DATE:    May 21, 2003              TIME:    2:05 pm

TO:      Doreen Zankowski, Esq.     FAX# :   617-345-9020
         Hinckley Allen & Snyder LLP

FROM:    EDWARD J. QUINLAN, Esq.    RE:    Eastern Contractors/Wetherbee
                                           School/Lawrence

*************************************************************************
MESSAGE/COMMENTS/INSTRUCTIONS:


cc:   Mr. Ramesh Motwane, Eastern Contractors, Inc.
      Mr. Suresh Bhatia, Eastern Contractors, Inc.
      Bradford R. Carver, Esq., Cetrulo & Capone LLP      617-217-5200

*************************************************************************
We are sending a total of ___ 21 ___ pages, including this cover sheet.

If you do not receive all of these pages or if there is any difficulty in transmission, please call (781) 440-9909 and ask for Karen.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE. THANK YOU.

# THE ST. PAUL
### 1801 SMITH AVENUE
### BALTIMORE, MARYLAND 21209

---

## FACSIMILE TRANSMITTAL SHEET

| TO: Edward J. Quinlan, Esq. | FROM: Robert V. Miller |
|---|---|
| COMPANY: Quinlan & Sadowski, PC | DATE: 04/15/2003 |
| FAX NUMBER: 781-440-9979 | TOTAL NO. OF PAGES INCLUDING COVER: |
| PHONE NUMBER: | PHONE NUMBER: (410) 578-2036 |
| RE: | REFERENCE NUMBER: |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

PRIVILEGE AND CONFIDENTIALITY NOTICE: This facsimile contains information which is legally privileged and which is intended only for the use of the Addressee(s) name above. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this facsimile, or the taking of any action in reliance on the contents of this telecopied information, is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the entire facsimile to us at the above address via the U.S. Postal Service. Thank you.