1

```
 1                        VOL. I

 2                        PAGES 1-203

 3                        EXHIBITS 1-16

 4          UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
 5
                              Nos. 03-12502-NMG
 6
    HARTFORD FIRE INSURANCE COMPANY )
 7              Plaintiff,          )
          vs                        )
 8  EASTERN CONTRACTORS, INC.,      )
          Defendant/Third-Party     )
 9        Plaintiff,                )
          vs                        )
10  CITY OF LAWRENCE, CITY OF FALL  )
    RIVER and FREETOWN/LAKEVILLE    )
11  REGIONAL SCHOOL DISTRICT,       )
          Third-Party Defendants.   )

12

13

14

15            DEPOSITION of WILLIAMS JARVIS,

16  taken on behalf of the defendant, pursuant to

17  the applicable provisions of the Federal Rules

18  of Civil Procedure, before Katherine

19  Henry-Sexton, a Notary Public in and for the

20  Commonwealth of Massachusetts, at the offices of

21  Quinlan and Sadowski, PC, Suite 250, 11

22  Vanderbilt Avenue, Norwood, Massachusetts, on

23  Wednesday, November 2, 2005, commencing at 10:05

24  a.m.
```

EXHIBIT B-3

APPEARANCES:

        Quinlan and Sadowski, P.C., (by Edward J. Quinlan, Esq.), Suite 250, 11 Vanderbilt Avenue, Norwood, Massachusetts 02062, for the defendant.

        Hinshaw and Culbertson, LLP, (by Bradford R. Carver, Esq.), Fort Hill Square, One International Place, Third Floor, Boston, Massachusetts 02110, for the plaintiff.

        Hinckley, Allen and Snyder, LLP, (by Doreen Zankowski, Atty.), 28 State Street, Boston, Massachusetts 02109, for the City of Lawrence.

I N D E X

Deposition of:                                    Page

WILLIAMS JARVIS

    Examination by Mr. Quinlan            4


Exhibits                                          Page

No. 1    Notice of taking deposition.             7

No. 2    Packet of notes, 4/30/03.                62

No. 3    Estimate, Fall River.                    87

No. 4    Consent to change order,
         No. 4620.                                91

No. 5    Policy transaction details,
         S&R.                                     96

No. 6    Estimates, 9/3/03.                       98

No. 7    E-mails, headed 10/17/02.                103

1    I N D E X (Continued)

2    Exhibits                                              Page

3    No. 8    E-mails, headed 9/10/02.                     105

4    No. 9    E-mails, headed 9/19/02.                     107

5    No. 10   E-mails, 10/01.                              108

6    No. 11   E-mails, headed 7/10/03.                     124

7    No. 12   E-mails, headed 8/8/03.                      138

8    No. 13   Settlement proposal, 7/17/03.                139

9    No. 14   E-mail, 7/16/03.                             149

10   No. 15   Fax, 7/16/03, with attachment.               159

11   No. 16   Specification, 1/18/00.                      179

12

13

14

15

16

17

18

19

20

21

22

23

24

1    might have been stated on the change orders.  I
2    think their recitation in my e-mail was to note
3    that there was reliability as to quantity, as to
4    the quantity stated in the change, not as to the
5    amount or the pricing of the change.
6        Q.    Now, on the second page you make
7    reference to leaving a voice mail message with
8    David Capaldo regarding the architect's reply in
9    your last paragraph?
10       A.    Yes.
11       Q.    And he was the project architect for
12   the Wetherbee project?
13       A.    I presume so.
14       Q.    Do you recall receiving his reply?
15       A.    No, I don't.
16             (Discussion off the record.)
17       Q.    These are documents from the Hartford
18   files, sir.  I'll show them to you and put a
19   paperclip on them because they begin with the
20   Hartford sequence No. 13677 and they go through
21   13688.  And that is a Fax memo from Mr. Capaldo
22   to you, is it not?
23       A.    It is.
24       Q.    Did that send you a copy of his

```
 1    correspondence back in November of 2001 to Mr.
 2    Votta denying any request for a change in the
 3    unit price?
 4         A.    Could you repeat your question please?
 5         Q.    Is that the letter that Mr. Capaldo
 6    sent you according to his Fax?
 7         A.    Apparently so.
 8         Q.    Now, that was a Fax transmission --
 9              MR. CARVER:  This will be one
10    exhibit then.
11              MR. QUINLAN:  Yes, one exhibit.
12              (Exhibit No. 15, Fax, 7/16/03, with
13              attachment, marked.)
14         Q.    Now, sir, I've shown you the letter or
15    the Fax transmittal along with the attachment
16    that consists of the documents with Hartford
17    Nos. 13677 through 13688.  Is that the material
18    that Mr. Capaldo from Design Partnership sent to
19    you at your request on July 16th, 2003,
20    regarding the ledge claim?
21         A.    Apparently so.
22         Q.    Do you recall receiving it?
23         A.    I don't recall receiving it, but I'm
24    certain this is an accurate record.
```

1    Q.   Now, the letter from Mr. Capaldo back
2  to Mr. Votta, is dated in November of 2001 and
3  makes it pretty clear that the architect does
4  not agree with any claim for an adjustment in
5  the unit price, correct?
6    A.   That is the statement in the
7  architect's letter.
8    Q.   Now, did you have any reason or basis
9  to disagree with that determination?
10   A.   Oh, I didn't make an assessment of
11 that determination.
12   Q.   Well, he's the architect, isn't he?
13   A.   I presume so.
14   Q.   I mean, you make reference in your own
15 notes about asking him for that letter, right?
16   A.   What I was trying to do, if I recall,
17 was to get a copy of what Mr. Votta was
18 referencing as an early notification to the
19 architect.  And the architect returned that -
20 that's the letter of November 1st accompanied by
21 a reply.
22   Q.   And the reply states pretty clearly
23 that the architect will not recognize a claim
24 for adjustment in the unit price, correct?

CERTIFICATE

Commonwealth of Massachusetts

Middlesex, ss.


I, K. Henry-Sexton, Registered Professional Reporter and Notary Public, in and for the Commonwealth of Massachusetts, do hereby certify:

That WILLIAMS JARVIS, the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by the said witness.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal this 7th day of November, 2005.


_____
K. Henry-Sexton,
RPR

My commission expires
on April 19, 2007